**EXHIBIT  B**

SUM-100

# SUMMONS ON AMENDED COMPLAINT
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

KAUSHAL NIROULA; BANK OF HAWAII, A Corporation;
DOES 1-60

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MEGUMI HISAMATSU

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>Civic Center Courthouse, 400 McAllister Street,<br>San Francisco, CA 94102-4514 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>CGC 07-466120 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEPHEN M. SHAW, SB #107625; P.O. Box 2353, Honolulu, Hawaii 96804. Telephone: (808) 521-0800;
Facsimile:(808) 531-2129; Email: shawy001@gmailcom

| DATE:<br>*(Fecha)* | GORDON PARK-LI | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|
| AUG 2 0 2007 | | | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1
2   STEPHEN M. SHAW, SB #107625
3   P.O. Box 2353
    Honolulu, Hawaii 96804
4   Telephone: (808) 521-0800
    Facsimile: (808) 531-2129
5   Email: shawy001@gmail.com
6
7   Attorney for Plaintiff
    MEGUMI HISAMATSU
8
9

**F I L E D**
San Francisco County Superior Court

AUG 2 0 2007

GORDON PARK-LI, Clerk
BY: _Dennis Braly_
Deputy Clerk

10          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11              **FOR THE COUNTY OF SAN FRANCISCO**
12                  **-UNLIMITED CIVIL JURISDICTION**
13

| | |
|---|---|
| 14  MEGUMI HISAMATSU,            ) | CASE NO:  CGC 07-466120 |
| 15              Plaintiff,      ) | **FIRST AMENDED** |
| 16     vs.                      ) | **COMPLAINT FOR BUSINESS** |
|                                 ) | **TORT/UNFAIR BUSINESS** |
| 17                              ) | **PRACTICES** |
| 18  KAUSHAL NIROULA;            ) | |
|     BANK OF HAWAII,             ) | Case Management Conference: |
| 19  A Corporation; DOES 1-60;   ) | |
|                                 ) | Date:      1-25-2008 |
| 20              Defendants. )    | Time:      9:00 a.m. |
| 21                              ) | Dept: 212, 400 McAllister St |
|                                 ) |       San Francisco, CA 94102-3680 |
| 22  _____ ) | Judge: The Honorable Arlene T. Borick |

23
24              **FIRST AMENDED COMPLAINT**
25
26      1.      Plaintiff Megumi Hisamatsu, at times relevant here was, and is a

27  resident of Osaka, Japan, and in connection with her following causes of action
28
                                                                        1

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

gives notice to defendants of her intent to access information, and demands that defendants refrain from destroying, losing, overwriting, or purging any information without the written consent of Plaintiff.

## JURISDICTION AND PARTIES

2.    Defendant Kaushal Niroula, is an individual who resides in San Francisco, California. Venue is proper under Cal. Civ. Proc. §395(a).

3.    Defendant Does 1-8, 32-35 are individuals who are associated with defendant Kaushal Niroula, and who reside in San Francisco, California. Defendant Does 9 and 10 are Defendant Niroula's parents. Does 11-15 are members of his immediately family.

4.    Defendant BANK OF HAWAII ("BOH") is, on information and belief, a corporation headquartered in Honolulu, Hawaii, and authorized to transact business in the State of California. BOH has an agent for service of process in California, litigates in California; and, its corporate registration in 1998 is still listed as active by the California Secretary of State, at C2066195. This Court has jurisdiction inter alia pursuant to Article VI, Section 10 of the California Constitution, because the case is an action not given by statute to other trial courts.

5.    Defendants DOES 1-60 are guilty of those acts alleged herein and will be identified according to proof when their identities and connection to the individual counts are known. In the event any defendant asserts the defense of

advice of counsel, or advice of any other entity or person, said persons will be named as defendants in place of DOES 50-60, as discovered.

## FACTUAL ALLEGATIONS INCORPORATED INTO EACH COUNT

6.     On or about July 27, 2006, during a vacation in Hawaii, Plaintiff was befriended by Defendant **Kaushal Niroula**. Defendant represented that he was Plaintiff's neighbor at the short-term condominium rentals in Honolulu (Waikiki), where Plaintiff Hisamatsu was vacationing.

7.     Defendant **Kaushal Niroula** also represented that he headed an international consulting company and that his mother (Doe 9) was a Nepalese diplomat. He said his family (Does 9-15) was very rich, and that he was a friend of the Nepalese royal family. Eventually, defendant brought up the subject of real estate investments in Hawaii. Plaintiff had long been interested in Hawaii real estate, but had no visa which would permit her family an extended stay in the United States. Kaushal Niroula explained that he had succeeded in helping many of his business clients who invest in businesses, real estate and other projects in America. When Plaintiff mentioned that she had thought about a visa for longer visits in Hawaii with her children, defendant **Kaushal Niroula** further represented that he referred many of his clients to an immigration lawyer in the Bay Area who would be able to help Plaintiff get a business or investment visa. Defendant Kaushal Niroula added that Plaintiff would need to have investments in the United States if she got involved in the investment visa application process.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

3



8.     Defendant Kaushal Niroula, unbeknownst to Plaintiff, was actually a criminal from San Francisco California, and he intended to victimize Plaintiff through a combination of criminal hoaxes well known to co-defendant BOH: (1) Nepalese Royal Family scam, (2) fraudulent investment visa scam, (3) Advance Fee Fraud, and (4) identity theft.

9.     The first hoax professes, as here, (a) close contacts with the Nepalese government (Kaushal Niroula claimed to be the best friend and classmate of the deceased prince of Nepal); (b) a family or related group with massive wealth; (c) threats to the group's wealth, due to turmoil in Nepal since the murder of the Nepalese royal family in 2001; (d) need for outside money to assist in the family's escape from Nepal,  and the transfer and reinvestment of funds from Nepal; (e) to rescue members of the group, or family, from imminent danger.

10.     The second hoax is a variant of fraudulent green card lottery services, whereby a businessman or attorney uses misrepresentations and unfair practices to promote services to consumers. The variation here was to offer investment, or EB-5 visas. Like the visa lottery scams, Defendant Kaushal Niroula represented (a) affiliation with an immigration lawyer who would successfully process EB-5 visas, (b) proven success in assisting foreigners satisfy the minimal investment of $500,000 in a new enterprise in the United States for approval of an EB-5 visa application.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

4

11.    Defendant Kaushal Niroula also employed the advance-fee fraud scheme, whereby Plaintiff could recover the money Kaushal Niroula eventually stole from Plaintiff (to save Nepalese family members in great personal danger due to turmoil in that country's government). In order to recover, Plaintiff Hisamatsu was asked to take several more steps: help release a hold on Kaushal Niroula's bank account, and give him another $41,000, in San Francisco.

12.    Additionally, Kaushal Niroula deployed identity theft as the centerpiece of his criminal confidence schemes. Under the false pretext of preparing and advising  Plaintiff for her visa application through a Bay-Area attorney, Kaushal Niroula was able to steal her personal information, steal three blank BOH checks from Plaintiff's new BOH checking account, and forge her signatures for a total loss of $508,000.00.

13.    In its Identity Theft Guide, BOH falsely and fraudulently represented to consumers generally:

"WHAT THE BANK IS DOING

Bank of Hawaii provides identity theft victims with responsive, caring service from beginning to end. When notified by a customer of a possible identity theft, Bank of Hawaii will ensure that accounts are closed and protected properly. Designated staff members will also follow up with customers and monitor accounts for any suspicious activity. Our goal is to ensure that customers experience complete resolution and consistent follow-through so their concerns and issues are handled in a timely and caring manner."

5

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

14.    Unaware of defendant Kaushal Niroula's evil intent, Plaintiff was persuaded into thinking that Kaushal Niroula's family (Does 9-15) was wealthy and connected to the power elite in Nepal. Plaintiff was further led to believe that Kaushal Niroula was an international businessman, involved in investment visa consulting.

15.    As a result of the confidence Kaushal Niroula instilled in Plaintiff about his business skills, contacts, and upbringing, Plaintiff expressed interest in investment in Hawaii. Kaushal Niroula, in turn, made several real estate presentations to Plaintiff which further deepened her trust in Defendant Niroula's business skills. While rejecting the real estate proposals, Plaintiff Hisamatsu long maintained an interest in obtaining a visa which would allow her, and her family, to stay for longer periods in the United States.

16.    Defendant Kaushal Niroula represented that he was very familiar with the EB-5 investment visa programs in the United States, and had obtained successful results for many of his clients by working through a lawyer near San Francisco. According to Niroula, Plaintiff would not actually need to complete an investment to apply for the visa; a minimal balance of $500,000 in a domestic bank would suffice. Kaushal Niroula's function, he represented, was to help his clients invest in United States properties; or, to at least move the minimum required funds into the United States before sending his clients to the immigration lawyer. Defendant Niroula volunteered to help Plaintiff free of charge. To begin the EB-5 process, he advised Plaintiff Hisamatsu to wire at

least $500,000 into a United States bank account. Defendant Kaushal Niroula eventually gave Plaintiff the name and telephone number of a lawyer in the Bay Area, who would accept the materials he prepared for the clients to support the finished application.

17. Kaushal Niroula next persuaded Plaintiff to start arranging wire transfers upon her return to Japan. For his part, Niroula volunteered to make sure that his contacts at Bank of Hawaii (BOH) had properly posted the wire transfers to Plaintiff Hisamatsu's account. Afterwards, Defendant Niroula would prepare the documents for Plaintiff's first contact with the immigration attorney in the Bay Area. Plaintiff was led to trust Niroula enough to seek his "help" opening the bank account.

18. On or about August 16, 2006, Defendant Kaushal Niroula took Plaintiff to Defendant Bank of Hawaii (BOH's) Waikiki branch and introduced Plaintiff to a BOH's employee Lynn Bronios, who seemed to be extremely friendly with Kaushal Niroula. Defendant represented to Plaintiff Hisamatsu that he had several other friends at BOH who would help with transfers of funds, and eventual verification for American immigration officials.

19. At the same date and place, Defendant Niroula and BOH employees helped Plaintiff Hisamatsu open personal checking account no. 0002-937182 at Bank of Hawaii ("Plaintiff's BOH account"). Plaintiff, with Defendant Niroula's "help", used her Japanese passport and information therein as identification for BOH staff, who were also "helping".

---

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

7

20.    While familiarizing Plaintiff Hisamatsu with bank staff and new account procedures, Defendant Niroula, without Plaintiff's knowledge or consent, stole three temporary checks (numbered 101-103) as well as Plaintiff Hisamutsu's identity.

21.    On August 22, 2006, relying on Defendant Niroula's representations about domesticating her family's savings in the United States for her visa, and relying on the confidence BOH employees had in Niroula, Plaintiff caused $256,179.29 to be wired from Japan into her new BOH account, opened on August 16, 2006. Because it was a new account, Plaintiff's funds would not be immediately available.

22.    Between August 24 and September 18, 2006, without Plaintiff's knowledge or consent, Defendant Kaushal Niroula forged Plaintiff's signature on two of her checks he had stolen previously, and another he had obtained as part of his criminal visa fraud scheme. He deposited them into his BOH account, all without Plaintiff's knowledge or authorization. On information and belief, these checks were not teller-processed.

23.    On August 24, 2006, without comparing signatures for forgery. Defendant BOH debited Plaintiff's new BOH account for $8,000 from one of Defendant Kaushal Niroula's forged checks. Plaintiff's account was only eight days old, and Niroula used Plaintiff's temporary checks. Defendant BOH did not contact Plaintiff prior to, or during the transaction. Had BOH simply contacted

8

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1
2
3

Plaintiff at this point, none of the subsequent forgeries would have cleared the bank.

4
5
6
7
8
9

24.    On August 28, 2006, without verifying the signature, defendant BOH debited Plaintiff's BOH account for $95,000 from another temporary BOH check forged by defendant Kaushal Niroula. Defendant BOH did not contact Plaintiff prior to the transaction. Had contact been made with Plaintiff, the next forgery would not have cleared the bank.

10
11
12
13
14
15
16

25.    On August 29, 2006, Plaintiff returned to her residence in Osaka, Japan. Prior to returning, she requested that BOH customer service (1) email to her all confirmation of wired deposits, and (2) send her bank statements to her address in Japan. Plaintiff had also provided BOH Customer Service with her email address which Plaintiff Hisamatsu could access in Japan, as well as the United States.

17
18
19

26.    On September 5, 2006, Plaintiff caused $299,988.00 to be wired from Japan into Plaintiff's BOH account, opened just twenty days earlier.

20
21
22
23
24
25
26
27

27.    As part of  Defendant Niroula's ongoing criminal enterprise of immigration fraud (18 USC §1546), money laundering (18 USC §1956(a)(2)(A), wire fraud (18 USC §1343), bank fraud (18 USC §1344), and immigration document fraud (8 USC §1324c), defendant Niroula deceptively represented that he was preparing Plaintiff's application for an EB-5 investment visa by organizing exhibits for the application which would soon be finalized by a Bay Area immigration lawyer. He urged Plaintiff to immediately send him a few BOH

28

9

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

checks to show her U.S. address printed thereon, so that immigration could verify that she had both the contacts with the United States and the banking relationship Niroula misrepresented was required for the EB-5 visa application. Eager to apply for an EB-5 visa (not knowing defendant Niroula had already stole Plaintiff's BOH checks from her and forged them), Plaintiff sent defendant Niroula three checks.

28.    For the third time, on September 18, 2006, defendant BOH debited Plaintiff's BOH account. This time it was for $405,000 (check#105), based on another check forged by Kaushal Niroula. BOH did not contract Plaintiff prior to, or during the transaction. BOH did not competently verify the signature, and BOH did not contact Plaintiff in Japan.

29.    Since no statement from BOH had been returned to Plaintiff's address in Japan during September, Plaintiff called BOH on or about October 2, 2006, and received the shocking news that her family savings in her BOH checking account had been drained of $508,000.00 by transactions which were unauthorized and unknown to her. Plaintiff, at that point, promptly notified BOH that the purported signatures on the checks debited 8/24/06, 8/29/06 and 9/18/06 were unauthorized.

30.    BOH employees refused to contact the police or take any action to recover the funds despite Plaintiff's pleas for help. In violation of BOH's Identify Theft Guide and other procedures, BOH employees insisted that Plaintiff

10

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

Hisamatsu would have to return to Hawaii if she wanted to pursue the matter further.

31.    On October 2, 2006, Plaintiff left Japan and flew to Honolulu. On October 3, 2006, Plaintiff met with defendant BOH's employees and swore out three affidavits in support of claims for reimbursement for each forged check. The pre-printed BOH claim form falsely and fraudulently represented: "Payment of your claim is contingent upon the results of the Bank's investigation. The Bank's decision to pay or not to pay your claim will be made in light of all the facts and circumstances after completion of its investigation." Copies of the claims and affidavits are attached hereto as Exhibits A.1 – A.9, and are incorporated herein by reference.

32.    At the meeting, Plaintiff repeatedly asked BOH employees to call the police, but BOH staff refused, despite having sufficient information to form a reasonable suspicion that Plaintiff was a victim of a confidence scam, visa and bank fraud, and identity theft. All are very serious felonies.

33.    Acknowledging that the unauthorized transactions, as sworn to by Plaintiff on October 3, 2006 (Ex A.1-A.9) were forgeries, BOH froze  defendant Kaushal Niroula's BOH account, which still contained over $250,000 of Plaintiff Hisamatsu's family savings.

34.    On or about October 4, 2006, Plaintiff is informed that defendant Kaushal Niroula went to BOH and informed BOH employees he would return

Plaintiff's money. Afterward, Kaushal Niroula contacted Plaintiff and assured her that he had sufficient funds in San Francisco to return her money.

35.    From October 4, 2006 to October 19, 2006, BOH employees violated their Identify Theft Guide and other procedures, and were not responsive to Plaintiff's repeated requests for investigation and police involvement. Instead, a BOH security official made statements to Plaintiff that Niroula was not a bad person, that his parents were Nepalese diplomats that Niroula would return her money, and that there was a reasonable delay in wire transfers due to a bank holiday in Nepal. Meanwhile, on October 5, 2006, defendant Niroula left Honolulu for his residence in San Francisco, California.

36.    Defendant BOH refused to pay Plaintiff's claim, or to adequately investigate the missing $508,000, as represented in the claim form. (Exhibits A.1, A.4 and A.7) or in its Identity Theft Guide, at ¶13, supra (excerpt).

37.    On October 17, 2006, defendant Kaushal Niroula contacted Plaintiff, from San Francisco, and persuaded her that his family had been placed in a very dangerous situation due to their planned departure from Nepal, and the only way to save them from harm was to "borrow" Plaintiff Hisamatsu's money. He further represented that it only became a problem because of delays in wiring  funds to replace her lost money. Niroula assured Plaintiff that her funds were included in his family's fortune being wire-transferred from Nepal to the United States, as part of the family (Does 9-15) repatriation plan. Involvement by the FBI and IRS over Plaintiff's claim at BOH, and related tax issues, had

interrupted the plan, according to Niroula. The persons assisting his family had been unable to transfer money, and they thought his family was cheating them out of their commissions. Niroula persuaded Plaintiff this situation was being cleared up in a few days, and he would immediately replace her lost funds. Because of the inability to wire funds to Hawaii, Niroula asserted that Plaintiff would be required to fly to San Francisco to complete the transaction. Defendant Kaushal Niroula also persuaded Plaintiff that since she would receive her funds in San Francisco, that she would also be able to retain the Bay Area immigration attorney, for the EB-5 investment visa.

38.    Additionally, on or about October 17, 2006, defendant Kaushal Niroula convinced Plaintiff that because of the delay in wiring money from Nepal to San Francisco, individuals assisting his family escape from Nepal became convinced that they were being cheated by Niroula's relatives. Consequently, they kidnapped Kaushal Niroula's sister, in Nepal.

39.    On October 20, 2006, as a direct result of BOH's statements in its claim forms and conciliatory attitude toward defendant Kaushal Niroula, Plaintiff flew to San Francisco to recover her money. She opened an account for Niroula's anticipated deposit with Citibank, in San Francisco, account no. 055204855. In the event Defendant Niroula returned her family savings. Plaintiff intended to withdraw her claims to BOH (Exs A.1, A.4 and A.7). If not, Plaintiff reasonably believed that she was still protected by the claims pending with BOH, in the event of Niroula's default.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120



40.    In San Francisco, defendant Kaushal Niroula persuaded Plaintiff that he and Does 9-15 would both repay her, and provide her with additional funds so that there would be no further problems between them. Kaushal Niroula then deposited a check for $890,000 into Plaintiff's Citibank account in San Francisco, and Plaintiff verified the deposit on October 21, 2006 (a Saturday) by telephone with customer service. Plaintiff was informed by Citibank customer service; however, that funds would not be available for three (3) days.

41.    Defendant Niroula falsely represented that Plaintiff Hisamatsu had an appointment with the immigration attorney. The attorney, according to Niroula, changed several appointments afterwards due to the press of business. The final appointment for 10/28/06, was canceled due to a traffic mishap, according to Niroula. At the same time, beginning on October 23, 2006 (Monday), Defendant Niroula persuaded Plaintiff (1) that the kidnappers were threatening to kill his sister in two days unless a ransom was paid, and (2) that San Francisco and Honolulu associates of these Nepalese nationals had threatened Plaintiff Hisamatsu's life. Under the control of a criminal and as a result of reasonable fear for her life, Plaintiff was persuaded to accept Niroula's airline ticket for her return to Japan on October 29, 2006, without a stopover in Hawaii.

42.    As a further direct result of Plaintiff's pending claims with BOH, Kaushal Niroula's control and representations, BOH's statements in the claim

14

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1  form, and BOH's vouching for **Kaushal Niroula**, Plaintiff Hisamatsu acted
2
3  promptly to help **Kaushal Niroula**. On October 25, 2006, therefore, Plaintiff
4  opened another account in San Francisco, this time with Wells Fargo Bank.

5      43.      Next, Plaintiff called her **BOH** branch and asked the manager to
6  wire $41,000 to her San Francisco Wells Fargo account. From those funds,
7  Plaintiff loaned Defendant **Kaushal Niroula** another $41,000 for a ransom
8
9  payment for his sister.

10     44.      An "Indemnification of Liability" (Ex "B") was drafted by **BOH**
11  employees and given to one of Plaintiff's friends, in Honolulu (without a cover
12  letter), to fax to Plaintiff in San Francisco. BOH deceptively omitted a letterhead
13
   and the document number from the form. Exhibit "B".
14

15     45.      On October 25, 2006, Defendant **BOH's** "Indemnification of
16  Liability" form (Ex "B") was faxed to Plaintiff's hotel in San Francisco. While
17  Plaintiff reasonably believed that her claims to BOH were not affected by this
18  unofficial looking form, **BOH** would not release the holds on **Kaushal Niroula's**
19
   BOH account unless Plaintiff signed the form. To that end, defendant **Kaushal**
20
21  **Niroula** rushed Plaintiff to a notary in the County of San Francisco, to sign
22  BOH's form with no indicia of origin or letterhead. Exhibit "B". According to
23  Niroula, his family (Does 9-15) could not transfer funds to the United States
24
   (and to repay Plaintiff) until the holds on his BOH account were removed.
25

26     46.      Because of the BOH's vouching for Defendant **Kaushal Niroula** and
27  since Defendant **Niroula** had deposited adequate funds ($890,000.00) to

28                                                                    15

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

Plaintiff's Citibank account in San Francisco, Plaintiff signed the form drafted by defendant BOH on 10/25/07. She faxed it from San Francisco to BOH, and called BOH to confirm that it was received. BOH's security employee said he would have to talk to Defendant Kaushal Niroula (the forger). Niroula then called BOH, and the employee congratulated defendant Kaushal Niroula. Upon receipt of a copy of the form, BOH released its hold on the criminal, defendant Kaushal Niroula's BOH account #0002-933063 for the balance of $257,546.25 (Plaintiff's money). Plaintiff is informed and believes that the bank has no original of the form, unless it obtained it through further aiding and abetting of a criminal, defendant Kaushal Niroula.

47.    Prior to execution of the form prepared by BOH (Ex. B), no one from BOH explained its meaning, offered to translate it, or otherwise assisted Plaintiff. At all times, BOH knew that Plaintiff, a Japanese national in San Francisco, could not adequately understand the level of English in the bank's forms, or foreign bank procedures. At all times, Plaintiff thought that the document (Ex B) would have no effect on the bank's existing obligation to replace her stolen money. Plaintiff thought the form was only a temporary formality to facilitate the transfer of Niroula's family (Does 9-15) funds from Nepal, for her benefit, and for Niroula's family's safety. Plaintiff did not understand the hidden meaning of BOH's unofficial "Indemnification of Liability" (Exhibit "B"), nor did she think it would impair her existing claims. Exs. A.1, A.4 and A.7. On October 29, 2006, after numerous broken appointments with the

16

immigration attorney (according to Niroula), the phony threats against Plaintiff's life; and since Defendant Niroula's deposit had not cleared, Niroula bought Plaintiff an airline ticket, and she left for Japan.

48.     After returning to Japan, on October 31, 2006, Plaintiff learned that Niroula's deposit to her San Francisco account had been dishonored, as against insufficient funds.

## COUNT ONE

### (Promissory Fraud Or Fraud In The Inducement Against Defendants Kaushal Niroula and Does 1-10, 31-33)

49.     Plaintiff realleges and incorporates the foregoing paragraphs.

50.     False representations of important facts, in addition to the foregoing, were made by defendant Kaushal Niroula in the County of San Francisco, on or about October 4, 17, 20 and 28, 2006. First, Kaushal Niroula falsely represented that he had taken money from Plaintiff's BOH account due to an extreme family emergency, including the threatened kidnapping of his sister in Nepal, and the inability to quickly access defendant's own funds to help his family. Second, Kaushal Niroula represented that after the crisis he had secured the funds to replace those taken from Plaintiff. Third, Defendant Kaushal Niroula urged Plaintiff to be very careful and to return as soon as possible to Japan since associates of the individuals who eventually kidnapped Niroula's sister made threats to harm Plaintiff. Fourth, defendant Kaushal Niroula required a final sum of money to pay to the kidnappers.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

51.     Defendant Kaushal Niroula knew that the foregoing statements were false (or he made them recklessly and without regard for the truth).

52.     Defendant Kaushal Niroula intended to defraud Plaintiff; that is, he intended to induce reliance by Plaintiff on his misrepresentations and contemplated that her reliance thereon would permit defendant and Does 1-20 to take more of Plaintiff's savings. Plaintiff did, in fact, rely on the representations.

53.     Plaintiff justifiably and reasonably relied on Niroula's foregoing representations; based upon her knowledge, and internet research about the turmoil in Nepal; based upon BOH's assertion it was investigating the transactions; and, BOH's conciliatory unwillingness to inform Plaintiff that it was taking any action against Defendant Kaushal Niroula as a result of his unauthorized transactions. In addition, Plaintiff could not, in the exercise of reasonable diligence have discovered defendant Kaushal Niroula's secret intention.

54.     Had Plaintiff known of defendants' actual intentions and evil motives, she would not have signed the BOH document (Ex. "B") in San Francisco, and she would not have trusted Kaushal Niroula with the replacement of her money, or with "managing" her visa application, as stated above.

55.     Defendant Kaushal Niroula failed to abide by his promise in that the deposit he made in San Francisco to Plaintiff Hisamatsu's Citibank account was by a check drawn on insufficient finds, for $890,000. Kaushal Niroula actually

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

18

damaged Plaintiff in this, and other amounts, and his representations were a substantial factor in causing harm to Plaintiff.

56.    As a direct and proximate result of the conduct of the defendants, and each of them, Plaintiff Hisamatsu has been deprived of the use and benefit of her money, and has sustained substantial actual damages. Defendants' conduct has been the legal and proximate cause of actual or special damages to the Plaintiff in an amount to be determined at the time of trial, including, but not limited to expenses and costs incurred in connection with the loss of her $508,000 and other foreseeable economic losses, all in a sum to be shown by proof at trial.

57.    As a further direct and proximate result of the conduct of the defendants, and each of them, Plaintiff has sustained general damages, plus interest, in an amounts to be shown by proof at the time of trial, but which exceed 2.5 million dollars.

58.    In committing the acts alleged in this, and other counts, defendants acted intentionally, oppressively, maliciously and fraudulently, with a conscious disregard of the Plaintiff's rights, with the intention of benefiting themselves financially; with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or willful conduct, or an entire want of care raising the presumption of a conscious indifference to consequences, justifying imposition of exemplary damages; and with the intention of causing, or recklessly disregarding the probability of causing, injury to Plaintiff. Defendants,

19

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

as employers, had advance knowledge of the unfitness of employees involved herein, and employed them with a conscious disregard of the rights or safety of others and authorized or ratified the wrongful conduct for which damages are claimed. The oppression, fraud, or malice of defendant corporate employers was on the part of one or more officers, directors, or managing agents. In so acting, the defendants intended to, and did, vex, annoy, injure and harass the plaintiff. As a result of such conduct, Plaintiff is entitled to exemplary and punitive damages.

## COUNT TWO

### (Tort In Essence Against Defendant Kaushal Niroula and Does 1-20)

59.    Plaintiff realleges and incorporates the foregoing paragraphs.

60.    Defendant Kaushal Niroula and DOES 1-20 owed nonconsensual duties to others, including Plaintiff Hisamatsu, to comply with the criminal laws of the State of California.

61.    The following statutes embodied a public policy to protect a class of persons of which Plaintiff is a member:

      A.    Cal Pen Code §476a (2007) (Making or delivering check with insufficient funds).

      B.    Cal Pen Code §518 (2007) (Extortion).

62.    On or about October 20, 2006 in the County of San Francisco, Defendants Kaushal Niroula and Does 1-20 violated their nonconsensual duties

1
2
3
4

to Plaintiff and others so situated by depositing a check for $890,000 into Plaintiffs' Citibank account in San Francisco at a time when defendants knew the check was drawn on insufficient funds.

5
6
7
8
9
10
11
12
13
14

63.    Between October 20, 2006 and October 29, 2006, in the County of San Francisco, Defendant Kaushal Niroula threatened Plaintiff with bodily harm from Nepalese nationals involved with kidnapping his sister, if Plaintiff did not (1) pay him $41,000 in San Francisco, (2) convince BOH (from San Francisco) to release the hold on Defendant Kaushal Niroula's BOH account/or funds, (3) keep her cell phone turned off, (4) stay in her hotel, or drive around the Bay Area with Niroula (who falsely represented he was "trying" to arrange the meeting with the immigration lawyer), and (5) return on 10-29-06, to Japan.

15

## COUNT THREE

16
17

### (Conversion Against Defendant Kaushal Niroula and Does 1-10)

18
19

64.    Plaintiff realleges and incorporates the foregoing paragraphs.

20
21
22
23
24
25
26

65.    Between August 16, 2006 and October 5, 2006, in Honolulu, Hawaii; and between October 5, 2006 and November 1, 2006, in San Francisco, California, defendant Kaushal Niroula actually interfered with, and exercised dominion over Plaintiff's property including confidential identity, bank and telephone information, and money, inconsistent with the ownership of Plaintiff. Plaintiff demanded return of the property.

27
28

21

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

66.    Defendants interference or exercise of dominion over Plaintiff's property was intentional and in defiance of her rights, causing Plaintiff's damages as aforesaid.

## COUNT FOUR

### (Trespass To Personal Property Against
### Defendant Kaushal Niroula and Does 1-10)

67.    Plaintiff realleges and incorporates the foregoing paragraphs.

68.    Between August 16, 2006 and about October 5, 2006 in Honolulu, Hawaii, and between about October 5, and November 1, 2006 in San Francisco, California, defendant Kaushal Niroula intermeddled with the chattel of Plaintiff or dispossessed Plaintiff of the chattel.

## COUNT FIVE

### (Constructive Trust Against Defendant Kaushal Niroula and Does 1-20)

69.    Plaintiff realleges and incorporates the foregoing paragraphs.

70.    Defendant Kaushal Niroula has money belonging to Plaintiff to which he is not justly entitled. Some of the money is in San Francisco, California.

71.    Defendant's duty is to retransfer the money to Plaintiff, who is entitled thereto to possession.

72.    Defendant Kaushal Niroula will be unjustly enriched if allowed to keep Plaintiff's money.

1

2

3

73.　　A constructive trust should be imposed on defendant's accounts and property, plus accrued interest.

4

5

6

## COUNT SIX

**(Equitable Lien Against Defendant Kaushal Niroula and Does 1-20)**

7

74.　　·Plaintiff realleges and incorporates the foregoing paragraphs.

8

9

10

11

75.　　Defendants own property which may be reached by Plaintiff Hisamatsu as security on the ground that defendant Kaushal Niroula will be unjustly enriched if allowed to retain the money.

12

13

76.　　An equitable lien should be imposed against defendants in favor of Plaintiff on the proceeds of all money taken by defendant.

14

15

## COUNT SEVEN

16

**(Civil Conspiracy Against Defendants Niroula And DOES 1-32)**

17

18

77.　　Plaintiff realleges and incorporates the foregoing paragraphs.

19

20

21

22

78.　　Defendant Kaushal Niroula and Does 1-32 agreed or combined by concerted action to accomplish numerous criminal or wrongful acts; or to accomplish some purpose not in itself criminal or unlawful, by criminal or unlawful means.

23

24

25

26

27

79.　　Defendants Kaushal Niroula and Does 1-32 intentionally formed, planned, and operated the conspiracy which directly and proximately caused damage to Plaintiff from defendants' planning the intentional acts and civil

28

23

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1   wrongs done in furtherance of the agreement and common design to steal

2

3   Plaintiff's identity, and savings, and to physically and emotionally injure Plaintiff.

4                                **COUNT EIGHT**

5

6   **(Against BOH, Does 25-38, Violation Of Cal B&P §17200, et seq, And**

7                        **Deceptive Acts Or Practices)**

8       80.     Plaintiff realleges and incorporates the foregoing paragraphs.

9       81.     On October 25, 2006, in the County of San Francisco, Plaintiff

10

11  received, by fax, an "Indemnification of Liability" (Ex "B"), crafted by employees

12  or agents of BOH. The sole purpose of preparing this form was to destroy

13  Plaintiff's claim against BOH.

14      82.     At all times, during the selection of the form for BOH's

15

16  "Indemnification of Liability", agents or employees of BOH knew that Plaintiff

17  was in San Francisco, California, under the control of a criminal, who had just

18  forged her name on $508,000 in BOH checks.

19      83.     BOH, its agents and employees, expressly aimed their efforts to

20  coerce Plaintiff into signing the "Indemnification of Liability" at the State of

21  California, its laws and processes. BOH targeted the State of California as the

22

23  situs of the execution of its form, and cancellation of Plaintiff's claims for

24  reimbursement.

25      84.     BOH knew at the time it selected the form for indemnification that

26  it would cause harm to Plaintiff in San Francisco, California. BOH knew that Co-

27  defendant Kaushal Niroula was present in San Francisco and was, at the same

28                                                                          24

time, coercing Plaintiff to sign, and even notarize BOH's indemnity form (Ex "B").

85.      The offending transactions in this count occurred in, and arose out of, the receipt by Plaintiff of BOH's indemnity form in San Francisco, California, at the sole behest of defendant BOH. At no time did BOH request or require that Plaintiff first return to Hawaii to execute BOH's indemnity form (Ex "B").

86.      The thrust by BOH of its indemnity form into California to Plaintiff, an identity theft and forgery victim, was an unlawful, unfair, or fraudulent business practice. Among other things, to induce Plaintiff to sign, the proponent of the form (1) omitted its origin and drafter (BOH); (2) the indemnity form (Ex "B") left out the material fact that BOH created the form to destroy Plaintiff's claim for lost funds upon signing the form in San Francisco; (3) the indemnity form (Ex "B") failed to provide full disclosure of the rights of the parties; (4) left out required disclosures indemnifying BOH from negligence, and other causes of action; (5) the form violated public policy in that it expressly attempted a withdrawal of the prosecution of the crime of forgery, which was beyond the capacity or legal authority of BOH; (6) the purported withdrawal of the crime of forgery rendered the indemnification agreement void for insufficient consideration; (7) to the extent BOH characterizes the form as anything other than one for indemnity, it misrepresented and misinformed Plaintiff into thinking the form was a temporary measure to achieve a large wire transfer funds from Nepal by BOH's release of holds on Niroula's BOH account; and, (8) BOH's

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

25

purported Indemnification of Liability was legally deficient for the following reasons:

A.    There is no clear, positive and unequivocal assumption of liability by Plaintiff, set out with requisite specificity;

B.    There is no clear, unequivocal indemnification from BOH's own negligence, or any reference at all to negligence;

C.    There can be no indemnification against gross negligence, or by implication, intentional torts;

D.    The purported indemnification is strictly construed against the drafter, BOH;

E.    Ambiguities are construed against BOH, including the phrase "forgery dispute" which is capable of more than one meaning. The forgery dispute is between the public law enforcement agencies, and defendant Kaushal Niroula, as an official criminal matter. There is no forgery dispute between BOH and defendant Kaushal Niroula. There can be no forgery "dispute" between Plaintiff and BOH because Plaintiff did not forge her own checks.

F.    The Indemnification of Liability form attached at Exhibit "B" to this complaint was obtained by BOH through fraud, duress, undue influence, mistake, breach of fiduciary or quasi fiduciary duty, bad faith, oppression, malice.

G.    The form is adhesive and unconscionable.

H.    The form violates statutes including Cal Penal Code 550(b); Cal. U Com. Code 4-401. §§4401 and 4103.

I.    The form was contrary to a substantial public interest or gained through inequality of bargaining power.

J.    The form unfairly limited the obligations and liabilities of, or otherwise unfairly advantaged BOH.

87.    Plaintiff, and other members of the public are likely to be deceived by defendant BOH's use of indemnity forms. Plaintiff was actually deceived by the form, relied upon it, and sustained damages.

88.    The conduct by defendant BOH alleged here, and elsewhere in this complaint, in obtaining the signature on a form in San Francisco, and the use of the form to extinguish Plaintiff's claim upon signing it, constituted misrepresentations, omissions, or practices which were deceptive acts.

89.    Defendant BOH engaged in practices intended to deceive the public, including Plaintiff, forcing fraudulent indemnity forms on identity theft or forgery victims, to avoid paying valid claims for reimbursement to those victims, including Plaintiff. This conduct as further described in this count is a fraudulent business practice under section 17200 of the California Business and Professions ("B&P") Code.

90.    As further detailed in this complaint, defendant BOH's proffer of a misleading indemnity form to Plaintiff, in San Francisco, was intended to extinguish, when signed, Plaintiff's BOH claim for $508,000.00 of her family's

27

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

savings. There was no utility in defendant BOH's conduct which justified this harm to Plaintiff's property and person, and BOH's conduct was immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, including Plaintiff.

91.    A legislatively declared policy prohibited defendant BOH's misuse of an indemnity form faxed to San Francisco to destroy Plaintiff's absolute right to recover her money under Cal U Com Code §4401 and 4103, California's version of the Uniform Commercial Code.

92.    A legislatively declared policy prohibited defendant BOH's concealments, or knowing failures, to disclose material facts affecting the amount of benefits due to Plaintiff in the context of said Indemnification of Liability form. BOH thereby violated Cal Penal Code §550(b)(3); and, in the context of allocation to the banker's blanket bond, or deductible thereunder, §550(b)(1) was violated.

93.    A legislatively declared policy prohibited defendant BOH's acts or practices in obtaining its alleged indemnification. This business activity was forbidden by law, including, without limit, Cal. U. Com. Code §4401; Cal Penal Code §550(b) subsections (1) and (3).

94.    Defendant BOH's representations, omissions, or practices described here, and elsewhere in this complaint, involved information important to Plaintiff, and consumers generally; and affected Plaintiff's decision to sign the BOH form in San Francisco.

28

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120



95.    The acts done by defendant BOH in connection with the Indemnification of Liability form (Ex "B"), signed by Plaintiff in San Francisco, were unfair or deceptive acts or practices forbidden or declared unlawful by California law. BOH's actions detailed here, and elsewhere by incorporation of all remaining counts into this count, at all times had the capacity to mislead Plaintiff into signing a form which BOH contends, extinguished, at that point, Plaintiff's claims for reimbursement.

96.    Defendant    BOH's    deceptive    conduct    respecting    the "Indemnification of Liability" form had the natural and probable result of causing Plaintiff to sign the form (without BOH letterhead or cover letter) in San Francisco; which Plaintiff would not otherwise have done. The representations, omissions or practices described herein were likely to mislead consumers acting reasonably under the circumstances and did, in fact, mislead Plaintiff.

97.    In addition to other remedies and damages hereinabove alleged, Plaintiff is entitled to restitution of all amounts of her claim withheld by BOH, and for a decree enjoining BOH from the use of this and other indemnification forms to avoid payment of claims.

## COUNT NINE

### (Conversion Against Defendant BOH and Does 28-35)

98.    Plaintiff realleges and incorporates the foregoing paragraphs.

99.    Between October 24, 2006 and October 29, 2006, in San Francisco, California, Defendant BOH and Does 28-35 intentionally interfered

29

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1  with, and exercised dominion over property owned by Plaintiff including
2
3  confidential identity, bank, telephone information, and money, inconsistent with
4  the ownership of Plaintiff. Defendants actually intentionally or knowingly
5  interfered with Plaintiff's property.

6      100.    Defendants' interference or exercise of dominion over Plaintiff's
7  property was in defiance of her rights, and Plaintiff demanded return of said
8
9  property, which was refused, all to Plaintiff's injury, damage, loss or harm, as
10  aforesaid.

11     101.    Defendant BOH owns property which may be reached by Plaintiff
12  Hisamatsu as security on the ground that defendant BOH will be unjustly
13  enriched if allowed to retain the money.
14

15     102.    An equitable lien should be imposed against defendant BOH in
16  favor of Plaintiff on the proceeds of Plaintiff's money withheld by defendant. .

17
18                        **COUNT TEN**

19     **(Intentional Infliction Of Emotional Distress Against Defendants BOH**
20                        **and Does 1-50)**

21     103.    Plaintiff realleges and incorporates the foregoing paragraphs.
22
23     104.    Defendants' conduct as hereinabove alleged was so extreme as to
24  exceed all bounds of conduct usually tolerated in a civilized community.

25     105.    Defendants engaged in conduct intended to inflict injury or Plaintiff,
26  or they engaged in the conduct with reckless disregard of the probability that
27

28                                                                    30

Plaintiff would suffer emotional distress; or with the realization that injury to Plaintiff would result.

106.    Defendants' acts were outrageous, and were a substantial factor in causing Plaintiff's severe emotional distress.

107.    The intentional or reckless, extreme, and outrageous conduct by defendants directly and proximately caused Plaintiff to suffer emotional distress, or extreme emotional distress, all to her damage, as aforesaid.

## COUNT ELEVEN

**(Tort In Essence Against Defendant BOH and Does 30-50)**

108.    Plaintiff realleges and incorporates the foregoing paragraphs.

109.    Defendant BOH and Does 30-50 owed nonconsensual duties to others, including Plaintiff Hisamatsu, to comply with the civil and criminal laws of the State of California.

110.    The following statutes embodied a public policy to protect a class of persons of which Plaintiff is a member:

> A.    Cal Pen Code §476a (2007) (Making or delivering check with insufficient funds).

> B.    Cal Pen Code §518 (2007) (Extortion).

111.    On or about October 20, 2006 in the County of San Francisco, Defendant BOH and Does 30-50 violated their nonconsensual duties to Plaintiff and others so situated by aiding and abetting the criminal deposit of a check for

31

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

$890,000 into Plaintiffs' Citibank account in San Francisco, at a time when defendants knew, or should have known, the check would be drawn on insufficient funds.

112.    Between October 20, 2006 and October 29, 2006, in the County of San Francisco, defendants aided and abetted Kaushal Niroula, who threatened Plaintiff with bodily harm from Nepalese nationals involved with kidnapping his sister, if Plaintiff did not (1) pay him $41,000 in San Francisco, (2) cooperate with BOH (from San Francisco) to remove the hold on defendant Niroula's BOH account/or funds, (3) keep her cell phone turned off, (4) stay in her hotel, or drive around the Bay Area with Niroula, and (5) return directly to Japan on 10-29-06.

### COUNT TWELVE

#### (Civil Conspiracy Against Defendants Kaushal Niroula, BOH and Defendant Does 25-35)

113.    Plaintiff realleges and incorporates the foregoing paragraphs.

114.    Defendants BOH, Kaushal Niroula and Does 25-35 agreed or combined by concerted action to accomplish a criminal or wrongful act in San Francisco, or to accomplish some purpose not in itself criminal or unlawful, by criminal or unlawful means.

115.    Defendants BOH, Kaushal Niroula and Does 25-35 intentionally formed, planned, and operated the conspiracy which directly and proximately caused damage to Plaintiff in San Francisco, from defendants' planning the

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

32

1  intentional acts and civil wrongs done in furtherance of the agreement and

2

3  common design to steal Plaintiff's savings, and to physically and emotionally

4  injure Plaintiff.

5  ## COUNT THIRTEEN

6  **(Fraud Or Deceit Based On Suppression Of Material Facts And Other**

7  **Information And Partial Disclosures Against Defendant BOH and Does 30-50)**

8

9  116.     Plaintiff realleges and incorporates the foregoing paragraphs.

10  117.     On October 25, 2006, Defendant BOH and Does 30-50

11  intentionally made the following representations in a form (Ex "B") intentionally

12  aimed at Plaintiff in San Francisco, California. This "Indemnification of Liability"

13  (Ex B) suppressed facts and other information by BOH, and BOH was bound to

14  disclose them; or BOH gave information or facts thereon to Plaintiff which were

15

16  likely to mislead for want of communication of suppressed facts or information.

17  118.     Defendant BOH's business involved commercial activity and a

18  history of litigation directed at individuals in other states, including California.

19  The alleged indemnity transaction here was part of BOH's business activity

20  directed at individuals in California. BOH purposely availed itself of the privilege

21

22  of acting within California to terminate Plaintiff's claims.

23  119.     Specifically, on October 25, 2006, Defendant BOH made positive

24  representations of the following facts or information to Plaintiff Megumi

25  Hisamatsu, in the City And County of San Francisco, with the sole purpose to

26  extinguish her claims against BOH for reimbursement of $508,000:

27

28                                                                          33

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

A.    Plaintiff "wish to withdraw [her] forgery dispute" regarding checks forged by a criminal and drawn on her account for $8,000, $95,000, and $405,000. Exhibit "B". [At no time, did Plaintiff intend to withdraw her claims against **BOH** by signing the "Indemnification Of Liability" form ("Ex. B"), or her criminal complaints fro forgery to law enforcement agencies].

B.    $257,546.25 in **BOH** account #0002-933063 belonged to Kaushal Niroula. Id. [At no time, did Plaintiff understand or accept **BOH**'s representation as one which would reduce her claims against **BOH**].

C.    $257,546.25 in **BOH** account #0002-933063 belonged to Defendant Kaushal Niroula. Id, as a result of the "forgery dispute". Id. [At no time, did Plaintiff understand or accept **BOH**'s representation as one which would reduce her claims against **BOH**].

D.    That BOH "paid the funds to Kaushal Niroula at Megumi Hisamatsu's Request." [At no time, did Plaintiff understand or accept **BOH**'s representation as one which would reduce her claims with **BOH**].

E.    That BOH would be indemnified and held harmless from damages and other costs arising out of the Bank of Hawaii having paid the funds to Kaushal Niroula at Plaintiff's request. [At no time, did

34

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

Plaintiff understand or accept **BOH**'s representation as one which would reduce her claims with **BOH**].

120.    On October 25, 2006, when Defendant **BOH** intentionally made the foregoing representations by fax to San Francisco, Defendant **BOH** intentionally failed to disclose important facts to Plaintiff that she did not know and could not have reasonably discovered. Defendant actively suppressed or concealed facts which materially qualified **BOH** statements made in its document entitled "Indemnification Of Liability" (Ex B), and which were within **BOH**'s exclusive knowledge, unknown to Plaintiff Hisamatsu.

121.    Defendant **BOH** had a duty to make full disclosure of materially qualifying facts and other information because **BOH** made material disclosures in Exhibit "B", which were partial. Further, **BOH** was bound to disclose suppressed material facts which were exclusively in its possession. Also, as of 10/25/06, there was extreme inequality in bargaining power, English language ability, and knowledge between **BOH** and Plaintiff about matters relating to this transaction.

121.2    Defendant **BOH** made representations on October 25, 2006, intending to deceive Plaintiff by concealing material facts and other information which **BOH** knew or believed were materially misleading. Because of **BOH**'s failure to state additional or qualifying matters, Plaintiff reasonably relied on **BOH**'s deceptively incomplete representations, and her reliance was justified.

122.    The facts and other information suppressed or concealed from Plaintiff in **BOH**'s "Indemnification Of Liability" form (Ex "B") were likely to

35

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1
2
3

mislead Plaintiff in San Francisco, for want of communication; and did in fact mislead her.

4    123.    Even if BOH had no duty to provide the scant information on its
5  form (Ex "B"), by making partial disclosures, BOH undertook the obligation and
6  duty to make full disclosure of the concealed information, including without
7  limit:
8

9         A.    The $257,546.25 in Defendant Niroula's account belonged
10  to Plaintiff, and she did not request that her money be paid to Niroula or
11  anyone else.

12         B.    The $257,546.25 in Defendant Niroula's account had been
13  frozen, for Plaintiff's benefit, by BOH.
14

15         C.    BOH's form (Ex "B") had been intentionally crafted to
16  extinguish Plaintiff's continuing right to reimbursement of $508,000 at
17  the time it would be signed by Plaintiff in San Francisco, California on
18  10/25/06.
19

20         D.    The "forgery dispute" referenced on 10/25/06 in BOH's form
21  (Ex "B") secretly meant to BOH, the claims Plaintiff made for
22  reimbursement (Ex. A.1, A.4 and A.7), of over $508,000 from BOH.

23         E.    The phrase in the 10/25/06 form (Ex "B") faxed to San
24  Francisco to Plaintiff "arising out of the Bank of Hawaii having paid the
25  funds to Kaushal Niroula" was secretly equivalent, for BOH, to the
26
27
28                                                                    36

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

outstanding claims Plaintiff made against BOH for reimbursement (Ex A.1, A.4 and A.7).

F.    As part of her duty of cooperating with BOH, Plaintiff's claims would not be delayed or reduced if she refused to negotiate directly with Defendant Niroula about his $508,000 forgery from BOH.

G.    As part of her duty of cooperating with BOH, Plaintiff's claims would not be delayed or reduced if she refused to sign the form (Ex "B").

H.    That BOH had no reason to deny Plaintiff's claims at the time its form (Ex "B") was being prepared for signature in San Francisco.

I.    That the effects of extinguishing Plaintiff's claims for $508,000 against BOH would be in San Francisco on 10/25/06.

124.    The foregoing suppressed facts and information made the matters actually disclosed highly misleading and material to Plaintiff's decision to sign BOH's form in San Francisco. Plaintiff's reasonable decision was in justified reliance on BOH's partial disclosures.

125.    The concealed or suppressed facts and information in ¶123 supra made the disclosed information on the claim forms fraudulent and misleading. The intent was formed by Defendant BOH prior to 10/25/06 to deceive and to induce Plaintiff to act in the matter herein alleged, in justified reliance thereon. Plaintiff relied on BOH's deception, and her reliance was reasonable under the circumstances. Defendant's concealments were a substantial factor in directly

37

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

1  and proximately causing harm to Plaintiff in San Francisco, all to her damage as
2  aforesaid.
3

4     126.    Plaintiff, at the time of BOH's failures to disclose, and its
5  concealments and suppression of material facts and information (and, at the
6  time Plaintiff took actions herein alleged) was ignorant of the existence of the
7  facts and information defendant suppressed and failed to disclose. If Plaintiff
8
9  had been aware of the existence of the facts and information in ¶123 supra, not
10 disclosed by Defendant BOH, Plaintiff would not signed Defendant BOH's
11 Indemnification of Liability form (Ex "B") in an effort to recover her family's
12 stolen savings directly from the identity thief and forger, Defendant Niroula.
13

14    127.    Plaintiff, a homemaker and mother of two from Japan, had no
15 experience or ability to understand that she need not meet with a dangerous
16 criminal who had forged her checks, or attempt to negotiate with him to
17 cooperate with BOH's claims "investigation". A reasonable person would have
18 attached great importance in determining her choice of action once provided
19 with the concealed information and facts. These were highly material and
20 qualifying matters, and would have resulted in Plaintiff's refusal to sign BOH's
21
22 Indemnification of Liability form. Exhibit "B".
23

24          **(ALTERNATIVE) COUNT FOURTEEN**
25    (Negligent Misrepresentation Against Defendant BOH and Does 30-50)
26
27    128.    Plaintiff realleges and incorporates the foregoing paragraphs.
28                                                                          38

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

129.    Defendant BOH and Does 30-35 made a representation of the following past or existing material facts in the Indemnification of Liability form (Ex "B") as follows:

A.    $257,546.25 in a BOH account belonged to Defendant Niroula.

B.    That BOH was only indemnified from paying Niroula's funds to Defendant Kaushal Niroula.

130.    These representations by BOH were untrue.

131.    Regardless of defendants' actual belief, the defendants made the representations without any reasonable ground for believing them to be true.

132.    The representations were made with the intent to make Plaintiff reply upon them.

133.    Plaintiff was unaware of the falsity of the representations and acted in reliance upon the truth of the representations and was justified in relying upon the representation.

134.    As a direct and proximate result of her reasonable reliance on the truth of the representations, Plaintiff sustained damage as aforesaid.

## COUNT FIFTEEN

### (For Declaratory Relief Against BOH and Does 30-50)

135.    Plaintiff realleges and incorporates the foregoing paragraphs.

39

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

136.    Plaintiff contends, and Defendant BOH disputes, that Defendant BOH's "Indemnification of Liability" signed by Plaintiff in San Francisco October 25, 2006, remains null and void, and had no future, prospective effect on BOH's duty to pay Plaintiff's claim. While discovery and investigation continue, Plaintiff contends that the known, fatal defects of BOH's form, disputed by BOH, are as follows:

A.    There is no clear, positive and unequivocal assumption of liability by Plaintiff, set out with requisite specificity;

B.    There is no clear, unequivocal indemnification from BOH's own negligence, or any reference at all to negligence;

C.    There can be no indemnification against gross negligence, or by implication, intentional torts;

D.    The purported indemnification is strictly construed against the drafter, BOH;

E.    Ambiguities are construed against BOH, including the phrase "forgery dispute" which is capable of more than one meaning. The forgery dispute is between the public law enforcement agencies, and defendant Kaushal Niroula, as an official criminal matter. There is no forgery dispute between BOH and defendant Kaushal Niroula. There can be no forgery "dispute" between Plaintiff and BOH because Plaintiff did not forge her own checks.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

40

136.    Plaintiff contends, and Defendant BOH disputes, that Defendant BOH's "Indemnification of Liability" signed by Plaintiff in San Francisco October 25, 2006, remains null and void, and had no future, prospective effect on BOH's duty to pay Plaintiff's claim. While discovery and investigation continue, Plaintiff contends that the known, fatal defects of BOH's form, disputed by BOH, are as follows:

A.    There is no clear, positive and unequivocal assumption of liability by Plaintiff, set out with requisite specificity;

B.    There is no clear, unequivocal indemnification from BOH's own negligence, or any reference at all to negligence;

C.    There can be no indemnification against gross negligence, or by implication, intentional torts;

D.    The purported indemnification is strictly construed against the drafter, BOH;

E.    Ambiguities are construed against BOH, including the phrase "forgery dispute" which is capable of more than one meaning. The forgery dispute is between the public law enforcement agencies, and defendant Kaushal Niroula, as an official criminal matter. There is no forgery dispute between BOH and defendant Kaushal Niroula. There can be no forgery "dispute" between Plaintiff and BOH because Plaintiff did not forge her own checks.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

40

F.    The Indemnification of Liability form attached at Exhibit "B" to this complaint was obtained by BOH through fraud, duress, undue influence, mistake, breach of fiduciary or quasi fiduciary-duty, bad faith, oppression, malice.

G.    The form is adhesive and unconscionable.

H.    The form violates statutes including Cal. U Com. Code 4-401.

I.    The form was contrary to a substantial public interest or gained through inequality of bargaining power.

J.    The form unfairly limited the obligations and liabilities of, or otherwise unfairly advantaged, BOH.

137.    Plaintiff has no speedy or adequate remedy at law to have her future rights determined as to the prospective effect of the indemnity form on her claim for reimbursement.

138.    Defendant BOH contends to the contrary and has refused to rescind or cancel its Indemnification of Liability. Exhibit B.

139.    An actual and justiciable controversy has arisen and now exists between the Plaintiff and the BOH defendants concerning the construction and interpretation of BOH's Indemnification of Liability form (Ex "B") in relation to the money owed to Plaintiff by Defendant BOH, and the obligations of defendant BOH to pay the money due after its "investigation". Plaintiff desires, and is entitled to, a judicial declaration by this court of her rights and the

41

obligations of the BOH defendants to pay her, notwithstanding BOH's Indemnification of Liability form.

## COUNT SIXTEEN

### (Rescission Against BOH And Does 30-50)

140.    Plaintiff realleges and incorporates the foregoing paragraphs.

141.    Plaintiff demanded rescission of the indemnification drafted by BOH on August 6, 2007. Plaintiff repeats the demand and urges that BOH's indemnification form (Ex "B") is void.

142.    Plaintiff made a mistake as to a basic assumption when she approved BOH's form of indemnification (Exhibit "B"), which had a material effect on the agreed exchange of performances, adverse to Plaintiff.

143.    At the time the indemnification was made, Plaintiff was not aware that she only had limited knowledge with respect to the facts to which the mistake related. Enforcement of the Indemnification of Liability form (Ex "B") would be unconscionable.

144.    Plaintiff, by cooperating with BOH, at no time bore the risk of the mistakes that the deposits Niroula made to her San Francisco bank account in exchange for signing BOH's indemnification would be dishonored, and/or that BOH had planned to destroy her claims (Exs A.1, A.4 and A.7), upon execution of the form (Ex B).

145.    The deposit to Plaintiff's bank account in San Francisco by a BOH account holder (Niroula) and the continuing validity of her claims (A.1, A.4 and

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

42

A.7) were material to the BOH Indemnification of Liability (Ex "B"). BOH refused, for example, to release funds needed to facilitate defendant Niroula's deposit, unless the form (Ex B) was signed by Plaintiff, misrepresenting the funds as belonging to Niroula.

146.    BOH's Indemnification of Liability (Ex "B") should therefore be rescinded, and the outstanding claim by Plaintiff against BOH ordered paid. The Indemnification of Liability should be cancelled.

## COUNT SEVENTEEN

**(Constructive Trust Against Defendant BOH and Does 30-50)**

147.    Plaintiff realleges and incorporates the foregoing paragraphs.

148.    Defendant BOH has money belonging to Plaintiff to which it is not justly entitled.

149.    Defendant's duty is to retransfer the money to Plaintiff, who is entitled thereto to possession.

150.    Defendant BOH will be unjustly enriched if allowed to keep Plaintiff's money.

151.    A Constructive trust should be imposed on defendant's money and property, plus accrued interest.

## COUNT EIGHTEEN

**(Equitable Lien Against Defendant BOH and Does 30-56)**

152.    Plaintiff realleges and incorporates the foregoing paragraphs.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

43

153.    Defendant BOH owns property which may be reached by Plaintiff Hisamatsu as security on the ground that Defendant BOH will be unjustly enriched if allowed to retain the money.

154.    An equitable lien should be imposed against Defendant BOH in favor of Plaintiff on the proceeds of all money taken by defendant.

## COUNT NINETEEN

### (Intentional Infliction Of Emotional Distress Against Defendants Kaushal Niroula, BOH and Does 1-50)

155.    Plaintiff realleges and incorporates the foregoing paragraphs.

156.    Defendants' conduct in San Francisco as hereinabove alleged was so extreme as to exceed all bounds of conduct usually tolerated in a civilized community.

157.    Defendants engaged in conduct intended to inflict injury on Plaintiff, or they engaged in the conduct with reckless disregard of the probability that Plaintiff would suffer emotional distress, or with the realization that injury to Plaintiff would result.

158.    Defendants' acts were outrageous, and were a substantial factor in causing Plaintiff's severe emotional distress.

159.    The intentional or reckless extreme and outrageous and outrageous conduct by defendants directly and proximately caused Plaintiff to suffer emotional distress or extreme emotional distress, all to her damage as aforesaid.

44

**COUNT TWENTY**

**(Wrongful Withholding Of Funds After Forged Checks Were Drawn On Plaintiff's Account - Against Defendant BOH and Does 30-50)**

160.    Plaintiff realleges and incorporates the foregoing paragraphs.

161.    Defendants honored forged checks against Plaintiff's new BOH personal checking account, totaling $508,000.

162.    Defendants violated the requirement of honesty in fact and lacked good faith, and they failed to use ordinary care by honoring three forged checks on a new account; and, by disclaiming responsibility for BOH's lack of good faith or failure to exercise due care, or by an attempt to limit the measure of damages for the lack or failures, all in violation of Cal U. Com Code §4103.

**COUNT TWENTY-ONE**

**(Fraud Based On Promises Made Without Intention To Perform - Against Defendants BOH and Does 28-45)**

163.    Plaintiff realleges and incorporates the foregoing paragraphs.

164.    On October 3, 2006, BOH made the following promises, important to her claim against BOH for losses from unauthorized transactions, injuring Plaintiff.

A.    "the Bank will investigate your Claim" (Ex. A.1 ¶2).

B.    "Payment of you Claim is contingent upon the results of the Banks' investigation". Id.

C.    The Bank's decision to pay or not To Pay your claim will be made

45

in light of all the facts and circumstances after completion of its investigation". Id.

165.    At the time BOH made these promises it had no intention of performing them.

166.    The promises were made by BOH with the intent to induce Plaintiff into relying on them and taking no action against the BOH to recover the $508,000 in unauthorized debits from Plaintiff's personal checking account.

167.    The unauthorized transactions at all times entitled Plaintiff to the full benefits of the claims (Exts A.1 – A.9), but BOH, despite its promises to the contrary, had never at any time intended to abide by the promises; and in fact, consistently refused to do so. BOH's conduct after the promises show BOH had no intent to perform according to the promises, when made.

168.    Plaintiff, at the time these promises were made; and, at the time Plaintiff reasonably relied on said promises, she forewent taking actions herein alleged. Plaintiff was ignorant of Defendant BOH's secret intention not to perform, and took no rapid action against BOH to recover over $250,000 of her own money, sitting in a criminal's BOH account.

169.    Plaintiff Hisamatsu reasonably and justifiably relied on BOH's promises in that BOH employees, responsible for these promises, represented themselves as security experts and former law enforcement agents in close contact with law enforcement agencies. Further, Plaintiff could not, in the

exercise of reasonable diligence, have discovered Defendant **BOH's** secret intention not to perform its promises.

170.    In reliance on the aforesaid promises of Defendant, Plaintiff did not take immediate legal action against Defendant **BOH** to recover her money. If Plaintiff had known the actual intention of **BOH** not to investigate the claim and pay the claim after completion of the investigation, and instead create frivolous defenses to payment, she would have not been lulled into trusting the bank to complete an investigation. Further, Plaintiff would not have refrained from taking prompt legal action; particularly to secure over $250,000 of her money in the criminal (Niroula's) **BOH** account.

171.    Defendant **BOH** failed to perform the promised acts; failed to abide by its promises, and instead failed to investigate whether the transactions were authorized under Hawaii Revised Statutes (HRS) §490:4-401. BOH, failing to investigate this issue, failed to abide by its promise to pay the claim. But for these failures, Plaintiff would have taken prompt legal action against defendant **BOH.** Her reliance on **BOH's** promise was a substantial factor in directly and proximately causing harm to Plaintiff, all to her damage as aforesaid.

### COUNT TWENTY-TWO

**(Fraud OR Deceit Based On Partial Disclosure And Concealment Of Material Facts Against BOH And Does 30-50)**

172.    Plaintiff realleges and incorporates the foregoing paragraphs.

47

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

173.    When Defendant intentionally made the foregoing promises to Plaintiff Hisamatsu together with the other representations in the claim forms (Ex A.1, A.4 and A.7) Plaintiff signed on October 3, 2006, in Honolulu, Defendant intentionally failed to disclose important facts that Plaintiff did not know and could not have reasonably discovered. Defendant actively suppressed or concealed facts which materially qualified BOH statements in its claim forms; and which were within BOH's exclusive knowledge, unknown to Plaintiff Hisamatsu.

174.    Defendant BOH had a duty to make full disclosure of material facts because it made relevant disclosures which were partial. Further, BOH was bound to disclose facts which were exclusively in its possession. Also, there was a wide inequality in bargaining power, English language ability, and knowledge between BOH and Plaintiff.

175.    Defendant BOH made representations on October 3, 2006, intending to deceive Plaintiff by concealing facts. BOH stated the truth so far as it went, but BOH knew or believed the statements were materially misleading. Because of BOH's failure to state additional or qualifying matters, Plaintiff reasonably relied on BOH's representations, and her reliance was justified.

176.    These facts, suppressed or concealed from Plaintiff in the claim forms (Ex A.1, A.4 and A.7), were likely to mislead Plaintiff for want of communication, and did in fact mislead her. Specifically, the BOH forms asserted that payment of the claim was contingent on the BOH's investigation

48

and that Plaintiff was required to cooperate with the bank. Plaintiff relied on BOH's deception and her reliance was reasonable under the circumstances.

177.    BOH failed to reveal, and suppressed the material qualifying facts (1) that Plaintiff, as a victim of an unauthorized transaction based on forgery, was not required, as part of "cooperation" to negotiate directly with the perpetrator of the forged endorsement; (2) that failure by the victim to negotiate in this manner would not result in denial or reduction of the claims with the bank for reimbursement, and (3) that BOH had already decided to deny the claims.

178.    In light of other representations made by BOH security employees regarding the forgery perpetrator's willingness to repay Plaintiff, and regarding the forger's possible innocence, the concealed or suppressed facts relating to victim cooperation were highly misleading and material to the half-truths actually disclosed. Plaintiff's reliance on those half truths was justified.

179.    The concealed or suppressed facts made the disclosed information on the claim forms fraudulent and misleading. The same were made by Defendant BOH with the intent to induce Plaintiff to act in the matter herein alleged in justified reliance thereon. Defendant's concealments were a substantial factor in directly and proximately causing harm to Plaintiff, all to her damage as aforesaid.

180.    Plaintiff, at the time of BOH's failures to disclose BOH's concealments and suppression of material facts (and, at the time Plaintiff took

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

49

actions herein alleged) was ignorant of the existence of the facts Defendant suppressed and failed to disclose. If Plaintiff had been aware of the existence of the facts not disclosed by defendant BOH, Plaintiff would not have attempted to recover her family's stolen savings directly from the identity thief and forger, defendant Niroula, and Plaintiff would have taken immediate action against BOH to recover her money including the $257,546.25 sitting in the check forger's BOH account.

181.    Plaintiff, a homemaker and mother of two from Japan, had no experience or ability to understand that she need not meet with a dangerous criminal who forged her checks, or attempt to negotiate with him. A reasonable person would have attached great importance in determining her choice of action once provided with the concealed facts, which were highly material and qualifying matters.

### COUNT TWENTY-THREE

**(Unfair Or Deceptive Trade Practices In Violation Of HRS §480-1 Et Seq – Against BOH and Does 28-50)**

182.    Plaintiff realleges and incorporates the foregoing paragraphs.

183.    The foregoing activities by defendant BOH, a financial institution involved "conduct of any trade or commerce" within the ambit of Hawaii Revised Statutes (HRS) §480 et seq.

50

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

184.   Plaintiff is a claimant against BOH for recovery of losses from unauthorized transactions. She is therefore a consumer under HRS §480-1, and is authorized to bring suit pursuant to HRS §480-13.

185.   The foregoing practices by BOH were also unfair or deceptive acts or practices, and offended established public policy. The practices were also immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

186.   BOH's unfair or deceptive acts directly and proximately caused damage to Plaintiff as aforesaid.

187.   The deceptive acts or practices by BOH and Does 28-50, supra all had the capacity to deceive Plaintiff; and did in fact cause, as a natural and probable result, Plaintiff to do those things she would otherwise not do; for example, negotiate with a check forger, thinking BOH required her to do so; and to sign BOH's "indemnification" form, which she reasonably believed had no effect on her claims (Exhibits A.1 – A.9) with BOH.

188.   The forgoing deceptive acts or practices are representations, omissions or practices likely to mislead consumers acting reasonably under the circumstances, including Plaintiff; particularly, as here, where the representations acts or practices are material.

### (ALTERNATIVE) COUNT TWENTY-FOUR

**(Against BOH and Does 30-50 For Negligent Misrepresentation)**

189.   Plaintiff realleges and incorporates the foregoing paragraphs.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

51

190. False information was supplied to Plaintiff by BOH, as stated above, of important facts. The concealments which made disclosed facts fraudulent were made as a result of the failure to exercise reasonable care or competence in communicating the information, and defendants had no reasonable grounds for believing the representations true when made.

191. Plaintiff, as the person for whom the information was supplied suffered the loss, and defendants intended that Plaintiff rely on the misrepresentations or concealments of important facts.

192. Plaintiff reasonably relied upon the half-truths which were as fraudulent as whole lies.

193. The false information was a substantial factor in causing harm to Plaintiff, directly and proximately caused damages to Plaintiff as aforesaid.

## COUNT TWENTY-FIVE

### (Intentional Infliction Of Emotional Distress Against All Defendants)

194. Plaintiff realleges and incorporates the foregoing paragraphs.

195. Defendants' conduct with respect to the claims (Exs A.1, A.4 and A.7) as hereinabove alleged was so extreme as to exceed all bounds of conduct usually tolerated in a civilized community.

196. Defendants engaged in conduct intended to inflict injury, or they engaged in the conduct with reckless disregard of the probability that Plaintiff

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

would suffer emotional distress, or with the realization that injury to Plaintiff would result.

197.    Defendants' acts were outrageous, and were a substantial factor in causing Plaintiff's severe emotional distress.

198.    The intentional or reckless extreme and outrageous and outrageous conduct by defendants directly and proximately caused Plaintiff to suffer emotional distress or extreme emotional distress, all to her damage, as aforesaid.

## COUNT TWENTY-SIX

### (Gross Negligence Against Defendant BOH and Does 30-50)

199.    Plaintiff realleges and incorporates the foregoing paragraphs.

200.    Defendants' conduct demonstrated a want of even scant care, or an extreme departure of ordinary standards of conduct. At each turn, beginning with refusal to minimally compare the forged signature with Plaintiff's signature card in a new account and ending with the void Indemnification in San Francisco, Defendant BOH and Does 30-50 displayed a reckless disregard, or positive, active, and absolute disregard for the consequences of their action; particularly with, as here, a new personal account opened by a foreigner, subjected to extremely large debits.

## (ALTERNATIVE) COUNT TWENTY-SEVEN

### (Negligence Against Defendant BOH and Does 30-50)

201.    Plaintiff realleges and incorporates the foregoing paragraphs.

53

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

202. Defendants at all times herein mentioned owed a legal duty of due care or an obligation recognized by the law requiring them to conform to a certain standards of conduct of for the protection of bank customers against unreasonable risks.

203. Defendants failed to conform to the standards of conduct and thereby breached their duty to Plaintiff.

204. The breach by defendants of the duty to conform to the standards of conduct imposed on banks confronted with forged checks and unauthorized transactions, as aforesaid directly and proximately caused the foregoing injury and damages to Plaintiff.

205. Plaintiff suffered actual loss or damage as a result of defendants' breach, as set out above.

### COUNT TWENTY-EIGHT

**(Negligent Infliction Of Emotional Distress Against
Defendant BOH and Does 30-50)**

206. Plaintiff realleges and incorporates the foregoing paragraphs.

207. Defendant engaged in negligent conduct and willful violations of statutory standards, as aforesaid, causing substantial financial injury.

208. Defendants' conduct and violations were a cause of serious emotional distress.

209. The injury to Plaintiff's property was directly and proximately caused by defendants' conduct.

54

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

### COUNT TWENTY-NINE

**(Negligence Per Se Or Negligence Based On Statutory Violations Against Defendant BOH and Does 30-50)**

210.    Plaintiff realleges and incorporates the foregoing paragraphs.

211.    At all times herein, Plaintiff and others so situated were persons for whose protection the foregoing statutes were adopted.

212.    Defendant failed to exercise due care by violating the foregoing statutes of public entities; or, by failure to conform to the standard of care required in handling claims for unauthorized transactions based on forgery.

213.    Plaintiff's injury, or actual loss or damage, as aforesaid, directly and proximately resulted from occurrences of the nature which said statutes or regulations were designed to avoid, and violation of the statute caused injury to Plaintiff, as aforesaid.

### COUNT TWENTY-TEN

**(Breach Of Fiduciary Or Quasi Fiduciary Duty- Against Defendant BOH and Does 30-50)**

214.    Plaintiff realleges and incorporates the foregoing paragraphs.

215.    Defendants had fiduciary, or quasi fiduciary duties to Plaintiff, since the relationship – compounded by Plaintiff's claims for reimbursement – is characterized by public interest, and adhesion created by the special relationship.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

216.    Depositors, including Plaintiff reasonably expect a bank not to claim nonexistent legal defenses to avoid reimbursement when BOH debited $508,000.00 in three forged checks on Plaintiff's personal checking account only 32 days old at the time of the last forged check.

217.    BOH and Does 30-50 failed to act as a reasonably careful bank, (entrusted with Plaintiff's funds and with a claim for reimbursement) would have acted in the same or similar circumstances.

218.    Defendants conduct was a substantial factor in causing Plaintiff's harm, directly and proximately causing her damages as aforesaid.

WHEREFORE, Plaintiff prays for relief and demands as follows:

1.    General, special and punitive damages in favor of Plaintiff, according to proof on counts 10, 19, 25, and 28 (personal injury);

2.    Declaratory relief (count 15);

3.    Injunctive relief (count 8 ¶97);

4.    That $508,000.00 withheld by Defendant Bank Of Hawaii (BOH) to be paid by BOH to Plaintiff, plus general damages of $2,500.000.00, with punitive damages according to proof, on all but counts 10, 19, 25 and 28;

5.    That judgment be entered against Defendant Kaushal Niroula for $890,000.00 plus general damages of $2,500.000.00 and punitive damages according to proof, on all but counts 10, 19, 25 and 28;

56

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

6.    Restitution (Count 8) (cumulative);

7.    Equitable liens should be imposed (counts 6, 9 and 18);

8.    Costs of suit and other expenses;

9.    For such other and further relief as the Court deems just.

Dated:    Honolulu, Hawaii, August 17, 2007.

Stephen M. Shaw, Esq.
Attorney For Plaintiff
MEGUMI HISAMATSU

P.O. Box 2353
Honolulu, Hawaii 96804
Telephone:    (808) 521-0800
Facsimile:    (808) 531-2129
Email: shawy001@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all causes of action in this suit.

DATED: Honolulu, Hawaii, August 17, 2007.

Stephen M. Shaw, Esq.
Attorney For Plaintiff
MEGUMI HISAMATSU

P.O. Box 2353
Honolulu, Hawaii 96804
Telephone:    (808) 521-0800
Facsimile:    (808) 531-2129
Email: shawy001@gmail.com

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120

57



## CUSTOMER CLAIM FORM
### RELATING TO UNAUTHORIZED TRANSACTION(S)

**Claim.** The undersigned ("you") hereby makes a claim for reimbursement ("Claim") to Bank of Hawaii ("Bank") in the amount of $ 8,000.00, based upon the facts set forth in the attached Affidavit, signed under penalty of perjury.

**Investigation.** The Bank takes each Claim of an unauthorized transaction very seriously. Based upon your signed Affidavit, the Bank will investigate your Claim. Payment of your Claim is contingent upon the results of the Bank's investigation. You understand that until the Bank completes its investigation, it expressly reserves all of its rights and defenses. By accepting your Claim and supporting Affidavit, the Bank makes no promise to pay the Claim or any portion of it. The Bank's decision to pay or not pay your Claim will be made in light of all the facts and circumstances after completion of its investigation.

**Your Cooperation.** By submitting this Claim to the Bank, you agree to fully cooperate with the Bank and law enforcement agencies by, among other things, testifying, declaring, deposing, and certifying to the truth of the facts in any investigation, other civil or criminal proceeding or trial relating to the Claim on your Affidavit. The Bank or police investigators may interview you or persons who might have knowledge of the unauthorized transaction or who may have had access to your account or your records. You may be asked to review documents to help identify the person(s) making or benefiting from the transaction. If you later become aware of any information that bears on the Claim or affects the accuracy of your Affidavit, you agree to immediately inform the Bank.

**Your Other Agreements.** You agree to indemnify the Bank against any claim, including attorneys' fees and costs arising out of your providing false or inaccurate information to the Bank. You agree that if you fail to cooperate as agreed above, you will immediately repay to the Bank all amounts you may have received from the Bank in connection with the Claim, and all attorneys' fees and related costs that may be incurred by the Bank in recovering such amounts. You understand that the Bank intends to fully cooperate with law enforcement agencies in connection with the matters set forth in your Affidavit. You acknowledge that the Bank will provide law enforcement agencies with information about your account(s) described in your Affidavit, including, without limitation, statements, checks, similar items and other account records. You consent to the disclosure of all such information.

**Notice of Bank's Intent to Prosecute.** The Bank will seek prosecution to the fullest extent allowed by law of any person found to have made the unauthorized transaction reported by you in the Affidavit, regardless of that person's relationship to you. A person found guilty of committing forgery in the first degree could be punished by imprisonment up to ten years.

Please also be advised that any person found guilty of having filed a false Affidavit with the Bank may be charged with false reporting. False reporting is a crime punishable by imprisonment up to one year or a fine of up to $2,000.00. The Bank will seek prosecution to the fullest extent allowed by law of any person committing such an offense.

By signing below, you acknowledge that you have read and understand the foregoing.

Dated: _____._____.

Claimant

Print Name: _Mugumi Hisamatsu_

Company/Title (if applicable): _____

_____

MISC-2180_E (Rev 7-2006)

# EXHIBIT A.1

 

## CUSTOMER AFFIDAVIT

## UNAUTHORIZED TRANSACTION

State of Hawaii                                        }
                                                       } SS.
City and County of Honolulu                            }

Affiant, being duly sworn, deposes and says:

1. My name is <u>Megumi Hisamatsu</u>.

2. I make this Affidavit upon personal knowledge and am competent to testify to the facts stated herein. I understand that if I am making this Affidavit on behalf of a corporation, other business or non-business entity, references herein to "I", "me" or "my" shall refer to the entity, as well as to me individually. I am authorized to act on behalf of such entity.

3. My Address is <u>1-6-25-501 Bandi-Higashi, Sumiyoshi Osaka 558-0056, Japan</u>

4. 
   I can be reached at the following telephone numbers:
   Business: _____  Home: _____  Mobile: _____

5. I make this Affidavit in support of a Claim for $ <u>8,000.00</u> submitted by me on Bank of Hawaii's Customer Claim Form. I have read and understand the provisions of the Customer Claim Form, including the "Notice of Bank's Intent to Prosecute" printed above my signature thereon.

6. I am (check appropriate box) ☒ an owner of ☒ an authorized signer on
   BOH Account No. <u>0002-937182</u> (the "Account") held in the name(s) of <u>Megumi Hisamatsu</u>.

   ☐ Check here if multiple accounts are being reported and list on an attached separate sheet. The term "Account" as used in this Affidavit shall be deemed to refer to all accounts listed.

7. I have examined the Item(s) described below (or listed on separate sheet).
   Item No. <u>101</u>  Original Date <u>8/24/2006</u>  Original Amount $ <u>8,000.00</u>
   Original Payee <u>Kaushal Niroula</u>

   ☐ Check here if multiple items are being reported and list on an attached separate sheet, with the above information for each item. The term "Item" as used in this Affidavit shall be deemed to refer to all items listed.

8. Based on my examination of the Item, I state (check appropriate boxes):

   ☒ Forged signature. The Item is a forgery and was not signed by me or any authorized signer on the Account.

   ☐ Forged Endorsement. I am the payee of the Item. The Item was not endorsed by me or anyone authorized by me.

   ☐ Alteration. The Item was altered after I completed and signed it, without my permission or the permission of any authorized signer on the account. The ☐ amount ☐ date ☐ payee was altered.
   The original information on the Item was ☐ amount $ _____ ☐ date _____ ☐ payee _____.

EXHIBIT <u>A. 2</u>



☐ Counterfeit. The Item is a counterfeit, and it was not signed or authorized by me or by any authorized signer on the Account.

☐ Unauthorized Remotely Created Checks. The Item is defined as a check that was not created by the paying bank and that does not bear a hand written signature purporting to be the signature of the person whose account the check is drawn on. It may also be known as a telecheck, preauthorized draft, and/or paper draft.

The Item is an unsigned check purporting to have been authorized by me or by an authorized signer on the Account. I did not authorize the issuance of the check in the amount stated to the payee stated on the check.

☐ Other unauthorized transaction. Describe: _____

9.  I have received no benefit, directly or indirectly, by reason of payment of the Item. No part of the funds paid on the Item was applied to my benefit or on my behalf.

10. I have not subsequently ratified or approved the payment of the Item.

I believe that the forged signature/forged endorsement/alteration/counterfeit/unauthorized remotely created check was made by <u>Kaushal Niroula</u> whose address is: <u>Unknown at this time</u>, _____ under the following circumstance (Please describe in detail):

11. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Further affiant sayeth not.

_____
Affiant's Signature

Subscribed and sworn to me on this

<u>3rd</u> day of <u>October</u>

_____
Notary Public

<u>Carol Y. Suzuki</u>
Print Name

My commission expires <u>Aug. 9, 2009</u>

LS.

MISC-2180_E (Rev 7-2006)

EXHIBIT <u>A.3</u>

 

### CUSTOMER CLAIM FORM
### RELATING TO UNAUTHORIZED TRANSACTION(S)

**Claim.** The undersigned ("you") hereby makes a claim for reimbursement ("Claim") to Bank of Hawaii ("Bank") in the amount of $ 95,000.00, based upon the facts set forth in the attached Affidavit, signed under penalty of perjury.

**Investigation.** The Bank takes each Claim of an unauthorized transaction very seriously. Based upon your signed Affidavit, the Bank will investigate your Claim. Payment of your Claim is contingent upon the results of the Bank's investigation. You understand that until the Bank completes its investigation, it expressly reserves all of its rights and defenses. By accepting your Claim and supporting Affidavit, the Bank makes no promise to pay the Claim or any portion of it. The Bank's decision to pay or not pay your Claim will be made in light of all the facts and circumstances after completion of its investigation.

**Your Cooperation.** By submitting this Claim to the Bank, you agree to fully cooperate with the Bank and law enforcement agencies by, among other things, testifying, declaring, deposing, and certifying to the truth of the facts in any investigation, other civil or criminal proceeding or trial relating to the Claim on your Affidavit. The Bank or police investigators may interview you or persons who might have knowledge of the unauthorized transaction or who may have had access to your account or your records. You may be asked to review documents to help identify the person(s) making or benefiting from the transaction. If you later become aware of any information that bears on the Claim or affects the accuracy of your Affidavit, you agree to immediately inform the Bank.

**Your Other Agreements.** You agree to indemnify the Bank against any claim, including attorneys' fees and costs arising out of your providing false or inaccurate information to the Bank. You agree that if you fail to cooperate as agreed above, you will immediately repay to the Bank all amounts you may have received from the Bank in connection with the Claim, and all attorneys' fees and related costs that may be incurred by the Bank in recovering such amounts. You understand that the Bank intends to fully cooperate with law enforcement agencies in connection with the matters set forth in your Affidavit. You acknowledge that the Bank will provide law enforcement agencies with information about your account(s) described in your Affidavit, including, without limitation, statements, checks, similar items and other account records. You consent to the disclosure of all such information.

**Notice of Bank's Intent to Prosecute.** The Bank will seek prosecution to the fullest extent allowed by law of any person found to have made the unauthorized transaction reported by you in the Affidavit, regardless of that person's relationship to you. A person found guilty of committing forgery in the first degree could be punished by imprisonment up to ten years.

Please also be advised that any person found guilty of having filed a false Affidavit with the Bank may be charged with false reporting. False reporting is a crime punishable by imprisonment up to one year or a fine of up to $2,000.00. The Bank will seek prosecution to the fullest extent allowed by law of any person committing such an offense.

By signing below, you acknowledge that you have read and understand the foregoing.

Dated: _____ , _____ , _____

                _____
                Claimant

                Print Name: _Mayumi Hisamatsu_____

                Company/Title (if applicable):

                _____

                _____

MISC-2180_E (Rev 7-2006)

## EXHIBIT A.4

 

## CUSTOMER AFFIDAVIT

## UNAUTHORIZED TRANSACTION

State of Hawaii          }
               } SS.
City and County of Honolulu     }

Affiant, being duly sworn, deposes and says:

1.  My name is <u>Megumi Hisamatsu.</u>

2.  I make this Affidavit upon personal knowledge and am competent to testify to the facts stated herein. I understand that if I am making this Affidavit on behalf of a corporation, other business or non-business entity, references herein to "I", "me" or "my" shall refer to the entity, as well as to me individually. I am authorized to act on behalf of such entity.

3.  My Address is <u>1-6-25-501 Bandi-Higashi, Sumiyoshi Osaka 558-0056, Japan</u>

4. 
   I can be reached at the following telephone numbers:
   Business: _____  Home: _____ Mobile: _____

5.  I make this Affidavit in support of a Claim for $ <u>95,000.00</u> submitted by me on Bank of Hawaii's Customer Claim Form. I have read and understand the provisions of the Customer Claim Form, including the "Notice of Bank's Intent to Prosecute" printed above my signature thereon.

6.  I am (check appropriate box) ☒ an owner of ☒ an authorized signer on
   BOH Account No. <u>0002-937182</u> (the "Account") held in the name(s) of <u>Megumi Hisamatsu</u>.

   ☐ Check here if multiple accounts are being reported and list on an attached separate sheet. The term "Account" as used in this Affidavit shall be deemed to refer to all accounts listed.

7.  I have examined the Item(s) described below (or listed on separate sheet).
   Item No. <u>102</u> Original Date <u>8/29/2006</u> Original Amount $ <u>95,000.00</u>
   Original Payee <u>Kaushal Niroula</u>

   ☐ Check here if multiple items are being reported and list on an attached separate sheet, with the above information for each item. The term "Item" as used in this Affidavit shall be deemed to refer to all items listed.

8.  Based on my examination of the Item, I state (check appropriate boxes):

   ☒ Forged signature. The Item is a forgery and was not signed by me or any authorized signer on the Account.

   ☐ Forged Endorsement. I am the payee of the Item. The Item was not endorsed by me or anyone authorized by me.

   ☐ Alteration. The Item was altered after I completed and signed it, without my permission or the permission of any authorized signer on the account. The ☐ amount ☐ date ☐ payee was altered.
   The original information on the Item was ☐ amount $ _____ ☐ date _____ ☐ payee _____.

MSC-2180_E (Rev 7-2006)

## EXHIBIT A.5

☐ **Counterfeit. The Item is a counterfeit; and it was not signed or authorized by me or by any authorized signer on the Account.**

☐ **Unauthorized Remotely Created Checks. The Item is defined as a check that was not created by the paying bank and that does not bear a hand written signature purporting to be the signature of the person whose account the check is drawn on. It may also be known as a telecheck, preauthorized draft, and/or paper draft.**

The Item is an unsigned check purporting to have been authorized by me or by an authorized signer on the Account. I did not authorize the issuance of the check in the amount stated to the payee stated on the check.

☐ **Other unauthorized transaction. Describe:**

9. **I have received no benefit, directly or indirectly, by reason of payment of the Item. No part of the funds paid on the Item was applied to my benefit or on my behalf.**

10. **I have not subsequently ratified or approved the payment of the Item.**

I believe that the forged signature/forged endorsement/alteration/counterfeit/unauthorized remotely created check was made by [Kaushal Niroula] whose address is: Unknown at this time, _____ under the following circumstance (Please describe in detail):

11. **I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.**

Further affiant sayeth not.

_Affiant's Signature_

Subscribed and sworn to me on this

3rd day of October 2008

_Notary Public_

**Print Name**
Choi Y. Suzuki

**My commission expires** Aug. 4, 2009

L.7

MISC-2180_E (Rev 7-2008)

**EXHIBIT A.6**

## CUSTOMER CLAIM FORM
## RELATING TO UNAUTHORIZED TRANSACTION(S)

**Claim.** The undersigned ("you") hereby makes a claim for reimbursement ("Claim") to Bank of Hawaii ("Bank") in the amount of $ 405,000.00, based upon the facts set forth in the attached Affidavit, signed under penalty of perjury.

**Investigation.** The Bank takes each Claim of an unauthorized transaction very seriously. Based upon your signed Affidavit, the Bank will investigate your Claim. Payment of your Claim is contingent upon the results of the Bank's investigation. You understand that until the Bank completes its investigation, it expressly reserves all of its rights and defenses. By accepting your Claim and supporting Affidavit, the Bank makes no promise to pay the Claim or any portion of it. The Bank's decision to pay or not pay your Claim will be made in light of all the facts and circumstances after completion of its investigation.

**Your Cooperation.** By submitting this Claim to the Bank, you agree to fully cooperate with the Bank and law enforcement agencies by, among other things, testifying, declaring, deposing, and certifying to the truth of the facts in any investigation, other civil or criminal proceeding or trial relating to the Claim on your Affidavit. The Bank or police investigators may interview you or persons who might have knowledge of the unauthorized transaction or who may have had access to your account or your records. You may be asked to review documents to help identify the person(s) making or benefiting from the transaction. If you later become aware of any information that bears on the Claim or affects the accuracy of your Affidavit, you agree to immediately inform the Bank.

**Your Other Agreements.** You agree to indemnify the Bank against any claim, including attorneys' fees and costs arising out of your providing false or inaccurate information to the Bank. You agree that if you fail to cooperate as agreed above, you will immediately repay to the Bank all amounts that may have received from the Bank in connection with the Claim, and all attorneys' fees and related costs that may be incurred by the Bank in recovering such amounts. You understand that the Bank intends to fully cooperate with law enforcement agencies in connection with the matters set forth in your Affidavit. You acknowledge that the Bank will provide law enforcement agencies with information about your account(s) described in your Affidavit, including, without limitation, statements, checks, similar items and other account records. You consent to the disclosure of all such information.

**Notice of Bank's Intent to Prosecute.** The Bank will seek prosecution to the fullest extent allowed by law of any person found to have made the unauthorized transaction reported by you in the Affidavit, regardless of that person's relationship to you. A person found guilty of committing forgery in the first degree could be punished by imprisonment up to ten years.

Please also be advised that any person found guilty of having filed a false Affidavit with the Bank may be charged with false reporting. False reporting is a crime punishable by imprisonment up to one year or a fine of up to $2,000.00. The Bank will seek prosecution to the fullest extent allowed by law of any person committing such an offense.

By signing below, you acknowledge that you have read and understand the foregoing.

Dated: _Michael ___ 7/21_____

Claimant

Print Name: _Megumi Hisamatsu_

Company/Title (if applicable):
_____

**EXHIBIT A.7**

 

## CUSTOMER AFFIDAVIT

## UNAUTHORIZED TRANSACTION

State of Hawaii                   }
                                     } SS.

City and County of Honolulu        }

Affiant, being duly sworn, deposes and says:

1. My name is <u>Megumi Hisamatsu</u>.

2. I make this Affidavit upon personal knowledge and am competent to testify to the facts stated herein. I understand that if I am making this Affidavit on behalf of a corporation, other business or non-business entity, references herein to "I", "me" or "my" shall refer to the entity, as well as to me individually. I am authorized to act on behalf of such entity.

3. My Address is <u>1-6-25-501 Bandi-Higashi, Sumiyoshi Osaka 558-0056, Japan</u>

4. .
   I can be reached at the following telephone numbers:
   Business: _____ Home: _____ Mobile: _____

5. I make this Affidavit in support of a Claim for $ <u>405,000.00</u> submitted by me on Bank of Hawaii's Customer Claim Form. I have read and understand the provisions of the Customer Claim Form, including the "Notice of Bank's Intent to Prosecute" printed above my signature thereon.

6. I am (check appropriate box) ☒ an owner of ☒ an authorized signer on BOH Account No. <u>0002-937182</u> (the "Account") held in the name(s) of <u>Megumi Hisamatsu</u>.

   ☐ Check here if multiple accounts are being reported and list on an attached separate sheet. The term "Account" as used in this Affidavit shall be deemed to refer to all accounts listed.

7. I have examined the Item(s) described below (or listed on separate sheet).
   Item No. <u>105</u> Original Date <u>9/18/2006</u> Original Amount $ <u>405,000.00</u>
   Original Payee <u>Kaushal Niroula</u>

   ☐ Check here if multiple items are being reported and list on an attached separate sheet, with the above information for each item. The term "Item" as used in this Affidavit shall be deemed to refer to all items listed.

8. Based on my examination of the Item, I state (check appropriate boxes):

   ☒ Forged signature. The Item is a forgery and was not signed by me or any authorized signer on the Account.

   ☐ Forged Endorsement. I am the payee of the Item. The Item was not endorsed by me or anyone authorized by me.

   ☐ Alteration. The Item was altered after I completed and signed it, without my permission or the permission of any authorized signer on the account. The ☐ amount ☐ date ☐ payee was altered.
   The original information on the Item was ☐ amount $ _____ ☐ date _____ ☐ payee _____.

MISC-2180_E (Rev 7-2006)

EXHIBIT A.8



☐ Counterfeit. The Item is a counterfeit, and it was not signed or authorized by me or by any authorized signer on the Account.

☐ Unauthorized Remotely Created Checks. The Item is defined as a check that was not created by the paying bank and that does not bear a hand written signature purporting to be the signature of the person whose account the check is drawn on. It may also be known as a telecheck, preauthorized draft, and/or paper draft.

The Item is an unsigned check purporting to have been authorized by me or by an authorized signer on the Account. I did not authorize the issuance of the check in the amount stated to the payee stated on the check.

☐ Other unauthorized transaction. Describe: _____

9. I have received no benefit, directly or indirectly, by reason of payment of the Item. No part of the funds paid on the Item was applied to my benefit or on my behalf.

10. I have not subsequently ratified or approved the payment of the Item.

I believe that the forged signature/forged endorsement/alteration/counterfeit/unauthorized remotely created check was made by Kaushal Niroula whose address is: Unknown at this time, _____ under the following circumstance (Please describe in detail):

11. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Further affiant sayeth not.



_____
Affiant's Signature

Subscribed and sworn to me on this

3rd _____ day of _____ October 2006 _____

_____
Notary Public
Cinol Y. Suzuki

_____
Print Name

My commission expires Aug. 9, 2009

L.7.

MSC-2180_E (Rev 7-2006)

EXHIBIT A.9

## INDEMNIFICATION OF LIABILITY

I, _Megumi  Hisamatsu_ , for reasons best known to myself, wish to withdraw my forgery dispute regarding the following checks drawn on Bank of Hawaii account #0002-937182.

| Check # | Date | Payee | Amount |
|---------|------|-------|--------|
| 101 | 08/24/2006 | Kaushal Niroula | $8,000 |
| 102 | 08/29/2006 | Kaushal Niroula | $95,000 |
| 105 | 09/18/2006 | Kaushal Niroula | $405,000 |

I, _Megumi  Hisamatsu_ , also agree that funds ( $257,546.25 ) held in suspense from Bank of Hawaii account #0002-933063, belonging to Kaushal Niroula, as a result of the forgery dispute shall be released to Kaushal Niroula, upon signing this agreement.

I, _Megumi  Hisamatsu_ , agree to indemnify and hold harmless the Bank of Hawaii, and its officers, directors, employees, parent companies, affiliates, successors, assigns, and agents from and against any and all losses, damages, costs and reasonable attorney fees resulting from or related to claims, liabilities, suits, actions, or proceedings arising out of the Bank of Hawaii having paid the funds to Kaushal Niroula at Megumi Hisamatsu's request.

Date: _10 / 25 / 06_

_____ Signature

_MEGUMI  HISAMATSU_ Please print Name

State of California County of
_SAN FRANCISCO_
Subscribed and sworn to (or affirmed)
Before me on this _25_ day of _OCT_, 20 _06_, by
_MEGUMI  HISAMATSU_
personally Known to me or proved to me on
the basis of satisfactory evidence to be the
person who appeared before me.

Signature _____

(Seal)

KEVIN A. MENDEZ
COMM. # 1450517
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
COMM. EXP. SEPT. 6, 2007

TOTAL P.02

# EXHIBIT B

1

## PROOF OF SERVICE

2

3    I am employed in the County of San Francisco, State of California.  I am over the age of

4    18 and not a party to the within action.  My business address is at BUCHALTER NEMER, A

5    Professional Corporation, 333 Market Street, 25th Floor, San Francisco, California 94105-2126.

6    On the date set forth below, I served the foregoing document described as:

7    **DEFENDANT BANK OF HAWAII'S NOTICE OF REMOVAL OF CIVIL
     ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28**
8    **U.S.C. § 1441(b) (DIVERSITY)**

9    on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof

10   in a sealed envelope as follows:

11

12   Stephen M. Shaw, Esq.
     P.O. Box 2353
13   Honolulu, HI 96804
     Phone:  (808) 521-0800
14   Fax:     (808) 531-2129

15   ☒    **BY MAIL**    I am readily familiar with the business' practice for collection and processing

16   of correspondence for mailing with the United States Postal Service. The address(es) shown above
     is(are) the same as shown on the envelope.  The envelope was placed for deposit in the United
17   States Postal Service at Buchalter Nemer in San Francisco, California on August 23, 2007.  The
     envelope was sealed and placed for collection and mailing with first-class prepaid postage on this
18   date following ordinary business practices.

19

20   ☒    I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct to the best of my knowledge.  Executed on August 23, 2007, at San

     Francisco, California.
22

23              Dodie Fontano                              _Dodie Fontano_
24                                                              (Signature)

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**PROOF OF SERVICE – CASE NO. 1248069**