STEPHEN M. SHAW, SB #107625
P.O. Box 2353
Honolulu, Hawaii 96804
Telephone: (808) 521-0800
Facsimile: (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiff
MEGUMI HISAMATSU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

-SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGUMI HISAMATSU,<br><br>           Plaintiff,<br><br>vs.<br><br>KAUSHAL NIROULA;<br>BANK OF HAWAII,<br>A Corporation; DOES 1-60;<br><br>           Defendants. | CASE NO: 3:07-cv-04371-JSW<br><br>DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF; and EXHIBITS A-H<br><br>Hearing:  11/30/07<br>Time:     9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom: 2, 17th floor |

**DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF**

I, STEPHEN M. SHAW, counsel for Plaintiff have personal knowledge of the following, except those matters stated on information or belief.

DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF; and EHIBITS A-H - CASE NO. 3:07-cv-04371-JSW

1

1. Declarant is counsel for Plaintiff in the above-entitled case and licensed to practice before this Court and all courts in the State of California.

2. This declaration is made in support of Plaintiff's Motion For Administrative Relief. First, Plaintiff seeks leave to enlarge the Court's schedule from 10/5/07 to 11/8/07 for filing the Plaintiff's opposition to a motion to dismiss filed by defendant Bank of Hawaii (BOH) on 9/19/07. Second, Plaintiff requests relief from the Court's page limitations, increasing the opposing brief to 25 pages due to BOH's pagination violation.

3. Granting administrative relief would not prejudice the Defendant (BOH), because it would have sufficient time, under the local rules, to file a reply before the hearing date of 11/30/07; further, the enlargement requested is within the normal course of Civil L.R.7.6 (21 days before the hearing); or, 11/8/07. The pagination change could not prejudice BOH because it is requested due to its rule violation.

4. As the following shows, Declarant acted swiftly after learning, on 10/8/07, of his scheduling error, and he tried to obtain BOH's agreement to modify the schedule, to allow filing Plaintiff's opposition on or before 11/8/07; and, good cause exists to modify the schedule.

DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR
ADMINISTRATIVE RELIEF; and EHIBITS A-H - CASE NO. 3:07-cv-04371-JSW

2

5.      Until 10/8/07, Declarant was unaware that this Court had scheduled a deadline to file an opposition to BOH's motions. See **Ex A.1 to A.2 (emails between Ms. Blackler & Declarant).**

6.      Since BOH's motions violated this Court's pagination rule, and possibly the rules relating to filing and serving proposed orders and an appendix of cases with the motions, Declarant attempted to achieve an unopposed motion for relief. BOH will only agree to "allowing" Declarant to exceed this Court's page limit in the opposition brief. BOH is expected to oppose this motion. **Ex A.1** (Declarant's email on 10/5/07).

7.      Substantial harm or prejudice will occur if the Court does not enlarge the time to file Plaintiff's opposition to BOH's motions (containing a 25 page brief) since; without Court approval, anything Plaintiff files will violate the scheduling order, and run the risk of being stricken or disregarded; and, to comply with the Court's Standing Order No. 6, Plaintiff will not have sufficient pages to oppose BOH's much longer brief, which itself violates this Court's Standing Order No 6.

8.      One previous time modification has taken place in this case. On September 12, 2007, the parties filed a stipulation allowing BOH until 9-19-07 to respond to the First Amended Complaint in order "to enable the parties to coordinate motion practice with the status conference."

DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF; and EHIBITS A-H - CASE NO. 3:07-cv-04371-JSW

3

9.  With a single, non-prejudicial exception, (BOH's reply deadline), all the proposed modifications would have no effect on the schedules in the case. Plaintiff would simply have 25 pages to respond to BOH's noncompliant brief containing the same number of pages. The relief from the 10/5/07 deadline to file the opposition is still within this Court's Civil L.R. 7-3(a), since an enlargement to 11/8/07 merely follows the rule requiring filing oppositions 21 days before the hearing (11/30/07).

10. In addition to the foregoing, further facts showing good cause for a modest change to this Court's schedule are as follows:

11. August 23, 2007, a notice of removal was filed by Defendant BOH. The case was referred to electronic filing.

12. August 28, 2007, The State Bar of California issued a Certificate in good standing (**Ex B**) so that counsel could seek Bar membership with this Court. All of the communication to the State Bar was handled timely by FedEx.

13. September 6, 2007, Plaintiff counsel's application for membership to this Court's Bar was approved.

14. September 10, 2007, Defendant BOH filed a Declination to Proceed before a U.S. Magistrate.

15. September 19, 2007, Declarant and his assistant attend the Court sponsored training for Electronic Filing at the United States District Court,

4

District of Hawaii, and set up a log-in and password the same day. **Ex C.** Service by that Court (District of Hawaii) is electronic, and <u>for those firms not yet signed up, by conventional means (USPS First Class mail)</u>.

16. September 19, 2007, BOH filed a motion to dismiss (without, Declarant is informed by his files, a proposed order or appendix of cases). The motions also failed to comply with the page limitations in this Court's Civil Standing Order No 6. Also, Standing Order No 9, required that a proposed order be filed and served. The proposed order is required by this Court's Local Rules, at Civ L.R. 7-2(d). Finally, according to Plaintiff's records, Declarant believes, BOH violated Standing Order No. 12, requiring it, as a removing defendant, to serve Declarant with this Court's Standing Orders. Thus, BOH can hardly claim prejudice from rule violations.

17. September 19, 2007, Declarant calendared the filing deadline for the opposition to BOH's motions according to Civil L.R. 7-3(a), at least 21 days before the hearing, or 11/8/07.

18. September 20, 2007, (Thursday) this Court filed an Order containing a schedule which Declarant **did not** receive.

19. September 21, 2007, Declarant acting promptly after attending the e-filing course in the Hawaii District Court, obtained a login and password for e-filing with this Court. **Ex D.**

DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF; and EHIBITS A-H - CASE NO. 3:07-cv-04371-JSW

5

20. Through no fault of Plaintiff, Declarant **did not** receive the Court's scheduling Order filed **9/20/07 (Thursday)** when he signed up for e-filing with this Court the next day. While the case was designated for ECF on 8/23/07, Declarant had no authority to proceed until 9/6/07, when this Court approved his application for membership in the Bar of this Court.

21. September 24, 2007 (Monday), Declarant received an e-fling notice timed 12:37 p.m., that this Court filed an Appendix for BOH on 9/20/07. The activity electronically noticed by this Court was for 9/20/07. "**Documents No. 20 (No document attached)**". No other filing for 9/20/07 was indicated by the Court. See **Ex E.**

22. September 24, 2007 (Monday), Declarant received an e-fling notice timed at 1:18 p.m. with a message "Urgent Notice: ECF Offline". **Ex F.**

23. September 25, 2007 (Thursday), another notice came in, timed 10:21 a.m. "The ECF System is Now Back Online". **Ex G.**

24. September 25, 2007 (Thursday), another email notice contained two efiling notices from this Court. It came in at 11:36 a.m., wherein another appendix was filed for BOH: "**Documents No. 20 (No document attached), and Documents No. 21 (No document attached)**". See **Ex H.1** and **H.2**.

25. BOH counsel, Ms. Blackler, maintains that she spoke with a Court clerk who Ms. Balckler believes addressed a briefing schedule with Declarant

---
DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR
ADMINISTRATIVE RELIEF; and EHIBITS A-H - CASE NO. 3:07-cv-04371-JSW

6

over the phone. <u>No</u> <u>one</u> from this office, including Declarant, spoke with anyone at the Court **about the 9-20-07 scheduling Order or its contents**. Declarant did speak to one of the Court staff members about whether an ECF class was required by the above-captioned Court as part of the ECF program. Declarant mentioned that he was scheduled for ECF training at the District Court in Honolulu. The Court employee directed Declarant to the Standing Orders. As stated, upon a review of Declarant's records, Declarant believes that these were not served by BOH's counsel as required by Standing Order No 12, and Civ. L.R. 1-5(o). **Ex A.2 to A.3** (BOH counsel's email on 10/9/07 at 8:41 a.m).

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   October 10, 2007.

_____
Stephen M. Shaw, Esq.
Attorney For Plaintiff
MEGUMI HISAMATSU

DECLARATION OF STEPHEN M. SHAW IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF; and EHIBITS A-H - CASE NO. 3:07-cv-04371-JSW

7