STEPHEN M. SHAW, SB #107625
P.O. Box 2353
Honolulu, Hawaii 96804
Telephone: (808) 521-0800
Facsimile: (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiff
MEGUMI HISAMATSU

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**-SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEGUMI HISAMATSU,<br><br>        Plaintiff,<br>vs.<br><br>KAUSHAL NIROULA;<br>BANK OF HAWAII,<br>A Corporation; DOES 1-60;<br><br>        Defendants. | CASE NO: 3:07-cv-04371-JSW<br><br>ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR ADMINISTRATIVE RELIEF<br><br>(Civil L.R. 6.3; 7-1(a); and 7-11)<br><br>Hearing: 11/30/07<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom: 2, 17th floor |

**ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S
MOTION FOR ADMINISTRATIVE RELIEF**

The Court reviewed Plaintiff Megumi Hisamatsu's Motion For Administrative Relief filed October 10, 2007, by her attorney, Stephen M.

Shaw, Esq., as well as the opposition filed by Mia S. Blackler, attorney for Defendant Bank of Hawaii ("BOH").

After reviewing Plaintiff's motion and the declarations and memoranda of the parties, the Court GRANTS Plaintiff's Motion For Administrative Relief.

## RELIEF SOUGHT

Plaintiff missed this Court's scheduled deadline of October 5, 2007, to file an opposition to BOH's motions to dismiss, filed by BOH on September 19, 2007, and Plaintiff requests that the Court administratively extend the filing deadline to 11/8/07.

Additionally, Plaintiff requests administrative relief form the 15-page limit for briefs in this Court's standing Rule No. 6, to allow a 25 page brief to match the 25 pages filed by BOH, without prior leave of this Court.

## RATIONALE OF DECISION

A. **Background**

On August 13, 2007, Plaintiff Megumi Hisamatsu filed a twenty-eight count complaint in the Superior Court, State of California, County of San Francisco. Suit was filed against Kaushal Niroula and Bank of Hawaii (BOH). By amendment filed August 20, 2007, the number of counts was increased to thirty.

On August 23, 2007, BOH removed the action to this Court. On the same day, the case was designated subject to electronic filing (ECF).

On September 6, 2007, Plaintiff's counsel application for membership to the Bar of this Court was approved.

On September 10, 2007, BOH filed a declination to proceed before a United States Magistrate and the matter was transferred to this Court.

On September 19, 2007, BOH filed its motion to dismiss, or for a more definite statement. Prior to filing, BOH did not obtain an Administrative Relief Order permitting it to do the following:

    A.    Exceed the page limit in this Court's Standing Order No. 6;

    B.    Fail to file and serve proposed orders required by this Court's Standing Order No. 9 and Civil L.R. 7-2(c) (unless excused by the Judge);

    C.    Fail to serve this Court's Standing Orders on Plaintiff's counsel.

On September 20, 2007, this Court filed its Order scheduling Plaintiff's opposition deadline to BOH's motions at October 5, 2007.

On September 21, 2007, Plaintiff's counsel registered for ECF, and began received e-filings; however, there is no dispute that Plaintiff **did not receive** the Court's September 20, 2007 Order via email, or other means.

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR ADMINISTRATIVE RELIEF- CASE NO. 3:07-cv-04371-JSW

## **DISCUSSION**

Civil Standing Order No. 3 provides in relevant part: "No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause. Parties seeking to continue hearings, request special status conferences, <u>modify briefing schedules</u>, or make any other procedural changes shall submit a signed stipulation, and proposed order, or, if stipulation is not possible, a Motion for Administrative Relief, as contemplated by Civil Local Rule 7-11 ... "Briefing schedules may not be changed by stipulation; the parties must obtain leave of court. Parties seeking to enlarge a filing deadline by way of a Motion for Administrative Relief are admonished to such a motion in advance of the filing deadline, rather than on the day a brief or other matter is due." Emphasis added.

While Plaintiff does seek to modify a briefing schedule after the deadline lapsed, the modification will <u>have no effect</u> on the hearing date of 11/30/07, or the other schedules after the hearing. In fact, the modification is within the 21 day deadline imposed by Civil Local Rule 7-3(a) for opposition briefs. Defendant BOH would then have ample notice, based on this rule, to review the opposition, and file its reply. See e.g. Civil Local Rule 7-3(c).

## **CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff Megumi Hisamatsu's Motion For Administrative Relief. Plaintiff shall have up to November 8, 2007 to file her opposition to motions filed by BOH on 9/19/07, to dismiss or for more definite statement, and Plaintiff shall be allowed up to 25 pages for the brief in opposition.

**IT IS SO ORDERED.**

DATED:    San Francisco, California, _____, 2007.


_____
JEFFREY S. WHITE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA