BUCHALTER NEMER
A Professional Corporation
    JAMES B. WRIGHT (#63241)
    MIA S. BLACKLER (#188112)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Attorneys for Defendant
BANK OF HAWAII

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGUMI HISAMATSU,<br><br>    Plaintiff,<br><br>vs.<br><br>KAUSHAL NIROULA; BANK OF HAWAII, A Corporation; DOES 1-60, inclusive,<br><br>    Defendants. | CASE NO. 3:07-cv-04371-JSW<br><br>**DECLARATION OF MIA S. BLACKLER CONCERNING DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** |

    I, MIA S. BLACKLER, declare:

    1.    I am a senior counsel with Buchalter Nemer PC, counsel for Defendant Bank of Hawaii ("BofH"), in the above-referenced action. The following facts are based on my own personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

    2.    Plaintiff filed a motion for administrative relief late in the evening of October 10, 2007, seeking permission to file a late opposition to BofH's motion to

dismiss. BofH does not oppose Plaintiff's motion for relief; however, it takes issue with Plaintiff's personal attacks on BofH and its counsel that their actions are somehow to blame for Plaintiff's failure to comply with this Court's rules.

3. Contrary to Plaintiff's counsel's representations, I did not lie in wait for Plaintiff to miss her October 5, 2007, deadline to file an opposition to the Motion to Dismiss. Plaintiff was charged with registering with efiling, and she was served with this Court's efiling rules when I removed this case on August 23, 2007. Notwithstanding such service, Plaintiff's counsel, Stephen Shaw, did not register for efiling for almost a month thereafter. Although I was under no obligation to do so, I did remind Plaintiff's counsel many times that he needed to register for efiling with this Court. I also extended numerous professional courtesies to Mr. Shaw by emailing him copies of briefs and court orders.

4. On October 5, 2007, when I had not received any opposition to BofH's motion to dismiss, I emailed Mr. Shaw, and requested an electronic copy of Plaintiff's opposition brief in case he had not yet registered for e-filing. When Mr. Shaw wrote back to me, it became clear that he had not filed an opposition, and I subsequently alerted him to the Court's September 20, 2007 briefing order (the "Order"). My correspondence with Mr. Shaw is attached to Mr. Shaw's declaration filed in support of his motion for relief.

5. Plaintiff seeks relief from the Order on the grounds that he was not officially served with this Court's standing orders, but the standing orders do not contain the briefing schedule set forth in the Order and therefore bear no relevance to Plaintiff's motion for relief.

6. When this action was first removed, it was assigned for all purposes to Magistrate Judge Elizabeth LaPorte, and her standing orders were served on Plaintiff on August 23, 2007. Three weeks later, this case was reassigned to Judge Jeffrey S. White. BofH did not serve Judge White's standing orders on Plaintiff because it had previously served Judge LaPorte's standing orders, and this action

had been removed for almost a month. BofH did not understand that it had a continuing duty to serve standing orders when the case was re-assigned. Noting that Plaintiff had not yet registered for efiling when the case was reassigned to Judge White, I emailed Mr. Shaw on September 11, 2007 to alert him to the reassignment. A true and correct copy of my email to Mr. Shaw is attached hereto as **Exhibit "1"** and is incorporated herein by this reference as though set forth in full.

7. As to Plaintiff's argument that he is somehow entitled to relief because BofH filed a 25-page brief in support of its motion to dismiss, it similarly bears no relevance to whether Plaintiff complied with the Order. To the extent that Plaintiff claims that BofH did not seek a stipulation from him as to its brief length, that is true, because this Court's Civil Standing Order #3 states that stipulations concerning briefing schedules are not accepted. In addition, on October 9, 2007, I spoke with this Court's clerk, Jennifer Ottolini, to discuss the proper way to request extended briefing, and I was informed that I should submit a request rather than a stipulation. That same day, I shared this information I had obtained with Mr. Shaw through an email which is attached to Mr. Shaw's declaration.

8. Following the court clerk's suggestions, I filed a request for extended briefing on October 10, 2007. There is no prejudice to Plaintiff as I agreed with her counsel that he should have the same page-length for any opposition papers.

9. Inexplicably, Plaintiff filed an opposition to BofH's request to file extended briefing on October 11, 2007, which makes no sense because Plaintiff has requested leave to file 25-pages in her Motion for Administrative Relief.

10. Similarly, Plaintiff's claim that she is entitled to relief because BofH did not submit a proposed form of order with its Motion to Dismiss has no bearing on Plaintiff's failure to keep abreast of this Court's orders, including the Order.

11. Finally, to the extent that Plaintiff believes that he is somehow entitled to relief because of the manual filings of BofH's Hawaii and California appendices

of law in support of its Motion to Dismiss, she is mistaken as these appendices were required to be manually filed because of their size. Plaintiff suffered no prejudice as a result of these appendices being filed manually. In addition, BofH's appendices of law bear no relevance to whether Plaintiff has complied with the Order.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at San Francisco, California on October 12, 2007.

_____
MIA S. BLACKLER

Exhibit ___1___

## Blackler, Mia

**From:** Blackler, Mia
**Sent:** Tuesday, September 11, 2007 4:18 PM
**To:** 'Shaw'
**Cc:** Blackler, Mia; Fontano, Dodie
**Subject:** BofH/Hisamatsu

Hi Steve:

I received an order from the Court re-assigning this case to Judge Jeffrey White, but I am still waiting for a separate order setting a new status conference date. It appears that he hears law and motion on Fridays at 9am, and Case Management Conferences on Fridays at 1:30pm. Not every Friday is open so you have to check his calendar for availability.

Given the above, it is conceivable to have motions heard in the morning, and a case management conference in the afternoon if it is needed. That would mean only one trip to CA for you. Since I don't yet know what date Judge White is going to assign for the case management conference, and I want to coordinate the motion dates with you per your request, do you mind if we wait a day or two before filing our motion? That way we can avoid having to request re-setting or special setting of motions when the court assigns the conference date. Let me know.

In the interim, perhaps you would like to let me know your availability on Fridays over the next couple of months.

As an aside, I note that this case is designated for efiing and that you have not signed up for it (so the court serves you by mail). If you register for efiling you will get email notice from the court of all activity on the file.

Thank you.

Mia Blackler | Sr. Counsel | **BuchalterNemer**, A Professional Corporation | 333 Market Street, 25th Floor | San Francisco, CA 94105-2126 | Direct Dial: (415) 227-3543 | Direct Fax: (415) 227-3541 | Switchboard: (415) 227-0900 | mblackler@buchalter.com | www.buchalter.com

10/11/2007