1  STEPHEN M. SHAW, SB #107625
2  P.O. Box 2353
   Honolulu, Hawaii 96804
3  Telephone:   (808) 521-0800
   Facsimile:    (808) 531-2129
4  Email: shawy001@gmail.com

5  Attorney for Plaintiff
6  MEGUMI HISAMATSU

7
8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              -SAN FRANCISCO DIVISION

11 MEGUMI HISAMATSU,              )    CASE NO:    3:07-cv-04371-JSW
                                  )
12            Plaintiff,          )
13      vs.                       )    PLAINTIFF MEGUMI HISAMATSU'S
                                  )    MEMORANDUM IN OPPOSITION
14 KAUSHAL NIROULA;               )    TO DEFENDANT BANK OF HAWAII'S
   BANK OF HAWAII,                )    MOTION TO DISMISS THE
15 A Corporation; DOES 1-60;      )    COMPLAINT AND MOTION FOR
                                  )    A MORE DEFINITE STATEMENT
16            Defendants.         )
                                  )    (FRCP 12(b)(6) AND 12(e))
17                                )
                                  )    Hearing:     11/30/07
18                                )    Time:        9:00 a.m.
                                  )    Judge: Honorable Jeffrey S. White
19 _____ )    Courtroom:  2, 17th floor
20
21
22
23
24
25
26
27
28

1
2

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................ i-ix

SUMMARY OF ARGUMENT ............................................................ ix

A.    STATEMENT OF ISSUES ...................................................... 1

B.    STATEMENT OF RELEVANT FACTS .................................... 1-5

### ARGUMENT

C.    FORGERIES WERE NEVER RATIFIED BY PLAINTIFF ............. 5-6

D.    PLAINTIFF'S CLAIMS ARE NOT PRECLUDED BY UCC§4606(f)... 6-8

E.    FRAUD AND ALTERNATIVE NEGLIGENT MISREPRESENTATION
      COUNTS ARE SUFFICIENT, OR MAY BE AMENDED ................ 8-16

    1.    Contractual Transactions Are No Defense To BOH ......1-10

    1.1    Contractual Transactions By BOH Created
        extra-contractual Duties ...........................................10-12

    2.    Plaintiff Complied With Heightened Pleading Standard
        And Seeks Amendment To Further Comply ...............12-16

F.    RESCISSION CLAIM (COUNT 16, PAGE 42) IS SUFFICIENT ...... 16-17

G.    LEGAL DUTIES WERE OWED BY PLAINTIFF ON
      COUNTS 20, 26, 27, AND 30 ................................................. 17

H.    CONSPIRACY ALLEGATIONS SUFFICIENT ............................ 17

I.    EMOTIONAL DISTRESS CLAIMS ARE SUFFICIENT
      (COUNTS 10, 19, 25 AND 28) ................................................. 17

J, K.    CONSTRUCTIVE TRUST/EQUITABLE LIEN ........................... 17

L.    DECLARATORY RELIEF ......................................................... 18

M.    TORT IN ESSENCE CLAIM IS SUFFICENT – (COUNT 11) ......... 18

i

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF
HAWAII'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A
MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

1

**TABLE OF CONTENTS**

2

**PAGE**

3

N.  UNFAIR COMPETITION COUNTS 8 AND 23
4   ARE SUFFICIENT ............................................................. 18-25

5       1.  Count 8: Indemnity Form Prepared For Use In
6           California Violated Deceit Prong Of Cal Bus &
            Prof Code §17200 ............................................. 18-22

7
        2.  Count 23 Is Sufficiently Pled ................................ 22-25
8
9   O.  MOTION FOR MORE DEFINITE STATEMENT IS BASELESS ....     25

10

11  CONCLUSION ..............................................................................     25

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF
HAWAII'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A
MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

1
2

# TABLE OF AUTHORITIES

3

**PAGE**

### Cases

American Financial Service v. FTC,
 767 F.2d 957, 979-80 (D.C. Cir. 1985)…………………………    23-24

Anderson v. Knox, 297 F.2d 702, 727 (9th Cir. 1961) ………………  viii, 11, 16

Alliance Mortgage Co. v. Rothwell (1995) 10 Cal.4th 1226, 1239, 44
 Cal.Rptr.2d 352, 359; 900 P.2d 601, 608…………………………    12, 15

Baldwin Contr. Co. v. Winston Steel etc (2d Dist. 1963) 236
 Cal.App.2d 565, 574, 46 Cal.Rptr.421, 426……………………    21

Blake v. Dierdorff, 856 F.2d 1165, 1168 (9th Cir. 1988)………………    14

Burkle v. Burkle (2d Dist.2006)
 139 Cal.App.4th 712, 753, 43 Cal.Rptr.3d 181, 214……………    5

Cal-Tech Communications Inc v. Los Angeles Cellular Telephone Co
 (1999) 20 Cal, 4th 163, 180, 83 Cal Rptr.2d 548, 973 P.2d 527……    19

Calvillo-Silva et al v. Home Grocery et al (1998) 19 Cal.4th 714, 80
 Cal.Rptr.2d 506, LEXIS 7603 at *26………………………………    21-22

Cartevet Savings Bank v. Shushan etc,
 954 F.2d 141, 146 (3d cir. 1992) ……………………………………    18

Cellars v. Pac. Coast Packaging Inc.,
 189 F.R.D. 575, 578 (N.D.Cal 1998)………………………………    1, 25

Committee on Children's Television (1983) 35 Cal.3d 197, 217, 197
 Cal.Rptr: 783, 795, 673 P.2d 660 672……………………………    13,14

City of Oakland v. Oakland Unif. Sch. Distr etc, (1st Dist. 1956)
 141 Cal.App.2d, 733, 736, 297 P.2d 752, 754…………………………    6, 21

Copesky v. Superior Court (4th Dist. 1991) 229 Cal.App.3d 678,
 693, 280 Cal.Rptr.338……………………………………………    17

iii

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF
HAWAII'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A
MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

1
2

# TABLE OF AUTHORITIES

3

**PAGE**

## Cases

Deteresa v. ABC, 121 F.3d 460, 467 (9th Cir. 1997)...................... 10

Discover Bank v. Superior Court, (2005) 36 Cal.4th 148, 162, 30
    Cal.Rptr.3d 76, 87 113 P.3d 1100, 1110................................... 8

Eastern Star Inc SA v. Union Bldg Materials,
    6 Haw.App.125, 135 712 P.2d 1148, 1155 (1985)..................... 25

Farmers Ins. Exchange etc v. The Portage La Prarie Mut Ins. etc,
    907 F.2d 911, 913 (9th Cir. 1990) ....................................... 18

Fujimoto v. Au, 95 Haw 116, 156, 157, 19 P.3d 699, 739 (2001)............. 8

Goldman et al v. Ecco-Pheonix etc (1964) 62 Cal.2d 40, 41,
    Cal.Rptr. 73, 396 P.2d 377................................................. 6, 21

Hawaii Community Fed. Credit Union v. Keka, 94 Haw 213, 227,
    11 ¶.3d 1, 15 (2000)......................................................... 22, 23

Hangman Ridge Training Stables Inc. v. Safeco etc, 7
    19 P.2d 531, 535 (Wash 1986)............................................. 25

Henrioulle v. Marin Ventures Inc., (1978) 20 Cal.3d 512, 517, 143
    Cal.Rptr 247, 250, 573 P.2d 465. 468. .............................. 8

Herman Christensen etc. v. Paris Plastering etc (1st Dist. 1976) 61
    Cal.App.3d 237, 245, 132 Cal.Rptr.86, 90............................... 20

In re International Harvester Co.,
    104 F.T.C. 949 1984 LEXIS 2, *247 (1984)............................. 23, 24

In Roy Supply Inc. et al v. Wells Fargo Bank N.A. (3d Dist 1995)
    39 Cal.App.4th 1051, 1058, 46 Cal.Rptr.2d 309, 312 .................. 6

iv

1

2                                      **TABLE OF AUTHORITIES**

3                                                                                    **PAGE**

4                                          <u>Cases</u>

5   <u>Kamen v. Lindly</u> (6th dist 1994) 94 Cal.App.4[th] 197, 208 fn 8, 114

6        Cal.Rptr.2d 127, 135, fn 8 ......................................................    14

7   <u>Kang v. Harrington</u>, 59 Haw. 652, 656, 587 P.2d 285 (1978).............    16

8

9   <u>Lazar v. Superior Court (Rykoff)</u> (1996) 12 Cal.4[th] 631, 646, 49
        Cal.Rptr.2d 377, 386, 909 P.2d 981, 990 ..........................    8

10

11  <u>Leibert v. Finance Factors Ltd</u>,
        71 Haw 285, 788 P.2d 833 (1990)...................................    24

12  <u>Low v. Wheeler</u>, (1st Dist 1962) 207 Cal.App.2d 477, 24 Cal.Rptr. 538...    10

13

14  <u>Maynes v. Angeles Mesa etc</u> (1938)
        10 Cal.2d 587, 589, 76 P.2d 109, 110...................................    12

15

16  <u>Maui Finance Co. v. Han</u>, 34 Haw 226, 230 (1937)................................    5

17

18  <u>Marketing West Inc. v. Sango Fisher etc</u> (2d Dist 1992)
        6 Cal.App.4[th] 603, 613, 7 Cal.Rptr.2d 859..................................    10

19

20  <u>Megdal v. Hawaii Planing Mill Ltd</u>, 814 F.Supp.898, 904 (DC HI 1993) .......    11

21

22  <u>McCue v. Bruce Ent.</u> (4th Dist 1964) 228 Cal.App.2d 21, 39 Cal.Rptr.125 ....    10

23

24  <u>McAdams v. Monier</u>, (3d. Dist. 2007) 151 Cal.App.4[th] 657, 678,
        _____ Cal.Rptr.2d _____ ..........................................    19

25  <u>Muroc Joint Unif. Sch. Dist</u> (1997) 14 Cal.4[th] 1066, 1083-4, 60
        Cal.Rptr.2d 263, 274, 929 P.2d 582, 593...................................    11

26

27                                                                                      v

28

1

2

## TABLE OF AUTHORITIES

3

**PAGE**

### Cases

4

5

Novatis Corp. v. FTC, 223 F.3d 783, 785, 343 U.S.
    App.D.C. 111 (D.C. Cir. 2000)................................................ 24

6

7

Oakes v. McCarthy Co (2d Dist 1968) 267 Cal.App.2d
    273, 73 Cal.Rptr.127..................................................... 10

8

9

Odom v. Microsoft, 486 F.3d 541, 545 (9th Cir. 2007)............................ 1

10

P. Lorillard Co. v. FTC, 186 F.2d 52, 58 (4th Cir. 1950)............................. 24

11

12

People v. Ramos (1982) 30 Cal.3d 553, 597, 180
    Cal.Rptr.266, 291, 639 P.2d 908, 933....................................... 11

13

14

Persson v. Smart Inventions (2d Dist. 2005) 125 Cal.App.4th
    1141, 1168, 23 Cal.Rptr.3d 335, 356....................................... 15

15

16

Prata v. Superior Court (Dist. 2001) 91 Cal.App.4th 1128, 1146................. 23

17

18

Progressive West Ins. Co. v. Superior Court, Yolo County
(3d Dist 2005) 135 Cal.App.4th 263, 283, 37 Cal.Rptr.3d 434, 450............ 20

19

20

Queen Villas HOA v. TCB (Dist 4, 2007) 149 Cal.App.4th 1, 5, 56
    Cal.Rptr.3d 528, 530 ................................................. 6, 8, 20

21

22

Randi v. Muroc Joint Unif. Sch. Dist (1997) 14 Cal.4th 1066,
    1083-4, 60 Cal.Rptr.2d 263, 274, 929 P.2d 582, 593..................... viii, 11

23

24

Rodolsky v. First Healthcare Corp. (2d Dist. 1996)
    50 Cal.App.4th 632 649, 58 Cal.Rptr.2d 89, 99............................ 19, 20

25

26

Rosales v. Citibank etc,
    133 F.Supp.2d 1117, 1180  (N.D.Cal.2001)............................17, 19, 23

27

v

28

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF
HAWAII'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A
MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

# TABLE OF AUTHORITIES

**PAGE**

## Cases

State by Doi v. Shasteen, 9 Haw.App.106 826 P.2d 879 (1992)................    25

Semegen v. Weidner, 780 F.2d 727, 735 (9th Cir. 1985)...........................    12

Schwartz v. KPMG,  476 F.3d 756, 763 (9th Cir. 2007) ..........................    1

Smith v. Pacific Properties etc,  358 F.3d 1097 1105-6 (9th Cir. 2004)....... ...    1

Stephens v. Williams (2002) 28 Cal.4th 665; 673, 122
        Cal.Rptr.358, 363 49 P.3d 1093, 1097 ...............................    5

Touche Ross Ltd v. Filipek, 7 Haw.App. 473, 480,
        778 P.2d 721, 726 (1989)................................................    12

Turner v. Milstein (1951) 103 Cal.App.2d 651, 658, 230 P.2d 25 ...............    13

United States v. Sloan, 492 F.3d 884, 891 fn 2 (7th Cir. 2007)..................    16

Warner Construction Corporation v. City of Los Angeles (1970) 2.Cal.3d
285, 294, 85 Cal.Rptr. 444, 449, 466 P.2d 996, 1001 ............................    16

West Corp. v. Superior Court, San Diego County (4th Dist. 2004)
        116 Cal.App 4th 1167, 1176, 11 Cal.Rptr.3d 145, 154 ...........    18

Zanakis-Pico v. Cutter Dodge, 98 Haw 309, 318, 47 P.3d 1222 (2002).....    23

# TABLE OF AUTHORITIES

<u>**PAGE**</u>

## <u>Statutes</u>

### <u>Federal</u>

18 USC §1343.................................................................... 20

Federal Trade Commission (FTC) Act §5(a)(1) ............. ............. 23

### <u>California</u>

Cal.U.Com.Code §4103(a)..................................................... 5, 7

Cal.U.Com.Code §1103 ....................................................... 7

Cal.Civ.Code §1668 ........................................................... 19

Cal.Bus.&Prof.Code §17200................................................. 20

### <u>Hawaii</u>

HRS §480-3 ..................................................................... 23

HRS §481A ..................................................................... 23

HRS §490:1-103. Subsection (b) ........................................... 7

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF ARGUMENT

The pleading is sufficient under FRCP 8, and 9(b); if not, leave (after argument) should be granted to amend.

Eight (8) days after opening a personal checking account with Movant ("BOH"), the first of three forged checks were debited to Plaintiff's new account. Plaintiff signed claims for reimbursement on October 3, 2006, for forged items debited 8/24/06, 8/28/06 and 9/18/06. BOH did not intend, as promised, to actually investigate the forgeries and pay the claim of $508,000.00. BOH left out material information in its promises to investigate. BOH instead maneuvered Plaintiff into communicating directly with the criminal, hoping to concoct collusion, ratification, or recanted accusations. Eventually, BOH obtained a signed document it now claims exempts it from liability for the forgeries. This document cannot legally act as a release, ratification, indemnity, or recanted allegations.

Of the 30 counts in the First Amended Complaint ("FAC") the following require, and meet, heightened pleading standards: Count 13 (pg 33), Count 14 (pg 38-alternative), Count 21 (pg 45), Count 22 (pg 47). All involve concealment of material information qualifying actual disclosures; and the duty which arises by partial disclosure, to tell the whole truth. Anderson v. Knox, 279 F.2d 702, 727 (9th Cir. 1961); Randi v. Muroc etc, (1997) 14 Cal.4th 1066, 1084, 60 Cal.Rptr.2d 263, 274, 929 P.2d 582, 593.

The FAC is not unintelligible. The allegations are curable by discovery or amendment. A more definite statement is unwarranted. Cellars v. Pac Coast Packaging Inc., 189 F.R.D.575, 578 (N.D.Cal. 1989).

ix

**PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO
DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT
AND MOTION FOR A MORE DEFINITE STATEMENT**

**A.    STATEMENT OF ISSUES**

1.    Whether Plaintiff is entitled at this stage to offer evidence in support of her claims, drawing all reasonable inferences in her favor and assuming the truth of her allegations? Schwartz v. KPMG, 476 F.3d 756, 763 (9th Cir. 2007); Odom v. Microsoft, 486 F.3d 541, 545 (9th Cir. 2007).

2.    Whether it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claims that would entitle her to relief? Odom v. Microsoft, supra.

3.    Whether deficiencies in the First Amended Complaint, if any, may be cured by further amendment? Smith v. Pacific Properties etc, 358 F.3d 1097 1105-6 (9th Cir. 2004).

4.    Whether detail sought by BOH's FRCP 12(e) motion for more definite statement is obtainable through discovery and further amendment; or whether the pleading is unintelligible? Cellars v. Pac. Coast Packaging Inc., 189 F.R.D. 575, 578 (N.D.Cal 1998).

**B.    STATEMENT OF RELEVANT FACTS**

Plaintiff's new personal checking account was eight days old when Defendant KAUSHAL NIROULA began forging three of Plaintiff's checks. NIROULA deposited the forgeries into his account at Bank of Hawaii (BOH). First Amended Complaint (FAC) ¶s 18, 22-28. Had BOH simply called Plaintiff when the first of only three checks were presented, none of the other checks would have been debited. The first

1

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

check was for $8,000.00 (FAC ¶23), and the other two totaled $500,000.00. FAC ¶24-29.

Plaintiff discovered the problem promptly, and reported, well within applicable deadlines. FAC ¶29. She timely signed BOH claim forms for reimbursement. FAC exhibits A.1-A.9. The forms left out material qualifying information; particularly that Plaintiff, a Japanese national, was <u>not</u> required to investigate, or negotiate with the forger as part of her duty of cooperation expressed in the claim forms. FAC ex A.1, A.4 and A.7. Plaintiff asserted at Count 22 (pg 47) that BOH made fraudulent partial disclosures on these claim forms. As to these claims, Plaintiff alleges at FAC Count 21 (pg 45) that BOH fraudulently induced her into relying on BOH's promises it had no intention at the time of performing that (1) it will investigate the claims, and (2) payment of Plaintiff's claims would be contingent upon the Bank's investigation. In justified reliance on these promises, and concealments, Plaintiff forwent taking immediate action against BOH. FAC ¶s 170 (pg 47),180 (pg 49). FAC Counts 21 (page 45) through 25 (page 52) are based on BOH's handling of forgery reimbursement claims.

Plaintiff, in an effort to cooperate with BOH, negotiated with the criminal who stole her money and identity. As a result of her contacts with BOH, Plaintiff reasonably believed these negotiations would have no effect on her claims with BOH for $508,000. FAC ¶s 18-28; ¶s 31-35; ¶s 39, 42-48; ¶s 163-181. These beliefs were also well-supported by BOH's statements in the form BOH caused to be faxed to Plaintiff, in San Francisco. FAC Ex. "B". Among other things BOH's form stated: (1) "Indemnification of Liability" (2) "I ... wish to withdraw my forgery dispute ... (3) "I

2

...agree to indemnify and hold harmless the Bank ... from and against any and all losses ... resulting from or related to claims ... arising out of the Bank of Hawaii having paid the funds to Kaushal Niroula at Plaintiff request."

This form, presented in San Francisco, failed to comply with legal standards to exculpate BOH from liability to Plaintiff; or, to indemnify BOH from other claims. Additionally, the form fraudulently omitted information which, if known, would have caused Plaintiff <u>not</u> to sign the form. In fact, disclosure would have immediately repelled her from further dealings with BOH. These material concealments in FAC ex "B" form the basis of counts 8 (pg 24) through 19 (pg 44). It would have cost BOH nothing to honestly and in good faith draft the material qualifying information into the form. The following are some of the concealments alleged in the FAC; as well as newly discovered concealed material information, which made the statements in FAC exhibit "B" fraudulent.

1.     BOH would deny the pending claims for reimbursement if the form was signed. FAC ¶86 [count 8], FAC ¶123 [count 13], FAC exhibits A.1-A.9.

2.     If the form was signed in San Francisco, BOH would deny Plaintiff's reimbursement claims, asserting that Plaintiff ratified (adopted as her own) the signatures forged by a criminal on her checks (to be added by further amendment to the FAC).

3.     If the form was signed, BOH would deny the claims, asserting that Plaintiff recanted $508,000.00 in claims against BOH for paying on the forged checks (to be added by further amendment).

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

4.    If the form was signed, BOH would deny the claims, asserting that an agency relationship was formed between Plaintiff and the forger (to be added by further amendment).

5.    BOH did not disclose on FAC, ex "B", that as part of Plainitff's duty to cooperate with BOH's investigation (FAC ex A.1, A.4, A.7), Plaintiff's claims would not be delayed, or reduced, if she refused to sign the "Indemnity of Liability" form. FAC count 13 ¶123 (G), pg 37.

6.    BOH did not disclose on FAC, ex "B", that as part of her duty to cooperate with BOH's investigation (FAC ex A.1, A.4, A.7) Plaintiff's claims would not be delayed or reduced if she refused to negotiate directly with the forger. FAC count 13 ¶123 (F).

7.    BOH did not disclose on FAC, ex "B", that the term "funds", in ¶(last) of FAC ex "B", meant $508,000.00, and not the $257,546.25 released to the forger; that is, BOH was attempting to exempt itself from more than the amount it released to the forger (to be added by further amendment).

8.    If the form was signed, BOH would use FAC exhibit "B" as a means to delay Plaintiff's claims for reimbursement (to be added by amendment).

9.    If the form was signed, there was no provision in the form disclosing Plaintiff could pay a fee and obtain protection against negligence. FAC ¶s 116, 123.

10.    If the form was signed, BOH would stop its investigation of Plaintiff's claims for reimbursement (to be added by further amendment).

11.    If the form was signed, there was no clear, specific, assumption of liability by Plaintiff. FAC ¶86.A page 26; FAC ¶ 116 pg 33.

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

12.    BOH did not disclose that if the form was signed it would (according to BOH) reactivate its 60-day "limitations" period to file reimbursement claims (to be added by further amendment).

## ARGUMENT

## C.    FORGERIES WERE NEVER RATIFIED BY PLAINTIFF

BOH's assertion of ratification hinges on the validity of its Indemnification of Liability form faxed to San Francisco for Plaintiff's signature. FAC Ex "B", even if valid, does not support this theory. Construed strictly against the drafter, (BOH) Ex "B" totally lacks "the <u>voluntary</u> election by a person to adopt in some manner as his own act an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him." <u>Stephens v. Williams</u> (2002) 28 Cal.4th 665; 673, 122 Cal.Rptr.358, 363 49 P.3d 1093, 1097. Emphasis added. "The essence of ratification is that it is done with <u>full</u> <u>knowledge</u> of the party's rights." <u>Burkle v. Burkle</u> (2d Dist.2006) 139 Cal.App.4th 712, 753, 43 Cal.Rptr.3d 181, 214. Emphasis added.

Like waiver, ratification requires a knowing, voluntary and intelligent act. Hawaii caselaw is in accord. "(T)he term 'affirmance' as used in connection with the term ratification is used in its <u>strict</u> primary sense of <u>voluntary assent</u> to the existence, truth or validity of something …" <u>Maui Finance Co. v. Han</u>, 34 Haw 226, 230 (1937). Emphasis added.

BOH"s ratification argument is based on a document (FAC ex "B") <u>it</u> drafted to exempt itself from its statutory duty to pay for a forged check. Cal.U.Com.Code §4103(a). FAC ex. "B". As will be argued <u>infra</u> at **D**, the document is void under

5

1
2
3
4

Hawaii law, and invalid in California. As a practical matter, had there been the

slightest hint of ratification (or recanting), Plaintiff would never have signed FAC ex

"B". She would have been horrified and repulsed by BOH's disclosures.

5
6

Even if BOH's form were an indemnity agreement under Queen Villas HOA v.

TCB (Dist 4, 2007) 149 Cal.App.4th 1, 5, 56 Cal.Rptr.3d 528, 530. FAC ex "B"

7
8
9
10
11
12
13

remains invalid. In addition to lack of any disclosure by BOH of possible ratification

of a crime, there was no other specific and unambiguous language extending the

purported indemnification to Plaintiff. The form is wholly insufficient as either a

ratification, or an indemnity agreement. Goldman et al v. Ecco-Pheonix etc (1964) 62

Cal.2d 40, 41, Cal.Rptr. 73, 396 P.2d 377; City of Oakland v. Oakland Unif. Sch.

Distr etc, (1st Dist. 1956) 141 Cal.App.2d, 733, 736, 297 P.2d 752, 754.

14
15

**D.     PLAINTIFF'S CLAIMS ARE NOT PRECLUDED BY UCC§4606(f)**

16
17
18
19

Defendant BOH places undue emphasis on the UCC in this, and other

arguments. The caselaw is nonsupportive. In Roy Supply Inc. et al v. Wells Fargo

Bank N.A. (3d Dist 1995) 39 Cal.App.4th 1051, 1058, 46 Cal.Rptr.2d 309, 312 (cited

by BOH) dealt with the context of a bank's responsibly for forged checks:

20
21
22
23
24
25
26
27

> "Section 1103 provides: 'Unless displaced by the particular provisions
> of this code, the principles of law and equity, including the law merchant and
> the law relative to capacity to contract, principal and agent, estoppel, fraud,
> misrepresentation, duress, coercion, mistake, bankruptcy, or other validating
> or invalidating cause shall supplement its provisions.' This provision has been
> described by commentators as 'probably the most important single provision
> in the Code. It continues the applicability of general principles of law and
> equity except insofar as they are 'displaced by particular provisions' of the
> Code. Thus many branches of general contract law, of the law of agency, of
> property law, etc., continue to apply under the Code.' (1 White & Summers,
> Uniform Commercial Code (3d ed. 1988) Introduction, @ 5, p. 19.) As the
> comment to the Commercial Code makes clear, section 1103 'restates with
> greater detail the principle that the general law applies when a case is not

28

6

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK
OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE
STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

covered by statute.' (Cal. U. Com. Code com., 23A West's Ann. Cal. U. Com. Code, @ 1103 (1964 ed.) p. 20.)" Emphasis added.

Hawaii's version of Cal.U.Com.Code §1103 is at HRS §490:1-103. Subsection (b) thereof contains, with a minor difference ("code" is "provision"), the same language analyzed in Roy Supply. The counts in this case do not involve anything displaced by the UCC, because Plaintiff's claims for reimbursement were timely. FAC ¶s 22, 29-31.

Defendant admits, at 8 of its P&As, that Plaintiff complied with a one year notification period in Cal.U.Com.Code §4103(a), and the 60 day provision in its adhesive Deposit Agreement. The effect of this admission is that BOH is subject to the rule that BOH "cannot charge a customer's account in the absence of an authorized signature operates to impose liability on the bank for payment of a forged check regardless of the quality of the forgery". Roy Supply, supra, 39 Cal.App.4th at 1061, 46 Cal.Rptr at 316. It is for this reason that BOH maneuvered its "investigation" toward a ratification or recantation defense.

BOH argues that Plaintiff's signature on BOH's indemnity form (ex "B" to FAC) reactivated the 60 day limitations in its Deposit Agreement. BOH states that Plaintiff's signature on the "Indemnification of Liability" recanted Plaintiff's timely forgery claims and amounted to a ratification of the forger's signatures. BOH P&A page 8¶3.

There is no hint on the "Indemnification of Liability" form drafted by BOH of a possible ratification of a forged signature. Nor is there any language recanting Plaintiff's pending claims for reimbursement. BOH's arguments admit that the form at FAC ex "B" was not for indemnity, as its caption suggests. BOH wants the form to

7

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

be a two-party exculpatory agreement. As a matter of law, this form cannot be applied in an exculpatory manner. Queen Villas HOA v. TCB Prop Mgmt Inc. (supra) 149 Cal.App.4[th] at 5, 56 Cal.Rptr.3d 528.

The form is void under Hawaii law because of the unequal bargaining power of the parties and the taint of fraud. Fujimoto v. Au, 95 Haw 116, 156, 157, 19 P.3d 699, 739 (2001). Plaintiff sufficiently alleged unequal bargaining power and fraud. FAC ¶s 18, 20, 47, 121.

Even under the more rigorous test in California, the indemnity form (FAC ex. "B") is invalid. Queen Villas, supra. The form, in practice, is an "exemption of the party" from responsibility for [its] own fraud, or willful injury to the person or property of another." Civ.Code §1668. Under these circumstances, such waivers are unconscionable under California law and should not be enforced. Discover Bank v. Superior Court, (2005) 36 Cal.4[th] 148, 162, 30 Cal.Rptr.3d 76, 87 113 P.3d 1100, 1110.

Additionally, the indemnity form meets the criteria in which an exculpatory provision is deemed invalid, as contrary to public policy. Henrioulle v. Marin Ventures Inc., (1978) 20 Cal.3d 512, 517, 143 Cal.Rptr 247, 250, 573 P.2d 465. 468.

## E. FRAUD AND ALTERNATIVE NEGLIGENT MISREPRESENTATION COUNTS ARE SUFFICIENT, OR MAY BE AMENDED

### 1. Contractual Transactions Are No Defense To BOH

Pages 9 and 10 of BOH's P&As argue against its own authority, Lazar v. Superior Court (Rykoff) (1996) 12 Cal.4[th] 631, 646, 49 Cal.Rptr.2d 377, 386, 909 P.2d 981, 990 provides:

8

1

"More fundamentally, <u>it is a truism that contract remedies alone do not address the full range of policy objectives underlying the action for fraudulent inducement of contract</u>. In pursuing a valid fraud action, a plaintiff advances the public interest in punishing intentional misrepresentations and in deterring such misrepresentations in the future. (Cf. Foley, supra, 47 Cal. 3d at p. 683 [recognizing tort law is designed to vindicate social policy].) Because of the extra measure of blameworthiness inhering in fraud, and because in fraud cases we are not concerned about the need for 'predictability about the cost of contractual relationships' " Emphasis added.

Defendant BOH apparently concedes that most tort claims rely on noncontractual duties. The FAC at 36¶123, taken as true, sufficiently sets out a duty and the facts underlying it. That is, "(e)ven if BOH had no duty of full disclosure to provide the scant information on its form (Ex "B") by making partial disclosures, BOH assumed the obligation <u>and duty</u> to make full disclosure of the concealed information, including without limit …" Emphasis added.

Plaintiff has satisfied the heightened pleading standard. In addition to the matters suppressed by BOH, listed at FAC ¶s 36, 37, 49 and 50, the bank's motion has yielded even more suppressed material information, to be added by further amendment to the FAC. Please see STATEMENT OF RELEVENT FACTS, <u>supra</u>.

The FAC pg 25 and 26 ¶86, sets out minimal known disclosures legally required for an indemnity form, <u>and</u> describes in detail the concealed information known at the time, as well as some of the standards involved. These paragraphs are incorporated into Count 13 (Fraud or Deceit). They are also incorporated into alternative Count 14, for negligent misrepresentation. The FAC, pages 34, 35 (Count 13) added more items concealed by BOH to the incorporated concealments in Count 8.

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

9

In the claim forms executed <u>before</u> the form in counts 13 and 14, BOH concealed additional facts. <u>See</u> the STATEMENT OF RELEVANT FACTS, <u>supra</u>.

## 1.1  <u>Contractual Transactions By BOH Created extra-contractual Duties</u>

### a.  <u>California Law Applies To Concealments In San Francisco Indemnity Transaction – Count 13</u>

In California, even where there is no duty to make disclosure, one who does undertake to inform must speak the whole truth. <u>Deteresa v. ABC</u>, 121 F.3d 460, 467 (9th Cir. 1997). <u>Low v. Wheeler</u>, (1st Dist 1962) 207 Cal.App.2d 477, 24 Cal.Rptr. 538 (nondisclosure in context of value of stock); <u>McCue v. Bruce Ent.</u> (4th Dist 1964) 228 Cal.App.2d 21, 39 Cal.Rptr.125.  The duty is to make complete disclosures when partial disclosures are made. <u>Id.</u>

Simple negligence of Plaintiff in failing to extract withheld information from BOH is no bar to recovery and notice of withheld information is a jury question. <u>Oakes v. McCarthy Co</u> (2d Dist 1968) 267 Cal.App.2d 273, 73 Cal.Rptr.127. The question of the duty to disclose in partial disclosure cases, as here, is for the trier of fact, and is not amenable to summary judgment. <u>Marketing West Inc. v. Sango Fisher etc</u> (2d Dist 1992) 6 Cal.App.4[th] 603, 613, 7 Cal.Rptr.2d 859.

Even if California law does not apply to this transaction, more stringent Hawaii law applies (below).

### b.  <u>Hawaii Law Imposes Tort Duty On BOH's Concealments In Claims For Reimbursement – Counts 13 And 22</u>

Count 13 (pg 33) deals with BOH's "Indemnification of Liability" (FAC ex "B"); Count 22 (pg 47) involves concealments in the reimbursement claim forms signed

10

1  earlier. This is a non-commercial account.

2      Even in a commercial situation, where there is no duty to disclose information,

3  a duty is created when one possessed of superior knowledge partially discloses

4  material information. Anderson v. Knox, 297 F.2d 702, 727 (9th Cir. 1961) (cert den.

5  370 U.S. 915 [1962]). In Anderson, the Plaintiff was induced to buy an insurance

6  policy, and to make changes to his existing plans by an individual having superior

7  insurance knowledge. 297 F.2d at 709, 710. Applying Hawaii law, the Ninth Circuit

8  upheld the trial court's decision that numerous partial disclosures were not honest.

9  297 F.2d at 726. "Half truths may be as actionable as whole lies …" Id at 729.

10

11     Hawaii courts, like their California counterparts recognize that the duty of full

12 disclosure arises from the act of concealment. Anderson, 279 F.2d at 727; Randi v.

13 Muroc Joint Unif. Sch. Dist (1997) 14 Cal.4[th] 1066, 1083-4, 60 Cal.Rptr.2d 263, 274,

14 929 P.2d 582, 593. The matters concealed are at the "STATEMENT OF RELEVANT

15 FACTS, supra".

16

17     c.    **Concealments Of Matters Of Law By BOH Are Actionable**

18     A United States District Court, discussing Hawaii Law, abandoned the

19 distinction in fraud cases between statements of fact or law in Megdal v. Hawaii

20 Planing Mill Ltd, 814 F.Supp.898, 904 (DC HI 1993): "Furthermore, many state

21 courts including the Oregon Supreme Court which the Hawaii Supreme Court relied

22 in Kylis, 39 Haw at 444 (citing Wicks v. Metcalf, supra) have recognized the

23 disingenuousness of preserving a distinction between misrepresentations of fact and

24 of law." See also People v. Ramos (1982) 30 Cal.3d 553, 597, 180 Cal.Rptr.266,

25 291, 639 P.2d 908, 933.

26

27

28

11

To the extent BOH's motion raises this distinction as to any matters it

concealed, its arguments are without merit.

## 2.  Plaintiff Complied With Heightened Pleading Standard And Seeks Amendment To Further Comply

Pleading in counts 13 (pg 33), 14 (pg 38), 21 (pg 45), 22 (pg 47) and 24 (pg

51) is sufficient under FRCP 9(b). Each count incorporated detailed allegations. All

counts identify "the circumstances constituting fraud so that the defendant can

prepare an adequate answer from the allegations." Semegen v. Weidner, 780 F.2d

727, 735 (9th Cir. 1985).

At page 10 ¶2 of its P&As, BOH may have confused the elements of the type

of fraud BOH committed in counts 13 (pg 33), 22 (pg 47) with count 21 (pg 45). The

necessary elements of fraud are "(1) misrepresentation (false representation,

concealment or nondisclosure); (2) knowledge of falsity (sciences); (3) intent to

defraud (i.e. to induce reliance); (4) justifiable reliance; and (5) resulting damage."

Alliance Mortgage Co. v. Rothwell (1995) 10 Cal.4th 1226, 1239, 44 Cal.Rptr.2d 352,

359; 900 P.2d 601, 608. Emphasis added.

Fraud in the inducement, or promissory fraud (Count 21, pg 45) differs

slightly. In California, Plaintiff is required to allege the forgoing elements of fraud in

the context of an action for fraud in the making of a promise without intention to

perform. Maynes v. Angeles Mesa etc (1938) 10 Cal.2d 587, 589, 76 P.2d 109, 110.

Hawaii treats the tort as one for fraudulent inducement. Touche Ross Ltd v. Filipek,

7 Haw.App. 473, 480, 778 P.2d 721, 726 (1989) provides these elements:

12

1
2          "(1) a representation of material fact, (2) made for the purpose of
inducing the other party to act, (3) known to be false but reasonably believed
3      true by the other party, and (4) upon which the other party relies and acts to
[his] damage." Emphasis added.
4

5     a.    **Plaintiff Sufficiently Pleads Non-Disclosure And**
           **Misrepresentation**
6

7      The pleading standard in concealment cases (counts 13, 14, 22 and 24) is

8     best stated by Committee on Children's Television (1983) 35 Cal.3d 197, 217, 197

9     Cal.Rptr: 783, 795, 673 P.2d 660 672.

10
          "We observe, however, certain exceptions which mitigate the rigor of
11     the rule requiring specific pleading of fraud. Less specificity is required when
       'it appears from the nature of the allegations that the defendant must
12     necessarily possess full information concerning the facts of the controversy,'
       Bradley v. Hartford Acc. & Indem. Co. (1973) 30 Cal.App.3d 818, 825 [10.6
13     Cal.Rptr. 718]); '[even] under the strict rules of common law pleading, one of
14     the canons was that less particularity is required when, the facts lie more in
       the knowledge of the opposite party ....' Turner v. Milstein (1951) 103
15     Cal.App.2d 651, 658 [230 P.2d 25].)" Emphasis added.

16
17     BOH wants allegations of who, what, when, where (P&As at 11, ¶2) in a case

18    where misleading partial disclosures have admittedly occurred in corporate

19    documents. This is an impossible pleading burden. "It would seem that concealment

20    is negative and it would occur without any time and place." Turner v. Milstein (1951)

21    103 Cal.App.2d 651, 658, 230 P.2d 25 (noting that demurrers for uncertainly do not

22    lie if what is sought is a statement of matter already within the knowledge of the
23
      demurring party). As to count 22 (FAC pg 45), the date and author of the printed
24
      promises is also the subject of corporate information, known only to BOH.
25
26     The allegations of the FAC show, except for the few oral statements involved,

27    that the identities of authors of group published documents reside in the exclusive

28                                                                           13
      ───────────────────────────────────────────────────────
      PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK
      OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE
      STATEMENT- CASE NO. 3:07-cv-04371-JSW

1  knowledge and concealments of BOH. The oral statements' sources will be

2  identified, where possible, by the next proposed amendment ("A"). The documents

3  which are half-true are discussed in the STATEMENT OF RELEVANT FACTS,

4

5  supra.

6      A California appellate panel described the corporate information doctrine

7  which is analogous to the rule in Committee on Children's Television, supra. See

8  Kamen v. Lindly (6th dist 1994) 94 Cal.App.4[th] 197, 208 fn 8, 114 Cal.Rptr.2d 127,

9  135, fn 8 (when misleading information is conveyed in group published information, it

10  is reasonable to presume that these are the collective actions of the officers, and

11  Rule 9(b) is satisfied by pleading the misrepresentations with particularity and,

12

13  where possible the roles of individual defendants in the representations) (citing In re

14  Interactive Network Inc. Secur.Litig, 948 F.Supp 917, 920 (N.D. Cal. 1996)). See

15  also, Blake v. Dierdorff, 856 F.2d 1165, 1168 (9th Cir. 1988).

16      Plaintiff alleged that defendant promulgated four relevant corporate

17  publications. FAC pg 5 ¶13 (BOH Identity Theft Guide); FAC page 12¶35; FAC pg

18  11 ¶31 (affidavits for reimbursement against BOH; also, Exhibit "A" to FAC); FAC pg

19  12 ¶36; FAC pg 13¶39 (BOH's statements in its claim forms); FAC page 14¶42

20  (same); pg 45 ¶163; pg 50 ¶181; pg 51¶187. An additional group published

21  document was sufficiently described at FAC pg 53¶200, as BOH's signature card. It

22  was sufficiently incorporated into the counts from pages 53-56.

23      Finally, Exhibit "B" to the FAC, was also group published information.

24  Relevant allegations in the FAC, as above, adequately plead the half-truths in these

25  documents; and, where possible, the role of defendant BOH. Exhibit "B" to the FAC

26

27

28

14

1
2
3
4
5

is adequately described. FAC pg 15 ¶44; also, pg 15 ¶45; pg 16 ¶16; pg 24 ¶s80-84;

pg 25 ¶s85; 86; pgs 25-29; pg 31¶¶111; pg 33-43 and FAC pgs 53-56. All of the

foregoing contained, by incorporation, the damages allegations at FAC pgs 18 (¶54)

to 20 ¶(top).

6
7
8

### b. Plaintiff Justiably Relied On Partial Disclosures Which Were Made Fraudulent By Material Concealments, And On Promises Without Intention To Perform

9
10
11
12
13
14
15
16
17
18
19

Had BOH disclosed the concealed, material information in the foregoing

group published documents, in all reasonable probability Plaintiff would have been

so repulsed that she would never have entered into the four transactions with BOH.

This is particularly the case with the concealments relating to the "Indemnification of

Liability", in San Francisco. Reliance existed at each point Plaintiff signed with the

BOH at each interval. This is all that is required by Alliance Mortgage Co. v.

Rothwell, supra, 10 Cal.4th at 1239, 44 Cal.Rptr.2d at 360, 900 F.2d at 609; see

also, Persson v. Smart Inventions (2d Dist. 2005) 125 Cal.App.4th 1141, 1168, 23

Cal.Rptr.3d 335, 356.

20
21
22
23

Also, the FAC has sufficient allegations showing that Plaintiff's reliance on the

false representations, concealments, or nondisclosure was reasonable. Alliance

Mortgage v. Rothwell, supra. FAC ¶35 (pg 12), ¶39 (pg 13), ¶42 (pg 14), ¶47 (pg

16), ¶87 (pg 27), ¶94 (pg 28), ¶121.2 (pg 35), ¶s 124, 125 (pg 37).

24
25
26
27

BOH's remaining reliance arguments presuppose that its four corporate

documents did not, as alleged, fraudulently withhold materially qualifying facts. BOH

P&A pg 12 ¶(last). The FAC, however, must be taken as true. The law of partial

28

15

disclosure is not novel. United States v. Sloan, 492 F.3d 884, 891 fn 2 (7th Cir. 2007) ("There is a Yiddish proverb that defines a half truth as a whole lie"). Simply put, the truth of partially disclosed items do not affect an action for fraudulent concealment. Warner Construction Corporation v. City of Los Angeles (1970) 2.Cal.3d 285, 294, 85 Cal.Rptr. 444, 449, 466 P.2d 996, 1001 (as here, the matters concealed were exclusively available to defendant). Items partially disclosed may be true, but the withheld qualifying information makes those matters fraudulent. Anderson, supra, 297 F.2d at 727.

Plaintiff adequately alleged superior knowledge, as well as other inequalities which made her reliance justified. FAC, pg 35 ¶121: "Also, as of 10/25/06, there was extreme inequality in bargaining power, English language ability, and knowledge between BOH and Plaintiff about matters relating to this transaction." This allegation is incorporated in the remaining 17 counts of the FAC.

Hawaii law has a feature further distinguishing reliance by Plaintiff on BOH's concealment and misrepresentations. Hawaii only requires actual reliance, not reasonable reliance. Kang v. Harrington, 59 Haw. 652, 656, 587 P.2d 285 (1978).

## F.    RESCISSION CLAIM (COUNT 16, PAGE 42) IS SUFFICIENT

The lack of merit in BOH's assertion that rescission is late, is proven by the second paragraph of the exhibits A.1, A.4 and A.7 to the FAC. There, BOH falsely represented it would investigate Plaintiff's forgery reimbursement claims, and that there would be a time when BOH completed its "investigation". In BOH's failed attempt to exempt itself from liability on those claims (FAC ex "B"), BOH did not

16

inform Plaintiff that its investigation had been concluded (along with other concealed information).

## G.   LEGAL DUTIES WERE OWED BY PLAINTIFF ON COUNTS 20, 26, 27, AND 30

Apart from fiduciary/quasi-fiduciary duties, the discussion at BOH point G, shows that the UCC does not displace any of Plaintiff's claims. Because BOH was acting in the additional capacity as a forgery claims investigator, it had a special relationship well within the exception of <u>Copesky v. Superior Court</u> (4th Dist. 1991) 229 Cal.App.3d 678, 693, 280 Cal.Rptr.338.

## H.   CONSPIRACY ALLEGATIONS SUFFICIENT

Count 12 of the FAC at 32, 33, sufficiently alleges facts showing formation, operation wrongful acts and damages, as BOH's P&A's (pg 15) demand. <u>See</u> FAC ¶s 30-36 (pgs 10-12); FAC  ¶39, 42-48 (pgs 13-17); FAC  ¶s 53, 56-58 (pgs 18-20).

## I.   EMOTIONAL DISTRESS CLAIMS ARE SUFFICIENT (COUNTS 10, 19, 25 AND 28)

The pleading shows Plaintiff suffered from BOH's conduct of coercing her to investigate and negotiate with an identity thief and forger solely to escape payment on unauthorized transactions. Throwing a good bank customer to a dangerous criminal rises to the required levels of outrage, and is not solely based on economic injury.

## J, K.   CONSTRUCTIVE TRUST/EQUITABLE LIEN

Since a measurable amount has been taken from Plaintiff as a result of UCL violations, there is sufficient res. <u>Rosales v. Citibank etc</u>, 133 F.Supp.2d 1117, 1180 (N.D.Cal.2001).

17

**L.    DECLARATORY RELIEF**

Declaratory relief is proper; particularly in the alternative, and Plaintiff will amend to so state.

**M.    TORT IN ESSENCE CLAIM IS SUFFCENT – (COUNT 11)**

Contrary to BOH's assertion at page 21 ¶3 of its P&As, the FAC <u>does</u> allege that BOH intended to defraud. See FAC ¶58 (pg 19); FAC ¶s 88-90 (pgs 27, 28); FAC ¶s 116, 117, 120, 121.2 (pgs 33, 35); FAC ¶166, 167 (pg 46); FAC ¶172, 173, 179 (pgs 42, 43, 49).

**N.    UNFAIR COMPETITION COUNTS 8 AND 23 ARE SUFFICIENT**

**1.    Count 8: Indemnity Form Prepared For Use In California Violated Deceit
Prong Of Cal Bus & Prof Code §17200**

**a.    Background**

Count 8, page 24 of the FAC is based on conduct likely to deceive the public <u>in</u> California. The deceptive practices by BOH, to evade paying a forgery claim were part of BOH's "commercial activity directed at residents of other states, including California." <u>West Corp. v. Superior Court, San Diego County</u> (4th Dist. 2004) 116 Cal.App 4th 1167, 1176, 11 Cal.Rptr.3d 145, 154. <u>See</u> FAC ¶s 2, 44-48, 80-97. Not only did BOH intend that the indemnity form be signed in California, but it intended that it be effective in California. <u>Farmers Ins. Exchange etc v. The Portage La Prarie Mut Ins. etc</u>, 907 F.2d 911, 913 (9th Cir. 1990); <u>Cartevet Savings Bank v. Shushan etc</u>, 954 F.2d 141, 146 (3d cir. 1992) (misrepresentation made in forum state). The FAC makes clear that BOH committed acts in its quest for exculpation directed

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK
OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE
STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

toward the <u>California</u> public. These acts were efforts to seek protection from fraud, deceit, and unlawful conduct.

The California Supreme Court test to determine a violation of the state's unfair competition law is a disjunctive one; namely, Plaintiff may show acts or practices by BOH were either unlawful or unfair or deceptive. <u>Cal-Tech Communications Inc v. Los Angeles Cellular Telephone Co</u> (1999) 20 Cal, 4th 163, 180, 83 Cal Rptr.2d 548, 973 P.2d 527.

Unfair competition law is well-suited to financial institutions which provide a conduit for robbers and thieves, only to claim lack of responsibility. <u>See</u> BOH's P&As, pages 22 ¶s (top). *Citibank* recently argued unsuccessfully that since it had not taken anything from a victim of unauthorized withdrawals, that there was nothing it should be ordered to restore. <u>Rosales v. Citibank etc</u>, <u>supra</u>, 133 F.Supp.2d at 1181.

Partial disclosures and concealment of material information fall within the prohibition of unfair or deceptive practices. <u>Podolsky v. First Healthcare Corp.</u>, (2d Dist. 1996) 50 Cal.App.4[th] 632 649, 58 Cal.Rptr.2d 89, 99; <u>McAdams v. Monier</u>, (3d. Dist. 2007) 151 Cal.App.4[th] 657, 678, _____ Cal.Rptr.2d ____ (failure to disclose roof tiles would erode long before life span of tiles was up).

### b.    <u>Underlying Violations Sufficiently Pled</u>

BOH failed to identify h<u>ow</u> the underlying violations of law were insufficient. BOH should not be allowed to cure this deficiency at page 23¶ of its Ps&As, by its reply. Plaintiff's sufficient allegations are at FAC ¶s 91-93. Plaintiff will add by proposed amendment violations of Cal.Civ.Code §1668 (unlawful contracts) and

19

1
2
3
4

wire fraud, 18 USC §1343. Any federal state or local law may serve as a predicate

under Cal.Bus.&Prof.Code §17200. <u>Rodolsky v. First Healthcare Corp.</u>, <u>supra,</u> 50

Cal.App.4[th] at 647 58 Cal.Rptr.2d at 98.

5
6

### c.    BOH Concealed Terms Required By Law In Ex B (FAC)

Count 8 at page 24 of the FAC aims at BOH's so-called "Indemnification of

7
8

Liability" form. This item (FAC Ex. B) was for review and signature in San Francisco.

9

Plaintiff alleges that inducing her to sign this form "was an unlawful, unfair or

10

fraudulent business practice". FAC ¶86 pg 25. "A fraudulent business practice under

11

section 17200 is not based upon proof of the common law tort of deceit, or

12

deception, but is instead premised on whether the public is likely to be deceived."

13

<u>Progressive West Ins. Co. v. Superior Court, Yolo County</u> (3d Dist 2005) 135

14

Cal.App.4[th] 263, 283, 37 Cal.Rptr.3d 434, 450.

15

16

As will be better alleged by the proposed amendment (exhibit "A", to the

17

declaration served, herewith), BOH omitted the central, material fact that BOH would

18

use the indemnification as a ratification of the forgery, a recantation of the claim for

19

forgery and an exculpatory agreement between Plaintiff and BOH. The public is

20

likely to be deceived by this deceptive tactic. A two-party exculpatory agreement is

21

vastly different than one for indemnification; which, as the language of BOH's form

22

makes clear, is to cover third party claims. Ex "B" to FAC.

23

24

Like <u>Queen Villas HOA v. TCB Prop.Mgmt Inc.</u>, <u>supra,</u> 149 Cal.App.4[th] at 5,

25

56 Cal.Rptr.3d at 530, there is no language in FAC Ex B to exculpate BOH as

26

against the Plaintiff. Here, as in <u>Queen Villas</u>, the agreement cannot be applied in an

27

exculpatory manner, as BOH requests. Not only did BOH leave out the material fact

28

20

1
2
3
4

that the indemnification was <u>not</u> as to a third party claim; but as to Plaintiff, it also left

out unambiguous and explicit language <u>not</u> to hold <u>anyone</u> liable for negligence.

FAC ¶86 page 25.

5
6
7
8

Even if the form were not being used by BOH as a two-party release, a true

indemnification agreement required BOH not to omit material facts. <u>Goldman v.

Ecco-Phoenix Elec. Corp</u>, <u>supra</u> 62 Cal.2d at 41, Cal.Rptr.73, 396 P.2d 377

instructs:

9
10
11
12

> "We hold that one who seeks indemnification from his own negligence
> must draft the instrument in <u>specific, precise and unambiguous terms;</u> the
> imposition of such an obligation cannot rest upon <u>language which is as loose
> and obscure as that of the instant contract.</u> Accordingly, plaintiffs cannot
> obtain indemnification in this case if their negligence contributed to the injury."

13
14
15
16
17
18
19

If FAC Ex "B" had made full disclosure of materially qualifying matters, which

were concealed, the rule of strict construction applies. First, BOH drafted the

document for execution in California. Second, "the law does not look with favor upon

attempts to avoid liability or secure exemption for one's negligence …" <u>City of

Oakland v. Oakland Unif. Sch. Dist. Etc,</u> <u>supra</u> 141 Cal.App.2d at 736, 297 P.2d at

754.

20
21
22
23
24
25
26
27
28

Even if the exculpatory agreement (FAC ex "B") was an indemnification form,

it deceptively left out, clear, positive and specific acts amounting to active or

affirmative negligence by anyone. <u>Herman Christensen etc. v. Paris Plastering etc</u>

(1st Dist. 1976) 61 Cal.App.3d 237, 245, 132 Cal.Rptr.86, 90.  These failures are

fatal. <u>Baldwin Contr. Co. v. Winston Steel etc</u> (2d Dist. 1963) 236 Cal.App.2d 565,

574, 46 Cal.Rptr.421, 426. Finally, there can be no indemnification for gross

negligence. <u>Calvillo-Silva et al v. Home Grocery et al</u> (1998) 19 Cal.4th 714, 80

21

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK
OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE
STATEMENT- CASE NO. 3:07-cv-04371-JSW

Cal.Rptr.2d 506, LEXIS 7603 at *26. It follows that there is no indemnification for the intentional torts alleged at Bar.

### 2. Count 23 Is Sufficiently Pled

#### a. Background

The incorporated allegations in this second UCL Count (FAC pages 50, 51) included material omissions by BOH on its corporate claim forms (FAC Ex "A.1-A.9"), which Plaintiff signed in Hawaii. The known, suppressed information is at FAC ¶s 176-178 pages 48, 49. The omissions at ¶177 made the disclosed facts at ¶176 fraudulent. The known omissions are:

(1).    Plaintiff, as part of her duty to cooperate was not required to negotiate directly with the check forger;

(2).    Failure by Plaintiff negotiate with the forger would <u>not</u> result in denial or reduction of the claims for reimbursement with BOH;

(3).    BOH intended to deny Plaintiff's claims.

Under California law, discussed above, this Count is good against the motions to dismiss, or for definite statement. The foregoing suppressed information materially qualified the assertions of BOH's customer claim forms. FAC exhibits A.1-A.9. In particular, BOH stated "you agree to fully cooperate with the Bank ..."

#### b. Violations Of Hawaii's UCL Are Sufficiently Pled

Hawaii's UCL reaches transactions, as here, conducted by financial institutions. <u>Hawaii Community Fed. Credit Union v. Keka</u>, 94 Haw 213, 227, 11 ¶.3d 1, 15 (2000). Actual deception by BOH's omissions in its claim forms need not be

22

shown in a Hawaii UCL case. "(T)he cases indicate that actual deception need not be shown; the capacity to deceive is sufficient." 94 Haw at 228, 11 P.3d at 16 (citing Goodman v. FTC, 244 F.2d 584 (9th Cir. 1957)). See also Prata v. Superior Court (Dist. 2001) 91 Cal.App.4th 1128, 1146.

The Hawaii statute, HRS §480-2, is remedial and must be liberally construed to suppress the perceived evil and advance the enacted remedy. Hawaii Community Fed. Credit Union, supra, 94 Haw at 229, 11 P.3d at 17. Instead of a predicate violation of other statutes (Podolsky v. First Healthcare, supra, 50 Cal.App.4th at 647, 58 Cal.Rptr. at 98), Hawaii has a per se rule when listed statutes are violated. See HRS §481A et seq.

To recover, a Hawaii UCL Plaintiff must plead and prove that the forbidden acts caused private damage. FAC ¶s 56-58. There is no reason to think the Hawaii Supreme Court would not reach the same conclusion as did this District in Rosales v. Citibank etc, supra, 133 F.Supp.2d at 1181 (unauthorized withdrawals to be repaid by Citibank). This is buttressed by the Hawaii Supreme Court's holding that no actual purchase is necessary when a victim spends money relying on a misleading advertisement. Zanakis-Pico v. Cutter Dodge, 98 Haw 309, 318, 47 P.3d 1222 (2002).

Hawaii Courts are required to be guided by the Federal Trade Commission (FTC) Act §5(a)(1). HRS §480-3. Unfairness cases usually involve actual and completed harms or the likelihood of injury. In re International Harvester Co., 104 F.T.C. 949 1984 LEXIS 2, *247 (1984). Of the primary categories of practices prohibited as unfair, withholding material information is paramount. American

23

Financial Service v. FTC, 767 F.2d 957, 979-80 (D.C. Cir. 1985). Most Section 5

cases charging omissions of material fact are properly characterized as involving

deception. In re Int'l Harvester, supra, 104 F.T.C. 949, LEXIS 2* 222.

Non-disclosure is considered deceptive because material information is, by its

nature, likely to affect the consumers' conduct. Deception can be an omission, as

when a lender/seller of prepaid education contracts failed to disclose the existence

of a side deal allowing it to pay tuition in two installments, while in the loan

documents it charged the borrowers interest on the whole amount for the school

year. Leibert v. Finance Factors Ltd, 71 Haw 285, 788 P.2d 833 (1990). To tell less

than the whole truth is a well known method of deception. P. Lorillard Co. v. FTC,

186 F.2d 52, 58 (4th Cir. 1950).

Materiality of BOH's withheld information would be presumed by the FTC as

to all express claims and other claims that significantly involve health, safety, or

other areas with which the reasonable consumer would be concerned. In re Int'l

Harvester, supra at 2 LEXIS *237-238; Novatis Corp. v. FTC, 223 F.3d 783, 785,

343 U.S. App.D.C. 111 (D.C. Cir. 2000).

Clearly, an identity theft/forgery victim would reasonably be much relieved to

know that to recover on her claim she need not endanger her safety by negotiating

with, or investigating, the criminal. Had this been disclosed on BOH's claim form

(FAC ex A.1 to A.9), Plaintiff Hisamatsu would not have endangered her life or

health by self-help. These actions were caused by BOH's partial disclosures (FAC

exhibits A.1-A.9), having the capacity to deceive, regardless of BOH's intent.

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK
OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE
STATEMENT- CASE NO. 3:07-cv-04371-JSW

Hangman Ridge Training Stables Inc. v. Safeco etc, 719 P.2d 531, 535 (Wash 1986). FAC ¶s 176-178, pgs 48, 49; ¶182-188; pgs 50, 51.

Under these standards, Hawaii law applies with equal force to FAC, count 8 pg 24, and the suppressed information at FAC ¶ 86 (as well as new matter to be added by amendment). In fact, the assertion at FAC ex "B" that a forgery dispute could be withdrawn would be enjoined in Hawaii, because it was likely to cause confusion that BOH was so involved with prosecuting authorities that it could halt criminal prosecutions. State by Doi v. Shasteen, 9 Haw.App.106 826 P.2d 879 (1992).

Discovery or disclosures in this case is likely to lead to corporate officers or directors who participated in the deceptive omissions. In Hawaii, they may properly be joined, when identified. Eastern Star Inc SA v. Union Bldg Materials, 6 Haw.App.125, 135 712 P.2d 1148, 1155 (1985).

## O.    MOTION FOR MORE DEFINITE STATEMENT IS BASELESS

A more definite statement or cannot be granted unless there is a showing that a pleading is unintelligible or cannot be further amended or aided by discovery. Cellars, supra, 189 F.R.D. at 578.

### CONCLUSION

Based on the admissions in BOH's pleadings, BOH's motions should be denied and this Court make specific findings, for further proceedings.

Dated: October 26, 2007, Honolulu, Hawaii.         Respectfully Submitted,

_____
Stephen M. Shaw
Attorney For Plaintiff
MEGUMI HISAMATSU

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- CASE NO. 3:07-cv-04371-JSW