```
 1  STEPHEN M. SHAW, SB #107625
    P.O. Box 2353
 2  Honolulu, Hawaii 96804
    Telephone:  (808) 521-0800
 3  Facsimile:  (808) 531-2129
    Email: shawy001@gmail.com
 4
 5
 6  Attorney for Plaintiff
    MEGUMI HISAMATSU
 7
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## -SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGUMI HISAMATSU,          )<br>                            )<br>    Plaintiff,           )<br>    vs.                     )<br>                            )<br>KAUSHAL NIROULA;            )<br>BANK OF HAWAII,             )<br>A Corporation; DOES 1-60;   )<br>                            )<br>    Defendants.             )<br>_____) | CASE NO:   3:07-cv-04371-JSW<br><br>ORDER DENYING<br>DEFENDANT BANK OF HAWAII'S<br>MOTION TO DISMISS THE<br>COMPLAINT AND MOTION FOR<br>A MORE DEFINITE STATEMENT<br><br>(FRCP 12(b)(6) AND 12(e))<br><br>Hearing:   11/30/07<br>Time:      9:00 a.m.<br>Judge: Honorable Jeffrey S. White<br>Courtroom:  2, 17th floor |

**ORDER DENYING**
**DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND**
**MOTION FOR A MORE DEFINITESTATEMENT**

The motions by Defendant Bank of Hawaii ("BOH") to dismiss the First Amended Complaint ("FAC") or for a more definite statement came on regularly for hearing before the Honorable Jeffrey S. White, Judge of the United States District Court, Northern District of California at 9:00 a.m. on November 30, 2007. The Bank

ORDER DENYING DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- CASE NO. 3:07-cv-04371-JSW

1

of Hawaii appeared, and was represented by James B. Wright, Esq. and Mia S. Blackler, Esq., of Buchalter Nemer; and Plaintiff Megumi Hisamatsu was represented by Stephen M. Shaw, Esq.

The Court has carefully reviewed the motions, Plaintiff's opposition thereto, and BOH's reply to the opposition; and, after hearing argument from counsel, the Court DENIES the Defendant's motions. This Court's rationale includes matters conceded by BOH, and this Court finds as follows:

1.    BOH asserts on the motions that a BOH document signed by Plaintiff in San Francisco, California or October 25, 2006, resulted both in a ratification of checks forged by defendant KAUSHAL NIROULA, and a recanting of the allegation by Plaintiff MEGUMI HISAMATSU, that there was a forgery.

2.    The document drafted by BOH and signed in San Francisco, California on October 25, 2006, did not notify Plaintiff MEGUMI HISAMATSU that the effect of her signature would result in a denial of her outstanding claims for reimbursement totaling $508,000.00.

3.    The document drafted by BOH and signed in San Francisco, California on October 25, 2006, did not notify Plaintiff MEGUMI HISAMATSU that the effect of her signature would result in a denial of her claims by BOH, based on BOH's assertion that the document meant that Plaintiff MEGUMI HISAMATSU ratified the forgery of her signature by defendant KAUSHAL NIROULA, or that Plaintiff HISAMATSU recanted her allegations of forgery.

4.    The document drafted by BOH, and signed in San Francisco, California on October 25, 2007, did not notify Plaintiff MEGUMI HISAMATSU that

ORDER DENYING DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- CASE NO. 3:07-cv-04371-JSW

2

the effect of her signature would result in a reactivation of BOH's 60-days deadline to file new reimbursement claims.

5. The claim forms drafted by BOH and signed in Honolulu, Hawaii, by Plaintiff on October 3, 2006 stated (a) "the Bank will investigate your claim." (b) "Payment of your claim is contingent upon the results of the Bank's investigation." (c) "You agree that if you fail to cooperate as agreed above, you will immediately repay the Bank all amounts you may have received from the Bank in connection with the claim, and all attorneys' fees and related costs that may be incurred by the Bank in recovering such amounts".

6. BOH has yet to notify Plaintiff that it has concluded its investigation of Plaintiff's reimbursement claims.

Since Plaintiff's First Amended Complaint adequately complied with FRCP 8 and, where applicable, FRCP 9(b), the Court concludes that Plaintiff HISAMATSU can prove facts in support of her claims which would entitle her to relief. Odom v. Microsoft, 486 F.3d 541, 545 (9th Cir. 2007).

Moreover, the Court does not believe that the First Amended Complaint suffers from defects which cannot be cured by discovery, instead of a more definite statement. Cellars v. Pac Coast Packaging Inc., 189 F.R.D. 575, 578 (N.D.Cal. 1998).

For the foregoing reasons the Court DENIES the motions to dismiss or for more definite statement filed by Defendant Bank of Hawaii on September 19, 2007.

**IT IS SO ORDERED.**

ORDER DENYING DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- **CASE NO. 3:07-cv-04371-JSW**

DATED: San Francisco, California, _____, 2007.

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ORDER DENYING DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT- CASE NO. 3:07-cv-04371-JSW

4