BUCHALTER NEMER
A Professional Corporation
    JAMES B. WRIGHT (#63241)
    MIA S. BLACKLER (#188112)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Attorneys for Defendant
BANK OF HAWAII

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGUMI HISAMATSU,<br><br>    Plaintiff,<br><br>vs.<br><br>KAUSHAL NIROULA; BANK OF HAWAII, A Corporation; DOES 1-60, inclusive,<br><br>    Defendants. | CASE NO. 3:07-cv-04371-JSW<br><br>**REPLY DECLARATION OF CHESTER A. DODS, JR. IN SUPPORT OF DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE COMPLAINT** |

I, CHESTER A. DODS, JR., declare as follows:

1.    I am an Assistant Vice President and security investigator employed by Bank of Hawaii ("BofH"). I was the security investigator in connection with Plaintiff Megumi Hisamatsu's claims that the payor signatures on three of her BofH checks totaling $508,000 were forged by Defendant Kaushal Niroula ("Mr. Niroula"). I am also a duly authorized custodian of the business records and files pertaining to the investigation conducted in connection with forgery claims asserted by Ms. Hisamatsu in this lawsuit. As such, I am able to certify BofH's fraud investigation records as true and correct. The documents attached hereto were made at or near the

1  time of such act, condition or event reflected thereon, and they are maintained in the ordinary
2  course of BofH's business or they are documents produced to BofH by Plaintiff or her counsel
3  and are maintained in the bank's investigative files and records. I have personal knowledge of the
4  facts set forth herein. If called as a witness, I could and would testify competently to those facts.

5      2.    On October 3, 2006, Megumi Hisamatsu and her Hawaii attorney, Steven Brittain,
6  met with me and other representatives of BofH in BofH's Legal Department conference room in
7  connection with Ms. Hisamatsu's claim that her signatures had been forged on three checks
8  totaling $508,000. Anticipating Ms. Hisamatsu's arrival and aware the she was a Japanese
9  national, I arranged to have a Japanese interpreter present to assist Ms. Hisamatsu in
10 communicating with us. Both Ms. Hisamatsu and her attorney, Mr. Brittain, informed us that Ms.
11 Hisamatsu spoke and understood English fluently and did not need an interpreter. As a result, the
12 meeting took place in English. To the best of my memory, at no time did Ms. Hisamatsu express
13 that she did not understand anything that was said or that occurred during that October 3, 2006
14 meeting at BofH.

15     3.    At that October 3, 2006, meeting, Ms. Hisamatsu completed and signed three
16 affidavits alleging that Mr. Niroula had forged her name on three checks totaling $508,000, which
17 were drawn on her BofH deposit account. I am informed and believe that copies of those forgery
18 affidavits are attached to Ms. Hisamatsu's First Amended Complaint in this matter as collective
19 Exhibit "A."

20     4.    Based on Ms. Hisamatsu's sworn forgery claims, BofH froze $257,546.26 in Mr.
21 Niroula's BofH depository account, which Ms. Hisamatsu contended were her funds.

22     5.    Three weeks later, on October 24, 2006, Ms. Hisamatsu telephoned me from San
23 Francisco and informed me that Mr. Niroula had reimbursed her fully for the $508,000 taken
24 from her BofH account. Accordingly, she requested that BofH release the $257,546.26 frozen in
25 Mr. Niroula's BofH account.

26     6.    I informed Ms. Hisamatsu that she would have to provide written authorization for
27 BofH to release those funds. She asked me to send that authorization to her attorney, Mr.
28 Brittain. Later that day, I faxed a blank Indemnification of Liability form to Mr. Brittain's offices

1  for his review and transmission to Ms. Hisamatsu in San Francisco.

2      7.    Attached hereto as collective **Exhibit "1,"** and incorporated herein by this
3  reference as though set forth in full, is a true and correct copy of a Mr. Brittain's October 25,
4  2006 fax transmittal letter to me in which he states "Attached is the executed release agreement."
5  (Emphasis added.) Attached to Mr. Brittain's transmittal letter (attached hereto as the second
6  page of collective Exhibit "1") was a signed and notarized Indemnification of Liability
7  agreement, which I understand bears Ms. Hisamatsu's October 25, 2006 signature.

8      8.    After receiving Exhibit "1" containing Ms. Hisamatsu's instructions, BofH
9  released the hold on the funds in Mr. Niroula's account, and the funds were remitted to him.

11  I declare under penalty of perjury under the laws of the United States of America that the
12  foregoing is true and correct. Executed at Honolulu, Hawaii, on November 1, 2007.

*[Signature]*
CHESTER A. DODS, JR.