United States District Court
For the Northern District of California

1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9   MEGUMI HISAMATSU,
10           Plaintiff,                    No. C 07-04371 JSW
11       v.
                                           **NOTICE OF TENTATIVE**
12  KAUSHAL NIROULA,                       **RULING AND QUESTIONS FOR**
                                           **HEARING**
13           Defendant.
                                         /
14
15       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE
16  NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE
17  HEARING SCHEDULED ON NOVEMBER 30, 2007, AT 9:00 A.M.:
18       The Court has reviewed the parties' memoranda of points and authorities and, thus, does
19  not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to
20  rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing
21  counsel of these authorities reasonably in advance of the hearing and to make copies available
22  at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit
23  the citations to the authorities only, without argument or additional briefing.  *Cf.* N.D. Civil
24  Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their
25  reliance on such authority.
26       The Court **tentatively grants, in part,** the motion to extend time for service on
27  Defendant Niroula.  The Court reserves issuing a tentative ruling on Defendant Bank of
28  Hawaii's motion to dismiss and for a more definite statement.

The parties each shall have fifteen (15) minutes to address the following questions:

**Motion to Extend Time for Service**

1.      What efforts has Plaintiff made to serve Defendant Niroula?

**Motion to Dismiss**

1.      BOH contends that the Court should apply the law of Hawaii to all of Plaintiff's claims.

      a.      Does Plaintiff agree that Hawaii law should apply to claims against BOH?

      b.      If the Court were to determine that at least some of Plaintiff's claims are independent of the contractual relationship between her and BOH, would BOH concur that California law should apply?

2.      Is the Court correct in understanding that one of the bases on which Plaintiff seeks to avoid the agreement entitled "Indemnification of Liability," attached as Exhibit B to the FAC, is that she was fraudulently induced by BOH to sign it?  Given the factual allegations in the FAC, what is BOH's best argument that, on a Rule 12(b)(6) motion, the Court can resolve whether that form bars Plaintiff's claims?

      a.      What is BOH's response to Plaintiff's assertion that Hawaii does not make a distinction between misrepresentations of fact and law?

      b.      Is the Court correct that Plaintiff wishes to amend her fraud claim to include allegations that BOH did disclose to her that they would raise the arguments presented in the motion to dismiss in defense of her claims?  Does Plaintiff have any authority that BOH was obligated to disclose this type of information?

3.      BOH asserts at page 10 of its motion that the relationship between Plaintiff and BOH is "contractual, not duty based."

      a.      Does BOH concede that it has a duty to act with reasonable care in its transactions with Ms. Hisamatsu, as an implied term of its contract?  *See Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 543 (1998).  Does either party have any Hawaii law that is either in accord or in conflict with *Chazen*?

      b.      With respect to its contention that Plaintiff cannot pursue tort claims because of this allegedly contractual relationship, BOH primarily relies on cases discussing

United States District Court
For the Northern District of California

tortious breaches of the implied covenant of good faith and fair dealing.  Does

BOH have any additional authority applying this principle to fraud claims?

4.    Plaintiff relies on cases that address the issue of personal jurisdiction to respond to

BOH's argument that the Business and Professions Code § 17200 is not intended to

apply to conduct occurring outside of California that injures persons who do not reside

in California.

a.    What are the actions that Plaintiff contends took place *within* California that

would subject Defendant to liability under Section 17200, and does Plaintiff

have any additional authority to support her argument that the Court should

apply Section 17200 to BOH's alleged conduct.

5.    With respect to Plaintiff's proposed amendments, BOH has asserted that Plaintiff could

be subject to Rule 11 sanctions for certain allegations in the proposed Second Amended

Complaint.  How does Plaintiff respond to BOH's concerns?

6.    Are there any other issues the parties wish to address?

**IT IS SO ORDERED.**

Dated: November 28, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California