# EXHIBIT 1

STEPHEN M. SHAW, SB #107625
P.O. Box 2353
Honolulu, Hawaii 96804
Telephone: (808) 521-0800
Facsimile: (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiff
MEGUMI HISAMATSU

~~SUPERIOR~~UNITED STATES DISTRICT COURT ~~OF THE STATE~~

NORTHERN DISTRICT OF CALIFORNIA

~~FOR THE COUNTY OF~~ SAN FRANCISCO DIVISION

~~UNLIMITED CIVIL JURISDICTION~~

| | | |
|---|---|---|
| MEGUMI HISAMATSU, | ) | CASE NO: ~~CGC~~ 3:07-~~466120~~ cv-04371-JSW |
| | ) | |
| Plaintiff, | ) | ~~FIRST~~**SECOND AMENDED** ~~vs.~~ |
| | ) | ~~COMPLAINT FOR BUSINESS~~ **COMPLAINT;** |
| ~~vs.~~ | ) | **EXHIBITS "A"-"B";** |
| | ) | ~~TORT/UNFAIR BUSINESS~~ |
| | ) | ~~PRACTICES~~ |
| | ) | |
| KAUSHAL NIROULA; | ) | **DEMAND FOR JURY TRIAL** |
| BANK OF HAWAII, | )— | ~~Case Management Conference:~~ |
| A Corporation; DOES 1-60; | ) | |
| ~~Date:    1-25-2008~~ | ) | |
| | ) | Judge: Honorable Jeffrey S. White |
| Defendants. ) | | ~~Time:    9:00 a.m.~~Courtroom:    2, |
| 17th floor | | |
| | ) | ~~Dept: 212, 400 McAllister St~~ |
| | ) | ~~San Francisco, CA 94102-3680~~ |
| | ) | ~~Judge: The Honorable Arlene T. Borick~~ |
| | ) | |

1

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

1

2

~~FIRST~~SECOND **AMENDED COMPLAINT**

3      1.          Plaintiff Megumi Hisamatsu, at times relevant here was, and is a

4   resident of Osaka, Japan~~,~~; and in connection with her following causes of action

5   gives notice to defendants of her intent to access information, and demands that

6   defendants refrain from destroying, losing, overwriting, or purging any

7   information without the written consent of Plaintiff.

8                          **JURISDICTION ~~AND PARTIES~~**

9      2.1_____Jurisdiction is grounded on removal by Bank of Hawaii ("BOH")

10  to this District Court.

11     ~~2.~~2.2          Defendant Kaushal Niroula, is an individual who resides in

12  San Francisco, California. ~~Venue is proper under Cal. Civ. Proc. §395(a).~~

13     3.          Defendant Does 1-8, 32-35 are individuals who are associated with

14  defendant Kaushal Niroula, and who reside in San Francisco, California.

15  Defendant Does 9 and 10 are Defendant Niroula's parents. Does 11-15 are

16  members of his immediately family.

17     4.          Defendant BANK OF HAWAII ("BOH") is, on information and

18  belief, a corporation headquartered in Honolulu, Hawaii, and authorized to

19  transact business in the State of California. BOH has an agent for service of

2

1    process in California, litigates in California; and, its corporate registration in

2    1998 is still listed as active by the California Secretary of State, at C2066195.

3    This Court has jurisdiction <u>inter</u> <u>alia</u> pursuant to Article VI, Section 10 of the

4    California Constitution, because the case is an action not given by statute to

5    other trial courts.

6      5.  Defendants DOES 1-60 are guilty of those acts alleged herein and

7    will be identified according to proof when their identities and connection to the

8    individual counts are known. In the event any defendant asserts the defense of

9    advice of counsel, or advice of any other entity or person, said persons will be

10   named as defendants in place of DOES 50-60, as discovered.

11

12   **<u>FACTUAL ALLEGATIONS INCORPORATED INTO EACH COUNT</u>**

13     6.  On or about July 27, 2006, during a vacation in Hawaii, Plaintiff

14   was befriended by Defendant Kaushal Niroula. Defendant represented that he

15   was Plaintiff's neighbor at the short-term condominium rentals in Honolulu

16   (Waikiki), where Plaintiff Hisamatsu was vacationing.

17     7.  Defendant Kaushal Niroula also represented that he headed an

18   international consulting company and that his mother (Doe 9) was a Nepalese

19   diplomat. He said his family (Does 9-15) was very rich, and that he was a friend

3

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN 1872704 1872080v1
BN 1874966v1

1    of the Nepalese royal family. Eventually, defendant brought up the subject of

2    real estate investments in Hawaii. Plaintiff had long been interested in Hawaii

3    real estate, but had no visa which would permit her family an extended stay in

4    the United States. Kaushal Niroula explained that he had succeeded in helping

5    many of his business clients who invest in businesses, real estate and other

6    projects in America. When Plaintiff mentioned that she had thought about a visa

7    for longer visits in Hawaii with her children, defendant Kaushal Niroula further

8    represented that he had referred many of his clients to an immigration lawyer in

9    the Bay Area who would be able to help Plaintiff get a business or investment

10   visa. Defendant Kaushal Niroula addedrepresented that Plaintiff would need to

11   have investments in the United States if she got involved in the investment visa

12   application process.

13        8.        Defendant Kaushal Niroula, unbeknownst to Plaintiff, was actually

14   a criminal from San Francisco California, and he intended to victimize Plaintiff

15   through a combination of criminal hoaxes well known to co-defendant BOH:

16   (1) Nepalese Royal Family scam, (2) fraudulent investment visa scam, (3)

17   Advance Fee Fraud, and (4) identity theft.

18        9.        The first hoax professes, as here, (a) close contacts with the

19   Nepalese government (Kaushal Niroula claimed to be the best friend and

4

1    classmate of the deceased prince of Nepal); (b) a family or related group with

2    massive wealth; (c) threats to the group's wealth, due to turmoil in Nepal since

3    the murder of the Nepalese royal family in 2001; (d) need for outside money to

4    assist in the family's escape from Nepal,  and the transfer and reinvestment of

5    funds from Nepal; (e) to rescue members of the group, or family, from

6    imminent danger.

7        10.     The second hoax is a variant of fraudulent green ~card lottery

8    services, whereby a businessman or an attorney uses misrepresentations and

9    unfair practices to promote ~~services to consumers~~immigration to the United

10   States. The variation here was to offer investment, or EB-5 visas. Like the visa

11   lottery scams, Defendant Kaushal Niroula represented (a) affiliation with an

12   immigration lawyer who would successfully process EB-5 visas, (b) proven

13   success in assisting foreigners satisfy the minimal investment of $500,000 in a

14   new enterprise in the United States for approval of an EB-5 visa application.

15       11.     Defendant Kaushal Niroula also employed the advance-fee fraud

16   scheme, whereby Plaintiff could recover the money Kaushal Niroula eventually

17   stole from Plaintiff (to save Nepalese family members in great personal danger

18   due to turmoil in that country's government). In order to recover, Plaintiff

5

1    Hisamatsu was asked to take several more steps: help release a hold on Kaushal

2    Niroula's bank account, and give him another $41,000, in San Francisco.

3        12.        Additionally, Kaushal Niroula deployed identity theft as the

4    centerpiece of his criminal confidence schemes. Under the false pretext of

5    preparing and advising  Plaintiff for her visa application through a Bay-Area

6    attorney, Kaushal Niroula was able to steal her personal information, steal three

7    blank BOH checks from Plaintiff's new BOH checking account, and forge her

8    signatures for a total loss of $508,000.00.

9        13.        In its Identity Theft Guide, BOH falsely and fraudulently

10    represented to consumers generally:

11            "WHAT THE BANK IS DOING

12            Bank of Hawaii provides identity theft victims with responsive,

13    caring service from beginning to end. When notified by a customer of a

14    possible identity theft, Bank of Hawaii will ensure that accounts are closed

15    and protected properly. Designated staff members will also follow up with

16    customers and monitor accounts for any suspicious activity. Our goal is to

17    ensure that customers experience complete resolution and consistent follow-

18    through so their concerns and issues are handled in a timely and caring

19    manner."

20

6

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07 466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

14.    Unaware of defendant Kaushal Niroula's evil intent, Plaintiff was persuaded into thinking that Kaushal Niroula's family (Does 9-15) was wealthy and connected to the power elite in Nepal. Plaintiff was further led to believe that Kaushal Niroula was an international businessman, involved in investment visa consulting.

15.    As a result of the confidence Kaushal Niroula instilled in Plaintiff about his business skills, contacts, and upbringing, Plaintiff expressed interest in investment in Hawaii. Kaushal Niroula, in turn, made several real estate presentations to Plaintiff which further deepened her trust in Defendant Niroula's business skills. While rejecting the real estate proposals, Plaintiff Hisamatsu long maintained an interest in obtaining a visa which would allow her, and her family, to stay for longer periods in the United States.

16.    Defendant Kaushal Niroula represented that he was very familiar with ~~the EB-5~~ investment visa programs in the United States, and had obtained successful results for many of his clients by working through a lawyer near San Francisco. According to Niroula, Plaintiff would not actually need to complete an investment to apply for the visa; a minimal balance of $500,000 in a domestic bank would suffice. Kaushal Niroula's function, he represented, was to help his clients invest in United States properties; or, to at least move the

7

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC-07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

1    minimum required funds into the United States before sending his clients to the

2    immigration lawyer. Defendant Niroula volunteered to help Plaintiff free of

3    charge. To begin the EB-5 process, he advised Plaintiff Hisamatsu to wire at

4    least $500,000 into a United States bank account. Defendant Kaushal Niroula

5    eventually gave Plaintiff the name and telephone number of a lawyer in the Bay

6    Area, who would accept the materials he prepared for the clients to support the

7    finished application.

8        17.    Kaushal Niroula next persuaded Plaintiff to start arranging wire

9    transfers upon her return to Japan. For his part, Niroula volunteered to make

10   sure that his contacts at Bank of Hawaii (BOH) had properly posted the wire

11   transfers to Plaintiff Hisamatsu's account. ~~Afterwards,~~ Defendant Niroula <u>further

12   represented he</u> would prepare the documents for Plaintiff's first contact with the

13   immigration attorney in the Bay Area. Plaintiff was led to trust Niroula enough

14   to seek his "help" opening the bank account.

15       18.    On or about August 16, 2006, Defendant Kaushal Niroula took

16   Plaintiff to Defendant Bank of Hawaii (BOH's) Waikiki branch and introduced

17   Plaintiff to a BOH's employee Lynn Bronios, who seemed to be extremely

18   friendly with Kaushal Niroula. Defendant represented to Plaintiff Hisamatsu

8

that he had several other friends at BOH who would help with transfers of funds, and eventual verification for American immigration officials.

19.    At the same date and place, Defendant Niroula and BOH employees helped Plaintiff Hisamatsu open personal checking account no. 0002-937182 at Bank of Hawaii ("Plaintiff's BOH account"). Plaintiff, with Defendant Niroula's "help", used her Japanese passport and information therein as identification for BOH staff, who were also "helping". Plaintiff signed a customer signature card. This card, she was informed by Ms. Bronios and other BOH employees would be used to verify the signatures on her checks, by comparison.

20.    While ~~familiarizing~~aiding Plaintiff Hisamatsu with bank staff and new account procedures, Defendant Niroula, without Plaintiff's knowledge or consent, stole three temporary checks (numbered 101-103) as well as Plaintiff Hisamutsu's identity.

21.    On August 22, 2006, relying on Defendant Niroula's representations about domesticating her family's savings in the United States for her visa, and relying on the apparent confidence BOH employees had in Niroula, Plaintiff caused $256,179.29 to be wired from Japan into her new BOH

9

1    account, opened on August 16, 2006. Because it was a new account, Plaintiff's

2    funds would not be immediately available.

3        22.     Between August 24 and September 18, 2006, without Plaintiff's

4    knowledge or consent, Defendant Kaushal Niroula forged Plaintiff's signature

5    on two of her checks he had stolen previously, and another he had obtained as

6    part of his criminal visa fraud scheme. He deposited them into his BOH

7    account, all without Plaintiff's knowledge or authorization. On information and

8    belief, these checks were not teller-processed. After each deposit, BOH had

9    enough information to retransfer the funds back into plaintiff's account.

10       23.     On August 24, 2006, without properly comparing signatures on

11   Plaintiff's signature card for forgery. Defendant BOH debited Plaintiff's new

12   BOH account for $8,000 from one of Defendant Kaushal Niroula's forged

13   checks. Plaintiff's account was only eight days old, and Niroula used Plaintiff's

14   temporary checks. Defendant BOH did not contact Plaintiff prior to, or during

15   the transaction. Had BOH simply contacted Plaintiff at this point, none of the

16   subsequent forgeries would have cleared the bank.

17       24.     On August 28, 2006, without verifying the signature, defendant

18   BOH debited Plaintiff's BOH account for $95,000 from another temporary

19   BOH check forged by defendant Kaushal Niroula. Defendant BOH did not

10

1    contact Plaintiff prior to the transaction. Had contact been made with Plaintiff,

2    the next forgery would not have cleared the bank.

3        25.    On August 29, 2006, Plaintiff returned to her residence in Osaka,

4    Japan. Prior to returning, she requested that BOH customer service (1) email to

5    her all ~~confirmation~~confirmations of wired deposits, and (2) send her bank

6    statements to her address in Japan. Plaintiff ~~had~~ also provided BOH Customer

7    Service with her email address ~~which~~so Plaintiff Hisamatsu could access <u>BOH</u>

8    <u>communications</u> in Japan, as well as the United States. <u>At this point BOH had a</u>

9    <u>duty to plaintiff to check her account in the context of following her</u>

10   <u>instructions. BOH breached this duty, allowing Niroula to steal plaintiff's</u>

11   <u>funds.</u>

12       26.    On September 5, 2006, <u>not knowing about theft from the account,</u>

13   Plaintiff caused $299,988.00 to be wired from Japan into ~~Plaintiff's~~her BOH

14   account <u>which had been</u>, opened just twenty days earlier.

15       27.    As part of  Defendant Niroula's ongoing criminal enterprise of

16   immigration   fraud   (18   USC   §1546),   money   laundering   (18   USC

17   §1956(a)(2)(A), wire fraud (18 USC §1343), bank fraud (18 USC §1344), and

18   immigration document fraud (8 USC §1324c), ~~defendant~~ Niroula deceptively

19   represented that he was preparing Plaintiff's application for an ~~EB-5~~ investment

                                                                        11

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
<u>SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**</u>

BN ~~1872704~~1872080v1
BN 1874966v1

1   visa by organizing exhibits for the application which would soon be finalized

2   by a Bay Area immigration lawyer. He urged Plaintiff to immediately send him

3   a few BOH checks to show her U.S. address printed thereon, so that

4   immigration could verify that she had both the contacts with the United States

5   and the banking relationship Niroula misrepresented was required for the ~~EB-5~~

6   visa application. Eager to apply for an EB-5 visa (not knowing defendant

7   Niroula had already stole Plaintiff's BOH checks from her and forged them),

8   Plaintiff sent defendant Niroula three checks.

9       28.     For the third time, on September 18, 2006, defendant BOH debited

10  Plaintiff's BOH account. This time it was for $405,000 (check#105), based on

11  another check forged by Kaushal Niroula. BOH did not contract Plaintiff prior

12  to, or during the transaction. BOH did not competently verify the signature, and

13  BOH did not contact Plaintiff in Japan.

14      29.     Since no statement from BOH had been returned to Plaintiff's

15  address in Japan during September, Plaintiff called BOH on or about October 2,

16  ~~2006,~~2006 (Japan time), and received the shocking news that her family savings

17  in her BOH checking account had been drained of $508,000.00 by transactions

18  which were unauthorized and unknown to her. Plaintiff, at that point, promptly

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**
BN ~~1872704~~1872080v1
BN 1874966v1

1    notified BOH that the purported signatures on the checks debited 8/24/06,

2    8/29/06 and 9/18/06 were unauthorized.

3         30. At that point, BOH employees refused to contact the police or take any

4    action to recover the funds despite Plaintiff's pleas for help. In violation of

5    BOH's ~~Identify~~Identity Theft Guide and other BOH procedures, ~~BOH~~bank

6    employees insisted that Plaintiff Hisamatsu would have to return to Hawaii if

7    she wanted to pursue the matter further. At that juncture BOH had enough

8    information to retransfer all of the money in Mr. Niroula's accident back to

9    Plaintiff's account and to begin tracing and recoupment procedures, for the

10   remaining funds.

11        31.       On October 2, 2006, Plaintiff ~~left~~flew from Japan ~~and flew~~ to

12   Honolulu. On October 3, 2006, Plaintiff met with defendant BOH's employees

13   and swore out three affidavits in support of claims for reimbursement for each

14   forged check. One employee is now known as Chester Dods. The pre-printed

15   BOH claim form falsely, partially, and fraudulently represented: "Payment of

16   your claim is contingent upon the results of the Bank's investigation. The

17   Bank's decision to pay or not to pay your claim will be made in light of all the

18   facts and circumstances after completion of its investigation." Copies of the

19   claims and affidavits are attached hereto as Exhibits A.1 – A.9, and are

13

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

1    incorporated herein by reference. At the time BOH had decided not to pay the

2    claim, but to deny it.

3          32.       At the October 3 (U.S. time) meeting, Plaintiff repeatedly asked

4    BOH employees, including Dods to call the police, but BOHbank staff,

5    including Dods; refused, despite having sufficient information to form a

6    reasonable suspicion that Plaintiff was a victim of a confidence scamscams,

7    visa and bank fraud, and identity theft. All are very serious felonies. Again,

8    BOH had sufficient information to immediately reverse the deposits Mr.

9    Niroula had made; to retransfer funds back to Plaintiff's account, and to begin

10   tracing and recoupment procedures.

11         33.Acknowledging Finally, acknowledging that the unauthorized transactions,

12   as sworn to by Plaintiff on October 3, 2006 (Ex A.1-A.9) were forgeries, BOH

13   merely froze  defendant Kaushal Niroula's BOH account, which still contained

14   over $250,000 of. The account only had slightly over $250,000.00 of the original

15   of $508,000.00 from Plaintiff Hisamatsu's family savings. At that point BOH

16   had enough information to retransfer all of Niroula's account balance to

17   Plaintiff's account. The bank did not retransfer the funds, or to initiate required

18   recoupment and tracing procedures.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**
BN 18727041872080v1
BN 1874966v1

34.    On or about October 4, 2006, Plaintiff is informed that defendant Kaushal Niroula went to BOH and informed BOH employees he would return Plaintiff's money. Afterward, Kaushal Niroula contacted Plaintiff and assured her that he had sufficient funds in San Francisco to return her money.

35.    From October 4, 2006 to October 19, 2006, BOH employees, including Chester Dods, violated their Identify Theft Guide and other procedures, and were not responsive to Plaintiff's repeated requests for investigation and police involvement. Instead, a BOH security officialMr. Dods made statements to Plaintiff that Niroula was not a bad person, that his parents were Nepalese diplomats that Niroula would return her money, and that there was a reasonable delay in wire transfers due to a bank holiday in Nepal. Meanwhile, on October 5, 2006, defendant Niroula left Honolulu for his residence in San Francisco, California.

36.    Defendant BOH refused to retransfer stolen money to Plaintiff's account, or to pay Plaintiff's claim, or. BOH failed to adequately investigate the missing $508,000, as represented in the claim form. (Exhibits A.1, A.4 and A.7) or in its Identity Theft Guide, at ¶13, supra (excerpt).

37.    On October 17, 2006, defendant Kaushal Niroula contacted Plaintiff, from San Francisco, and persuaded her that his family had been placed

15

1  in a very dangerous situation due to their planned departure from Nepal, and the

2  only way to save them from harm was to "borrow" Plaintiff Hisamatsu's

3  money. He further represented that it only became a problem because of delays

4  in wiring  funds to replace her lost money. Niroula assured Plaintiff that her

5  funds were included in his family's fortune being wire-transferred from Nepal

6  to the United States, as part of the family (Does 9-15) repatriation plan.

7  Involvement by the FBI and IRS over Plaintiff's claim at BOH, and related tax

8  issues, had interrupted the plan, according to Niroula. The persons assisting his

9  family had been unable to transfer money, and they thought his family was

10  cheating them out of their commissions. Niroula persuaded Plaintiff this

11  situation was being cleared up in a few days, and he would immediately replace

12  her lost funds. Because of the inability to wire funds to Hawaii, Niroula asserted

13  that Plaintiff would be required to fly to San Francisco to complete the

14  transaction. Defendant Kaushal Niroula also persuaded Plaintiff that since she

15  would receive her funds in San Francisco, that she would also be able to retain

16  the Bay Area immigration attorney, for the EB-5 investment visa.

17      38.    Additionally, on or about October 17, 2006, defendant Kaushal

18  Niroula convinced Plaintiff that because of the delay in wiring money from

19  Nepal to San Francisco, individuals assisting his family escape from Nepal

16

1    became convinced that they were being cheated by Niroula's relatives.

2    Consequently, they kidnapped Kaushal Niroula's sister, in Nepal.

3         39.    On October 20, 2006, as a direct result of BOH's statements in its

4    claim forms and its indulgent conciliatory attitude toward defendant Kaushal

5    Niroula, Plaintiff flew to San Francisco to recover her money. At no time did

6    BOH inform Plaintiff that she need not investigate or use self-help in order to

7    have her claims at BOH paid. She opened an account for Niroula's anticipated

8    deposit with Citibank, in San Francisco, account no. 055204855. In the event

9    Defendant Niroula returned her family savings., Plaintiff intended to withdraw

10   her claims to BOH (Exs A.1, A.4 and A.7). If not, Plaintiff reasonably believed

11   that she was still protected by theher pending claims pending withat BOH, in the

12   event of Niroula's default. and the bank's assurance of an investigation in its

13   claim forms.

14        40.    In San Francisco, defendant Kaushal Niroula persuaded Plaintiff

15   that he and his family (Does 9-15) would both repay her, and provide her with

16   additional funds so that there would be no further problems between them.

17   Kaushal Niroula then deposited a check for $890,000 into Plaintiff's Citibank

18   account in San Francisco, and Plaintiff verified the deposit on October 21, 2006

19   (a Saturday) by telephone with customer service. Plaintiff was informed by

17

1    Citibank customer service; however, that funds would not be available for three

2    (3) days.

3    41.    Defendant Niroula falsely represented that Plaintiff Hisamatsu had

4    an appointment with the immigration attorney. The attorney, according to

5    Niroula, changed several appointments afterwards due to the press of business.

6    The final appointment for 10/28/06, was canceled due to a traffic mishap,

7    according to Niroula. At the same time, beginning on October 23, 2006

8    (Monday), Defendant Niroula persuaded Plaintiff (1) that the kidnappers were

9    threatening to kill his sister in two days unless a ransom was paid, and (2) that

10    San Francisco and Honolulu associates of these Nepalese nationals had

11    threatened Plaintiff Hisamatsu's life. Under the control of a criminal; and as a

12    result of reasonable fear for her life, Plaintiff was persuaded to accept Niroula's

13    airline ticket for her return to Japan on October 29, 2006, without a stopover in

14    Hawaii.

15    42.    As a further direct result of Plaintiff's ~~pending~~previously executed

16    claims ~~with~~for reimbursement by BOH, Kaushal Niroula's control and

17    representations, BOH's previous statements in the claim ~~form~~forms, and BOH's

18    vouching for Kaushal Niroula, Plaintiff Hisamatsu acted promptly to help

1    Kaushal Niroula. On October 25, 2006, therefore, Plaintiff opened another

2    account in San Francisco, this time with Wells Fargo Bank.

3        43.    Next, Plaintiff called her BOH branch and asked the manager to

4    wire $41,000 to her San Francisco Wells Fargo account. From those funds,

5    Plaintiff loaned Defendant Kaushal Niroula another $41,000 for a ransom

6    payment for his sister.

7        44.    An "Indemnification of Liability" (Ex "B") was drafted by BOH

8    employees and given to one of Plaintiff's friends, in Honolulu (without a cover

9    letter), to fax to Plaintiff in San Francisco. ~~BOH deceptively omitted a letterhead~~

10    ~~and the document number from the form. Exhibit "B"~~<u>This individual was not Ms.</u>

11    <u>Hisamatsu's attorney, and had no authority to represent Ms. Hisamatsu. The</u>

12    <u>author, date of drafting, address of the form's origin are known exclusively by</u>

13    <u>BOH</u>.

14        45.    On October 25, 2006, Defendant BOH's "Indemnification of

15    Liability" form (Ex "B") was faxed to Plaintiff's hotel in San Francisco. ~~While~~

16    Plaintiff reasonably believed <u>(1)</u> that her claims to BOH were not affected by

17    this unofficial looking form, <u>and (2) that BOH was still investigating. However,</u>

18    BOH would not release the ~~holds~~<u>hold</u> on Kaushal Niroula's BOH account

19    unless Plaintiff signed the form. ~~To that end, defendant~~ <u>BOH knew that it should</u>

                                                           19

1    have retransferred all funds to Plaintiff's account as early as the date of the first

2    unauthorized transaction, August 24, 2008. Kaushal Niroula, seized on BOH's

3    misconduct and rushed Plaintiff to a notary in the County of San Francisco, to

4    sign BOH's form with no indicia of origin or letterhead. Exhibit "B". According to

5    Niroula, his family (Does 9-15) could not transfer funds to the United States

6    (and to repay Plaintiff) until the holds on his BOH account were removed.

7    46.Because of the **BOH**'s vouching for Defendant **Kaushal Niroula** and since

8    Defendant **Niroula** had deposited adequate funds ($890,000.00) to Plaintiff's

9    Citibank account in San Francisco, Plaintiff signed the form drafted by defendant

10   **BOH** on 10/25/07. She faxed it from San Francisco to **BOH**, and called **BOH** to

11   confirm that it was received. **BOH**'s security employee said he would have to talk to

12   Defendant **Kaushal Niroula** (the forger). **Niroula** then called **BOH,** and the

13   employee congratulated defendant **Kaushal Niroula.** Upon receipt of a copy of the

14   form, **BOH** released its hold on the criminal, defendant **Kaushal Niroula**'s BOH

15   account #0002-933063 for the balance of $257,546.25 (Plaintiff's money). Plaintiff is

16   informed and believes that the bank has no original of the form, unless it obtained it

17   through further aiding and abetting of a criminal, defendant **Kaushal Niroula**. 47.

18       Prior to execution of the form prepared by BOH (Ex. B), no one from

19   BOH explained its meaning, to Plaintiff. While BOH knew that Ms. Hisamatsu

20   had difficulty with English, no one offered to translate it the form into Japanese,

20

1    or otherwise ~~assisted~~assist Plaintiff. At all times, BOH knew that Plaintiff, a

2    Japanese national in San Francisco, could not adequately understand the level

3    of English in the bank's ~~forms, or foreign bank procedures~~form. The parties at all

4    times had unequal bargaining power, and BOH was misrepresenting to Plaintiff

5    that the money it would release to Mr. Niroula belonged to him. At all times,

6    Plaintiff thought that the document (Ex B) would have no effect on the bank's

7    existing obligation to replace her stolen money. Plaintiff thought the form was

8    only a temporary formality to facilitate the transfer of Niroula's family (Does 9-

9    15) funds from Nepal, for her benefit, and for Niroula's family's safety.

10   Plaintiff did not understand the ~~hidden meaning~~secret intent of BOH's unofficial

11   "Indemnification of Liability" (Exhibit "B"), nor did she think it would impair

12   her existing claims. Exs. A.1, A.4 and A.7.

13       47.    On October 29, 2006, after numerous broken appointments with

14   ~~the~~an immigration attorney (according to Niroula), the phony threats against

15   Plaintiff's life; and, since Defendant Niroula's deposit had not cleared, Niroula

16   bought Plaintiff an airline ticket, and she left for Japan.~~48.    After returning to~~

17   ~~Japan, on~~ On October 31, 2006, Plaintiff learned that Niroula's deposit to her

18   San Francisco account had been dishonored, as against insufficient funds.

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**
BN ~~1872704~~1872080v1
BN 1874966v1

1  Nonetheless Plaintiff reasonably believed that BOH would still keep its promise

2  of 10-3-06 to pay the claims since the investigation, by now, was complete.

3     48.    Plaintiff called the bank during the November 2006, to specifically

4  alert it that she wanted BOH to pay her claims for the unauthorized

5  transactions. Ex "A". The bank employee, Chester Dods, refused and told

6  Plaintiff to go see a lawyer. Thereafter, also in November of 2006, Plaintiff

7  reported the entire matter to the police in both San Francisco, and Honolulu.

8  Plaintiff explained to both BOH and the police that she participated in this

9  transaction because BOH employees vouched for Mr. Niroula who had

10  promised, in the final transaction (Ex B), to replace Plaintiff's funds taken

11  earlier. Additionally, Mr. Niroula and bank employee Dods spoke on the phone

12  frequently about the matter and got along very well.

14  **COUNT ONE**

15  **(Promissory Fraud Or Fraud In The Inducement Against**

16  **Defendants Kaushal Niroula and Does 1-10, 31-33)**

18     49.    Plaintiff realleges and incorporates the foregoing paragraphs.

22

50.     False representations of important facts, in addition to the foregoing, were made by defendant Kaushal Niroula in the County of San Francisco, on or about October 4, 17, 20 and 28, 2006. First, Kaushal Niroula falsely represented that he had taken money from Plaintiff's BOH account due to an extreme family emergency, including the threatened kidnapping of his sister in Nepal, and the inability to quickly access ~~defendant's~~his own funds to help his family. Second, Kaushal Niroula represented that after the crisis he had secured the funds to replace those taken from Plaintiff. Third, Defendant Kaushal Niroula urged Plaintiff to be very careful and to return as soon as possible to Japan since associates of the individuals who eventually kidnapped Niroula's sister made threats to harm Plaintiff. Fourth, defendant Kaushal Niroula required a final sum of money to pay to the kidnappers.

51.     Defendant ~~Kaushal Niroula~~ knew that the foregoing statements were false (or ~~he~~Defendant made them recklessly and without regard for the truth).

52.     Defendant ~~Kaushal Niroula~~ intended to defraud Plaintiff; that is, ~~he~~Defendant intended to induce reliance by Plaintiff on ~~his~~ misrepresentations and contemplated that her reliance thereon would permit ~~defendant~~Defendant

23

1    and Does 1-20herein to take, and withhold, more of Plaintiff's savings. Plaintiff

2    did, in fact, rely on the representations.

3        53.    Plaintiff justifiably and reasonably relied on ~~Niroula's~~

4    ~~foregoing~~defendants' representations;. Her reliance was based in part upon her

5    knowledge, and internet research about the turmoil in Nepal; ~~based~~ upon

6    BOH's assertion it was investigating the transactions; and, BOH's ~~conciliatory~~

7    ~~unwillingness to inform~~impression given to Plaintiff that it was taking ~~any~~no

8    action to trace, and recover, her money; or, to proceed against Defendant

9    Kaushal Niroula as a result of his unauthorized transactions. In addition,

10   Plaintiff could not, in the exercise of reasonable diligence have discovered

11   defendant Kaushal Niroula's secret intention.

12       54.    Had Plaintiff known of defendants' actual intentions and evil

13   motives, she would not have signed the BOH document (Ex. "B") in San

14   Francisco, and she would not have trusted Kaushal Niroula with the

15   replacement of her money, or with "managing" her visa application, as stated

16   above.

17       55.    Defendant Kaushal Niroula failed to abide by his promise in that

18   the deposit he made in San Francisco to Plaintiff Hisamatsu's Citibank account

19   was by a check drawn on insufficient finds, for $890,000. ~~Kaushal~~

24

1    NiroulaDefendants actually damaged Plaintiff in this, and other amounts, and

2    histhe representations were a substantial factor in causing harm to Plaintiff.

3        56.    As a direct and proximate result of the conduct of the defendants,

4    and each of them, Plaintiff Hisamatsu has been deprived of the use and benefit

5    of her money and property, and she has sustained substantial actual damages.

6    Defendants' conduct has been the legal and proximate cause of actual or special

7    damages to the Plaintiff in an amount to be determined at the time of trial,

8    including, but not limited to expenses, as elements of damage, and costs

9    incurred in connection with the loss of her $508,000 and other foreseeable

10   economic losses, all in a sum to be shown by proof at trial.

11       57.    As a further direct and proximate result of the conduct of the

12   defendants, and each of them, Plaintiff has sustained general damages, plus

13   interest, in an amounts to be shown by proof at the time of trial, but which

14   exceed 2.5 million dollars.

15       58.    In committing the acts alleged in this, and other counts, defendants

16   acted intentionally, oppressively, maliciously and fraudulently, with a conscious

17   disregard of the Plaintiff's rights, with the intention of benefiting themselves

18   financially; with such malice as implies a spirit of mischief or criminal

19   indifference to civil obligations, or willful conduct, or an entire want of care

25

raising the presumption of a conscious indifference to consequences, justifying imposition of exemplary damages; and with the intention of causing, or recklessly disregarding the probability of causing, injury to Plaintiff. Defendants, as employers, had advance knowledge of the unfitness of employees involved herein, and employed them with a conscious disregard of the rights or safety of others and authorized or ratified the wrongful conduct for which damages are claimed. The oppression, fraud, or malice of defendant corporate employers was on the part of one or more officers, directors, or managing agents. In so acting, the defendants intended to, and did, vex, annoy, injure and harass the plaintiff. As a result of such conduct, Plaintiff is entitled to exemplary and punitive damages.

## COUNT TWO

### (Tort In Essence Against Defendant Kaushal Niroula and Does 1-20)

59.    Plaintiff realleges and incorporates the foregoing paragraphs.

60.    Defendant Kaushal Niroula and DOES 1-20 owed nonconsensual duties to others, including Plaintiff Hisamatsu, to comply with the criminal laws of the State of California. Defendant Niroula continues to harass and threaten Plaintiff by telephone and the internet.

26

61.    The following statutes embodied a public policy to protect a class of persons of which Plaintiff is a member:

        A.    Cal Pen Code §476a (2007) (Making or delivering check with insufficient funds).

        B.    Cal Pen Code §518 (2007) (Extortion).

62.    On or about October 20, 2006 in the County of San Francisco, Defendants Kaushal Niroula and Does 1-20 violated their nonconsensual duties to Plaintiff and others so situated by depositing a check for $890,000 into Plaintiffs' Citibank account in San Francisco at a time when defendants knew the check was drawn on insufficient funds.

63.    Between October 20, 2006 and October 29, 2006, in the County of San Francisco, Defendant Kaushal Niroula threatened Plaintiff with bodily harm from Nepalese nationals involved with kidnapping his sister, if Plaintiff did not (1) pay him $41,000 in San Francisco, (2) convince BOH (from San Francisco) to release the hold on Defendant Kaushal Niroula's BOH account/or funds, (3) keep her cell phone turned off, (4) stay in her hotel, or drive around the Bay Area with Niroula (who falsely represented he was "trying" to arrange the meeting with the immigration lawyer), and (5) return on 10-29-06, to Japan.

27

## COUNT THREE

### (Conversion Against Defendant Kaushal Niroula and Does 1-10)

64.     Plaintiff realleges and incorporates the foregoing paragraphs.

65.     Between August 16, 2006 and October 5, 2006, in Honolulu, Hawaii; and between October 5, 2006 and November 1, 2006, in San Francisco, California, defendant Kaushal Niroula and DOES 1-10 actually interfered with, and exercised dominion over Plaintiff's property including confidential identity, bank and telephone information, and money, inconsistent with the ownership of Plaintiff. Plaintiff demanded return of the property.

66.     Defendants' interference or exercise of dominion over Plaintiff's property was intentional and in defiance of her rights, causing Plaintiff's damages as aforesaid.

## COUNT FOUR

### (Trespass To Personal Property Against
### Defendant Kaushal Niroula and Does 1-10)

67.     Plaintiff realleges and incorporates the foregoing paragraphs.

68.     Between August 16, 2006 and about October 5, 2006 in Honolulu, Hawaii, and between about October 5, and November 1, 2006 in San Francisco,

28

1    California, defendant Kaushal Niroula intermeddled with the chattel of Plaintiff

2    or dispossessed Plaintiff of the chattel.

3                                    **COUNT FIVE**

4       **(Constructive Trust Against Defendant Kaushal Niroula and Does 1-20)**

5

6        69.        Plaintiff realleges and incorporates the foregoing paragraphs.

7        70.        Defendant Kaushal Niroula hasand DOES 1-20 have money

8    belonging to Plaintiff to which he isthey are not justly entitled. Some of the

9    money is in San Francisco, California.

10       71.Defendant's Defendants' duty is to retransfer the money to Plaintiff, who

11    is entitled thereto to possession.

12       72.        Defendant Kaushal Niroula will be unjustly enriched if allowed to

13    keep Plaintiff's money.

14       73.        A constructive trust should be imposed on defendant'sdefendants'

15    accounts, assets and property, plus accrued interest.

16                                    **COUNT SIX**

17        **(Equitable Lien Against Defendant Kaushal Niroula and Does 1-20)**

18       74.        Plaintiff realleges and incorporates the foregoing paragraphs.

                                                                              29

75.    Defendants own property which may be reached by Plaintiff Hisamatsu as security on the ground that defendant Kaushal Niroula and DOES 1-20 will be unjustly enriched if allowed to retain the money.

76.    An equitable lien should be imposed against defendants in favor of Plaintiff on the proceeds of all money taken by defendant.

## COUNT SEVEN

### (Civil Conspiracy Against Defendants Niroula And DOES 1-32)

77.    Plaintiff realleges and incorporates the foregoing paragraphs.

78.    Defendant Kaushal Niroula and Does 1-32 agreed or combined by concerted action to accomplish numerous criminal or wrongful acts; or to accomplish some purpose not in itself criminal or unlawful, by criminal or unlawful means.

79.    Defendants Kaushal Niroula and Does 1-32 intentionally formed, planned, and operated the conspiracy which directly and proximately caused damage to Plaintiff from defendants' planning the intentional acts and civil wrongs done in furtherance of the agreement and common design to steal

30

1    Plaintiff's identity, and savings, and to physically and emotionally injure

2    Plaintiff.

3                                    **COUNT EIGHT**

4    **(Against BOH, Does 25-38. Violation Of Cal B&P §17200, et seq, And**

5    **Deceptive Acts Or Practices – California Transaction)**

6
7    80.        Plaintiff realleges and incorporates the foregoing paragraphs.

8    81.        On October 25, 2006, in the County of San Francisco, Plaintiff

9    received, by fax, an "Indemnification of Liability" (Ex "B"), crafted by

10   employees or agents of BOH. The sole, underclosed, purpose of preparing this

11   form was to destroy Plaintiff's ~~claim~~outstanding claims against BOH~~.~~, by

12   releasing BOH from any liability to Plaintiff. The public interest is implicated

13   by BOH's practice in that, *inter alia,* banking is ordinarily subject to regulatory

14   treatment and BOH had a superior bargaining power in dealing with Plaintiff.

15   82.        At all times, during the ~~selection~~drafting by BOH of the form for

16   BOH's "Indemnification of Liability", agents or employees of BOH knew that

17   Plaintiff was in San Francisco, California~~,~~; and, with the assistance,

18   encouragement and delay by BOH, Plaintiff was   under the control of a

19   criminal, who had just forged her name on $~~508,000~~508,000.00 in BOH checks.

31

83.         BOH's out-of-state conduct caused injury to Plaintiff within the State of California. BOH, its agents and employees, expressly aimed their efforts to coerce Plaintiff into signing the "Indemnification of Liability" at the State of California, its laws and processes. BOH targeted the State of California as the situs of the execution of its form, and cancellation of Plaintiff's claims for reimbursement, and transmission of money to Codefendant Niroula.

84.        BOH knew at the time it selected the language for the form for indemnification that it would cause harm to Plaintiff in San Francisco, California. BOH knew that Co-defendant Kaushal Niroula was present in San Francisco and was, at the same time, coercing Plaintiff to sign, and even notarize BOH's indemnity form (Ex "B").

85.        The offending transactions in this count occurred in, and arose out of, the receipt by Plaintiff of BOH's indemnity form in San Francisco, California, at the sole behest of defendantDefendant BOH. At no time did BOH request or require that Plaintiff first return to Hawaii to execute BOH's indemnity form (Ex "B").

86. The thrust by **BOH** of its indemnity form into California to Plaintiff, an identity theft and forgery victim, was an unlawful, unfair, or fraudulent business practice. Among other things, to induce Plaintiff to sign, the proponent of the form (1) omitted

32

1    its origin and drafter (**BOH**); (2) the indemnity form (Ex "B") left out the material fact

2    that **BOH** created the form to destroy Plaintiff's claim for lost funds upon signing the

3    form in San Francisco; (3) the indemnity form (Ex "B") failed to provide full disclosure

4    of the rights of the parties; (4) left out required disclosures indemnifying **BOH** from

5    negligence, and other causes of action; (5) the form violated public policy in that it

6    expressly attempted a withdrawal of the prosecution of the crime of forgery, which

7    was beyond the capacity or legal authority of **BOH**; (6) the purported withdrawal of

8    the crime of forgery rendered the indemnification agreement void for insufficient

9    consideration; (7) to the extent **BOH** characterizes the form as anything other than

10    one for indemnity, it misrepresented and misinformed Plaintiff into thinking the form

11    was a temporary measure to achieve a large wire transfer funds from Nepal by

12    **BOH**'s release of holds on **Niroula's** BOH account; and, (8) **BOH**'s purported

13    Indemnification of Liability was legally deficient for the following reasons:

14        A.    There is no clear, positive and unequivocal assumption of liability by

15    Plaintiff, set out with requisite specificity;

16        B.    There is no clear, unequivocal indemnification from **BOH**'s own

17    negligence, or any reference at all to negligence;

18        C.    There can be no indemnification against gross negligence, or by

19    implication, intentional torts;

20        D.    The purported indemnification is strictly construed against the drafter,

21    **BOH**;

33

1    E.    Ambiguities are construed against **BOH**, including the phrase "forgery

2    dispute" which is capable of more than one meaning. The forgery dispute is

3    between the public law enforcement agencies, and defendant **Kaushal Niroula**,

4    as an official criminal matter. There is no forgery dispute between **BOH** and

5    defendant **Kaushal Niroula**. There can be no forgery "dispute" between Plaintiff

6    and **BOH** because Plaintiff did not forge her own checks.

7    F.    The Indemnification of Liability form attached at Exhibit "B" to this

8    complaint was obtained by **BOH** through fraud, duress, undue influence, mistake,

9    breach of fiduciary or quasi fiduciary duty, bad faith, oppression, malice.

10    G.    The form is adhesive and unconscionable.

11    H.    The form violates statutes including Cal Penal Code 550(b); Cal. U

12    Com. Code 4-401. §§4401 and 4103.

13    I.    The form was contrary to a substantial public interest or gained

14    through inequality of bargaining power.

15    J.    The form unfairly limited the obligations and liabilities of, or otherwise

16    unfairly advantaged BOH.87. Plaintiff, and other members of the public are

17    likely to be deceived by defendantDefendant BOH's use of "indemnity"

18    forms. Plaintiff was actually deceived by the form, relied upon it, and

19    sustained damagesinjuries and damages, as alleged at paragraphs 55-58,

20    incorporated herein by reference.

34

88.87.    The conduct by defendant BOH alleged here, and elsewhere in this complaint, in obtaining the signature on a form in San Francisco, and the use of the form to extinguishas a release from Plaintiff's claimclaims upon signing it, constituted misrepresentations, omissions, or practices, which were deceptive acts.

89.88.    Defendant BOH engaged in practices intended to deceive the public, including Plaintiff, forcing fraudulent indemnity forms on identity theft or forgery victims, to avoid paying valid claims for reimbursement to those victims, including Plaintiff. This conduct, as further described in this count, is a fraudulent business practice under section 17200 of the California Business and Professions ("B&P") Code.

89.    The practice of using the form was unfair in that BOH refused to pay a valid unauthorized transaction claim; and instead maneuvered Plaintiff into a sham investigation which included direct contact with a known forger and thief. BOH knew at the time it requested this release from future tortious acts that Plaintiff had a special vulnerability.

90.    As further detailed in this complaint, defendant BOH's proffer of a misleading indemnity form to Plaintiff, in San Francisco, was secretly intended to release BOH and extinguish, when signed, Plaintiff's BOH claim for

35

$508,000.00 of her family's savings. There was no utility in defendant BOH's conduct which justified this harm to Plaintiff's property and person, and BOH's conduct was immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, including Plaintiff.

91. A legislatively declared policy prohibited defendant BOH's misuse of an indemnity form faxed to San Francisco to destroy Plaintiff's absolute right to recover her money under Cal U Com Code §4401 and 4103, California's version of the Uniform Commercial Code.

92. A legislatively declared policy prohibited defendant BOH's concealments, or knowing failures, to disclose material facts affecting the amount of benefits due to Plaintiff in the context of said Indemnification of Liability form. BOH thereby violated Cal Penal Code §550(b)(3); and, in the context of allocation to the banker's blanket bond, or deductible thereunder, §550(b)(1) was violated.

93. A legislatively declared policy prohibited defendant BOH's acts or practices in obtaining its alleged indemnification. This business activity was forbidden by law, including, without limit, Cal. U. Com. Code §4401; Cal Penal Code §550(b) subsections (1) and (3). 94. Defendant BOH's representations, omissions, or practices described here, and elsewhere in this complaint, involved information important to Plaintiff, and consumers generally; and affected Plaintiff's decision to sign the BOH form in San Francisco.

36

95. 92.   The acts done by defendant BOH in connection with the Indemnification of Liability form (Ex "B"), signed by Plaintiff in San Francisco, were unfair or deceptive acts or practices forbidden or declared unlawful by California law. BOH's actions detailed here, and elsewhere by incorporation of all remaining counts into this count, at all times had the capacity to mislead Plaintiff into signing a form which BOH contends, released it from liability to Plaintiff, and extinguished, at that point, Plaintiff's claims for reimbursement.

96. 93.   Defendant BOH's deceptive conduct respecting the "Indemnification of Liability" form had the natural and probable result of causing Plaintiff to sign the form (without BOH letterhead or cover letter) in San Francisco; which Plaintiff would not otherwise have done. The representations, omissions or practices described herein were likely to mislead consumers acting reasonably under the circumstances and did, in fact, mislead Plaintiff.

97. 94.   In addition to other remedies and damages hereinabove alleged, Plaintiff is entitled to restitution of all amounts of her claim withheld by BOH, and for a decree enjoining BOH from the use of this and other indemnification forms to avoid payment of claims.

COUNT NINE

37

First Amended Complaint
S.F. Superior Court Case No. CGC 07 466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN 1872704 1872080v1
BN 1874966v1

1      (Conversion Against Defendant BOH and Does 28-35)

2      98. Plaintiff realleges and incorporates the foregoing paragraphs.

3      99. Between October 24, 2006 and October 29, 2006, in San Francisco,

4   California, Defendant **BOH** and Does 28-35 intentionally interfered with, and

5   exercised dominion over property owned by Plaintiff including confidential identity,

6   bank, telephone information, and money, inconsistent with the ownership of Plaintiff.

7   Defendants actually intentionally or knowingly interfered with Plaintiff's property.

8      100.    Defendants' interference or exercise of dominion over Plaintiff's

9   property was in defiance of her rights, and Plaintiff demanded return of said

10  property, which was refused, all to Plaintiff's injury, damage, loss or harm, as

11  aforesaid.

12     101.    Defendant **BOH** owns property which may be reached by Plaintiff

13  Hisamatsu as security on the ground that defendant **BOH** will be unjustly enriched if

14  allowed to retain the money.

15     102.    An equitable lien should be imposed against defendant **BOH** in favor of

16  Plaintiff on the proceeds of Plaintiff's money withheld by defendant.

17     95.     The following legislatively declared policies prohibited Defendant

18  BOH's misuse of an indemnity form, faxed to San Francisco, to destroy

19  Plaintiff's absolute right to recover her money under Cal U Com Code §4401,

20  and the Hawaii counterpart at section 490:4-401(a), Hawaii Revised Statutes

21  ("HRS"):

                                                                        38
_____

1    **A.**    BOH's indemnity form violated the Cal.Bus.Prof Code

2    §172000 in that BOH interposes it as a release. As such, BOH violated

3    Cal.Civ. Code §1668, "all contracts which have as their object directly or

4    indirectly to exempt anyone from responsibility for his own fraud or willful

5    injury to the person or property of another, or violation of law, whether

6    willful or negligent are against the policy of the law." Emphasis added.

7    Exhibit "B" to this complaint clearly states "I... agree... to hold harmless

8    the Bank of Hawaii". Thus, the agreement had, as its object, to exempt Bank

9    of Hawaii from responsibility for its own conduct, as prohibited by

10    Cal.Civ.Code §1668.

11    **B.**    BOH's agreement violated the UCL in that it had as its

12    object to exempt BOH from its willful or negligent violation of §4-401 of

13    the California and Hawaii version of the Uniform Commercial Code;

14    wherein Plaintiff did not authorize any items forged by Codefendant Niroula

15    to be payable from her account, and BOH instead approved the $508,000.00

16    debit based on forged, unauthorized checks. BOH is using Ex "B" to release

17    itself from liability to Plaintiff, in violation of Cal.Civ.Code §1668.

18    **C.**    BOH's use of Ex "B" as a release further violated the UCL

19    in that it purported to exact a relinquishment or waiver of the penal laws of

39

1    the state, particularly forgery, Cal. Penal Code §470, and Hawaii Penal Code

2    §708-852.

3         It is beyond the power of BOH to exact a waiver or ratification of a

4    violation of criminal statutes; particularly, statutes relating to forgery, which

5    are for the protection of the public at large. Cal.Civ.Code §3513 makes

6    BOH's conduct unlawful: "(a)nyone may waive the advantage of a law

7    intended solely for his benefit. But a law established for a public reason

8    cannot be contravened by a private agreement".

9        **D.**    BOH's form (Ex "B") states in part "I, Megumi Hisamatsu

10    agree to indemnify and hold harmless the Bank of Hawaii... from... all...

11    damages... resulting from... the Bank of Hawaii having paid the funds to

12    Kaushal Niroula."

13        After the agreement was signed by Plaintiff in San Francisco, and

14    BOH released the funds to Codefendant Niroula. The bank misrepresented

15    Plaintiff's money as "belonging to Kaushal Niroula". Ex "B".

16        In these proceedings and BOH contends that the agreement releases it

17    from claims against BOH by Plaintiff. The foregoing acts violated

18    Cal.Civ.Code §2773: ("An agreement to indemnify a person against an

40

1    act to thereafter be done is void, if the act be known by such person at the

2    time of doing it to be unlawful").

3         BOH's act of making funds available to Mr. Niroula was unlawful, in

4    that the funds were not, as BOH stated, "belonging to Kaushal Niroula".

5    To so state violated Cal.Civ.Code §1572 (actual fraud) as follows:

6
7         "§1572. Actual fraud defined

8
9         Actual fraud, within the meaning of this chapter, consists in
10   any of the following acts, committed by a party to the contract, or
11   with his connivance, with intent to deceive another party thereto, or
12   to induce him to enter into the contract:

13
14        1. The suggestion, as a fact, of that which is not true, by one who
15   does not believe it to be true;

16
17        2. The positive assertion, in a manner not warranted by the
18   information of the person making it, of that which is not true,
19   though he believes it to be true;

20
21        3. The suppression of that which is true, by one having
22   knowledge or belief of the fact;

23
24        4. A promise made without any intention of performing it; or,

25
26        5. Any other act fitted to deceive".

27

28        BOH's agreement to indemnify or release itself from liability for acts

29   thereafter to be done by falsely representing the funds involved as

41

1  belonging to a known forger of its checks was unlawful for two more

2  reasons. First, BOH employees, by misrepresenting the ownership of the

3  funds, were knowingly executing a scheme to defraud a financial

4  institution. This is because BOH knew that the funds it misidentified in

5  Ex "B" belonged to Plaintiff. This violation of 18 USC §1344 (bank

6  fraud) was devised by BOH to defraud Plaintiff. The means was to cause

7  a release (Ex B) to be transmitted by wire in interstate commerce in

8  violation of 18 USC §1343 (wire fraud). Since there is strong evidence

9  that BOH and Mr. Nrioula acted together toward the common goal of

10  putting Plaintiff's money into a check forger's hands, BOH is also guilty

11  of conspiracy. 18 USC §371. BOH's agreement sought to indemnify the

12  bank from the acts underlying these offenses, and is void under

13  Cal.Civ.Code §2773. Finally, the release of funds and the participation by

14  BOH in transferring those funds to Mr. Niroula at his request, in San

15  Francisco, amounted to money laundering, violating 18 USC

16  §1956(a)(1)(A)(i).

17

18

19  **COUNT NINE - RESCISSION**

42

**(Undue Influence Absent Confidential Relationship –**

**California Transaction)**

96.    Plaintiff incorporates and realleges the foregoing allegations.

97.    At all times Plaintiff would have been willing to restore consideration to BOH in the form of an agreement for the release of funds, actually belonging to Niroula, but not the funds Niroula criminally obtained from Plaintiff's BOH account and placed in his BOH account. This return of consideration would be conditioned on no release of BOH's liability to Plaintiff.

98.    BOH obtained the consent of Plaintiff by taking an unfair advantage of her weakness of mind at the time she was being victimized by a professional criminal; or, BOH took a grossly oppressive and unfair advantage of Plaintiff's necessities or distress, as elsewhere alleged in this complaint.

99.    BOH presented its release agreement via fax to Plaintiff, in San Francisco. BOH knew Plaintiff would be "assisted" by a party interested in, and conniving in the execution of the agreement; that is, a criminal in San Francisco, far away from BOH's office. There was extreme emphasis on terrible consequences for delay by both the third-party and the bank. Only the third

43

1    party, Mr. Niroula, was present and advising Plaintiff. Ms. Hisamatsu had no

2    time to retain competent, trusted advisors.

3        100.   At all times BOH had superior knowledge of the transactions in

4    comparison to Plaintiff. Nonetheless, she gave sufficient telephone notice of

5    rescission of Ex "B" to BOH within 14 days from her signature; and again, in

6    writing on August 6, 2007.

7        101.   The agreement was to be executed primarily within California.

8    Statutes, including Cal.Civ.Code §1689 control Plaintiff's right to rescind.

9        102.   Plaintiff's consent to BOH's agreement in San Francisco by

10   Plaintiff was obtained under circumstances that the law considers improper, and

11   the agreement (Ex "B") should be canceled, or rescinded; and restitution and

12   other relief ordered in favor of Plaintiff and against BOH.

13

14                        **COUNT TEN – RESCISSION**

15
16                ~~(Intentional Infliction Of Emotional Distress Against Defendants BOH~~

17                                ~~and Does 1-50)~~

18                **(Improper Conduct Of Third-Party - California Transaction)**

19        103.   Plaintiff ~~realleges and~~ incorporates and realleges the foregoing

20   ~~paragraphs~~allegations.

                                                                            44

1    ~~104.    Defendants' conduct as hereinabove alleged was so extreme as to~~

2    ~~exceed all bounds of conduct usually tolerated in a civilized community.~~

3    ~~105.    Defendants engaged in conduct intended to inflict injury or Plaintiff, or~~

4    ~~they engaged in the conduct with reckless disregard of the probability that Plaintiff~~

5    ~~would suffer emotional distress; or with the realization that injury to Plaintiff would~~

6    ~~result.~~

7    ~~106.    Defendants' acts were outrageous, and were a substantial factor in~~

8    ~~causing Plaintiff's severe emotional distress.~~

9    ~~107.    The intentional or reckless, extreme, and outrageous conduct by~~

10   ~~defendants directly and proximately caused Plaintiff to suffer emotional distress, or~~

11   ~~extreme emotional distress, all to her damage, as aforesaid.~~

12   104.  On or about October 25, 2006, BOH performed, or made an

13   important change in its position, in reliance on its form of agreement to be

14   signed that day by Plaintiff. Specifically, BOH released the sum of $257,546.25

15   to Kaushal Nrioula (third party).

16   105.  Prior to this release of funds by BOH to the third-party, the bank

17   knew, or had reason to know, that Plaintiff's consent and her signature on

18   BOH's form indemnity agreement was induced or caused by the duress, fraud,

19   and criminal misconduct, of said third party Mr. Niroula, as well as by BOH.

45

1    106.  BOH connived with Mr. Niroula and had no legal right to take

2    advantage of Mr. Niroula's wrongdoing.

3    107.  The conduct by BOH and the third-party was of such nature,

4    weight, or force, that without it, Plaintiff would not have signed the agreement.

5    108.  Plaintiff's consent would not have been given without duress,

6    menace, fraud, undue influence, or mistake. But for this material harm and

7    prejudice caused by the misconduct of BOH, with the connivance of the third

8    party, Plaintiff would not have given her consent, or signed the agreement.

9    109.  At all times, BOH was aware of Mr. Niroula's connivance.

10    110.  At all times, BOH was aware of the effects of its misconduct on

11    Plaintiff; that is that she was consenting due to the duress, menace, undue

12    influence, fraud or mistake.

13    ## COUNT ELEVEN– RESCISSION

14    ### (In The Alternative, Due To Mutual Mistake - California Transaction)

15    111.  Plaintiff incorporates and realleges paragraphs 103 through 110 of

16    the foregoing count.

17    112.  In the event Defendant BOH denies any of the incorporated

18    allegations, then both parties made basically the same a mistake as to a material

19    part of the contract; that is, they mistakenly believed that the third-party would

46

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN 4872704 1872080v1
BN 1874966v1

1    forthwith repay Plaintiff upon BOH's receipt of her signature on BOH's release

2    form. Ex "B".

3                    **COUNT TWELVE– RESCISSION**

4              **(Material Failure Of Consideration –California Transaction)**

5         113.   Plaintiff incorporates and realleges the foregoing allegations.

6         114.   Plaintiff did not receive what was promised or a material part of

7    what was promised is missing.

8         115.   BOH's release agreement must be canceled or rescinded because

9    consideration failed on a material matter; that is, payment by a third party to

10   Plaintiff of over $508,000.00, in exchange for BOH's release of funds to that

11   third-party, Mr. Niroula.

12        116.   Payment by Kaushal Niroula to Plaintiff went to the essence of

13   BOH's agreement.

14                   **COUNT THIRTEEN– RESCISSION**

15             **(Failure Of Consideration Through Fault Of BOH –**

16                       **California Transaction)**

17        117.   Plaintiff incorporates the foregoing allegations.

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**
BN 18727041872080v1
BN 1874966v1

118.   At the time of BOH offered the agreement to Plaintiff, BOH had reason to know that the consideration-to pay a third-party funds "belonging" to him had failed, and that the funds actually belonged to Plaintiff.

## COUNT FOURTEEN– RESCISSION

### (Unlawful Agreement - California Transaction)

119.   Plaintiff incorporates the foregoing allegations.

120.   The agreement was unlawful in that its object was to exempt BOH from responsibility for its own "fraud or willful injury to the person or property of another or violation of law, whether willful or negligent", all in violation of Cal.Civ.Code §1668.

121.   The agreement (Ex B) states, in material part, that Plaintiff agreed "to hold harmless the Bank of Hawaii."

## COUNT FIFTEEN– RESCISSION

### (Void Consideration – California Transaction)

122.   Plaintiff incorporates the foregoing allegations.

48

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

1    123.   Since BOH knew it was unlawful to seek exculpation from its own

2    misconduct under Cal.Civ. Code §1668, and the agreement is captioned as one

3    for indemnity, is void, pursuant to Cal.Civ. Code §2773.

4                    **COUNT SIXTEEN– RESCISSION**

5                    **(Undue Influence Due To Known Vulnerability-**

6                    **California Transaction)**

7        124.   Plaintiff incorporates the foregoing allegations.

8        125.   Plaintiff suffered from lack of full vigor due to physical exhaustion

9    and emotional anguish as a crime victim, as hereinabove alleged. As such, she

10   had a lessened capacity to make a free contract with BOH.

11       126.   Defendant BOH applied its excessive strength to her to secure her

12   agreement, and took unfair advantage of Plaintiff's known vulnerability.

13

14                   **COUNT SEVENTEEN– RESCISSION**

15                   **(Unilateral Mistake, Fault of BOH - California Transaction)**

16       127.   Plaintiff incorporates the foregoing allegations.

17       128.   Plaintiff signed the agreement (Ex B) unconsciously ignorant or

18   forgetful of the fact that the object of the agreement was to exempt BOH of all

19   liability to Plaintiff for, among other things, three unauthorized transactions on

                                                                          49

1    a new consumer checking account, totaling $508,000.00. Further, Codefendant

2    Niroula did not intend (as promised) to replace her missing funds after the

3    agreement was signed.

4         129.  Plaintiff made the mistake due to the fault of BOH. The bank

5    knew, or had reason to know, about the mistake at the time of the agreement

6    (Ex B) was signed in California.

7         130.  Plaintiff's mistake caused her to suffer material prejudice, all to

8    her injury, which exceeds $508,000.00.

9

10                    **COUNT EIGHTEEN– RESCISSION**

11                 **(Unilateral Mistake –California Transaction)**

12         131.  Plaintiff incorporates the foregoing allegations.

13         132.  Plaintiff made a mistake regarding basic assumptions upon which

14    she signed the agreement; that is, (A) that BOH had no intention to pay her

15    claims, made earlier, for reimbursement; and (B) that Codefendant Niroula did

16    not intend to restore her funds after she signed BOH's agreement.

17         133.  Plaintiff's mistake had a material effect on the agreed exchange of

18    performances that was extremely adverse, in that after signing the agreement,

                                                                          50

1    BOH would refuse to restore Plaintiff's account balance to $508,000 for

2    unauthorized transactions.

3         134.   Plaintiff does not bear the risk of the mistake in that she did not

4    neglect a legal duty, and her mistake of fact was in good-faith. The agreement

5    did not allocate risks to Plaintiff, and she did not have limited knowledge as to

6    the facts. She thereby treated her knowledge as sufficient.

7         135.   At the time the agreement was made, Plaintiff was not aware that

8    her knowledge was, or could be limited with respect to the facts to which the

9    mistake related.

10        136.   Plaintiff, by cooperating with BOH, and by waiting from 10-3-06

11   for BOH to complete its investigation at no time bore the risk of the mistakes

12   that the deposits Mr. Niroula made to her San Francisco bank account, in

13   exchange for signing BOH's release, would be dishonored, and/or that BOH

14   had planned to deny her claims. Ex A.1, A.4 and A.7.

15        137.   The deposit to Plaintiff's bank account in San Francisco by BOH

16   account holder Niroula, and the continuing validity of her claims (Ex A) were

17   material to the BOH release at Ex "B". BOH refused, for example, to release

18   funds needed to facilitate Mr. Niroula's deposit unless its release (representing

19   the funds as belonging to Niroula) was signed immediately by Plaintiff.

51

1    138.  BOH's release at Ex B, should therefore be rescinded, and the

2    outstanding claim by Plaintiff against BOH ordered paid. The purported

3    "Indemnification of Liability" should be canceled.

4    139.  The effect of the mistake is that the agreement's enforcement

5    would be unconscionable. Bargaining power between BOH and Plaintiff was

6    extremely unequal, and Plaintiff was surprised by the mistake; and, in these

7    circumstances, the overly harsh or one-sided result of the loss was extremely

8    large ($508,000.00).

9    140.  The foregoing conduct of BOH was of such nature, weight, and

10   force, that but for the mistake, Plaintiff would not have signed BOH's release.

11

12   ## COUNT NINETEEN-- RESCISSION

13   ### (Fraud In The Inducement – California Transaction)

14

15   141.  Plaintiff incorporates the foregoing allegations.

16   142.  On October 25, 2006, Defendant BOH made the following

17   representations in San Francisco, California: (A) that $257,546.25 held in

18   suspense by BOH at account number 0002-933063 belonged to Kaushal

19   Niroula, and (B) that BOH was merely seeking indemnification from releasing

52

1    the funds to Mr. Niroula. Said written representation is attached hereto Ex "B"

2    and incorporated herein.

3        143.   The representations were material to the agreement drafted by

4    BOH, in that but for the representation; Plaintiff would not have signed and

5    notarized the agreement. Ex B.

6        144.  BOH believed that the representations were false when the

7    representations were made, or BOH made the representations without any

8    reasonable ground for believing them to be true, in that the sum of money

9    actually belonged to Plaintiff, and not as BOH represented, to Niroula.

10        145.  BOH made the representations for the purpose of causing or

11    inducing Plaintiff to enter into the agreement with BOH. Plaintiff signed that

12    document (Ex B) under the misapprehension that it was something other than a

13    release; and, that it was merely to allow a transfer of Mr. Niroula's money back

14    to him.

15        146.   Plaintiff was not aware that the representation was false and

16    would not have otherwise consented to the agreement. Plaintiff justifiably relied

17    on BOH's misrepresentation, all too her damage. At all times, Plaintiff would

18    have been willing to execute a document releasing Mr. Niroula's money, less

53

1   Plaintiff's money, back to Niroula, on condition that the document did not

2   release or exempt BOH from any of her claims.

3

4   ### COUNT TWENTY

5   ### (Tort In Essence Against Defendant BOH, and ~~Does 30-50)~~DOES 39-

6   ### 50

7   ### -California Transaction)

8   ~~108.~~ 147. Plaintiff realleges ~~and incorporates~~ the foregoing paragraphs.

9   ~~109.~~ 148. Defendant    BOH    and    ~~Does~~DOES    30-    50    owed

10  nonconsensual duties to others, including Plaintiff ~~Hisamatsu,~~ to comply with

11  the civil and criminal laws of the State of California, and the United States.

12  ~~110.~~ 149. The following statutes embodied a public policy to protect a

13  class of persons of which Plaintiff is a member: (A. ~~——— Cal Pen Code §476a~~

14  ~~(2007) (Making or delivering)~~ Cal.Civ Code §1668, §2773 and §3513, (B) Cal.

15  Penal Code §470 (forgery), §476a (making a check with insufficient funds).,

16  §518 (extortion), (C) Cal. Civ. Code §1572, and 18 USC §1343 (fraud and mail

17  fraud). Plaintiff has been injured as aforesaid by Defendants' violation of these

18  statutes, all to her damage at ¶s 56 -58, supra (incorporated herein).

19
20  ~~B.——— Cal Pen Code §518 (2007) (Extortion).~~

54

150.    Plaintiff is an injured member of the public for whose benefit the foregoing statutes were enacted.

151.    Defendants breached the above nonconsensual duties by tortiously violating the foregoing statutes.

152.    Defendants violated Cal.Civ. Code §1668, which provides that BOH's "indemnification of liability" agreement (Ex B) is "against the policy of the law".

153.    The agreement has as its object to exempt BOH from responsibility for "its own fraud or willful injury to the person or property of another or violation of law whether willful or negligent". The agreement states in material part, that Plaintiff agreed "to hold harmless the Bank of Hawaii".

154.      Since BOH knew it was unlawful to seek exculpation from its own misconduct, as aforesaid; the agreement, insofar as it purports to indemnify BOH, is void pursuant to Cal Civ. Code §2773.

~~111.~~155.       On or about October 20, ~~2006 in the County of~~2006, San Francisco, Defendant BOH and Does 30-50 further violated their nonconsensual duties to Plaintiff and others so situated by aiding and abetting the criminal deposit of a check for $890,000 into Plaintiffs' Citibank account in

55

1   San Francisco, at a time when defendants knew, or should have known, the

2   check would be <u>both deposited and </u>drawn on insufficient funds.

3   ~~112.~~<u>156.</u> Between October 20, 2006 and October 29, 2006, in the County of

4   San Francisco, ~~defendants~~<u>Defendant BOH</u> aided and abetted Kaushal Niroula,

5   who<u> it knew</u> threatened Plaintiff with bodily harm from Nepalese nationals

6   involved with kidnapping his sister, if Plaintiff did not (1) pay him $41,000 in

7   San Francisco, (2) cooperate with BOH (from San Francisco) to remove the

8   hold on defendant   Niroula's BOH account/or funds, (3) keep her cell phone

9   turned off, (4) stay in her hotel, or drive around the Bay Area with Niroula, and

10   (5) return directly to Japan on 10-29-06.

~~**COUNT TWELVE**~~

~~*(Civil Conspiracy Against Defendants Kaushal Niroula, BOH*~~
~~*and Defendant Does 25-35)*~~

14   <u>157.   Defendant committed actual fraud prohibited by Cal.Civ. Code</u>

15   <u>§1572, mail fraud in violation of 18 USC §1343, and conspiracy (18 USC</u>

16   <u>§371), by the misrepresentations on Ex B and pressure to sign it, with Niroula's</u>

17   <u>assistance, as hereinabove alleged in the prior counts.</u>

## **COUNT TWENTY-ONE**

**<u>(Civil Conspiracy Against Defendants Kaushal Niroula, BOH</u>**

56

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
<u>SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**</u>

BN ~~1872704~~<u>1872080</u>v1
BN 1874966v1

**And Does 30-50 – California Transaction)**

1

2   ~~113.~~158. Plaintiff realleges and incorporates the foregoing paragraphs.

3   ~~114.~~159. Defendants BOH, Kaushal Niroula and ~~Does 25-35~~Chester Dods, a

4   BOH security official, agreed or combined by concerted action to accomplish a

5   criminal or wrongful act in San Francisco, or to accomplish some purpose not

6   in itself criminal or unlawful, by criminal or unlawful means. Defendant

7   Niroula conferred with Mr. Dods by telephone, and both agreed to maneuver

8   Plaintiff Hisamatsu into signing BOH's "Indemnity of Liability", Ex B.

9   160.    Defendant Niroula, as the incorporated allegations show, converted

10  Plaintiff's funds. Of the $508,000.00 Mr. Niroula obtained by forgery and bank

11  fraud, $257,546.25 remained in Niroula's bank account, which had been frozen

12  by BOH.

13  161.    Defendants Niroula and BOH both knew at the time that BOH

14  caused the release (Ex B) to be wired to San Francisco, that of the $508,000.00

15  fraudulently taken from Plaintiff's BOH account (with the bank's assistance)

16  only $257,546.25 remained. Both knew that those funds belonged to Plaintiff,

17  even though by conversion, forgery and bank fraud, they were frozen in Mr.

18  Niroula's account.

57

162.    BOH knew at all times that Mr. Niroula wanted its help to get the remaining stolen funds sitting in his frozen BOH account. BOH also knew, at all times that this money belonged to Plaintiff, and not to Mr. Niroula.

163.    Defendant BOH agreed and conspired with Mr. Niroula to release stolen money to him. This sum, as both well knew had already been obtained tortiously; and, by Niroula's forgery and bank fraud (18 USC §1344). The bank readily agreed to the crooked scheme, and to aid and abet the commission of bank fraud in order to shield itself from the theft victim's claims against BOH. By agreeing to help a criminal obtain his stolen money, BOH "bought" a release from nearly strict liability to Plaintiff. BOH's role in helping Niroula convert $508,000.00 to his BOH account by checks he forged with Plaintiff's signature, exposed it to as much, or more, liability as Niroula.

164.    The bank agreed and conspired with Mr. Niroula to release the money frozen in Niroula's account, which BOH knew was stolen. This was in exchange for Niroula's assistance to BOH in getting Plaintiff to sign a release exempting BOH from liability. Ex B. At the time, BOH knew that Plaintiff was in San Francisco with an individual it knew to be a dangerous thief and forger from Nepal. Mr. Niroula was slavishly cooperating with BOH to pressure Plaintiff into signing the release, favoring the bank. By agreeing with Niroula;

58

1    by conspiring with him to convert and take Plaintiff's money, or to commit

2    bank fraud (18 USC §§371 and 1344), BOH profited by "purchasing" a release

3    from liability to Plaintiff of over $508,000.00. The only risk to Bank of Hawaii

4    at the time was the off-chance of being indicted in Honolulu.

5        165.  In addition to participating with Niroula to pressure Plaintiff into

6    signing a release, BOH drafted it to appear that it was only releasing Mr.

7    Niroula's own money to him, and not the money debited agaisnt Plaintiff's

8    bank account. Ex B. Not only did BOH conspire and agree with Niroula to

9    convert Plaintiff's $257,546.25 from BOH's dominion and control back to

10   Codefendant Niroula's dominion and control, but BOH also conspired to violate

11   criminal laws. Its transfer of stolen money back to the person BOH knew

12   converted the money in the first place constitutes money-laundering, in

13   violation of 18 USC §1956(a)(1)(A)(i). Labeling the stolen proceeds as the

14   thief's own funds, while crude, was a means employed in furtherance of the

15   conspiracy to damage Plaintiff.

16       ~~115.~~ 166.  Defendants BOH, ~~Kaushal~~ Niroula, and Does 25- 35

17   intentionally formed, planned, and operated the conspiracy which directly and

18   ~~proximately~~approximately caused damage to Plaintiff ~~in San Francisco~~, from

19   defendants' planning the intentional acts and civil wrongs done in furtherance

59

1    of the agreement, and _the common design to steal Plaintiff's savings,; and to

2    financially, physically, and emotionally injure Plaintiff, all to her damage as

3    aforesaid at ¶s 56-58 incorporated, herein.

4

5    ## COUNT ~~THIRTEEN~~TWENTY-TWO

6    **(Fraud** ~~Or Deceit Based On Suppression Of Material Facts And Other~~

7    ~~Information And Partial Disclosures Against Defendant~~**In The Inducement**

8    **Against BOH** ~~and~~**And Does 30- 50**~~)~~

9    **-California Transaction)**

10    ~~116.~~ 167.  Plaintiff realleges and incorporates the foregoing paragraphs.

11    ~~117.~~ 168.  On October 25, 2006, Defendant BOH ~~and Does 30-50~~

12    ~~intentionally~~ made the following representations in ~~a form (Ex "B") intentionally~~

13    ~~aimed at Plaintiff in~~ San Francisco, California. ~~This "Indemnification of Liability" (Ex~~

14    ~~B) suppressed facts and other information by~~ **BOH**, ~~and~~ **BOH** ~~was bound to disclose~~

15    ~~them; or~~ **BOH** ~~gave information or facts thereon to Plaintiff which were likely to~~

16    ~~mislead for want of communication of suppressed facts or information.~~

17    ~~118.      Defendant~~ **BOH**~~'s business involved commercial activity and a history~~

18    ~~of litigation directed at individuals in other states, including California. The alleged~~

19    ~~indemnity transaction here was part of~~ **BOH**~~'s business activity directed at~~

20    ~~individuals in California.~~ **BOH** ~~purposely availed itself of the privilege of acting within~~

60

1    ~~California to terminate Plaintiff's claims.  119.  Specifically, on October 25, 2006,~~

2    ~~Defendant **BOH** made positive representations of the following facts or information~~

3    ~~to Plaintiff Megumi Hisamatsu, in the City And County of San Francisco, with the~~

4    ~~sole purpose to extinguish her claims against **BOH** for reimbursement of $508,000:~~;

5    (A) that $257,546.25 held in suspense by BOH at account number 0002-933063

6    belonged to Kaushal Niroula, and (B) that BOH was merely seeking

7    indemnification from releasing the funds to Mr. Niroula. Said written

8    representation is attached hereto Ex "B" and incorporated herein.

9    ~~A.    Plaintiff "wish to withdraw [her] forgery dispute" regarding~~

10    ~~checks forged by a criminal and drawn on her account for $8,000,~~

11    ~~$95,000, and $405,000. Exhibit "B". [At no time, did Plaintiff intend to~~

12    ~~withdraw her claims against **BOH** by signing the "Indemnification Of~~

13    ~~Liability" form ("Ex. B"), or her criminal complaints fro forgery to law~~

14    ~~enforcement agencies].~~

15    ~~B.    $257,546.25 in **BOH** account #0002-933063 belonged to~~

16    ~~Kaushal Niroula. Id. [At no time, did Plaintiff understand or accept **BOH**'s~~

17    ~~representation as one which would reduce her claims against **BOH**].~~

18    ~~C.    $257,546.25 in **BOH** account #0002-933063 belonged to~~

19    ~~Defendant Kaushal Niroula. Id, as a result of the "forgery dispute". Id. [At~~

20    ~~no time, did Plaintiff understand or accept **BOH**'s representation as one~~

21    ~~which would reduce her claims against **BOH**].~~

61

D.    That BOH "paid the funds to Kaushal Niroula at Megumi Hisamatsu's Request." [At no time, did Plaintiff understand or accept BOH's representation as one which would reduce her claims with BOH].

E.    That BOH would be indemnified and held harmless from damages and other costs arising out of the Bank of Hawaii having paid the funds to Kaushal Niroula at Plaintiff's request. [At no time, did Plaintiff understand or accept BOH's representation as one which would reduce her claims with BOH].

120.    On October 25, 2006, when Defendant BOH intentionally made the foregoing representations by fax to San Francisco, Defendant BOH intentionally failed to disclose important facts to Plaintiff that she did not know and could not have reasonably discovered. Defendant actively suppressed or concealed facts which materially qualified BOH statements made in its document entitled "Indemnification Of Liability" (Ex B), and which were within BOH's exclusive knowledge, unknown to Plaintiff Hisamatsu.

121.    Defendant BOH had a duty to make full disclosure of materially qualifying facts and other information because BOH made material disclosures in Exhibit "B", which were partial. Further, BOH was bound to disclose suppressed material facts which were exclusively in its possession. Also, as of 10/25/06, there was extreme inequality in bargaining power, English language ability, and knowledge between BOH and Plaintiff about matters relating to this transaction.

62

First Amended Complaint
S.F. Superior Court Case No. CGC 07 466120
SECOND AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

121.2    Defendant **BOH** made representations on October 25, 2006, intending to deceive Plaintiff by concealing material facts and other information which **BOH** knew or believed were materially misleading. Because of **BOH**'s failure to state additional or qualifying matters, Plaintiff reasonably relied on **BOH**'s deceptively incomplete representations, and her reliance was justified.

122.    The facts and other information suppressed or concealed from Plaintiff in **BOH**'s "Indemnification Of Liability" form (Ex "B") were likely to mislead Plaintiff in San Francisco, for want of communication; and did in fact mislead her.

123.    Even if **BOH** had no duty to provide the scant information on its form (Ex "B"), by making partial disclosures, **BOH** undertook the obligation and duty to make full disclosure of the concealed information, including without limit:

A.    The $257,546.25 in Defendant **Niroula**'s account belonged to Plaintiff, and she did not request that her money be paid to **Niroula** or anyone else.

B.    The $257,546.25 in Defendant **Niroula**'s account had been frozen, for Plaintiff's benefit, by **BOH**.

C.    **BOH**'s form (Ex "B") had been intentionally crafted to extinguish Plaintiff's continuing right to reimbursement of $508,000 at the time it would be signed by Plaintiff in San Francisco, California on 10/25/06.

D.    The "forgery dispute" referenced on 10/25/06 in **BOH**'s form (Ex "B") secretly meant to **BOH**, the claims Plaintiff made for reimbursement (Ex. A.1, A.4 and A.7), of over $508,000 from **BOH**.

63

1    ~~E.    The phrase in the 10/25/06 form (Ex "B") faxed to San Francisco~~

2    ~~to Plaintiff "arising out of the Bank of Hawaii having paid the funds to Kaushal~~

3    ~~Niroula" was secretly equivalent, for **BOH**, to the outstanding claims Plaintiff~~

4    ~~made against **BOH** for reimbursement (Ex A.1, A.4 and A.7).~~

5    ~~F.    As part of her duty of cooperating with **BOH**, Plaintiff's claims~~

6    ~~would not be delayed or reduced if she refused to negotiate directly with~~

7    ~~Defendant **Niroula** about his $508,000 forgery from **BOH**.~~

8    ~~G.    As part of her duty of cooperating with **BOH**, Plaintiff's claims~~

9    ~~would not be delayed or reduced if she refused to sign the form (Ex "B").~~

10   ~~H.    That **BOH** had no reason to deny Plaintiff's claims at the time its~~

11   ~~form (Ex "B") was being prepared for signature in San Francisco.~~

12   ~~I.    That the effects of extinguishing Plaintiff's claims for $508,000~~

13   ~~against **BOH** would be in San Francisco on 10/25/06.~~

14   169.   The representations were material to the agreement drafted by

15   BOH, in that but for the representation; Plaintiff would not have signed and

16   notarized the agreement. Ex B.

17   170.   BOH believed that the representations were false when the

18   representations were made, or BOH made the representations without any

19   reasonable ground for believing them to be true, in that the sum of money

20   actually belonged to Plaintiff, and not as BOH represented, to Niroula.

64

1

171.   BOH made the representations for the purpose of causing or

2    inducing Plaintiff to enter into the agreement with BOH. Plaintiff signed that

3    document (Ex B) under the misapprehension that it was something other than a

4    release; and, that it was merely to allow a transfer of Mr. Niroula's money back

5    to him.

6

172.   Plaintiff was not aware that the representation was false and

7    would not have otherwise consented to the agreement. Plaintiff justifiably relied

8    on BOH's misrepresentation, all to her damage.

9

173.   Defendants directly and proximately caused injury and damage to

10    Plaintiff, and Plaintiff should be awarded damages, including punitive damages,

11    as set forth in ¶s 56 -58, supra, incorporated herein.

12

13    124.    The foregoing suppressed facts and information made the matters

14    actually disclosed highly misleading and material to Plaintiff's decision to sign BOH's

15    form in San Francisco. Plaintiff's reasonable decision was in justified reliance on

16    BOH's partial disclosures.

17    125.    The concealed or suppressed facts and information in ¶123 supra

18    made the disclosed information on the claim forms fraudulent and misleading. The

19    intent was formed by Defendant BOH prior to 10/25/06 to deceive and to induce

20    Plaintiff to act in the matter herein alleged, in justified reliance thereon. Plaintiff relied

65

1    on **BOH**'s deception, and her reliance was reasonable under the circumstances.

2    Defendant's concealments were a substantial factor in directly and proximately

3    causing harm to Plaintiff in San Francisco, all to her damage as aforesaid.

4    126.    Plaintiff, at the time of **BOH**'s failures to disclose, and its concealments

5    and suppression of material facts and information (and, at the time Plaintiff took

6    actions herein alleged) was ignorant of the existence of the facts and information

7    defendant suppressed and failed to disclose. If Plaintiff had been aware of the

8    existence of the facts and information in ¶123 supra, not disclosed by Defendant

9    **BOH**, Plaintiff would not signed Defendant **BOH**'s Indemnification of Liability form

10   (Ex "B") in an effort to recover her family's stolen savings directly from the identity

11   thief and forger, Defendant **Niroula**.

12   127.    Plaintiff, a homemaker and mother of two from Japan, had no

13   experience or ability to understand that she need not meet with a dangerous criminal

14   who had forged her checks, or attempt to negotiate with him to cooperate with

15   **BOH**'s claims "investigation". A reasonable person would have attached great

16   importance in determining her choice of action once provided with the concealed

17   information and facts. These were highly material and qualifying matters, and would

18   have resulted in Plaintiff's refusal to sign **BOH**'s Indemnification of Liability form.

19   Exhibit "B".

20                        **COUNT TWENTY-THREE**

21        **(Intentional Infliction Of Emotional Distress Against Defendant BOH**

22                           **And Does 1-50)**

66

1
2                          (ALTERNATIVE) COUNT FOURTEEN

3              (Negligent Misrepresentation Against Defendant BOH and Does 30-50)

4
5        128.174. Plaintiff realleges and incorporates the foregoing paragraphs.

6        129.    Defendant **BOH** and Does 30-35 made a representation of the

7    following past or existing material facts in the Indemnification of Liability form (Ex

8    "B") as follows:

9        A.    $257,546.25 in a BOH account belonged to Defendant **Niroula**.

10        B.    That **BOH** was only indemnified from paying **Niroula**'s funds to

11    Defendant **Kaushal Niroula.**

12
13        130.    These representations by **BOH** were untrue.

14        131.    Regardless of defendants' actual belief, the defendants made the

15    representations without any reasonable ground for believing them to be true.

16        132.    The representations were made with the intent to make Plaintiff reply

17    upon them.

18        133.    Plaintiff was unaware of the falsity of the representations and acted in

19    reliance upon the truth of the representations and was justified in relying upon the

20    representation.

21        134.    As a direct and proximate result of her reasonable reliance on the truth

22    of the representations, Plaintiff sustained damage as aforesaid.

67

175.    Defendant BOH's conduct in San Francisco with respect to releasing the claims (Exs A.1, A.4, A.7 and B), and involving Plaintiff in direct negotiation with the thief and check forger, as hereinabove alleged, was so extreme as to exceed all bounds of conduct usually tolerated in a civilized community.

176.    Defendants engaged in conduct intended to inflict injury, or they engaged in the conduct with reckless disregard of the probability that Plaintiff would suffer severe emotional distress, or with the realization that injury to Plaintiff would result.

177.    Defendants' acts were outrageous, and were a substantial factor in causing Plaintiff's severe emotional distress, or suffering. These acts included, but not by limitation, the following:

178.    BOH's connivance with Codefendant Niroula to obtain a release from Plaintiff exceeded all bounds usually tolerated by a decent society.

179.    BOH's inaction after notice of the forgeries/bank fraud, exceeded all bounds usually tolerated by a decent society.

180.    BOH's intention to deny Plaintiff's claims (Ex A) prior to investigating or acting on them also exceeded all bounds usually tolerated by a decent society.

68

181.    BOH's violation of its own guidelines for identity theft exceeded all bounds usually tolerated by a decent society.

182.    BOH's use of a release violating Cal.Civ.Code §1668 exceeded all bounds usually tolerated by a decent society.

183.    BOH's aggressive efforts to retransfer funds to an individual it recognized as a forger, thief and a liar exceeded all bounds usually tolerated by a decent society.

184.    The intentional, or reckless, extreme and outrageous conduct by Defendants actually, directly and proximately caused Plaintiff to suffer emotional distress or extreme emotional distress, all to her damage, as aforesaid at ¶s 56-58, supra.

## COUNT ~~FIFTEEN~~TWENTY-FOUR

### (~~For~~ Declaratory Relief Against BOH ~~and~~And Does 30-50) - California Transaction)

~~135.~~185.    Plaintiff    realleges    and    incorporates    the    foregoing paragraphs.

69

1    ~~136.~~186.    Plaintiff contends, and Defendant BOH disputes, that

2    ~~Defendant~~ BOH's "Indemnification of Liability" signed by Plaintiff in San

3    Francisco on October 25, ~~2006,~~2006 (Ex B), remains null and void, and ~~had~~has

4    no future~~,~~ prospective effect on BOH~~.~~'s duty to pay Plaintiff's ~~claim. While~~

5    ~~discovery and investigation continue, Plaintiff contends that the known, fatal defects~~

6    ~~of **BOH**'s form, disputed by **BOH**, are as follows:~~

7    ~~A.    There is no clear, positive and unequivocal assumption of liability by~~

8    ~~Plaintiff, set out with requisite specificity;~~

9    ~~B.    There is no clear, unequivocal indemnification from **BOH**'s own~~

10    ~~negligence, or any reference at all to negligence;~~

11    ~~C.    There can be no indemnification against gross negligence, or by~~

12    ~~implication, intentional torts;~~

13    ~~D.    The purported indemnification is strictly construed against the drafter,~~

14    ~~**BOH**;~~

15    ~~E.    Ambiguities are construed against **BOH**, including the phrase "forgery~~

16    ~~dispute" which is capable of more than one meaning. The forgery dispute is~~

17    ~~between the public law enforcement agencies, and defendant **Kaushal Niroula**,~~

18    ~~as an official criminal matter. There is no forgery dispute between **BOH** and~~

19    ~~defendant **Kaushal Niroula**. There can be no forgery "dispute" between Plaintiff~~

20    ~~and **BOH** because Plaintiff did not forge her own checks.~~

70

1    ~~F.    The Indemnification of Liability form attached at Exhibit "B" to this~~

2    ~~complaint was obtained by~~ **BOH** ~~through fraud, duress, undue influence, mistake,~~

3    ~~breach of fiduciary or quasi fiduciary-duty, bad faith, oppression, malice.~~

4    ~~G.    The form is adhesive and unconscionable.~~

5    ~~H.    The form violates statutes including Cal. U Com. Code 4-401.I.~~

6    ~~The form was contrary to a substantial public interest or gained through~~

7    ~~inequality of bargaining power~~claims, totaling $508,000.00, plus interest.

8    ~~J.    The form unfairly limited the obligations and liabilities of, or otherwise~~

9    ~~unfairly advantaged, BOH.~~

10   ~~137.~~ 187. Plaintiff has no speedy or adequate remedy at law to have her

11   future rights determined as to the prospective effect of the ~~indemnity form~~release

12   on her ~~claim~~claims for reimbursement.

13   ~~138.~~ 188. Defendant BOH contends to the contrary and has refused to

14   agree to rescind or to cancel its ~~Indemnification of Liability. Exhibit~~release at Ex B.

15   ~~139.~~ 189. An actual, substantial, and ~~justiciable~~justicable controversy has

16   arisen and now exists between the Plaintiff and ~~the~~ BOH ~~defendants~~ concerning

17   the construction and interpretation of BOH's ~~Indemnification of Liability~~ form of

18   exculpation (Ex "B") in relation to the money owed to Plaintiff by Defendant

19   BOH, and the obligations of ~~defendant~~Defendant BOH to pay the money due

20   ~~after its "investigation"~~now. Plaintiff desires, and is entitled to~~,~~ a judicial

71

declaration by this ~~court~~honorable Court of her rights and ~~the~~ obligations ~~of~~
~~the~~and BOH ~~defendants~~'s duty to pay her_claims, notwithstanding BOH's
~~Indemnification of Liability form.~~ release. Ex B.

### ~~COUNT SIXTEEN~~

### ~~(Rescission Against BOH And Does 30-50)~~

~~140.    Plaintiff realleges and incorporates the foregoing paragraphs.~~

~~141.    Plaintiff demanded rescission of the indemnification drafted by **BOH** on
August 6, 2007. Plaintiff repeats the demand and urges that **BOH**'s indemnification
form (Ex "B") is void.~~

~~142.    Plaintiff made a mistake as to a basic assumption when she approved
**BOH**'s form of indemnification (Exhibit "B"), which had a material effect on the
agreed exchange of performances, adverse to Plaintiff.~~

~~143.    At the time the indemnification was made, Plaintiff was not aware that
she only had limited knowledge with respect to the facts to which the mistake
related. Enforcement of the Indemnification of Liability form (Ex "B") would be
unconscionable.~~

~~144.    Plaintiff, by cooperating with **BOH**, at no time bore the risk of the
mistakes that the deposits **Niroula** made to her San Francisco bank account in
exchange for signing **BOH**'s indemnification would be dishonored, and/or that **BOH**
had planned to destroy her claims (Exs A.1, A.4 and A.7), upon execution of the
form (Ex B).~~

72

145. ~~The deposit to Plaintiff's bank account in San Francisco by a~~ **BOH** ~~account holder~~ (**Niroula**) ~~and the continuing validity of her claims (A.1, A.4 and A.7) were material to the~~ **BOH** ~~Indemnification of Liability (Ex "B").~~ **BOH** ~~refused, for example, to release funds needed to facilitate defendant~~ **Niroula**~~'s deposit, unless the form (Ex B) was signed by Plaintiff, misrepresenting the funds as belonging to~~ **Niroula**~~.~~

146. ~~**BOH**'s Indemnification of Liability (Ex "B") should therefore be rescinded, and the outstanding claim by Plaintiff against~~ **BOH** ~~ordered paid. The Indemnification of Liability should be cancelled.~~

## ~~COUNT SEVENTEEN~~

### ~~(Constructive Trust Against Defendant BOH and Does 30-50)~~

147. ~~Plaintiff realleges and incorporates the foregoing paragraphs.~~

148. ~~Defendant~~ **BOH** ~~has money belonging to Plaintiff to which it is not justly entitled.~~

149. ~~Defendant's duty is to retransfer the money to Plaintiff, who is entitled thereto to possession.~~

150. ~~Defendant~~ **BOH** ~~will be unjustly enriched if allowed to keep Plaintiff's money.~~

151. ~~A Constructive trust should be imposed on defendant's money and property, plus accrued interest.~~

## ~~COUNT EIGHTEEN~~

73

1    ~~(Equitable Lien Against Defendant BOH and Does 30-56)~~

2    ~~152.    Plaintiff realleges and incorporates the foregoing paragraphs.~~

3    ~~153.    Defendant BOH owns property which may be reached by Plaintiff~~

4    ~~Hisamatsu as security on the ground that Defendant BOH will be unjustly enriched if~~

5    ~~allowed to retain the money.~~

6    ~~154.    An equitable lien should be imposed against Defendant BOH in favor~~

7    ~~of Plaintiff on the proceeds of all money taken by defendant.~~

8
9    **~~COUNT NINETEEN~~**
10
11   **~~(Intentional Infliction Of Emotional Distress Against Defendants~~**

12   **~~Kaushal Niroula, BOH and Does 1-50)~~**

13   190.  Plaintiffs contend, and Defendant BOH disputes, the following:

14        **A.**    The agreement (Ex B) violates Cal.Civ. Code §1668 in that

15   its direct or indirect object was to exempt BOH from responsibility to

16   Plaintiff for BOH's own fraud or willful injury to the property of

17   Plaintiff, or violation of law, whether willful or negligent.

18        **B.**    That a violation of law in Cal.Civ. Code §1668, for which

19   BOH's agreement (Ex B) seeks exemption, is found at section 4-401 of

20   the Uniform Commercial Code, which applies in California and Hawaii

21   (Cal. U Com Code §4401; HRS §490:4-401) (herein "UCC"). The UCC

74

1    requires BOH to pay to Plaintiff at least $508,000.00 for the unauthorized

2    transactions by Mr. Niroula, in 2006.

3        **C.**    That since an exemption from the UCC (§4401) in this

4    manner was known by BOH to be an unlawful agreement (Ex B); and,

5    insofar as it is one for indemnity it, is void under Cal.Civ. Code §2773.

6        **D.**    That it is beyond the power of BOH to exact a waiver or

7    ratification of the crime of forgery. Statutes prohibiting forgery are for

8    the protection of the public. Cal. Penal Code §470; Hawaii Penal Code

9    §708-852. Insofar as BOH's agreement (Ex B) seeks withdrawal,

10   ratification, or waiver of forgery, the agreement violates Cal.Civ. Code

11   §3513.

12       **E.**    That the agreement, insofar as it seeks exemption of liability

13   for Plaintiff's unauthorized transaction claims against BOH and other

14   claims asserted herein, is one for release, and not one for indemnity.

15

16   155.    Plaintiff realleges and incorporates the foregoing paragraphs.

17   156.    Defendants' conduct in San Francisco as hereinabove alleged was so

18   extreme as to exceed all bounds of conduct usually tolerated in a civilized

19   community.

75

1    ~~157.    Defendants engaged in conduct intended to inflict injury on Plaintiff, or~~

2    ~~they engaged in the conduct with reckless disregard of the probability that Plaintiff~~

3    ~~would suffer emotional distress, or with the realization that injury to Plaintiff would~~

4    ~~result.~~

5    ~~158.    Defendants' acts were outrageous, and were a substantial factor in~~

6    ~~causing Plaintiff's severe emotional distress.~~

7    ~~159.    The intentional or reckless extreme and outrageous and outrageous~~

8    ~~conduct by defendants directly and proximately caused Plaintiff to suffer emotional~~

9    ~~distress or extreme emotional distress, all to her damage as aforesaid.~~

10   **COUNT TWENTY-FIVE**

11   **(Wrongful Withholding Of Funds After Forged Checks Were Drawn**

12   **On Plaintiff's Account - Against Defendant BOH ~~and~~And Does 30- 50~~)~~ —**

13   **Hawaii Transaction)**

14   ~~160.~~191.    Plaintiff    realleges    and    incorporates    the    foregoing

15   paragraphs.

16   ~~161.~~192.    Defendants ~~honored~~debited forged checks against Plaintiff's

17   new BOH personal checking account, totaling $~~508,000.~~580,000.00.

18   ~~162.~~193.    Defendants violated the requirement of honesty in fact and

19   lacked good faith, and they failed to use ordinary care by ~~honoring~~debiting three

20   forged checks on a new account; and~~,~~ by disclaiming responsibility for BOH's

76

1    lack of good faith, or failure to exercise <u>ordinary care, or </u>due care, or by an

2    attempt to limit the measure of damages for the lack ~~or failures~~<u>of failure</u>, all in

3    violation of ~~Cal. U. Com~~<u>the California and Hawaii versions of the Uniform</u>

4    <u>Commercial</u> Code §4103.

5

6                              **COUNT TWENTY-~~ONE~~<u>SIX</u>**

7              <u>(Unfair Or Deceptive Trade Practices In Violation Of HRS §480-1 Et</u>

8              <u>Seq – Against BOH and Does 28-50</u>**-Hawaii Transactions)**

9

10       <u>194.      Plaintiff realleges and **incorporates the foregoing paragraphs.**</u>

11       <u>195.      The foregoing activities by **Defendant** BOH, a financial institution,</u>

12   <u>involved "conduct of any trade or commerce" within the ambit of Hawaii</u>

13   <u>Revised Statutes (HRS) §480 et seq.</u>

14       <u>**196.**      Plaintiff is a claimant against BOH for recovery of losses from</u>

15   <u>unauthorized transactions. She is therefore a consumer under HRS §480-1, and</u>

16   <u>is authorized to bring suit pursuant to HRS §480-13.</u>

17       <u>**197.**      The foregoing practices by BOH were also unfair or deceptive acts</u>

18   <u>or practices, and offended established public policy. The practices were</u>

                                                                          77

1    immoral, unethical, oppressive, unscrupulous or substantially injurious to

2    consumers.

3        198.    BOH's unfair or deceptive acts directly and proximately caused

4    damage to Plaintiff as aforesaid, particularly at ¶s 56-58, supra.

5        199.    The deceptive acts or practices by BOH and Does 28-50 all had the

6    capacity to deceive Plaintiff; and did in fact cause, as a natural and probable

7    result, Plaintiff to do those things she would otherwise not do, including wait

8    for BOH to investigate her written claims for reimbursement when BOH had

9    already decided not to pay the claims. Further, Plaintiff would not have

10   negotiated with a check forger, or attempted to recover her money by self-help

11   (Exhibits A.1 – A.9).

12       200.    The foregoing deceptive acts or practices include representations,

13   omissions, or practices likely to mislead consumers acting reasonably under the

14   circumstances, including Plaintiff; particularly, as here, where the

15   representations acts or practices are material.

16

17

18

19

20                         **COUNT TWENTY-SEVEN**

                                                                        78

**(Fraud Based On Promises Made Without Intention To Perform - Against Defendants  BOH and Does 28-45-California And Hawaii Transactions)**

163.201. Plaintiff realleges and incorporates the foregoing paragraphs.

164.202. On October 3, 2006, BOH made the following promises, ~~important to her claim~~material to Plaintiff's claims against BOH for losses from unauthorized transactions, ~~injuring Plaintiff.~~which injured Plaintiff. The promises were written by an author whose identity, like the date of the creation of the document, and location of the author, are within the exclusive knowledge of BOH. The promises were:

    **A.**   "the Bank will investigate your Claim" (Ex. A.1 ¶2).

    **B.**   ~~A.~~   ~~"the Bank will investigate your Claim" (Ex. A.1 ¶2).~~   ~~B.~~ "Payment of you Claim is contingent upon the results of the Banks' investigation". Id.

    **C.**   The Bank's decision to pay or not To Pay your claim will be made in light of all the facts and circumstances after completion of its investigation". Id.

165.203. At the time BOH made these promises, on October 3, 2006, it had no intention of performing them, and had already decided to deny the claims.

166.204. The promises were made by BOH with the intent to induce Plaintiff into relying on them and taking no action against the BOH to recover

79

1    the $~~508,000~~508,000.00 in unauthorized debits from Plaintiff's personal

2    checking account.

3        ~~167.~~205. The unauthorized transactions at all times entitled Plaintiff to the

4    full benefits of the claims (Exts A.1 – A.9), but BOH, despite its promises to the

5    contrary, had never at ~~any~~the time the promises were made, intended to abide

6    by the promises; and in fact, consistently refused to do so. BOH's conduct after

7    the promises show BOH had no intent to perform according to the promises,

8    when made~~.~~, on October 3, 2006.

9        ~~168.~~206. Plaintiff, at the time these promises were made; and, at the time

10   Plaintiff reasonably relied on said promises, she forewent taking actions herein

11   alleged. Plaintiff was ignorant of Defendant BOH's secret intention not to

12   perform, and took no rapid action against BOH to recover over $250,000 of her

13   own money, sitting in a criminal's BOH account.

14       ~~169.~~207. Plaintiff Hisamatsu reasonably and justifiably relied on BOH's

15   promises in that BOH employees, including one Chester Dods, responsible for

16   these promises, represented themselves as security experts and former law

17   enforcement agents in close contact with law enforcement agencies. Further,

18   Plaintiff could not, in the exercise of reasonable diligence, have discovered

19   Defendant BOH's secret intention not to perform its promises.

80

170.208. In reliance on the aforesaid promises of Defendant, Plaintiff did not take immediate legal action against Defendant BOH to recover her money. If Plaintiff had known the actual intention of BOH not to investigate the claim and pay the claim after completion of the investigation, and instead create frivolous defenses to payment, she would have not been lulled into trusting the bank to complete an investigation. Further, Plaintiff would not have refrained from taking prompt legal action; particularly to secure over $250,000 of her money in the criminal (Niroula's) BOH account.

171.209. Defendant BOH failed to perform the promised acts; failed to abide by its promises, and instead failed to investigate whether the transactions were authorized under Hawaii Revised Statutes (HRS) §490:4-401. BOH, failing to investigate this issue, failed to abide by its promise to pay the claim. But for these failures, Plaintiff would have taken prompt legal action against defendant BOH. Her reliance on BOH's promise was a substantial factor in directly and proximately causing harm to Plaintiff, all to her damage as aforesaid.

## COUNT TWENTY-TWO

### (Fraud OR Deceit Based On Partial Disclosure And Concealment Of Material Facts Against BOH And Does 30-50)

81

172. Plaintiff realleges and incorporates the foregoing paragraphs.

173. When Defendant intentionally made the foregoing promises to Plaintiff Hisamatsu together with the other representations in the claim forms (Ex A.1, A.4 and A.7) Plaintiff signed on October 3, 2006, in Honolulu, Defendant intentionally failed to disclose important facts that Plaintiff did not know and could not have reasonably discovered. Defendant actively suppressed or concealed facts which materially qualified **BOH** statements in its claim forms; and which were within **BOH**'s exclusive knowledge, unknown to Plaintiff Hisamatsu.

174. Defendant **BOH** had a duty to make full disclosure of material facts because it made relevant disclosures which were partial. Further, **BOH** was bound to disclose facts which were exclusively in its possession. Also, there was a wide inequality in bargaining power, English language ability, and knowledge between **BOH** and Plaintiff.

175. Defendant **BOH** made representations on October 3, 2006, intending to deceive Plaintiff by concealing facts. **BOH** stated the truth so far as it went, but **BOH** knew or believed the statements were materially misleading. Because of **BOH**'s failure to state additional or qualifying matters, Plaintiff reasonably relied on **BOH**'s representations, and her reliance was justified.

176. These facts, suppressed or concealed from Plaintiff in the claim forms (Ex A.1, A.4 and A.7), were likely to mislead Plaintiff for want of communication, and did in fact mislead her. Specifically, the **BOH** forms asserted that payment of the claim was contingent on the **BOH**'s investigation and that Plaintiff was required to

82

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN 18727041872080v1
BN 1874966v1

1    cooperate with the bank. Plaintiff relied on **BOH**'s deception and her reliance was

2    reasonable under the circumstances.

3        177.    **BOH** failed to reveal, and suppressed the material qualifying facts (1)

4    that Plaintiff, as a victim of an unauthorized transaction based on forgery, was not

5    required, as part of "cooperation" to negotiate directly with the perpetrator of the

6    forged endorsement; (2) that failure by the victim to negotiate in this manner would

7    not result in denial or reduction of the claims with the bank for reimbursement, and

8    (3) that **BOH** had already decided to deny the claims.

9        178.    In light of other representations made by **BOH** security employees

10   regarding the forgery perpetrator's willingness to repay Plaintiff, and regarding the

11   forger's possible innocence, the concealed or suppressed facts relating to victim

12   cooperation were highly misleading and material to the half-truths actually disclosed.

13   Plaintiff's reliance on those half truths was justified.

14       179.    The concealed or suppressed facts made the disclosed information on

15   the claim forms fraudulent and misleading. The same were made by Defendant **BOH**

16   with the intent to induce Plaintiff to act in the matter herein alleged in justified

17   reliance thereon. Defendant's concealments were a substantial factor in directly and

18   proximately causing harm to Plaintiff, all to her damage as aforesaid.

19       180.    Plaintiff, at the time of **BOH**'s failures to disclose **BOH**'s concealments

20   and suppression of material facts (and, at the time Plaintiff took actions herein

21   alleged) was ignorant of the existence of the facts Defendant suppressed and failed

22   to disclose. If Plaintiff had been aware of the existence of the facts not disclosed by

83

First Amended Complaint
S.F. Superior Court Case No. CGC 07-466120
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN 18727041872080v1
BN 1874966v1

1    defendant **BOH**, Plaintiff would not have attempted to recover her family's stolen

2    savings directly from the identity thief and forger, defendant **Niroula**, and Plaintiff

3    would have taken immediate action against **BOH** to recover her money including the

4    $257,546.25 sitting in the check forger's **BOH** account.

5          181.    Plaintiff, a homemaker and mother of two from Japan, had no

6    experience or ability to understand that she need not meet with a dangerous criminal

7    who forged her checks, or attempt to negotiate with him. A reasonable person would

8    have attached great importance in determining her choice of action once provided

9    with the concealed facts, which were highly material and qualifying matters.

10                              **COUNT TWENTY-THREE**

11        **(Unfair Or Deceptive Trade Practices In Violation Of HRS §480-1 Et Seq –**

12                          **Against BOH and Does 28-50)**

13
14         182.    Plaintiff realleges and incorporates the foregoing paragraphs.

15         183.    The foregoing activities by defendant **BOH**, a financial institution

16    involved "conduct of any trade or commerce" within the ambit of Hawaii Revised

17    Statutes (HRS) §480 et seq.

18         184.    Plaintiff is a claimant against **BOH** for recovery of losses from

19    unauthorized transactions. She is therefore a consumer under HRS §480-1, and is

20    authorized to bring suit pursuant to HRS §480-13.

21         185.    The foregoing practices by **BOH** were also unfair or deceptive acts or

22    practices, and offended established public policy. The practices were also immoral,

23    unethical, oppressive, unscrupulous or substantially injurious to consumers.

                                                                        84

1    ~~186.    **BOH**'s unfair or deceptive acts directly and proximately caused~~

2    ~~damage to Plaintiff as aforesaid.~~

3    ~~187.    The deceptive acts or practices by **BOH** and Does 28-50, supra all had~~

4    ~~the capacity to deceive Plaintiff; and did in fact cause, as a natural and probable~~

5    ~~result, Plaintiff to do those things she would otherwise not do; for example, negotiate~~

6    ~~with a check forger, thinking **BOH** required her to do so; and to sign **BOH**'s~~

7    ~~"indemnification" form, which she reasonably believed had no effect on her claims~~

8    ~~(Exhibits A.1 – A.9) with **BOH**.~~

9    ~~188.    The forgoing deceptive acts or practices are representations,~~

10   ~~omissions or practices likely to mislead consumers acting reasonably under the~~

11   ~~circumstances, including Plaintiff; particularly, as here, where the representations~~

12   ~~acts or practices are material.~~

13   ### (ALTERNATIVE) COUNT TWENTY-~~FOUR~~**EIGHT**

14   ### (Against BOH and Does 30-50 For Negligent Misrepresentation-

15   ### California And Hawaii Trasactions)

16   ~~189.~~<u>210.</u> Plaintiff realleges and incorporates the foregoing paragraphs.

17   ~~190.~~<u>211.</u> False information was supplied to Plaintiff by BOH, as stated

18   ~~above, of important facts. The concealments which made disclosed facts fraudulent~~

19   ~~were made as a result of the failure to exercise reasonable care or competence in~~

20   ~~communicating the information, and defendants~~<u>in Counts 19, 22 and 26, as</u>

85

1    incorporated by reference. Defendants had no reasonable grounds for believing

2    the representations were true, in these incorporated counts, when made.

3    ~~191.~~212. Plaintiff, as the person for whom the information was supplied,

4    suffered the loss, and defendants intended that Plaintiff rely on the

5    misrepresentations or concealments of important facts.

6    ~~192.~~213. Plaintiff reasonably relied upon the ~~half-truths which were as~~

7    ~~fraudulent as whole lies~~false representations made by Defendant BOH.

8    ~~193.~~214. The false information was a substantial factor in causing harm to

9    Plaintiff, directly and proximately caused damages to Plaintiff as aforesaid, at

10   ¶s 56-58, incorporated herein.

11
12                          **COUNT TWENTY-~~FIVE~~NINE**

13          ~~(Intentional Infliction Of Emotional Distress Against All Defendants)~~

14                **(Conversion Against Defendant BOH and Does 28-35,**

15                       **California And Hawaii Transactions)**

16    ~~194.    Plaintiff realleges and~~215. Plaintiff incorporates and realleges the

17   foregoing paragraphs.

18    ~~195.    Defendants' conduct with respect to the claims (Exs A.1, A.4 and A.7)~~

19   ~~as hereinabove alleged was so extreme as to exceed all bounds of conduct usually~~

20   ~~tolerated in a civilized community.~~

                                                                              86

1     196.     Defendants engaged in conduct intended to inflict injury, or they

2     engaged in the conduct with reckless disregard of the probability that Plaintiff would

3     suffer emotional distress, or with the realization that injury to Plaintiff would result.

4     197.     Defendants' acts were outrageous, and were a substantial factor in

5     causing Plaintiff's severe emotional distress.

6     216.     Between October 24, 2006, and October 29, 2006, in San

7     Francisco, California, Defendant BOH and Does 28-35 intentionally interfered

8     with, and exercised dominion over property owned by Plaintiff, including her

9     bank account, her claims for specific sums to be returned back to her BOH

10    account for $508,000.00; her confidential identity, bank, telephone information,

11    and money; all inconsistent with the ownership of Plaintiff. Defendants

12    actually, intentionally or knowingly interfered with Plaintiff's property.

13    217.     Defendants had an intention or purpose to convert Plaintiff's

14    property and to exercise ownership over it, or to prevent Plaintiff from taking

15    possession of her property.

16    198.     The intentional or reckless extreme and outrageous and outrageous

17    conduct by defendants directly and proximately caused Plaintiff to suffer emotional

18    distress or extreme emotional distress, all to her218. Defendants' interference or

19    exercise of dominion over Plaintiff's property was in defiance of her rights, and

87

1    Plaintiff demanded return of said property, which was refused, proximately and

2    directly causing Plaintiff's injury, damage, loss or harm, as aforesaid.

3        219.    Plaintiff realleges and incorporates the damages allegations at

4    paragraphs 56-58, supra.

## COUNT ~~TWENTY-SIX~~THIRTY

## (Equitable Lien Against Defendants BOH -

## California And Hawaii Transactions, and Does 1-50)

8
9        220.    Plaintiff realleges and incorporates the foregoing paragraphs.

10       221.    Additionally, Defendant BOH owns property which may be

11   reached by Plaintiff Hisamatsu as security, on the ground that Defendant BOH

12   will be unjustly enriched if allowed to retain the money.

13       222.    An equitable lien should be imposed against Defendant BOH in

14   favor of Plaintiff on the proceeds of Plaintiff's money withheld by defendant.

15

## COUNT THIRTY-ONE

## (Constructive Trust Against Defendant BOH and Does 30-50,

## California And Hawaii Transactions)

19       223.    Plaintiff realleges and incorporates the foregoing paragraphs.

88

224. Defendant BOH has money belonging to Plaintiff to which it is not justly entitled.

225. Defendant's duty is to retransfer the money to Plaintiff, who is entitled thereto to possession.

226. Defendant BOH will be unjustly enriched if allowed to keep Plaintiff's money.

227. A constructive trust should be imposed on defendant's money and property, plus accrued interest.

## COUNT THIRTY-TWO

### (Gross Negligence Against Defendant BOH and Does 30-5050, California And Hawaii Transactions)

199.228. Plaintiff realleges and incorporates the foregoing paragraphs.

200.229. Defendants' conduct demonstrated a want of even scant care, or an extreme departure of ordinary standards of conduct. At each turn, beginning with refusal to minimally compare the forged signature with Plaintiff's signature card in a new account, and ending with the void Indemnificationrelease in San Francisco, Defendant BOH and Does 30-50 displayed a reckless disregard, or positive, active, and absolute disregard for the consequences of

89

1    their action; particularly with, as here, a new personal account opened by a

2    foreigner, subjected to extremely large debits.

3
4    ### (ALTERNATIVE) COUNT ~~TWENTY-SEVEN~~THIRTY-THREE

5    **(Negligence Against Defendant BOH and Does 30-~~50~~50,**

6    **California And Hawaii Transactions)**

7
8    ~~201.~~230. Plaintiff realleges and incorporates the foregoing paragraphs.

9    ~~202.~~231. Defendants at all times herein mentioned owed a legal duty of due

10   care, or an obligation recognized by the law requiring them to conform to ~~a~~

11   certain standards of conduct ~~of~~ for the protection of bank customers against

12   unreasonable risks.

13   ~~203.~~232. Defendants failed to conform to the standards of conduct and

14   thereby breached their duty to Plaintiff.

15   ~~204.~~233. The breach by defendants of the duty to conform to the standards

16   of conduct imposed on banks confronted with forged checks and unauthorized

17   transactions, as aforesaid, directly and proximately caused the foregoing injury

18   and damages to Plaintiff.

19   ~~205.~~234. Plaintiff suffered actual loss or damage as a result of defendants'

20   breach of duty, as set out above at ¶s 56-58 incorporated herein.

90

## COUNT ~~TWENTY-EIGHT~~THIRTY-FOUR

### (Negligent Infliction Of Emotional Distress Against
### Defendant BOH and Does 30-~~50~~50, California And Hawaii
### Transactions)

~~206.~~235. Plaintiff realleges and incorporates the foregoing paragraphs.

~~207.~~236. Defendant ~~engaged in~~owed a duty to avoid the negligent conduct and willful violations of statutory standards, as aforesaid, causing substantial financial injury.

~~208.~~237. Defendants' conduct and violations were a cause of serious emotional distress~~,~~, not solely based on financial injury. Specifically, Defendant BOH schemed with a criminal who had stolen Plaintiff's identity and her family's savings to avoid paying Plaintiff's claims for unauthorized transactions. Part of the scheme was to force Plaintiff to negotiate and use self-help with a dangerous criminal to obtain a release, as hereinabove alleged.

~~209.~~238. The injury to Plaintiff's property and peace of mind was directly and proximately caused by defendants' conduct. Plaintiff suffered shock, loss of sleep, mental anguish, depression, embarrassment, fear of further criminal injury, and pain.

91

## COUNT ~~TWENTY-NINE~~THIRTY-FIVE

### (Negligence Per Se Or Negligence Based On Statutory Violations
### Against Defendant BOH and Does 30-~~50~~50,
### California And Hawaii Transactions)

~~210.~~239. Plaintiff realleges and incorporates the foregoing paragraphs.

~~211.~~240. At all times herein, Plaintiff and others so situated were persons for whose protection the ~~foregoing statutes were adopted.~~following statutes were adopted. These statutes are: Cal. U Com Code §4101, Hawaii Revised Statutes §490:4-401(a), Cal.Civ. Code §§1572, 1668, 2773, 3513 and Cal. Penal Code §§470 (forgery), 18 USC §§371 (conspiracy), §1343 (wire fraud), §1344 (bank fraud), and §1956(a)(2)(A) (money laundering).

~~212.~~241. Defendant failed to exercise due care by violating the foregoing statutes of public entities; or, by failure to conform to the standard of care required in handling claims for unauthorized transactions based on forgery, and bank fraud as more particularly alleged in counts 8, 20, 21 incorporated herein.

~~213.~~242. Plaintiff's injury, or actual loss or damage, as aforesaid, directly and proximately resulted from occurrences of the nature which said statutes or regulations were designed to avoid, and violation of the ~~statute~~statutes caused injury to Plaintiff, as aforesaid.

92

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

~~COUNT TWENTY-TEN~~

~~(Breach Of Fiduciary Or Quasi Fiduciary Duty- Against Defendant BOH and~~
~~Does 30-50)~~

~~214.    Plaintiff realleges and incorporates the foregoing paragraphs.~~

~~215.    Defendants had fiduciary, or quasi-fiduciary duties to Plaintiff, since the~~
~~relationship — compounded by Plaintiff's claims for reimbursement — is characterized~~
~~by public interest, and adhesion created by the special relationship.~~

~~216.    Depositors, including Plaintiff reasonably expect a bank not to claim~~
~~nonexistent legal defenses to avoid reimbursement when **BOH** debited $508,000.00~~
~~in three forged checks on Plaintiff's personal checking account only 32 days old at~~
~~the time of the last forged check.~~

~~217.    **BOH** and Does 30-50 failed to act as a reasonably careful bank,~~
~~(entrusted with Plaintiff's funds and with a claim for reimbursement) would have~~
~~acted in the same or similar circumstances.~~

~~218.    Defendants conduct was a substantial factor in causing Plaintiff's~~
~~harm, directly and proximately causing her damages as aforesaid.~~

**WHEREFORE, Plaintiff prays for relief and demands as follows:**

1.    General, special and punitive damages in favor of Plaintiff, according to

proof; on <u>some, but not all</u> counts ~~10, 19, 25, and 28 (personal injury);~~

2.    Declaratory relief, ~~(count 15);~~<u>24.</u>

93

3.   Injunctive relief (count 8 ¶97);

4.   That $508,000.00 withheld by Defendant Bank Of Hawaii (BOH) to be paid by BOH to Plaintiff, plus interest and general damages of $2,500.000.00, with punitive damages, according to proof, on all some, but not all counts 10, 19, 25 and 28;

5.   That judgment be entered against Defendant Kaushal Niroula for $890,000.00 plus general damages of $2,500.000.00 and punitive damages according to proof, on all some, but not all counts 10, 19, 25 and 28;

6.   Restitution (Count 8) (cumulative);on some, but not all counts.

7.   Equitable liens should be imposed (on specified counts 6, 9 and 18);

8.   Costs of suit and other expenses;

9.   For such other and further relief as the Court deems just.


Dated:    Honolulu, Hawaii, August 17, 2007.  April 9, 2008.



                                   /s/ Stephen M. Shaw
                                   Stephen M. Shaw, Esq.
                                   Attorney For Plaintiff
                                   MEGUMI HISAMATSU

94

P.O. Box 2353
Honolulu, Hawaii  96804
Telephone:  (808) 521-0800
Facsimile:   (808) 531-2129
Email: shawy001@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all causes of action in this suit.

DATED:  Honolulu, Hawaii, ~~August 17, 2007.~~April 9, 2008.


_____
  /s/ Stephen M. Shaw
Stephen M. Shaw, Esq.
Attorney For Plaintiff
MEGUMI HISAMATSU

P.O. Box 2353
Honolulu, Hawaii  96804
Telephone:  (808) 521-0800
Facsimile:   (808) 531-2129
Email: shawy001@gmail.com

95

~~First Amended Complaint~~
~~S.F. Superior Court Case No. CGC 07-466120~~
SECOND AMENDED COMPLAINT - **CASE NO. 3:07-cv-04371-JSW**

BN ~~1872704~~1872080v1
BN 1874966v1

Document comparison by Workshare Professional on Wednesday, April 09, 2008 6:04:27 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://SFDMS/BN/1872704/1 |
| Description | #1872704v1<BN> - Hisamatsu-Plaintiff's First Amended Complaint |
| Document 2 ID | interwovenSite://SFDMS/BN/1872080/1 |
| Description | #1872080v1<BN> - Hisamatsu Second Amended Complaint-4/8/08 |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 506 |
| Deletions | 412 |
| Moved from | 47 |
| Moved to | 47 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 1012 |