1  STEPHEN M. SHAW, SB  107625
2  P.O. Box 2353
3  Honolulu, Hawaii  96804
4  Telephone:   (808) 521-0800
5  Facsimile:   (808) 531-2129
6  Email: shawy001@gmail.com
7
8
9  Attorney for Plaintiff
10  MEGUMI HISAMATSU
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                -SAN FRANCISCO DIVISION

15

16  MEGUMI HISAMATSU,              )    CASE NO:    3:07-cv-04371-JSW
17                                 )
18                  Plaintiff,     )    PLAINTIFF MEGUMI HISAMATSU'S
19       vs.                       )    MOTION FOR SUMMARY
20                                 )    JUDGMENT AND FRCP 56(d)
21  KAUSHAL NIROULA;               )    DETERMINATION
22  BANK OF HAWAII,                )
23  A Corporation; DOES 1-60;      )
24                                 )    Hearing Date:        9-19-08
25                  Defendants.  )    Hearing Time:        9:00 a.m.
26                                 )    Judge: Honorable Jeffrey S. White
27                                 )    Courtroom:    2, 17th floor
28  _____)
29

30

31

32

33

34

35

36

                                                                        0
_____
PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1

**TABLE OF CONTENTS**

2

**PAGE**

3    TABLE OF AUTHORITIES ............................................................. i-vi

4    POINTS AND AUTHORITIES IN SUPPORT OF MOTION

5    I.    SUMMARY OF ARGUMENT

6    II.    STATEMENT OF ISSUES TO BE DECIDED ................................. 1

7    III.    STATEMENT OF RELEVANT FACTS .......................................... 1

8    IV.    ARGUMENT ........................................................................ 2-23

9            A.    Summary Judgment Must Be Granted ......................... 2-6

10                    1.    Standards ............................................. 2-3

11                    2.    Choice Of Law .......................................3-4

12                    3.    Summary Judgment Should Be Granted On
13                          Undisputed Material Facts Even When There
14                          Are Disputes Over Facts Immaterial To The
15                          Counts In Issue ..................................... 4-6
16
17            B.    Summary Judgment Should Be Granted On
18                  Declaratory Relief Count (24) ..................................... 7-19
19
20                    1.    Introduction .. .......................................7

21                    2.    The IOL Lacks Mutual Assent Or Plaintiff's
22                          Consent ................................................ 8-10
23
24                    3.    No Ratification When Plaintiff Acted Only To
25                          Minimize Losses Caused By Forger's
26                          Wrongful Act ............ .............................10-14
27
28                    4.    The IOL Is Unconscionable And Adhesive ....14-16

29                    5.    A Construction Of The Withdrawal Clause
30                          As A Ratification Would Make The Agreement
31                          Uncertain, Ambiguous And Invalid .............16-19
32
33

i

**TABLE OF CONTENTS**

**PAGE**

C.   Summary Judgment/Adjudication On The IOL
     Indemnity Clause Because It Is Void ...........................19-21

D.   Alternatively, Summary Judgment/adjudication On
     Withdrawal Clause Should Be Granted On Rescission
     Counts 9, 10, 12, 13, 16, 17 And/Or 18 ....................... 21-22

E.   Alternatively, Summary Judgment/Adjudication On
     Indemnity Clause Should Be Granted On Rescission
     Counts 9, 10, 12, 14, 15, 16, 17 And/Or 18 ................... 22

F.   Alternatively, Summary Judgment/Adjudication
     Should Be Granted On Count 8 (Pg 28) Of The
     SAC (Cal.Bus. & Prof Code §17200 et seq) ............... 2 2-23

CONCLUSION  ................................................................................  23

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

<u>Anderson v. Liberty Lobby, Inc</u>,
     477 U.S. 242, 251, 106 S.Ct. 2505 2512 (1986) ........................ 2, 16, 22

<u>Armendariz v. Foundation Health Psychane (etc)</u>
     (2000) 24 Cal.4th 83, 113, 99 Cal.Rptr.2d 745................................... 15

<u>Bank of Cal. V. Opie</u>, 663 F.2d 977, 980 (9th Cir. 1981) ................................ 2

<u>Baker Pacific Corp. v. Suttles etc.</u>,
     (1990) 220 Cal.App.3d 1148, 1152, 269 Cal.Rptr.709, 711................... 7

<u>Cal-Teon Communications Inc v. Los Aneles Cellular etc</u>
     (1999) 20 Cal.4th 168, 187 n12, 83 Cal.Rptr.2d 548,
     565 n12, 973 P.2d 527, 541 n12................................................... 23

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 323-24, 106 S.Ct. 2548 (1986)............. 2

<u>City Lincoln-Mercury Co. v. Lindsay</u>
     (1959) 52 Cal.2d 267, 273, 339 P.2d 851 855 ................................ 11

ii

**TABLE OF AUTHORITIES**

**PAGE**

<u>**Cases**</u>

<u>City of Santa Barbara v. Superior Court</u>
    (2007) 41 Cal.4[th] 747, 757-8, 62 Cal.Rptr.3d 527, 161 P.3d 1095....... 20

<u>Cohen v. Five Brooks stable</u>
    (2008) 159 Cal.App.4[th] 1476, 72 Cal.Rptr.471.............................. 11, 16

<u>Commander Door Inc. v. Dunsmuir Lumber Co.</u>,
    197 F.2d 513 518 n.3 (9th Cir. 1952)............................................. 4

<u>Commodity Futures etc v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979).......... 2

<u>Cumis Ins. Soc. v. Girard Bank</u>,
    522 F.Supp. 414, 422 (E.D. Pa 1981)........................................ 20

<u>Discover Bank v. Superior Court</u>
    (2005) 36 Cal.4[th] 148, 161 30 Cal.Rptr.3d 76,
    85, 113 P.3d 1100, 1109.......................................................... 14

<u>Estate of Tucker v. Kenner</u>, 515 F.3d 1019, 1029 (9th Cir. 2008) ................. 2

<u>Est. of Stephens v. Williams</u>
    (2002) 28 Cal.4[th] 665, 673, 122 Cal.Rptr.2d 358, 363................... 12, 18

<u>Gentry v. Superior Court</u>
    (2007) 42 Cal.4[th] 443, 470, 64 Cal.Rptr.3d 773,
    792 165 P.3d 556, 572............................................................. 14

<u>Gordon v. Stephenson</u>,
    166 B.R.154, 157 (Bankr. S.Cal 1994) ..................................... 13, 16

<u>Golden v. Zwickler</u>,
    394 U.S. 103, 108, 89 S.Ct 956 (1969)...................................... 7

<u>Gruen Watch Co. v. Artists Alliance Inc.</u>,
    191 F.2d 700 703 (9th Cir. 1951) ............................................... 3

<u>Hardy v. Musicraft Records, Inc</u>,
    (1949) 93 Cal.App.2d 698, 701, 209 P.2d 839 ............................. 3

<u>Hawley v. Orange County Fllod Control Dist</u>
    (1963) 211 Cal.App.2d 708, 713, 27 Cal.Rptr. 475, 481 ............... 11, 16

iii

# TABLE OF AUTHORITIES

**PAGE**

## Cases

Hiroshima v. Bank of Italy
        (1926) 78 Cal.App.362 376-7, 248 P.947 952-3 ……………………… 20

John Paul Lumber etc v. Agnew
        (1954) 125 Cal.App.2d 613, 622, 270 P.2d 1044, 1050……………… 12

Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)…………………………… 2

Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988)…………………… 3

Klussman v. Cross Country Bank,
        (2005) 134 Cal.App.4[th] 1283, 1299, 36 Cal.Rptr.3d 728, 740……… ..3, 15

Kurger v. Wells Fargo Bank
        (1974) 11 Cal.3d 352, 364, 113 Cal.Rptr.449, 521 P.2d 441 ………… 20

Linear Technology Corp. v. Applied Materials Inc
        (2007) 152 Cal.App.4[th] 115, 135 n9 61 Cal.Rptr.3d 221, 237 n.9……… 22

McQuirk v. Donnelley,
        189 F.3d 793, 796-7 (9th Cir. 1999)…………………………………… 21

McWilliams v. Hopkins,
        11 F.2d 793, 792 (D.C.S.D.Cal. 1926)…………………………………7, 8

Milovich v. Los Angeles
        (1941) 42 Cal.App.2d 364, 374, 108 P.2d 960, 965 …………………… 16

Nidds v. Schindler etc, 113 F.3d 912, 916 (9th Cir. 1996)………………………2, 16

People v. Surety Inc.
        (1982) 136 Cal.App.3d 556 564, 186 Cal.Rptr.385, 390…………….. 11, 12

PG&E v. Thomas Drayage etc
        (1968) 69 Cal.2d 33, 38, 69 Cal.Rptr 561, 442 P.2d 641……………… 18

Queen Villas HOA v. TCB Property Mgmt.
        (2007) 149 Cal.App.4[th] 1, 7, 56 Cal.Rptr.3d 528, 532………………… 19, 21

Rakestraw v. Rodriquez
        (1972) 8 Cal.3d 67, 73, 104 Cal.Rptr.57, 61,
        500 P.2d 1401, 1405 . …………………………………………11, 12-13,16

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46

**TABLE OF AUTHORITIES**

**PAGE**

<u>Cases</u>

Ritzenhaler v. Fireside Thrift Co.
    (2001) 93 Cal.App.4th 986, 991, 113 Cal.Rptr.2d 579, 583……………. 8

Shomaker v. Peterson
    (1930) 103 Cal.App.558, 569, 285 P.342 ………………………… 11, 13, 16

Skrbina v. Fleming Companies Inc
    (1996) 45 Cal.App.4th 1353, 1359, 1367, 53 Cal.Rptr.2d 481………… 9

Sterling v. Taylor
    (2007) 40 Cal.4th 757, 772, 55 Cal.Rptr.3d
    116, 128, 152 P.3d 420, 429……………………………………………….. 17

Talbot v. Gadia
    (1954) 123 Cal.App.2d 712, 719, 267 P.2d 436, 441………………… viii, 3

Thermo Contractor Corp. v. Bank of NJ,
    69 N.J.352, 354 A.2d 291 (N.J. 1976) …………………………… 14

T.M. Cobb Co. v. Superior Court
    (1984) 36 Cal.3d 273, 282, 682 P.2d 338, 343………………………… 9

Van't Rood v. County of Santa Clara
    (2003) 113 Cal.App.4th 549, 571, 6 Cal.Rptr. 746, 764………….. viii , 12, 16

Vavco-Pruden Inc. v. Hampshire Constr. Co.
    (1975) 50 Cal.App.3d 654, 660, 123 Cal.Rptr.608, 611……………… viii, 19

Waverly Productions Inc v. Rko etc
    (1963) 217 Cal.App.2d 721, 730, 32 Cal.Rptr.73, 77………………… 9-10

Weddington Productions Inc. v. Flick
    (1998) 60 Cal.App.4th 793, 811, 71 Cal.Rptr.2d 265…………………. 8, 17

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1
2                             **TABLE OF AUTHORITIES**
3                                                          **PAGE**
4
5                                **<u>Rules, Statutes</u>**
6
7
8

9    Cal.Civ.Code §2310............................................................................ 10

10    Cal.Civ.Code §1565 ...........................................................................10

11    Cal.Civ.Code §1580............................................................................ 10

12    Cal.Civ.Code §1598............................................................................ 17

13    Cal.Civ.Code §1636............................................................................ 8

14    Cal.Civ.Code §1646............................................................................4

15    Cal.Civ.Code §1668 .............................................................. viii, 20, 21, 22

16    Cal.Civ.Code §2314............................................................................ 21, 22

17

18    Cal.U Com Code §3403 ............................................ 10, 11, 12, 18, 19, 21, 22

19    Cal.U Com Code §3403(a) ............................................................. 10, 11-12

20    Cal.U Com Code §4401 ......................................................................23

21

22    Cal.Bus & Prof. Code §17200 ............................................................ 22, 23

23

24    FRCP 56(d) .................................................................... .............1, 4

25
26
27
28
29
30

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

**PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY
JUDGMENT AND FRCP 56(d) DETERMINATION**

NOTICE IS HEREBY GIVEN that the above-entitled Motion shall come on for hearing before the Honorable Jeffrey S. White, Judge of the above-entitled Court, at the United States District Court, Northern District of California, Courtroom 2, 17th floor, 450 Golden Gate Avenue San Francisco, CA 94102, on **September 19, 2008**, at **9:00 a.m**. or as soon thereafter as counsel can be heard.

Plaintiff moves for summary judgment on the following counts of the Second Amended Complaint (SAC): 8-12; 13-18 and 24. Plaintiff also moves for an FRCP 56(d) determination that certain facts are treated as established.

The basis of the motion is that a form prepared by defendant Bank of Hawaii (BOH) is invalid on either ratification or release/exculpation grounds.

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

## I.    SUMMARY OF ARGUMENT

After forgeries were debited against Plaintiff's new Bank of Hawaii (BOH) checking account, BOH refused to reimburse Plaintiff. After waiting nearly seventeen (17) days, Plaintiff went to San Francisco to try to retrieve her money from the forger. This individual was willing to repay Plaintiff but demanded that BOH unfreeze his account, and that Plaintiff call BOH for that purpose.

BOH said, during this call on October 24, 2006, it would release the hold if Plaintiff provided written authorization. BOH faxed a form for this purpose. The form has now been conscripted to be much more than its express statements. BOH asserts the form captioned, "Indemnification Of Liability" (IOL), means Plaintiff ratified or authorized the forger's signatures; and, that the IOL releases BOH from liability to Plaintiff for acts by BOH occurring after the form was signed.

Ratification and exculpation are akin to waiver. Since both theories by BOH are resulting in a forfeiture, the amount of evidence BOH must have is equivalent to that required to prove a forfeiture. Talbot v. Gadia (1954) 123 Cal.App.2d 712, 719, 267 P.2d 436, 441. Also, "where the equal dignities rules applies, it requires formal, written ratification." Van't Rood v. County of Santa Clara (2003) 113 Cal.App.4th 549, 571, 6 Cal.Rptr. 746, 764. Emphasis added. The indemnification clause is void. Cal.Civ.Code §1668; Vavco-Pruden Inc. v. Hampshire Constr. Co. (1975) 50 Cal.App.3d 654, 660, 123 Cal.Rptr.608, 611.

1    **II.    STATEMENT OF ISSUES TO BE DECIDED**

2

3    **A**. Whether BOH's Indemnification Of Liability (IOL) is valid as a ratification of

4    Kaushal Niroula's forgeries?

5    **B.**    Whether BOH's IOL is valid as a release or exculpatory agreement,

6    barring claims by Plaintiff against BOH?

7    **C.**    Whether summary judgment and a FRCP 56(d) determination can be

8    granted?

9

10    **III.    STATEMENT OF RELEVANT FACTS**

11    Within 60 days after BOH debited $508,000 from Plaintiff's new personal

12    checking account. Plaintiff swore out three affidavits for reimbursement from BOH.

13    She averred in each, at ¶8: "Forged signature. The item is a forgery and was not

14    signed by me or any authorized signer on the Account." See attached Declaration of

15    Megumi Hisamatsu ("Decl Movant") at Exhibits A.2, A.5 and A.8.

16    In the same affidavits on October 3, 2006, Plaintiff attested "10. I have not

17    subsequently ratified or approved the payment of the Item." Exhibits A.3, A.6 and

18    A.9. There were three claims ($8,000, $95,000 and $405,000) and the bank did not

19    reimburse Plaintiff for any of them.

20    On October 20, 2006, Plaintiff went to San Francisco because the forger

21    (defendant Kaushal Niroula) conditioned his offer on Plaintiff's agreement to the

22    release of the bank's holds on his BOH account. On October 24, 2006 (a Tuesday)

23    Plaintiff called BOH about the frozen account.

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

IV.    **ARGUMENT**

    A.    **Summary Judgment Must Be Granted**

        1.    <u>**Standards**</u>

        In a diversity case, Federal rather than California procedural rules apply. <u>Estate of Tucker v. Kenner</u>, 515 F.3d 1019, 1029 (9th Cir. 2008); likewise, substantive summary judgment issues are determined by state law. <u>Bank of Cal. V. Opie</u>, 663 F.2d 977, 980 (9th Cir. 1981).

        The principal purpose of summary judgment procedure is to require the nonmoving party to identify any genuine evidence that precludes summary judgment. <u>Keenan v. Allan</u>, 91 F.3d 1275, 1279 (9th Cir. 1996). Without this showing by the nonmoving party, the Movant is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 323-24, 106 S.Ct. 2548 (1986). There "must be evidence on which the jury could reasonably find for the [nonmoving party]" <u>Anderson v. Liberty Lobby, Inc</u>, 477 U.S. 242, 251, 106 S.Ct. 2505 2512 (1986).

        The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. <u>Celotex</u>, 477 U.S. at 325. The opposing party may not defeat summary judgment in the absence of any significant probative evidence tending to support its legal theory. <u>Commodity Futures etc v. Savage</u>, 611 F.2d 270, 282 (9th Cir. 1979). If the opponent's "evidence is merely colorable, or is not significantly probative, summary judgment may be granted". <u>Nidds v. Schindler etc</u>, 113 F.3d 912, 916 (9th Cir. 1996).

        The substantive law will identify which facts are material. <u>Id</u>. For the counts involved in this motion, the defendants cannot elicit material evidence through

1   further discovery. <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 412 (9th Cir. 1988). There is

2   thus no genuine issue of material fact and Plaintiff is entitled to judgment as a matter

3   of law. <u>Id</u>.

4         The amount of evidence BOH must demonstrate is "much greater than that

5   required to establish a waiver". <u>Talbot v. Gadia</u>, <u>supra</u>, 123 Cal.App.2d at 719. Since

6   BOH's Indemnification of Liability (IOL) form would result in a forfeiture, <u>Talbot's</u>

7   heightened proof requirement applies to both assertions of ratification and release.

8   Ex B.

9

10        **2.    <u>Choice Of Law</u>**

11        California law applies to the Indemnity of liability (IOL) Agreement. Exhibit

12   (Ex) B. <u>See</u> this Court's Order Granting In Part And Denying In Part Motion To

13   Dismiss Or For More Definite Statement, page 7 ¶1 (filed 1-10-08). BOH prepared

14   the IOL in Hawaii. The IOL was faxed to San Francisco on or about October 24,

15   2006, where it was signed. <u>Hardy v. Musicraft Records, Inc</u>, (1949) 93 Cal.App.2d

16   698, 701, 209 P.2d 839 (court held that offer sent from New York, received and

17   accepted in California, was made in California). The last act necessary to give the

18   IOL binding effect occurred in San Francisco. <u>Klussman v. Cross Country Bank</u>,

19   (2005) 134 Cal.App.4th 1283, 1299, 36 Cal.Rptr.3d 728, 740.

20        When the contract was made in California and was to be executed there in

21   large part, California law governs. <u>Gruen Watch Co. v. Artists Alliance Inc.</u>, 191 F.2d

22   700 703 (9th Cir. 1951). The same is true when acceptance took place in California.

<u>Commander Door Inc. v. Dunsmuir Lumber Co</u>., 197 F.2d 513 518 n.3 (9th Cir. 1952). <u>See</u> <u>also</u> Cal.Civ.Code §1646.

**3.**    **Summary Judgment Should Be Granted On Undisputed Material Facts Even When There Are Disputes Over Facts Immaterial To The Counts In Issue**

As the attached declaration and concessions show, there is no genuine dispute over the following material facts for purposes of summary judgment on counts 8-12, 13-18 and 24 of the Second Amended Complaint (SAC), and for a FRCP 56(d) determination on the remaining counts:

1.    Plaintiff was the only authorized signatory on a Bank of Hawaii (BOH) consumer account, opened on or about August 16, 2006. Declaration of Megumi Hisamatsu ("Decl Movant") ¶1.

2.    About eight (8) days from opening the account, BOH began debiting Plaintiff's account for large sums written on temporary checks issued by BOH. These checks were forged by Kaushal Niroula (Niroula). Decl Movant ¶s 3, 4.

3.    On October 3, 2006, several days after discovering the forgeries, Plaintiff swore out three BOH claim affidavits for reimbursement of the debits. These occurred from forged items, on or about August 24, 2006 ($8,000), August 28, 2006 ($95,000), and September 18, 2006 ($405,000). Decl Movant ¶s 4, 14, 16; Exhibits to Decl Movant A.2, A.5 and A.8.

4.    In the 10/3/06 BOH claim forms attached to Plaintiff's three affidavits, BOH and Plaintiff agreed, in material parts:

**A.** "(T)he Bank will investigate your claim." Decl. Movant, ¶4, 14, 16; paragraph 2 of Exhibits A.1, A.4 and A.7.

**B.** Plaintiff agreed "to <u>fully</u> <u>cooperate</u> with the Bank and law enforcement agencies." <u>Id</u> at paragraph 3.

**C.** Plaintiff agreed to cooperate in "<u>other civil or criminal proceedings or trial</u> relating to the claim on your Affidavit ". <u>Id</u>. Emphasis added.

**D.** Each "claim on your Affidavit" was agreed by Plaintiff <u>and</u> BOH to be based on a "forged signature". Decl Movant ¶4, Exhibits A.2 no.8, A.5 no.8 and A.8 no.8.

**E.** Plaintiff averred: "I have not subsequently <u>ratified</u> or <u>approved</u> payment on the Item." Decl Movant, Exhibits A.3, A.6 and A.9 ¶s 10. Emphasis added.

5. From October 3, 2004 to the present, BOH did not pay, <u>or</u> offer to pay any of Plaintiff's forgery claims. Decl Movant ¶s 5, 7.

6. About two weeks from October 3, 2006, Mr. Niroula offered to repay the money he stole through forgery, plus an additional amount as an apology. This transaction, according to Niroula, whould have to take place in San Francisco. Decl Movant ¶s5-7.

7. On October 20, 2006, Plaintiff went to San Francisco to try to retrieve her money from Mr. Niroula. Decl. Movant ¶s7-10.

8. Plaintiff called BOH on October 24, 2006, as a result of her attempts to retrieve her money from Mr. Niroula. The parties' dispute over the remainder of this conversation is immaterial to this motion. It is undisputed that BOH wanted a signed

5

"authorization" from Plaintiff <u>before</u> it would release the hold on Niroula's account, or release the funds in the account. Decl Movant ¶s8-10.

9.    BOH had a form for Plaintiff's authorization faxed to an individual in Honolulu to, in turn, fax to Plaintiff in San Francisco. Decl Movant ¶ 10, Exhibit B.

10.    Nowhere on the form (Exhibit B) did BOH reference, or ask Plaintiff to modify or retract her averment no.10 in her affidavits, sworn to on October 3, 2006. This paragraph stated "10. I have not subsequently ratified or approved payment of the Item." Decl Movant ¶s 4, 11-14, Exhibit A.3, A.6 and A.9.

11.    During the first week of November 2006, Plaintiff called BOH and notified BOH that Mr. Niroula had not kept his end of the bargain to pay $890,000. The dispute over the remaining parts of this conversation is immaterial to this motion on the subject counts.

12.    BOH's authorization, later identified by BOH's assistant Vice President as "a blanket Indemnification of Liability form" states in material part:

"I, Megumi Hisamatsu … wish to withdraw my forgery dispute regarding the following checks..."

"… also agree that … ($257,546.25) held in suspense... belonging to Kaushal Niroula, as a result of the forgery dispute shall be released to Kaushal Niroula, upon signing this agreement".

"... agree to indemnify and hold harmless the Bank of Hawaii … against … all... damages... resulting from or related to claims... arising out of the Bank... having paid the funds to Kaushal Niroula at Megumi Hisamatsu's request." Decl. Movant ¶s 10-14; Exhibit B.

**B.    Summary Judgment Should Be Granted On Declaratory Relief Count (24)**

**1.    Introduction**

Federal courts have jurisdiction over claims for declaratory relief where there is diversity of citizenship and the requisite jurisdictional amount is involved. McWilliams v. Hopkins, 11 F.2d 793, 792 (D.C.S.D.Cal. 1926). Declaratory relief is proper to determine whether a release is void as against public policy, or otherwise. Baker Pacific Corp. v. Suttles etc., (1990) 220 Cal.App.3d 1148, 1152, 269 Cal.Rptr.709, 711.

Count 24 (page 54 of the SAC) puts BOH on notice, for purposes of declaratory judgment, that the Indemnification of Liability (IOL) "remains null and void, and has no future prospective effect on BOH's duty to pay Plaintiff's claims, totaling $508,000, plus interest". SAC page 54. This count incorporates previous allegations, including ¶s 30-46 and ¶s 80-95 of the SAC, as well as the IOL itself, at Exhibit B to the SAC.

Assuming the Declaratory Judgment Act (DJA) applies to this diversity case, Plaintiff presents an actual case or controversy. The declaration shows that the parties have present adverse interests in an agreement prepared by BOH and signed by Plaintiff in San Francisco. An actual case or controversy exists between BOH and Plaintiff in that "there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment." Golden v. Zwickler, 394 U.S. 103, 108, 89 S.Ct 956 (1969).

1          **2.**     __The IOL Lacks Mutual Assent Or Plaintiff's Consent__

2

3          BOH asserts that ¶1 of the IOL (Exhibit B to Decl Movant) is a ratification of

4     three forged signatures. The indemnity clause at Exhibit B, ¶(last),  is apparently

5     assumed by BOH to act as a release. Since diversity exists and the requisite

6     jurisdictional amount is involved, this Court has jurisdiction to decide relevant issues

7     raised by California statutes and to render declaratory judgment (<u>McWilliams</u>, <u>supra</u>,

8     11 F.2d at 795), invalidating the IOL (Ex B).

9          The existence of mutual assent is determined by objective, rather than

10    subjective criteria; that is, what the outward manifestations of consent would lead a

11    reasonable person to believe. <u>Weddington Productions Inc. v. Flick</u> (1998) 60

12    Cal.App.4th 793, 811, 71 Cal.Rptr.2d 265. The IOL was faxed to Plaintiff shortly after

13    the form was selected by BOH. Decl Movant ¶10. The face of the document is not

14    reasonably susceptible to the interpretations contended by BOH, and any extrinsic

15    evidence that BOH could propose would be irrelevant. <u>Ritzenhaler v. Fireside Thrift</u>

16    <u>Co.</u> (2001) 93 Cal.App.4th 986, 991, 113 Cal.Rptr.2d 579, 583.

17         The undisclosed intention by BOH that the IOL's first paragraph was a

18    ratification, and the last paragraph was a release, is not reasonably supported by the

19    IOL (exhibit B), or paragraph 10 of Plaintiff's claims Affidavits, at Exhibits A.3, A.6

20    and A.9. It is the mutual intention of the parties at the time of contracting which is

21    dispositive. Cal.Civ.Code §1636. The Plaintiff's Declaration  shows that there are no

22    outward manifestations which would lead a reasonable person to believe that, at the

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1    time the IOL (exhibit B) was signed, either party intended the IOL to be a ratification

2    of forged signatures or release between BOH and Plaintiff.

3         The undisputed acts of the parties are: Plaintiff was in San Francisco and was

4    trying to get her money back from a check forger. The forger was willing to repay

5    Plaintiff and coerced her into requesting that BOH unfreeze Niroula's BOH account,

6    as part of the transaction. Decl Movant ¶8. BOH agreed with Plaintiff to remove the

7    hold only if Plaintiff first signed an authorization, faxed to San Francisco. Decl

8    Movant ¶s 4, 8-14.

9         Plaintiff received the form by fax and signed it before notary in San Francisco.

10   She faxed it back to Honolulu. Decl Movant ¶10. Outward manifestations of mutual

11   consent are determined by the acts of the parties. T.M. Cobb Co. v. Superior Court

12   (1984) 36 Cal.3d 273, 282, 682 P.2d 338, 343. Here, as in T.M. Cobb Co., there are

13   matters, urged by one party (BOH), which both had never agreed to. BOH's

14   assertions of ratification and/or release are not supported by the law, by acts of the

15   parties, or by the language of the IOL (Ex B). Compare the IOL here with the

16   language upheld in Skrbina v. Fleming Companies Inc (1996) 45 Cal.App.4[th] 1353,

17   1359, 1367, 53 Cal.Rptr.2d 481 (release upheld: "…I hereby completely release and

18   discharge..."). Id 1359. Further, the IOL (exhibit B) at no time referenced or

19   incorporated the ratification/authorization terms in Plaintiff's October 3, 2006 claim

20   affidavits. See paragraph 10 of Exhibits A.3, A.6 and A.9.

21        A genuine issue of material fact cannot be created by BOH to substitute for

22   meanings other than those expressed by the terms in its own forms. Exhibits A and

23   B. Waverly Productions Inc v. Rko etc (1963) 217 Cal.App.2d 721, 730, 32

9

Cal.Rptr.73, 77. The objective manifestations, and the IOL's language are that Plaintiff signed a form to withdraw a forgery dispute and to indemnify/hold harmless the bank from third-party claims over future acts, and nothing more.

Express statements of ratification or authorization <u>were</u> placed by BOH in the claim forms at Exhibits A.3, A.6 and A.9 in the ¶10. No such terms were included by BOH in exhibit B to obtain Plaintiff's consent to withdraw or modify the sworn statements in the claims. Official Comment 3 to Cal.U Com Code §3403 provides: "Ratification is a retroactive adoption of the unauthorized signature by the person whose name is signed and <u>may be</u> found from conduct as well as <u>express statements.</u>" Emphasis added.

### 3.     No Ratification When Plaintiff Acted Only To Minimize Losses Caused By Forger's Wrongful Act

BOH's sole support for the theory that the IOL ratified a forgery is founded on mere speculation. BOH contends that Plaintiff's agreement to the IOL somehow amounted to a ratification under Cal.U.Com Code §3403(a) (of three forged signatures). Plaintiff, on the other hand, contends that the IOL is invalid as a ratification because none of the language can be reasonably susceptible to that meaning; and, due to the lack of express terms relating to ratification, the parties did not agree on the same thing in the same sense. Cal.Civ.Code §1580. There was no mutual assent on the unexpressed ratification terms. Cal.Civ.Code §1565. Since the forged items BOH refuses to reimburse, and the claims documents were in writing, ratification must also be in writing. Cal.Civ.Code §2310. Written terms of ratification

10

1    in the IOL were required, as a matter of law, to be "express[ed] statements". Cal U

2    Com Code §3403, Official Comment 2.

3        The lack of express statements that Plaintiff, by withdrawing a dispute, was

4    adopting as her own a forger's signature creates uncertainty. The result is that any

5    uncertainty is construed strongly against BOH (who drafted the IOL). <u>Cohen v. Five</u>

6    <u>Brooks stable</u> (2008) 159 Cal.App.4th 1476, 72 Cal.Rptr.471.

7        The reasons for express statements of ratification is to avoid forfeiture of valid

8    claims due to uncertainty which result if, as BOH argues, ratification is implied. <u>City</u>

9    <u>Lincoln-Mercury Co. v. Lindsay</u> (1959) 52 Cal.2d 267, 273, 339 P.2d 851 855

10   (express statement of time price differential and contract balance required to ensure

11   "<u>buyer … is aware</u> of the additional expense …"). Emphasis added.

12       The IOL "withdrawal" clause must be strictly construed against BOH because

13   it has the effect of imposing a forfeiture of claims for reimbursement; and, a contract

14   is not to be construed to be a ratification, or to allow a forfeiture <u>unless</u> <u>no</u> <u>other</u>

15   <u>interpretation</u> is reasonable. <u>Rakestraw v. Rodriquez</u> (1972) 8 Cal.3d 67, 73, 104

16   Cal.Rptr.57, 61, 500 P.2d 1401, 1405; <u>Shomaker v. Peterson</u> (1930) 103

17   Cal.App.558, 569, 285 P.342; <u>Hawley v. Orange County Fllod Control Dist</u> (1963)

18   211 Cal.App.2d 708, 713, 27 Cal.Rptr. 475, 481; <u>People v. Surety Inc</u>. (1982) 136

19   Cal.App.3d 556 564, 186 Cal.Rptr.385, 390. Certainly, to enforce the IOL (Ex B)

20   would be unconscionable.

21       While BOH's subjective intentions are that the IOL is a ratification of three

22   forged signatures, the permissible, outward manifestations show absolutely no

23   consent by Plaintiff of to ratify. BOH's ratification theory is based on Cal. U Com

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1    code §3403(a) which provides in part "an unauthorized signature may be ratified for

2    all purposes of this division".

3    　　　　The Official Comment 3 to §3403 adds that "ratification is governed by the

4    rules and principles applicable to <u>ratification of authorized acts of an agent</u>".

5    Emphasis added. These rules limit the objective manifestations of consent in the IOL

6    to writings. Since the checks had to be signed, as did the claim forms, the equal

7    dignities rule applies. That rule <u>requires</u> "<u>formal</u> <u>written ratification</u>". <u>Van't Rood v.</u>

8    <u>County of Santa Clara</u>, <u>supra</u> 113 Cal.App.4[th] at 571. Emphasis added. Also, <u>John</u>

9    <u>Paul Lumber etc v. Agnew</u> (1954) 125 Cal.App.2d 613, 622, 270 P.2d 1044, 1050.

10

11    　　　　"However the equal dignities rule of Civil Code §2310 (section 2310)

12    　　　　provides that ratification of an agent's act 'can be made only in the manner

13    　　　　that would have been necessary to confer an original authority for the act

14    　　　　ratified.' In other words, just as an agent's authority to execute the deed must

15    　　　　be in writing so also must be a principal's ratification of invalid execution be in

16    　　　　writing". <u>Est. of Stephens v. Williams</u> (2002) 28 Cal.4[th] 665, 673, 122

17    　　　　Cal.Rptr.2d 358, 363.

18

19    　　　　Significantly, the IOL does not define who, if anyone, was an agent; and

20    whether Plaintiff accepted the benefits from any purported ratification. <u>People v.</u>

21    <u>Surety Ins.</u>, <u>supra</u>, 136 Cal.App.3d at 563, 186 Cal.Rptr at 390. Even if the equal

22    dignities rule and Official Comment 2 to Cal. U. Com Code §3403 permitted

23    ratification by implication at Bar, BOH's IOL form is invalid since BOH cannot meet

24    the threshold showing that the <u>only</u> reasonable interpretation of the <u>principal's</u>

25    <u>conduct</u> <u>must</u> be consistent with approval or adoption. <u>Rakestraw v. Rodrigues,</u>

1    supra, 8 Cal.3d at 73, 104 Cal.Rptr. at 61; Shomaker v. Peterson, supra, 103

2    Cal.App at 569. "Morever, there can be no adoption if the act, although voluntary, is

3    done only because the purported principal is obligated to minimize his losses caused

4    by the agent's wrongful acts". Gordon v. Stephenson, 166 B.R.154, 157 (Bankr.

5    S.Cal 1994); Rakestraw v. Rodriques, supra, 8 Cal.3d at 73.

6        The undisputed facts are that before BOH would release its hold on Mr.

7    Niroula's BOH account that the bank wanted Plaintiff to provide "written

8    authorization." Decl. Movant ¶s 8-10. When Plaintiff received the form prepared by

9    BOH after that conversation, she signed it. Exhibit B. Plaintiff's conduct of

10   negotiating directly with the forger to get her money back cannot be "the only

11   reasonable interpretation" consistent with ratification. For instance, agreeing to

12   return Plaintiff's money from a forger could reasonably and effectively occur without

13   approval or adoption of the original forgery; and, in the context here of loss

14   minimization, it can readily occur without ratification as a matter of law. Gordon,

15   supra, 166 B.R. at 157; Rakestraw, supra, 8 Cal.3d at 73.

16       None of Plaintiff's actions would support ratification. She gave timely notice of

17   the forgeries after BOH informed her about the missing funds. She traveled from

18   Japan to Hawaii to meet with bank officials. Decl Movant at ¶s 4, 5. She swore out

19   BOH claim affidavits (Exhibits A.1-A.9) agreeing *inter alia* to cooperate with law

20   enforcement agencies, and to testify in all criminal or civil proceedings relating to the

21   forgeries. Decl Movant ¶4. Ex A.2, A.5 and A.8.

22       Plaintiff's speed was commendable. BOH debited her new account for the

23   forgeries on August 24, 2006 ($8,000); August 28, 2006 ($95,000), and September

18, 2006 ($405,000). Plaintiff completed BOH's forgery claim forms on October 3, 2006. Exhibits A.1-A.9. None of the steps Plaintiff took to promptly perfect her claims were withdrawn. She did not instruct the bank, or anyone, to withhold action against Niroula. She, in fact, reported Niroula and BOH to the police departments in Honolulu and San Francisco shortly after signing the IOL. Decl Movant ¶19. In Thermo Contractor Corp. v. Bank of NJ, 69 N.J.352, 354 A.2d 291 (N.J. 1976), summary judgment was affirmed where a contractor ratified misappropriations of checks by delaying seven months to make demand on the bank and continued normal business with the wrongdoer. There is no similar conduct here.

### 4.    The IOL Is Unconscionable And Adhesive

Exculpatory provisions in a contract, as here, of adhesion are generally unconscionable. Discover Bank v. Superior Court (2005) 36 Cal.4th 148, 161 30 Cal.Rptr.3d 76, 85, 113 P.3d 1100, 1109.

The IOL (Ex B) was imposed on Plaintiff and drafted by BOH, a party of superior bargaining strength. Plaintiff was given only the opportunity to adhere to the contract or reject it (and lose $890,000 promised by Mr. Niroula). Gentry v. Superior Court (2007) 42 Cal.4th 443, 470, 64 Cal.Rptr.3d 773, 792 165 P.3d 556, 572. The term at Bar, "I ... wish to withdraw my forgery dispute..." suffers from the same fatal shortcomings as the one-side employee handbook in Gentry: "it did not mention any of the additional significant disadvantage's that this particular arbitration agreement had to litigation". Id., also, 42 Cal.4th at 470, 165 P3d at 573, 64 Cal.Prtr.3d at 794: ("did not represent an authentic informed choice").

1      The quantum leap from "wish to withdraw" to ratification of forged signatures

2      under Cal U Com code §3403(a), involves too many compound layers of speculation

3      and multiple inferences to prop Exhibit B up as a valid ratification. In her affidavits for

4      reimbursement by BOH, Plaintiff swore "I have not subsequently ratified or approved

5      payment of the Item". Decl Movant Ex A.3, A.6 and A.9. These were never expressly

6      revoked in Ex B or elsewhere.

7          "The term 'contract of adhesion' signifies a standardized contract, which,

8      imposed and drafted by the party of superior bargaining strength relegates to the

9      subscribing party only the opportunity to adhere to the contract or reject it."

10     Armendariz v. Foundation Health Psychane (etc) (2000) 24 Cal.4th 83, 113, 99

11     Cal.Rptr.2d 745. Certainly other factors are present here to deny enforcement of the

12     IOL. Id.

13         Nowhere in BOH's IOL form was Plaintiff asked to ratify or authorize the

14     forged signatures, nor was there any reference to paragraph 10 of the claims

15     affidavits disavowing ratification or authorization. The IOL meets both elements of

16     unconscionability.   Klussman v. Cross Country Bank, supra, 134 Cal.App.4th at

17     1295, 36 Cal.Rptr.3d at 737 (citing Armendariz, supra, 24 Cal.4th at 114).

18         The procedural element focuses on oppression and surprise due to unequal

19     bargaining power; here, between a large national bank and a new, individual, bank

20     customer from Japan. The Second element is subjective and is concerned with

21     overly harsh or one-sided results. Id. There may be more or less of each element. Id.

22         BOH's belated use of the IOL as a ratification or release is, as Plaintiff's

23     declaration shows, surprising and oppressive. The bank is the denying Plaintiff's

15

1    claims totaling over \$508,000.00. The bank gave up nothing for the "release", and

2    the results could not be more one-sided. Decl Movant ¶s 4, 5.

3
4        **5.    A Construction Of The Withdrawal Clause As A Ratification Would**
5              **Make The Agreement Uncertain, Ambiguous And Invalid**
6

7        The substantive law identifies facts which are material for summary

8    judgment/adjudication. Nidds, supra, 113 F.3d at 916. The undisputed facts are that

9    Plaintiff was in San Francisco and signed BOH's form only because she was

10   obligated to minimize her losses caused by Mr. Niroula's forgeries. Decl Movant ¶s

11   5-14. Gordon, supra, 166 B.R. at 157. To defeat summary judgment, BOH must

12   identify contrary evidence from which a jury could reasonably find for BOH.

13   Anderson, supra, 477 U.S. at 252.

14       Ratification, forfeiting Plaintiff's deposits and claims can only be implied from

15   conduct if there is no other reasonable interpretation. Rakestraw, supra, 8 Cal.3d at

16   73; Shomaker, supra, 103 Cal.App at 569; Van't Rood, supra, 113 Cal.App.4[th] at

17   571; Hawly v. Orange County etc, supra, 211 Cal.App.2d at 713; Milovich v. Los

18   Angeles (1941) 42 Cal.App.2d 364, 374, 108 P.2d 960, 965.

19       Not only would contrary evidence be insufficient (Anderson), but it would

20   create uncertainty about the meaning of "withdraw" in the clause drafted by BOH.

21   This would defeat BOH, because uncertainty is construed strongly against the

22   drafter of the IOL (BOH). Cohen, supra, 159 Cal.App.4[th] 1476.

23       Even if the equal dignities rule (Cal.Civ.Code §2310) did not apply to the

24   alleged ratification clause (Ex B), evidence explanatory of the term "wish to withdraw

25   my forgery dispute" could not be introduced to qualify or contradict the IOL (Ex B).

16

1    When Plaintiff signed the IOL, the bank's offer in the first paragraph was that

2    she "withdraw my forgery dispute regarding the following checks...". Ex B. At the

3    time, Plaintiff was in San Francisco, with the forger, who had asked her to withdraw

4    her dispute <u>with</u> <u>him</u> in exchange for repayment, plus a sum for the inconvenience;

5    Niroula also required his account to be unfrozen by BOH. Decl Movant ¶s 8-13. "It is

6    a cardinal rule of construction that when a contract is ambiguous or uncertain the

7    practical construction placed upon it by the parties before any controversy arises as

8    to its meaning affords one of the most reliable means of determining the intent of the

9    parties". <u>Sterling v. Taylor</u> (2007) 40 Cal.4th 757, 772, 55 Cal.Rptr.3d 116, 128, 152

10   P.3d 420, 429.

11   While BOH asserts that a simple withdrawal of one of several "forgery

12   disputes" was later transformed into a ratification of the forgeries, there is no term or

13   clause in the IOL expressing ratification. The absence of these terms makes

14   enforcing the IOL unfair to Plaintiff. "Where the contract has a single object, and

15   such object is … so vaguely expressed as to be wholly unascertainable, the entire

16   contract is void". Cal.Civ.Code §1598. The IOL, in its entirety, attempted to "settle"

17   some areas of a dispute. The legal principles applicable to contracts generally apply

18   to settlement contracts. <u>Weddington Productions Inc. v. Flick</u>, <u>supra,</u> 60 Cal.App.4th

19   at 811, 71 Cal.Rptr.2d at 277. "Mutual assent is gathered from the reasonable

20   meaning of the words and acts of the parties and not from their unexpressed

21   intentions or understanding". <u>Id</u>.

22   The term "withdraw my forgery dispute" was offered by BOH when Plaintiff

23   was in San Francisco negotiating with the individual she had one of the forgery

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1    disputes with. In short, the forger induced Plaintiff into thinking that he (forger) would

2    have $890,000 deposited into a bank account for Plaintiff if she would (1) accept the

3    "apology", and (2) cooperate in the release of the bank's hold on the forger's BOH

4    account. Decl Movant ¶s 7-9.

5        The language of the IOL (ex B) further supports these transactions and

6    BOH's awareness of the material activities. BOH represented, at ¶2 of the IOL that it

7    would release money "belonging to Kaushal Niroula" held in suspense "as a result of

8    the forgery dispute", "to Kaushal Niroula". Emphasis added

9        Even if extrinsic evidence could be admitted after Estate of Stephens, supra,

10   122 Cal.Rptr. at 362, the evidence would have to be relevant to prove a meaning to

11   which the existing IOL language is reasonably susceptible. It is feasible here to

12   determine the parties' meaning from the IOL alone. PG&E v. Thomas Drayage etc

13   (1968) 69 Cal.2d 33, 38, 69 Cal.Rptr 561, 442 P.2d 641.

14       The language, "withdraw my forgery dispute" is not reasonably susceptible to

15   ratifying the forged signatures. There are numerous plausible reasons to withdraw a

16   dispute which do not include ratifying forged signatures.

17       Ratification does not mean the same thing in the same sense as "withdrawal"

18   at   Exhibit   B.   The   purported   a   forgery   dispute,   was   unreferenced   to

19   ratification/authorization language in the claim affidavits, or to any other document.

20   Without identifying which dispute was to be withdrawn, the parties could not have

21   mutually agreed on the same thing. Official Comment 3 to Cal U Com Code §3403

22   makes it clear that some disputes over a signature will survive ratification in a variety

23   of contexts. A withdrawal of a forgery dispute, as drafted in the IOL by the bank,

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1    could just as rationally have meant withdrawal <u>without</u> ratification of any signatures.

2    If ratification had been intended, BOH would have referenced paragraph 10 in the

3    affidavits supporting the claims for reimbursement. Ex A.3, A.6 and A.9. BOH would

4    also have adhered to Comment 2 to Cal. U. Com Code §3403: When ratification is

5    not found by conduct, it is found from "express statements". <u>Compare</u> Exhibit B.

6

7    **C.    Summary Judgment/Adjudication On The IOL Indemnity Clause**
8    **Because It Is Void**
9

10    The term "hold harmless", used here at Exhibit B ¶(last), is synonymous with

11    third-party indemnity situations. <u>Vavco-Pruden Inc. v Hampshire Constr. Co.</u> (1975)

12    50 Cal.App.3d 654, 660 123 Cal.Rptr. 606, 611. Using both terms "hold harmless"

13    and "indemnity", as here, can <u>both</u> apply to third-party situations "without violating

14    the canon against surplusage". <u>Queen Villas HOA v. TCB Property Mgmt.</u> (2007)

15    149 Cal.App.4th 1, 7, 56 Cal.Rptr.3d 528, 532.

16    As in <u>Queen Villas</u>, there is nothing in the IOL "that would require a court to

17    interpret the words 'indemnify' or 'hold harmless' beyond the usual context of third-

18    party indemnification" 149 Cal.App.4th at 7, 56 Cal.Rptr.3d at 532. Decl Movant ¶s

19    13, 14. When a homeowner's association sued its management company for

20    allowing a board member to self-deal, the defendant like the BOH, here, "seeks to

21    conscript the indemnification agreement in this case into a direct, two- party

22    exculpatory clause …" <u>Queen Villas</u>, 149 Cal.App.4th at 5, 56 Cal.Rptr at 530.

23    This Court need not delve far into the rules strictly construing indemnity

24    clauses, <u>or</u> releases. On its face, this IOL clause provides that Plaintiff agree to

19

1    indemnify or to hold harmless for an event <u>to be done</u> by BOH <u>in the future</u>; that is,

2    the release of money "belonging to Kaushal Niroula" to Mr. Niroula. Exhibit B. The

3    agreement thus violated Cal.Civ.Code §1668.

4         BOH refused to release money it claimed belonged to Mr. Niroula until after

5    Plaintiff signed the IOL. While some parties may contract away future ordinary

6    negligence notwithstanding section §1668, a bank may not. Banking is an industry

7    affected with the public interest. <u>Kurger v. Wells Fargo Bank</u> (1974) 11 Cal.3d 352,

8    364, 113 Cal.Rptr.449, 521 P.2d 441; <u>Hiroshima v. Bank of Italy</u> (1926) 78

9    Cal.App.362 376-7, 248 P.947 952-3; <u>Cumis Ins. Soc. v. Girard Bank</u>, 522 F.Supp.

10   414, 422 (E.D. Pa 1981).

11        Nor may BOH contract away liability to Plaintiff for any other causes of action

12   "resulting from... claims... arising out of ..." BOH "having paid the funds to Kaushal

13   Niroula …". Exhibit B. <u>Cumis</u>, <u>supra</u>, 522 F.Supp at 421. While applicable to sporting

14   events, prearranged exculpation is prohibited for banking and a wide range of other

15   services. <u>City of Santa Barbara v. Superior Court</u> (2007) 41 Cal.4th 747, 757-8, 62

16   Cal.Rptr.3d 527, 161 P.3d 1095.

17        Even if Cal.Civ. Code §1668 did not render the indemnity/hold harmless

18   clause void; it is invalid for other reasons. When BOH uses the clause as a shield

19   against Plaintiff's claims, it is simply transmuting the clause into a "two party

20   exculpatory clause" condemned in <u>Queen Villas</u>, <u>supra</u>, 149 Cal.App at 6, 56

21   Cal.Rptr.3d at 531. The exceptions to <u>Queen Villas</u>, finding intent to exculpate, are

22   not applicable to this case. 149 Cal.App at 7, 56 Cal.Rptr.3d at 532 ("no indicia").

1   Miscast as an exculpatory clause (shielding BOH from future claims) the

2   indemnity/hold harmless terms of the IOL fail as a matter of law. "It suffices that the

3   release be clear, unambiguous, and <u>explicit</u>, <u>and</u> that it <u>expressed an agreement not</u>

4   <u>to hold the released party liable for negligence</u>." Emphasis added. <u>Queen Villas etc</u>,

5   149 Cal.App.4th at 5, 56 Cal.Rptr. at 530.

6   The IOL lacks any explicit language approaching this requirement. Strictly

7   construed against BOH (<u>Id</u>), there are simply no words or phrases which overcome

8   "disfavor on attempts to avoid liability or to secure exemption for one's own

9   negligence..." <u>Id</u>. This disfavor is made clear by Cal.Civ.Code §1668 which

10  invalidates the clause.

11  Ordinary negligence could not be released in this context. Cal.Civ.Code

12  §1668 also precludes the release of intentional torts. <u>McQuirk v. Donnelley</u>, 189 F.3d

13  793, 796-7 (9th Cir. 1999).

14

15      **D.    Alternatively, Summary Judgment/adjudication On Withdrawal**
16              **Clause Should Be Granted On Rescission Counts 9, 10, 12, 13, 16,**
17              **17 And/Or 18**
18

19  "(R)atification is governed by the rules and principles applicable to ratification

20  of unauthorized acts of an agent". Official Comment 3, Cal.U Com Code §3403. The

21  article dealing with agents in the Civil Code provides: "A ratification may be

22  rescinded when made without such consent as is required in a contract, or with an

23  imperfect knowledge of the material facts of the transaction, but not otherwise".

24  Cal.Civ.Code §2314.

---

21

1    The foregoing arguments supporting judgment on the declaratory relief Count

2    24 (page 54, SAC) are incorporated herein by reference. These, and the declaration

3    of Plaintiff show that there is no genuine issue of material fact on other counts as

4    well. There is indisputably no consent, or Plaintiff had an imperfect knowledge under

5    Cal.Civ.Code §2314. She is therefore entitled to rescission on Counts 9 (page 36),

6    10 (page 37), 12 (page 39), 13 (page 39), 16 (page 41), 17 (page 41) and/or 18

7    (page 42).

8

9    **E.    Alternatively, Summary Judgment/Adjudication On Indemnity**
10    **Clause Should Be Granted On Rescission Counts 9, 10, 12, 14, 15,**
11    **16, 17 And/Or 18**
12

13    Plaintiff incorporates the arguments under the foregoing section, and adds

14    SAC count 14 (page 40), and count 15 (page 40) as dispositive for this motion.

15

16    **F.    Alternatively, Summary Judgment/Adjudication Should Be**
17    **Granted On Count 8 (Pg 28) Of The SAC (Cal.Bus. & Prof Code**
18    **§17200 et seq)**
19

20    The foregoing arguments are incorporated by reference. These undisputed

21    facts are material as they affect the outcome of this count. Anderson supra, 477 U.S.

22    at 248. This motion can determine whether there is sufficient utility in baiting

23    consumers, including Plaintiff, with BOH's form, and then switching to assertions that

24    the form has unexpressed defenses. Linear Technology Corp. v. Applied Materials

25    Inc (2007) 152 Cal.App.4[th] 115, 135 n9 61 Cal.Rptr.3d 221, 237 n.9.

PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND
FRCP 56(d) DETERMINATION- CASE NO. 3:07-cv-04371-JSW

1    Since this section 17200 count is not asserted against a direct competitor,

2    Plaintiff is not required to show that BOH's practices are tethered to legislative

3    declared policies. Cal-Teon Communications Inc v. Los Aneles Cellular etc (1999)

4    20 Cal.4th 168, 187 n12, 83 Cal.Rptr.2d 548, 565 n12, 973 P.2d 527, 541 n12.

5    The incorporated arguments show that as a matter of law (1) the injury to

6    Plaintiff is substantial, (2) it is not outweighed by countervailing benefits to BOH, and

7    (3) Plaintiff could not have reasonably avoided agreeing to the IOL.

8    Even if predicate violations were required for the determination of the IOL's

9    facial violation of section 17200, a few examples are: Cal.U. Com Code §3403

10   Official Comment 2 (express statements required for ratification); Cal.U.Com Code

11   §4401 (BOH required to reimburse Plaintiff before she went to San Francisco) and

12   Cal.Civ.Code §1668 (no exculpation for future torts).

13

14   **CONCLUSION**

15   Based upon the foregoing, Plaintiff's motion for summary

16   judgment/adjudication should be granted.

17   Dated:    Honolulu, Hawaii, June 10, 2008.

18
19                                       Respectfully submitted,
20
21                                         **/s/ Stephen M. Shaw**
22                                       Stephen M. Shaw, Esq.
23                                       Attorney For Plaintiff
24                                       MEGUMI HISAMATSU
25
26                                       P.O. Box 2353
27                                       Honolulu, Hawaii  96804
28                                       Telephone:   (808) 521-0800
29                                       Facsimile:   (808) 531-2129
30                                       Email: shawy001@gmail.com

23