STEPHEN M. SHAW, SB 107625
P.O. Box 2353
Honolulu, Hawaii 96804
Telephone: (808) 521-0800
Facsimile: (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiff
MEGUMI HISAMATSU

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**-SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEGUMI HISAMATSU, | CASE NO: 3:07-cv-04371-JSW |
| Plaintiff, | ORDER GRANTING |
| vs. | PLAINTIFF MEGUMI HISAMATSU'S |
| | MOTION FOR SUMMARY |
| | JUDGMENT AND FRCP 56 |
| KAUSHAL NIROULA; | DETERMINATION AS TO |
| BANK OF HAWAII, | REMAINING COUNTS [PROPOSED] |
| A Corporation; DOES 1-60; | |
| | Hearing: 9-19-08 |
| Defendants. | Time: 9:00 a.m. |
| | Judge: Hon. Jeffrey S. White |
| | Courtroom: 2, 17th floor |

**ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED)**

**I.   INTRODUCTION**

This matter comes before the Court upon consideration of Plaintiff

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED) - CASE NO. 3:07-cv-04371-JSW

1

Megumi Hisamatsu's motion filed June 10, 2008 for summary judgment and for a FRCP 56(d) determination, as to all remaining counts.

## II.  ANALYSIS

### A.  Plaintiff's Motion For Summary Judgment On Declaratory Judgment Count Is Granted

#### 1.  Applicable Standard

Pursuant to Rule 56(a) of the Federal Rules Of Civil Procedure, "the judgment sought should be rendered if… pleadings… and in the affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

#### 2.  Choice Of Law

The Court has previously decided that California law governs the validity of the Indemnification Of Liability ("IOL") form. See Order Granting In Part And Denying In Part Motion To Dismiss Or For More Definite Statement, filed January 10, 2008.

#### 3.  The Court Grants The Motion For Summary Judgment On The Declaratory Judgment Count

Defendant Bank of Hawaii ("BOH") contends that the IOL is legally sufficient to be a ratification by Plaintiff pursuant to Cal U.Com Code

2

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED) - CASE NO. 3:07-cv-04371-JSW

§3403; and, to release or exculpate BOH of liability from claims by Plaintiff. Plaintiff disputes BOH's contentions, and this Court concludes that the Official Comments to §3403, and relevant case law demonstrate the IOL lacked express statements, and sufficient evidence of consent to ratify. As to the indemnity clause which BOH contends exculpates or releases it from liability to Plaintiff, it is void on its face, in that it violates Cal.Civ.Code §1668.

**B.     Plaintiff's Motion For Summary Judgment On Counts 8-12, 13-18 of the Second Amended Complaint (SAC) Is Denied Without Prejudice As Moot, And The Court Establishes Facts For All Remaining Counts, Except Count 24**

**1.     <u>Standard</u>**

FRCP 56(d) authorizes the Court to specify facts which must be treated as established in the action;

**2.     <u>The Court Grants Plaintiff's Request To Determine The Material Facts Not Genuinely At Issue;</u>**

The following facts are deemed established in this action, pursuant to FRCP 56(d).

    a.     Plaintiff was the only authorized signatory on a Bank of Hawaii (BOH) consumer account, opened on or about August 16, 2006.

3

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED) - CASE NO. 3:07-cv-04371-JSW

      b.    About eight (8) days from opening the account, BOH began debiting Plaintiff's account for large sums written on temporary checks issued by BOH. These checks were forged by Kaushal Niroula (Niroula).

      c.    On October 3, 2006, several days after discovering the forgeries, Plaintiff swore out three BOH claim affidavits for reimbursement of the debits. These occurred from forged items, on or about August 24, 2006 ($8,000), August 28, 2006 ($95,000), and September 18, 2006 ($405,000).

      d.    In the 10/3/06 BOH claim forms attached to Plaintiff's three affidavits, BOH and Plaintiff agreed, in material parts:

          **(1).**    "(T)he Bank will investigate your claim."

          **(2).**    Plaintiff agreed "to <u>fully cooperate</u> with the Bank and law enforcement agencies."

          **(3).**    Plaintiff agreed to cooperate in "<u>other civil or criminal proceedings or trial</u> relating to the claim on your Affidavit ".

          **(4).**    Each "claim on your Affidavit" was agreed by Plaintiff <u>and</u> BOH to be based on a "forged signature".

          **(5).**    Plaintiff averred: "I have not subsequently <u>ratified or approved</u> payment on the Item."

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED) - CASE NO. 3:07-cv-04371-JSW

4

e. From October 3, 2004 to the present, BOH did not pay, <u>or</u> offer to pay any of Plaintiff's forgery claims.

f. About two weeks from October 3, 2006, Mr. Niroula offered to repay the money he took through forgery, plus an additional amount as an apology. This transaction, according to Niroula, whould have to take place in San Francisco.

g. On October 20, 2006, Plaintiff went to San Francisco to try to retrieve her money from Mr. Niroula.

h. Plaintiff called BOH on October 24, 2006, as a result of her attempts to retrieve her money from Mr. Niroula. It is undisputed that BOH wanted a signed "authorization" from Plaintiff <u>before</u> it would release the hold on Niroula's account, or release the funds in the account.

i. BOH had a form for Plaintiff's authorization faxed to an individual in Honolulu to, in turn, fax to Plaintiff in San Francisco.

g. Nowhere on the form did BOH reference, or ask Plaintiff to modify or retract her averment no.10 in her affidavits, sworn to on October 3, 2006. This paragraph stated "10. I have not subsequently ratified or approved payment of the Item."

5

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED) - CASE NO. 3:07-cv-04371-JSW

k. During the first week of November 2006, Plaintiff called BOH and notified BOH that Mr. Niroula had not kept his end of the bargain to pay $890,000.

l. BOH's authorization, later identified by BOH's assistant Vice President as "a blanket Indemnification of Liability form" states in material part:

> "I, Megumi Hisamatsu … wish to withdraw my forgery dispute regarding the following checks..."
>
> "… also agree that … ($257,546.25) held in suspense... belonging to Kaushal Niroula, as a result of the forgery dispute shall be released to Kaushal Niroula, upon signing this agreement".
>
> "... agree to indemnify and hold harmless the Bank of Hawaii … against … all... damages... resulting from or related to claims... arising out of the Bank... having paid the funds to Kaushal Niroula at Megumi Hisamatsu's request."

**IT IS SO ORDERED.**

DATED: San Francisco, California, _____, 2008.

JEFFREY S. WHITE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA

6

ORDER GRANTING PLAINTIFF MEGUMI HISAMATSU'S MOTION FOR SUMMARY JUDGMENT AND FRCP 56 DETERMINATION AS TO REMAINING COUNTS (PROPOSED) - CASE NO. 3:07-cv-04371-JSW