STEPHEN M. SHAW, SB  107625
P.O. Box 2353
Honolulu, Hawaii  96804
Telephone:   (808) 521-0800
Facsimile:    (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiff
MEGUMI HISAMATSU

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### -SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGUMI HISAMATSU, )<br><br>Plaintiff, )<br><br>vs. )<br><br>KAUSHAL NIROULA; )<br>BANK OF HAWAII, )<br>A Corporation; DOES 1-60; )<br><br>Defendants. ) | CASE NO:     3:07-cv-04371-JSW<br><br>PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT<br><br>**(FRCP 12(b)(6)**<br><br>**Hearing:      9-19-08**<br>**Time:         9:00 a.m.**<br>**Judge: Honorable Jeffrey S. White**<br>**Courtroom: 2, 17th floor** |

**PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

1

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................ 1

II.   NEWLY PLEADED FACTS ARE SUFFICIENT ............................. 1

       A.    BOH Misconstrues Its Indemnity Form ................................. 1

       B.    BOH's Investigation Was Complete On October 4, 2006 .......... 4

III.  ISSUES ADDRESSED ................................................................. 5

IV.   DISCUSSION .............................................................................5

   A.   Choice Of Law Issue Waived By Failure To Comply
        With Civil Rule 7 – 9 ...................................................................5

   B.   If Rehearing Were Allowed, BOH's Arguments Fail ……….............. 7

   C.   No UCC §4-406(f) Preclusion ………………………….............. 10

         1.    Second Report To BOH Was Timely ……………………..10

         2.    Objection To Second Attempt At Rehearing ……………….. 11

   D.   Claims Attacking The Indemnification Agreement
        (Count 9-20 and 24) …………………………………………. 13

         1.    All Claims Are Sufficient …………………………………13

         2.    All Of The Claims Attacking The IOL Are Legally Sufficient ……13

               a.    Count 9 Is Sufficient (Rescission/Undue Influence) …….13

               b.    Count 10 (Improper Third-Party Conduct) ……………… 17

               c.    Rescission-Mutual Mistake OF Fact (Count 11)
                     Is Sufficient ………………………………………… 19

               d.    Rescission-Material Failure Of Consideration
                     (Count 12) Is Sufficient …………………………… 20

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

**TABLE OF CONTENTS**

**Page**

  e. Rescission-Failure Of Consideration-Fault of BOH
   (Count 13) Is Sufficient ……………………………………… 22

  f. Rescission-Unlawful Agreement (Count 14)
   Is Sufficient ………………………………………………… 22

  g. Rescission (Void Consideration-Count 15) Is Sufficient … 23

  h. Rescission (Undue Influence/Known Vulnerability)
   Is Sufficient (Count 16) ……………………………………… 23

  i. Unilateral Mistake Of Fact Fall Of BOH (Count 17)
   Is Sufficient …………………………………………………..23

  j. Rescission-Unilateral Mistake (Count 18) Is Sufficient …….25

  k. Rescission-Fraud In The Inducement (Count 19)
   Is Sufficient ………………………………………………… 28

  l. Tort In Essence Claim (Count 20) Is Sufficient …………… 29

  m. Declaratory Relief (Count 24) Is Sufficient …………………. 31

E. Cal. Bus & Prof Code §17200 (Count 8) And Hawaii Unfair
 Competition (Count 26) Claims Are Sufficient……………………………31

  1. §17200 Count ……………………………………………… 31

  2. Hawaii UCL Claim Is Sufficient (Count 26) ……………………..33

F. The Conspiracy (Count 21) Is Sufficient ……………………………………..33

G. Fraud (Counts 20 and 27) Are Sufficient ……………………………………34

  1. Fraud In The Inducement Count ……………………………34

  2. Promissory Fraud ……………………………………………34

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

**TABLE OF CONTENTS**

**Page**

H.     Negligence Claims (Counts 25, 28, 32, 33, 34 and 35)
       Are Sufficient …………………………………………………………………..35

       1.     Wrongful Withholding Of Funds (Count 25) Is Sufficient ………….35

       2.     Negligent Misrepresentation (Count 28) Is Sufficient………………36

       3.     Gross Negligence (Count 32) Is Sufficient …………………………36

       4.     Negligence (Count 32) Is Sufficient ………………………………36

       5.     Negligent Infliction Of Emotional Distress (Count 34) Is Sufficient…36

       6.     Negligence Per Se (Count 35) Is Sufficient…………………………36

I.     Conversion (Count 29) Is Sufficient …………………………………….37

J.     Equitable Lien (Count 30) IS Sufficient ………………………………….38

K.     Constructive Trust (Count 31) Is Sufficient ………………………………38

L.     Intentional Infliction Of Emotional Distress (Count 23) Is Sufficient ……….39

V.     CONCLUSION …………………………………………………………40

iii

# TABLE OF AUTHORITIES

**Page**

## CASES

AMFAC Inc. v. Waikiki Beachcomber etc,
    74 Haw 85, 110, 839 P.2d 10, 17 (1992)…………………………………… 4

Basin Oil Co. v. Baash Ross etc
    (1954) 125 Cal.App.2d 578, 594-597 271 P.2d 122, 131-133 ……………3

Ben Haw Inc. v. Kida,
    96 Haw 289, 314, 30 P.3d 895, 920 (2001)………………………………39

Brooks v. Nance etc,
    113 Haw 406, 415, 153 P.3d 1091 (2007)…………………………………38

Butler v. Adoption Media LLC,
    486 F.Supp.2d 1022, 1049 (N.D. Cal.2007)…………………………………9

Chainey v. Jensen,
    1 Haw.App.94, 96, 614 P.2d 402 404 (App. 1980)………………………36

Campbell v. Birch
    (1942) 19 Cal.2d 778, 791, 122 P.2d 902…………………………………14

Campbell v. Superior Court
    (2005) 132 Cal.App.4th 904, 921, 34 Cal.Rptr.3d 68, 80…………………38

Civic Center Drive etc v. South Western Bell Video Serv.,
    295 F.Supp.2d 1091, 1106 (N.D.Cal.2003) …………………………………4

Defazio v. Hollister etc,
    406 F.Supp.2d 1085, 1090 (E.D.Cal.2005)…………………………………8

Commander Door Inc. v. Dunsmuin Lumber Co.,
    197 F.2d 513, 518 n.3 (9th Cir. 1952)………………………………………9

County of Los Angeles v. Construction Laborers etc
    (2006) 137 Cal.App.4th 410, 416, 39 Cal.Rptr.3d 917………………………38

Diamond Multimedia etc v. Superior Court,
    19 (1999) Cal.4th 1036-1063-64, 80 Cal.Rptr.2d 828, 968 P.2d 539 …………31

# TABLE OF AUTHORITIES

**Page**

## CASES

Donovan v. RRL Corp.
 (2001) 26 Cal.4th 261, 282, 109 Cal.Rptr.2d 807,
 824, 27 P.3d 702, 716……………………………………………………24, 25, 26, 27

Eberle v. City of Abaheim,
 901 F.2d 814, 818 (9th Cir. 1990)……………………………………………..8

Enslow v. Von Guenther
 (1961) 193 Cal.App.2d 318, 321, 14 Cal.Rptr.231, 233…………………………..21

Est. of Stephens v. Williams
 (2002) 28 Cal.4th 665, 673, 122 Cal.Rptr.2d 358, 363…………………………..25, 26

Ericson v. Pardus,
 __ U.S. __ 127 S.Ct. 2197, 2200 (2007) (minute detail not required)…………..13

Demateis v. Vezu
 (1920) 49 Cal.App.453, 458, 193 P.793, 795……………………………………14

Faulkner v. First Ntl Bank
 (1900) 130 Cal.258 62 P.463………………………………………………………...37

Fletcher v. Western Life Ins. Co.
 (1970) 10 Cal.App.3d 376, 404, 89 Cal.Rptr.78………………………………….40

Francois v. Goel
 (2005) 35 Cal.4th 1094, 1096-7, 29 Cal.Rptr.3d 249, 112 P.3d 636. ……………5

French v. Construction Laborers Pension Trust
 (1975) 44 Cal.App.3d 479, 487, 118 Cal.Rptr.731………………………………...28

Frontier Oil Corp v. RLI Ins. Co.
 (2007) 153 Cal.App.4th 1436, 1443, 63 Cal.Rptr.3d 816………………………….6

Gluckstein v. Rappaport
 (1928) 92 Cal.App.236, 239, 267 P.939 941……………………………………14

Gruen Watch Co. v. Artists Alliance Inc.,
 191 F.2d 700, 703 (9th Cir. 1951)…………………………………………………..9

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

# TABLE OF AUTHORITIES

**Page**

## CASES

Hac v. University of Hawaii,
  102 Haw 92, 106, 73 P.3d 46, 60 (2003)…………………………………………40

Hardy v. Musicraft Records Inc
  (1949) 93 Cal.App.2d 698, 701, 209 P.2d 839……………………………………9

Harris v. Rudin etc
  (2002) 95 Cal.App.4th 1332, 1342, 116 Cal.Rptr.2d 552, 559 …………………20

Haigler v. Donnelly
  (1941) 18 Cal.2d 674, 681, 117 P.2d 331, 335……………………………………37

Haw Community Fed. Credit Union v. Keka,
  94 Haw 213, 227 11 P.3d 1, 15 (2000)……………………………………………33

Hawley v. Orange Cty Flood Control Dist.
  (1963) 211 Cal.App.2d 708, 713, 27 Cal.Rptr.478, 481…………………………3, 4

Honda v. Bd Trustees ERS etc,
  108 Haw 212, 219, 118 P.3d 1155, 1162 (2005)…………………………………28

Hil-Mac Corp v. Mendo Wood Prod. Inc
  (1965) 235 Cal.App.2d 526, 529, 45 Cal.Rptr.396, 398…………………………20

Kearney v. Saloman Barney Inc.
  (2006) 39 Cal.4th 95, 107, 137 P.3d 914……………………………………7, 9, 24, 32

Keithley v. Civil Service Bd
  (1970) 11 Cal.App.3d 443, 89 Cal.Rptr.809………………………………………15

Kaho'ohanohano v. DHS,
  117 Haw 262, 306, 178 P.3d 538, 582………………………………………………36

Kaichen's Metal Mart Inc. v. Fezzo Cast Co. etc
  (1995) 33 Ca,.App.4th 8, 11, 39 Cal.Rptr.233, 234………………………………38

Kussman v. Cross country Ban
  (2005) 134 Cal.App.4th 1283, 1299, 36 Cal.Rptr.3d 728, 740…………………9

vi

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

# TABLE OF AUTHORITIES

**Page**

## CASES

LSO Ltd v. Stroh etc
  205 F.3d 1146, 1156 (9th Cir. 2000)……………………………………… 30

Matleson v. Wagoner
  (1905) 147 Cal.739, 744, 82 P.436……………………………………………..14

McKell v. Washington Mutual
  (2006) 142 Cal.App.4[th] 1457, 1491 49 Cal.Rptr.3d 227, 255……………………37

M.F. Kemper Const. Co. v. City of L.A.
  (1951) 37 Cal.2d 696, 702, 235 P.2d 7……………………………………………28

Moon v. Guardian Prot Serv,
  (2002) 95 Cal.App.4[th] 1005, 1009, 116 Cal.Rptr.2d 218, 220…………………..36

Muraoka v. Budget Rent-A-Car-Inc
  (1984) 160 Cal.App.3d 107, 117, 206 Cal.Rptr.476………………………………35

Nereau v. City of Fresno etc,
  392 F.Supp.2d 1159, 1183 (E.D.Cal. 2005)………………………………………..5

Nichols v. Leach
  (1931 Dist 2) 114 Cal.App.545, 300 P.103, 105…………………………………..29

NL Industries v. Kaplan,
  792 F.2d 896, 897 (9th Cir. 1986)………………………………………………11

Northwest Mortgage Inc. v. Superior Court (San Diego)
  (1999) 72 Cal.App.4[th] 214, 222, 85 Cal.Rptr.2d 18………………………………32

Odom v. Microsoft etc,
  486 F.3d 541, 545 (9th Cir. 2007)………………………………………………2

O'Meara v. Haiden
  (1928) 204 Cal.354, 358 268 P.334, 335…………………………………………...19

Perdue v. Crocker Bank
  (1985) 38 Cal.3d 913, 928, 702 P.2d 503, 513……………………………………..33

vii

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

People v. Martinez
   (1999) 20 Cal.4th 225, 236-237, 83 Cal.Rptr.2d 533,
   973 P.2d 512 (kidnapping)……………………………………………………37

Quaker Alloy etc v. Gulfco Indus.
   123 F.R.D.282, 288 (N.D.Ill 1988)……………………………………………30

Rakestraw v. Rodriguez
   (1972) 8 Cal.3d 67, 73, 104 Cal.Rptr.57, 61, 500 P.2d 1401,
   1405………………………………………………………………………   22, 23

Riopta v. Aresco etc,
   101 Fed.Supp.2d 1326, 1332 (D.Haw. 1999)…………………………………..33

Rusheen v. Cohen
   (2006) 37 Cal.4th 1048, 1062, 128 P.3d 713, 722…………………………….34

Sandi v. Muroc etc
   (1997) 14 Ca, 4th 1066, 1086, 60 Cal.Rptr.2d 263, 276…………………………36

Seeger v. Odell
   (1941) 18 Cal.2d 409, 417, 115 P.2d 977 982. …………………………………..14

 Shaw v. North American Title Co.,
       76 Haw. 323, 332 876 P.2d 1291 (1994)…………………………………..8

Skaff v. Meridien etc,
   506 F.3d 832 841 (9th Cir. 2007)………………………………………………13

Smith etc v. Pacific Properties etc,
   358 F.3d 1097, 1105 (9th Cir. 2007)……………………………………………1

Smith v. Wells Fargo Bank
   (2005) 135 Cal.App.4th 1463, 38 Cal.Rptr.3d 653…………………………….33

Smith v. Williams
   (1961) 55 Cal.2d 617, 12 Cal.Rptr.665, 667 361 P.2d 241………………………29

# TABLE OF AUTHORITIES

**Page**

## CASES

South Bay Bldg Emt. Inc. v. Rirliera etc
    (1999) 72 Cal.App.4th 1111, 1123 85 Cal.Rptr.2d 647, 654……………30

Stewart v. Marvin
    (1956) 139 Cal.App.2d 769, 775, 294 P.2d 114, 118…………………14, 16

Sterling v. Taylor
    (2007) 40 Cal.4th 757, 772, 55 Cal.Rptr.3d 116, 128,
    152 P.3d 420, 429………………………………………………………….3

Story Road Flea Market Inc. v. Wells Fargo Bank
    (1995) 42 Cal.App.4th 1733, 1739, 50 Cal.Rptr.2d 524…………………  12

S. Utsunomiya Enters v. Moomuko etc,
    75 Haw 480, 501, 866 P.2d 951, 963 (1994)………………………………38

Swartz v. KPMG etc,
    476 F.3d 756, 763 (9th Cir. 2007)……………………………………..1, 13

Sweet v. Pfizer,
    232 F.R.D. 360, 364 (C.D.Cal 2005) ……………………………………..8

Seeger v. Odell
    (1941) 18 Cal.2d 409, 414-415, 115 P.2d 977……………………………28

Tahoe Ntl. Bank v. Philllips
    (1971) 4 Cal.3d 11, 20 n.12, 480 P.2d 320, 327……………………………4

Thomas v. Hunt Mfg. Corp
    (1954) 42 Cal.2d 734, 739, 269 P.2d 12, 15…………………………………..4

United States v. Alexander
    106 F.3d 874, 876 (9th Cir. 1997)…………………………………………30

Van Meter v. Best Construction Co.
    (1956) 46 Cal.2d 588, 594, 297 P.2d 644…………………………………  28

Van't Rood v. County of Santa Clara
    (2003) 113 Cal.App.4th 549, 571, 6 Cal.Rptr.746, 764………………………22

ix

# TABLE OF AUTHORITIES

**Page**

## <u>CASES</u>

<u>Virgin Atl Airways Ltd v. Nt'l Mediation Bd</u>,
    956 F.2d 1245, 1249 (2d Cir. 1992)…………………………………………34

<u>Walker v. Carnival Cruise Lines etc</u>,
    107 F.Supp.2d 1135, 1137 (N.D. Cal 2007)………………………………...12

<u>Weger v. Rocha</u>
    (1934) 138 Cal.App.109, 32 P.2d 417……………………………………….15

<u>Williams v. Puccinelli</u>
    (1965) 236 Cal.App.2d 512, 518, 46 Cal.Rptr.285………………………28

<u>Wood v. Kalhaugh</u>
    (1974) 39 Ka.App.3d 926, 930, 114 Cal.Rptr.673………………………..28

<u>World Svngs & Loan Assn V. Kurtz Co</u>
    (1960) 183 Cal.App.2d 319, 327, 6 Cal.Rptr.665, 670…………………..21

## <u>STATUTES and RULES</u>

Business & Professions Code §17200………………………………………….31, 32

Cal.Civ.Code  §1668)……………………………………………………………….4

Cal.Civ.Code  §1575 ……………………………………………………………….14

Civil L.R. 7-9……………………………………………………………………....11

Civil L.R 7-9(a) ……………………………………………………………...6, 12, 29

Civil LR 7-9(b) (1)-(3) …………………………………………………………..6, 12

L.R. 7-9(c)……………………………………………………………………… 6

Cal.Civ.Code §1572……………………………………………………………… 29

Cal.Civ.Code §1575………………………………………………………………..23

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

## STATUTES and RULES

**Page**

Cal.Civ.Code §1668……………………………………………………………………22

Cal.Civ.Code §1689(b)(1)…………………………………………………………19

Cal.Civ.Code §2310……………………………………………………………………22

Cal.Civ.Code §2310. Comment 3 ……………………………………………25

Cal.U.Com Code §3403 ……………………………………………………………25

Cal.U.Com Code §3403, Official Comment 2 ……………………21, 23, 25

Cal.Civ.Code §3403 comment 3…………………………………………………22

Cal.Civ.Code §3412……………………………………………………………………29

Cal.U. Com Code §4102……………………………………………………………6

Cal.U.Com Code §4406(f)………………………………………………10, 32, 35

Federal Practice & Procedure §1357 (3d ed 2004)………………………35

FRCP 12(b)(6)…………………………………………………………………………1

FRCP 54…………………………………………………………………………………1

FRCP 54(b)……………………………………………………………………6, 12

FRCP 56…………………………………………………………………………………1

Hawaii Revised Statutes (HRS) §480-1……………………………………33

HRS §480-2……………………………………………………………………………33

## OTHER AUTHORITIES

Restatement 2nd Contracts 153(c) ………………………………………25

Restatement 2nd Contracts of §153…………………………………………28

---

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1  **I.    INTRODUCTION**

2      Plaintiff will attempt to track Bank of Hawaii's (BOH's) arguments by section.

3  To avoid repetition, some arguments from Plaintiff's pending FRCP 56 motion will be

4  incorporated by reference.

5      Sufficient new facts to support the causes of action in Plaintiff's Second

6  Amended Complaint (SAC) have been sufficiently stated. Defendant BOH's motion

7  is based on FRCP 12(b)(6); and, in some very improper respects, FRCP 54. At this

8  stage, the "issue is not whether a Plaintiff will ultimately prevail but whether the

9  claimant is entitled to offer evidence to support of the claims." <u>Swartz v. KPMG etc</u>,

10 476 F.3d 756, 763 (9th Cir. 2007).

11     In the event greater specificity is anywhere required, Plaintiff requests further

12 leave to amend. "A district court should grant leave to amend even if no request to

13 amend the pleading was made, <u>unless</u> the court determines that the pleading could

14 not be cured by the allegation of other facts." Emphasis added. <u>Smith etc v. Pacific</u>

15 <u>Properties etc</u>, 358 F.3d 1097, 1105 (9th Cir. 2007).

16

17 **II.    NEWLY PLEADED FACTS ARE SUFFICIENT**

18     **A.    BOH Misconstrues Its Indemnity Form**

19
20     The SAC alleges that <u>before</u> BOH sent the Indemnification Of Liability form

21 ("IOL") to Plaintiff's friend for routing to Plaintiff in San Francisco, Plaintiff Megumi

22 Hisamatsu called BOH to have $41,000.00 wired from her account, to San

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    Francisco. SAC ¶43, ¶44. Ms. Hisamatsu received the form in San Francisco and

2    thought it would not affect her claims against the bank. SAC ¶45, 46.

3    The following is taken as true, from the SAC ¶46: "BOH knew that Ms.

4    Hisamatsu had difficulty with English… At all times, BOH knew that Plaintiff, a

5    Japanese national in San Francisco, could not adequately understand the level of

6    English in the bank's form. The parties at all times had unequal bargaining power,

7    and BOH was misrepresenting to Plaintiff that the money it would release to Mr.

8    Niroula belonged to <u>him</u>" SAC ¶46; also, SAC page 35 (¶95.D).

9    These allegations are to be read, at this stage, in the light most favorable to

10   the nonmoving party, and assumed to be true. <u>Odom v. Microsoft etc</u>, 486 F.3d 541,

11   545 (9th Cir. 2007). The SAC attaches the IOL at ex B. The last paragraph was for

12   indemnification/hold harmless from Plaintiff, in favor of BOH, for "having paid the

13   <u>funds</u> to Kaushal Niroula." Emphasis added. There is no mention of indemnity/hold

14   harmless for the bank's doing anything with Mr. Niroula's <u>bank account</u> #0002-

15   933063.

16   Above this paragraph, another clause begins: "I Megumi Hisamatsu, also

17   agree that <u>funds</u> ($257,546.25) held in suspense…" Emphasis added. It is clear from

18   the sentence and its context that the idea, or object, being described is the funds;

19   and therefore, the subject. The predicate of the sentence is the explanation of the

20   action, condition, or effect of the subject.

21   The phrase "belonging to Kaushal Niroula" is properly construed as an

22   adjective phrase describing the subject of the entire sentence; i.e. the funds. BOH

23   obviously agrees, (at page 19 ¶last and page 20¶1 of its motion).

2

1        The bank's varying constructions are an admission that the above sentence in

2    the Indemnity agreement (IOL) may be interpreted more than two ways. However,

3    the resulting uncertainty must be interpreted most strongly against the drafter, BOH.

4    Cal.Civ.Code 1654. Since BOH's interpretation of the IOL in this context is

5    exculpatory, the language is again construed most strongly against the drafter. <u>Basin</u>

6    <u>Oil Co. v. Baash Ross etc</u> (1954) 125 Cal.App.2d 578, 594-597 271 P.2d 122, 131-

7    133 ("hold harmless" language in catalogs and invoices not clear).

8        As in <u>Basin Oil</u> 125 Cal.App.2d at 595, BOH wrote the IOL for its own benefit.

9    Since there is uncertainty in meaning, all doubt must be resolved in favor of

10   Plaintiff's construction of the phrase, "belonging to Kaushal Niroula." It properly

11   modifies the subject of the sentence, i.e., "funds". <u>Id</u>.

12       The practical construction is that Ms. Hisamatsu, alone in San Francisco and

13   under the influence of a criminal, reasonably believed the bank was releasing Mr.

14   Niroula's money <u>to him</u>, in exchange for his cooperation. The bank was in the best

15   position to clarify any uncertainty at that time, but elected not to. This is the most

16   reliable determination of the party's intent. <u>Sterling v. Taylor</u> (2007) 40 Cal.4th 757,

17   772, 55 Cal.Rptr.3d 116, 128, 152 P.3d 420, 429.

18       BOH's interpretation of this provision in the IOL "in ultimate result has the

19   effect of imposing a forfeiture will be strictly construed, especially where the contract

20   as here, was prepared by one seeking to impose the forfeiture". <u>Hawley v. Orange</u>

21   <u>Cty Flood Control Dist.</u> (1963) 211 Cal.App.2d 708, 713, 27 Cal.Rptr.478, 481 ("if an

22   agreement can be <u>reasonably</u> <u>interpreted</u> so as to avoid a forfeiture, it is the duty of

23   the court to avoid it… 'A contract is not to be construed to provide a forfeiture <u>unless</u>

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

3

1    no other interpretation is reasonably possible'" Emphasis added. While Hawley

2    involved a "no damages for delay" clause in a construction contract, the ultimate

3    result of the challenged provision in BOH"s IOL is, like Hawley, a forfeiture.

4        Next, since the construction urged by BOH ultimately supports its use of the

5    IOL to limit liability, it is void as against public policy. Civic Center Drive etc v. South

6    Western Bell Video Serv., 295 F.Supp.2d 1091, 1106 (N.D.Cal.2003) (fraudulent

7    concealment. Cal.Civ.Code §1668).

8        Finally, the IOL clause challenged here fails due to ambiguity. The standard

9    to determine ambiguity requires that any interpretation must not "do violence to the

10   principles of construing documents against the party who drafts and selects them".

11   Tahoe Ntl. Bank v. Philllips (1971) 4 Cal.3d 11, 20 n.12, 480 P.2d 320, 327 (whether

12   interpretation is suggested by extrinsic evidence). Here, as in Tahoe Ntl Bank, an

13   ambiguous form was selected, and its proponent/drafter is attempting to give it

14   unambiguous effect. This form creates an extreme danger of overreaching by banks

15   with superior bargaining power. Id. 4 Cal.3d at 20.  No amount of extrinsic evidence

16   can overcome the force of the doctrine that BOH's IOL must be construed against it.

17       Even outside the insurance context, ambiguity is construed against the

18   drafter. Thomas v. Hunt Mfg. Corp (1954) 42 Cal.2d 734, 739, 269 P.2d 12, 15. This

19   is the law of Hawaii, as well. AMFAC Inc. v. Waikiki Beachcomber etc, 74 Haw 85,

20   110, 839 P.2d 10, 17 (1992).

21       **B.    BOH's Investigation Was Complete On October 4, 2006**

22       BOH's arguments here are unclear. There are many newly pleaded facts in

23   the SAC, which speak for themselves. Taken as true, and given the correct

1   inferences, if BOH investigated on the first day (after the forgery complaints were

2   made), and it did not investigate afterward, it had a duty to promptly transfer the

3   funds. This means on October 5, 2006. SAC ex A.3, A.6 and A.9.

4
5   **III.      ISSUES ADDRESSED**

6           A.     Whether Plaintiff is entitled to offer evidence to support her claims?

7           B.     Whether many of BOH's arguments violate the doctrine of law of the

8   case and the Court's rules regarding leave of court for reconsideration motions?

9
10  **IV.      DISCUSSION**

11
12          **A.      Choice Of Law Issue Waived By Failure To Comply With Civil
13                    Rule 7 – 9**
14
15          At page 7¶1 of its 1-10-08 Order Granting In Part And Denying In Part Motion

16  To Dismiss Or For A More Definite Statement (Order), it states: "The Court,

17  therefore, will apply California law to interpret and determine the validity of the

18  Indemnification Agreement signed by Ms. Hisamatsu."

19          Defendant is attempting to relitigate this decision which would be wholly

20  improper under California law. Francois v. Goel (2005) 35 Cal.4[th] 1094, 1096-7, 29

21  Cal.Rptr.3d 249, 112 P.3d 636.  Even if this and other thinly-veiled reconsideration

22  attempts were properly brought by BOH, Federal rules apply. "Federal Courts sitting

23  in diversity apply substantive law of the forum state, but apply the procedural rules

24  as stated in the Federal Rules of Civil Procedure."  Nereau v. City of Fresno etc, 392

25  F.Supp.2d 1159, 1183 (E.D.Cal. 2005).

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1        While Defendant could have requested reconsideration pursuant to FRCP

2    54(b), BOH was required by Civil L.R 7-9(a) to <u>first</u> seek leave of this Court. "No

3    party may notice a motion for reconsideration without first obtaining leave of court to

4    file the motion." <u>Id</u>.

5        Had leave been obtained, BOH was absolutely precluded from repeating "any

6    oral or written argument." L.R. 7-9(c). At page 41¶2 of its motion, BOH repeats the

7    same argument. In Defendant BOH's first motion to dismiss the complaint at pages 5

8    and 6, the "choice of law" argument proffered two grounds to show that the place of

9    performance of the IOL should be in California: (1) the initial deposit agreement, and

10   (2) Cal.U. Com Code §4102. Now, in a much more lengthy section (pages 3-5) of its

11   second motion, other reasons which could have been raised initially have been

12   added.

13       None of these reasons justify circumventing Civil L.R. 7-9(a). Nor do the

14   cases BOH cites support relitigating this issue. <u>Frontier Oil Corp v. RLI Ins. Co.</u>

15   (2007) 153 Cal.App.4th 1436, 1443, 63 Cal.Rptr.3d 816 (cited at page 5 of BOH's

16   motion) stands for their proposition that if, as here, the contract does not expressly

17   specify a place of performance, "the place of performance <u>sometimes</u> can be

18   gleaned from the nature of the contract and the surrounding circumstances." <u>Id</u>.

19       Had BOH timely filed for leave of Court to make these arguments under Civil

20   L.R. 7-9(a), it would have had to make the strong showing it fails to make here.

21   While Civil LR 7-9(b) (1)-(3) would preclude BOH's "governmental interest" test

22   arguments, they fail for other reasons.

23

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1           **B.      If Rehearing Were Allowed, BOH's Arguments Fail**

2

3           BOH maintains, according to the SAC ¶4, a substantial presence in California

4   and should be held accountable under California law for injuries caused by persons

5   in California and protected by California law. BOH's own identity theft policy is not

6   suspended when victims are outside of Hawaii's borders. SAC ¶13. Indeed, on

7   August 29, 2006 BOH received instructions to mail and e-mail communications to

8   Ms. Hisamatsu in Japan. SAC ¶25.

9           Before BOH's IOL form (SAC ex B) was faxed to San Francisco, Plaintiff

10  telephoned BOH (from San Francisco) and asked a manager to wire funds to her

11  account in San Francisco. SAC ¶s39, 43 and 46. By its terms, the IOL form was to

12  be signed by Plaintiff and any funds belonging to Kaushal Niroula were to be wired

13  to him, in California.

14          Under the case cited at Defendant's motion at 4¶2, BOH has completely

15  failed to show "whether the <u>relevant law</u> of the potentially affected jurisdictions <u>with</u>

16  <u>regard to the particular issue</u> in question is the same or different." Emphasis added.

17  <u>Kearney v. Saloman Barney Inc</u>. (2006) 39 Cal.4[th] 95, 107, 137 P.3d 914. Not one

18  citation or statement of relevant law is identified in BOH's motion (pages 3-4). BOH

19  should not be permitted to cure this failed attempt at reconsideration by a reply,

20  because Plaintiff would be unable to adequately respond, to her extreme prejudice.

21          The same defect exists regarding the second (missing) prong of BOH's

22  unsupported governmental interest approach. Nowhere did BOH identify differences

23  in the relevant law of Hawaii or California to allow this Court to examine "each

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    jurisdiction's interest in the application of its own <u>law and the circumstances of the</u>

2    <u>particular</u> case to determine whether a true conflict exists." <u>Id</u>. Since there is

3    absolutely nothing to support this step of the analysis, it would be highly prejudicial

4    to Plaintiff if these failings were addressed in BOH's reply.

5         The third prong of the governmental interest approach, like a second,

6    depends upon identification by the movant of the law allegedly in conflict. This Court

7    and Plaintiff Megumi Hisamatsu are left to guess about what law is in conflict.

8    Plaintiff cannot oppose the governmental interest argument because the law in

9    alleged conflict is not identified. The third prong requires much more. "Third, <u>if the</u>

10   <u>court finds that there is a true conflict</u>, it carefully evaluates and compares the nature

11   and strength of the interest of <u>each jurisdiction in the application of its own law</u> 'to

12   determine which state's interest would be more impaired if its policy were

13   subordinated to the policy of the other state'" <u>Id</u>. Emphasis added.

14        Curing these defects in BOH's reply memorandum would raise new matter

15   and is disallowed. "It is well established in this circuit at the general rule is that

16   appellants cannot raise a new issue in their reply briefs." <u>Eberle v. City of Abaheim</u>,

17   901 F.2d 814, 818 (9th Cir. 1990). The same rule is reflected at the trial level in this

18   Circuit. "(T)he Court… will consider the entire Reply <u>to the extent that it replies to</u>

19   <u>arguments raised in the opposition and does not raise new issues or introduce new</u>

20   <u>information.</u>" <u>Sweet v. Pfizer</u>, 232 F.R.D. 360, 364 (C.D.Cal 2005); <u>Defazio v.</u>

21   <u>Hollister etc</u>, 406 F.Supp.2d 1085, 1090 (E.D.Cal.2005).

22        Hawaii courts can handily reach out to California tortfeasors targeting an

23   activity, as here, at the forum state. <u>Shaw v. North American Title Co.</u>, 76 Haw. 323,

8

1    332 876 P.2d 1291 (1994). Releases, particularly those involving exculpation or

2    forfeiture are a "traditional setting in which a State may act to protect the interests of

3    its own residents while in their home state". <u>Kearney</u> at 104 (citing <u>Watson v.

4    Employers Liability Corp</u>, 348 U.S. 66, 72 75 S.Ct 166 (1954) ("The Court has in a

5    series of cases held that more states than one may seize hold of local activities

6    which are part of multistate transactions and may regulate to protect interests of its

7    own people, even though other phases of the same transactions might justify

8    regulatory legislation in other states").

9    Acceptance of the IOL was in California, so California law controls the

10   determination of the IOL. <u>Commander Door Inc. v. Dunsmuin Lumber Co.</u>, 197 F.2d

11   513, 518 n.3 (9th Cir. 1952). The last act necessary to give the IOL binding effect

12   took place in California, California law controls. <u>Kussman v. Cross country Ban</u>

13   (2005) 134 Cal.App.4[th] 1283, 1299, 36 Cal.Rptr.3d 728, 740. As early as 1949, it

14   was held that a contract sent from New York and accepted in California was, in all

15   respects, completed in California. <u>Hardy v. Musicraft Records Inc</u> (1949) 93

16   Cal.App.2d 698, 701, 209 P.2d 839. California law also governs contracts made in

17   California and executed there in large part. <u>Gruen Watch Co. v. Artists Alliance Inc.</u>,

18   191 F.2d 700, 703 (9th Cir. 1951).

19   The modern approach of protecting California residents <u>while</u> <u>they</u> <u>are</u> <u>in

20   California</u> does not differ for purposes here from protecting foreign nationals from

21   violators of California law, while the nationals are in California. <u>Butler v. Adoption

22   Media LLC</u>, 486 F.Supp.2d 1022, 1049 (N.D. Cal.2007).

23

1   **C.**     **No UCC §4-406(f) Preclusion**

2      **1.    Second Report To BOH Was Timely**

3      BOH argues that its non-negotiated, adhesive Deposit Agreement modified

4   the one-year provision in the Uniform Commercial Code (UCC). If so, Plaintiff still

5   complied with the shorter deadline.

6
7      Cal.U.Com Code §4406(f) provides:

8        "(f) Without regard to care or lack of care of either the customer or the

9        bank, a customer who does not within one year after the statement or items

10       are made available to the customer (subdivision(a)) discover and report the

11       customer's unauthorized signature on any alteration on the item is precluded

12       from asserting against the bank the unauthorized signature or alteration. If

13       there is a preclusion under this subdivision, the payer bank may not recover

14       for breach of warranty under section 4208 with respect to the unauthorized

15       signature or alteration to which the preclusion applies."

16
17     In this Court's 1-10-08 Order at 8, the Court stated: "Ms. Hisamatsu does not

18   allege that when she learned, on October 31, 2006, that Mr. Niroula had not honored

19   his promise to repay her, she alerted BOH that she wanted to reassert her claim that

20   the checks were unauthorized." Based upon the missing allegation, the Court

21   determined that "Ms. Hisamatsu did not notify BOH of the forgeries within the 60

22   days required by the Deposit Agreement and any claims premised upon asserting

23   those forgeries against the bank are precluded under Section 4406(f)." Id.

24     In her Second Amended Complaint (SAC) filed 4-9-08, Ms. Hisamatsu

25   supplied the allegation inadvertently omitted in the First Amended Complaint (FAC).

26   She indeed alerted BOH promptly that Mr. Niroula had not honored his promise to

                                                                                      10

repay her and that she wanted to reassert her claim that the checks were unauthorized. Specifically, at page 19 ¶47, 48 and 100, the SAC provides the material allegations, omitted earlier, which must be accepted as true with any doubt resolved in favor of the Plaintiff. <u>NL Industries v. Kaplan</u>, 792 F.2d 896, 897 (9th Cir. 1986). The SAC is sufficient to defeat the UCC ¶4-406(f) preclusion where it states:

> "47.       … Nonetheless Plaintiff reasonably believed that BOH would still keep its promise of 10-3-06 to pay the claims since the investigation, by now, was complete.
>
> 48.       Plaintiff called the bank during the November 2006, to specifically alert it that she wanted BOH to pay her claims for the unauthorized transactions. Ex "A". The bank employee, Chester Dods, refused and told Plaintiff to go see a lawyer… Plaintiff explained to both BOH and the police that she participated in this transaction because BOH employees vouched for Mr. Niroula who had promised, in the final transaction (Ex B), to replace Plaintiff's funds taken earlier…"

Any doubt that the SAC's allegations are not clear enough is dispelled by the SAC at ¶100:

> "At all times BOH had superior knowledge of the transactions in comparison to Plaintiff. Nonetheless, she gave sufficient telephone notice of rescission of Ex "B" to BOH within 14 days from her signature; and again, in writing on August 6, 2007."

### 2.     Objection To Second Attempt At Rehearing

At page 9, from ¶3 of BOH's Mtn, it again attempts to re-litigate issues found against it in violation of the Court's rules requiring prior leave of court. Civil L.R. 7-9.

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    Repeating previous arguments disposed of by binding interlocutory orders burdens

2    the Court, and is prejudicial to Plaintiff. Civil L.R. 7-9(a) fills the procedural gap left

3    by FRCP 54(b) "but requires that a party first obtain leave of the district court before

4    filing a motion to reconsider." Walker v. Carnival Cruise Lines etc, 107 F.Supp.2d

5    1135, 1137 (N.D. Cal 2007). Emphasis added. The precise reason that BOH is

6    attempting repeatedly to "back door" reconsideration is because it cannot meet the

7    test required to prevail. Id; also Civil L.R. 7-9 (b)(1)-(3).

8    BOH is trying to force this Court to reconsider its arguments made at pages 8

9    and 9 of its first motion to dismiss which; like the present motion at 9, cites Story

10    Road Flea Market Inc. v. Wells Fargo Bank (1995) 42 Cal.App.4th 1733, 1739, 50

11    Cal.Rptr.2d 524.

12    This Court specifically rejected the argument BOH attempts at page 9 ¶ (last)

13    of its motion; that is "an untimely forgery claim does not merely preclude the section

14    4-406 cause of action, but any and all claims, founded upon a forged drawer

15    signature." Emphasis, BOH's.

16    This argument unfairly attempts to have this Court reconsider pages 8¶1 of

17    1/10/08 Order, which stated "On the other hand any claim that is not dependent

18    upon proof of the forgery will not be precluded… although the customer will still be

19    precluded from asserting the forgery in that claim." (Citing Roy Supplies v. Wells

20    Fargo (1995) 39 Cal.App.4th 1051, 1066, 46 Cal.Rptr.2d 309. Emphasis added.

21    While the SAC has satisfied the notice requirements of both §4406 and the

22    Deposit Agreement (as required by this Court's Order at 8¶ 2),  BOH's attempt to re-

1   litigate §4406 preclusion is an obvious effort to shift the focus from SAC ¶s47, 48

2   and 100, which are dispositive.

3       **D.  Claims Attacking The Indemnification Agreement (Count 9-20 and 24)**

4
5       **1.      All Claims Are Sufficient**
6

7       Plaintiff incorporates, for this opposition argument the following portions of her

8   motion for summary judgment filed 6/10/08: Page 1 ¶ III, pages 4-6 (without header).

9   Plaintiff objects to BOH's miscasting of the allegations in the SAC, which speak for

10  themselves. Also objectionable at page 10 of the motion is BOH's attempt to inject

11  evidentiary matters i.e., "unknown to BOH…"

12      BOH simply has the wrong standard for its motion. "The issue is not whether

13  a plaintiff will ultimately prevail <u>but whether the claimant is entitled to offer evidence

14  to support</u> the claims." <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007).

15  Emphasis added. This is not an onerous burden. "Specific facts are not necessary;

16  the statement need only give the defendants fair notice of what the claim is and the

17  grounds upon which it rests." <u>Ericson v. Pardus</u>, __ U.S. __ 127 S.Ct. 2197, 2200

18  (2007) (minute detail not required); <u>Skaff v. Meridien etc</u>, 506 F.3d 832 841 (9th Cir.

19  2007). "Concerns about specificity in a complaint are normally handled by the array

20  of discovery devices available to the defendant. " <u>Id</u>.

21
22      **2.      All Of The Claims Attacking The IOL Are Legally Sufficient**

23      **a.     <u>Count 9 Is Sufficient (Rescission/Undue Influence)</u>**

24      Plaintiff realleges the foregoing arguments.

13

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1       At ¶97 and the SAC, Plaintiff fully complied with Cal.Civ.Code §1691(b),

2   requiring her to restore everything of value she received from BOH; or an offer to

3   restore. This paragraph is incorporated into each rescission count. Cases

4   interpreting the section limit the restoration obligation. A Plaintiff, as here, is not

5   required to restore property which is rightfully hers. Seeger v. Odell (1941) 18 Cal.2d

6   409, 417, 115 P.2d 977 982. No property of BOH's ever came into Plaintiff's

7   possession; nor in fact, into anyone else's possession. There is no need to restore

8   anything of value to BOH in this situation. Gluckstein v. Rappaport (1928) 92

9   Cal.App.236, 239, 267 P.939 941.

10       Undue influence is a species of constructive fraud. Stewart v. Marvin (1956)

11   139 Cal.App.2d 769, 775, 294 P.2d 114, 118. In the context of rescission based on

12   fraud, one "is not required to restore that which, in any event, he would be entitled to

13   retain." Matleson v. Wagoner (1905) 147 Cal.739, 744, 82 P.436. This is a well-

14   recognized rule. Where, as here, the thing received by Plaintiff is of no value; or

15   where the contract is void, there is no requirement to restore anything to rescind.

16   Demateis v. Vezu (1920) 49 Cal.App.453, 458, 193 P.793, 795.

17       The statement of the claim at Count 9 provided fair notice to BOH that this

18   claim for rescission is allowed in California "where a contract is secured by undue

19   influence". Campbell v. Birch (1942) 19 Cal.2d 778, 791, 122 P.2d 902. "Undue

20   influence consists… (2) In taking an unfair advantage of another's weakness of

21   mind; or (3) In taking a grossly oppressive and unfair advantage of another's

22   necessities or distress." Cal.Civ.Code §1575.

1    Since the first element of undue influence (confidence is reposed) was not

2    alleged in the SAC, this Count was properly captioned "absent confidential

3    relationship." ¶96 Incorporated the prior ¶95 allegations into the SAC. <u>See</u> also SAC

4    ¶97 and 102.

5    Consistent with the pattern of requiring evidence, or of misreading allegations

6    of the SAC, BOH states at 15 ¶(last) of its motion, "This claim fails because there is

7    no evidence that BOH was aware of Niroula's actions …" In stark contrast to this

8    contention, the SAC (page 36 ¶99 clearly alleges "BOH knew Plaintiff would be

9    'assisted' by a party interested in, and conniving in the execution of the agreement;

10   that is, a criminal in San Francisco, far away from BOH's office." At this stage of the

11   pleadings BOH has sufficient notice of this claim.

12   Discussions were taking place at unusual times and at an unusual place.

13   BOH well knew that there were extreme pressures on Plaintiff to sign the IOL at

14   once so that the rest of the transaction (wiring <u>Niroula's funds</u> to Niroula) could be

15   concluded. There was no time to consult an attorney and there was no one in San

16   Francisco for Plaintiff to turn to under these pressured circumstances. This is more

17   than sufficient to withstand BOH's motion. <u>Keithley v. Civil Service Bd</u> (1970) 11

18   Cal.App.3d 443, 89 Cal.Rptr.809. Indeed, BOH's conduct is akin to obtaining a

19   release by an insurance company from an accident victim in a hospital who was

20   suffering from pain, worried by bills, and in a body cast. <u>Weger v. Rocha</u> (1934) 138

21   Cal.App.109, 32 P.2d 417. There, as here, the consideration was lacking, or

22   insufficient. This "consideration" from BOH was to release Mr. Niroula's funds to Mr.

23   Niroula.

1    The definition of undue influence "depends upon the facts and circumstances

2    of each particular case." Stewart v. Marvin, supra, 139 Cal.App.2d at 775, 294 P.2d

3    at 118. BOH concedes it did nothing between the date it received notice of the

4    forged checks (10/3/06) and the date Ms. Hisamatsu went to San Francisco to try to

5    reclaim her money from the forger himself. BOH admits to the following grotesque

6    lack of investigation during this crucial period. SAC ¶32. At page 9¶2 of BOH's

7    motion it states:

8            "BOH's investigation began by BOH accepting Plaintiff's sworn

9        forgery affidavits and suspending funds in Niroula's account. Before it could

10       proceed further, Plaintiff conducted her own 'investigation' ..." Emphasis

11       added.

12

13   BOH at no time intended to either investigate the claims in the forgery

14   affidavits (dated 10-3-06), or to pay the claims. Undue influence "is a species of

15   constructive fraud which the courts will not undertake to define by any fixed

16   principles, lest the very definition itself furnish a fingerboard pointing the path by

17   which it may be evaded." Id. The SAC ¶s incorporated into the rescission counts,

18   taken as true, portray a devious, scheming bank, pressuring Plaintiff by doing

19   nothing.

20       ¶13 of the SAC quotes BOH's Identity Theft Guide as providing "identity theft

21   victims with responsive caring service from beginning to end... staff members will

22   follow up with customers... so their concerns and issues are handled in a timely and

23   caring manner." Emphasis added.

16

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    When notified by Plaintiff that BOH had debited $508,000.00 in forged checks

2    on an account barely 8 days old (when the first debit occurred), BOH refused to do

3    anything unless Plaintiff flew from Japan to Hawaii. SAC ¶30. When Ms. Hisamatsu

4    complied, BOH's hidebound determination to do nothing became more apparent

5    after Ms. Hisamatsu repeatedly requested (on 10-3-06) that BOH call the police.

6    BOH refused. SAC ¶32. This request was repeated for over two weeks. SAC ¶35.

7        At ¶83, incorporated into the rescission counts, the SAC states "BOH, its

8    agents and employees, expressly aimed their efforts to coerce Plaintiff into signing

9    the 'Indemnification Of Liability' at the State of California, its laws and processes."

11       **b.    <u>Count 10 (Improper Third-Party Conduct)</u>**

13       Plaintiff incorporates the foregoing arguments.

14       Cal.Civ.Code §1689(b)(1) permits rescission if Plaintiff's consent was given

15    by "mistake or obtained through duress, menace, fraud or undue influence,

16    exercised by… the party as to whom he rescinds, <u>or of any other party</u>… <u>jointly</u>

17    <u>interested</u> with such party." Emphasis added.

18       Incorporated allegations of the SAC, taken as true, show that BOH

19    employees working with a criminal (Niroula) helped Plaintiff open a personal

20    checking account with BOH. SAC ¶19. Confidential information was passed easily

21    from BOH to the criminal. SAC ¶19.

22       When Plaintiff's account was only eight days old, BOH began debiting Mr.

23    Niroula's forged checks freely against Plaintiff's account. SAC ¶s 22-25, 28, and 29.

24    Plaintiff was later informed that Mr. Niroula told BOH he would return Plaintiff's

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

money. SAC ¶34. A BOH employee handling her case told Plaintiff that Mr. Niroula was not a bad person and that he would return her money. SAC ¶35.

Plaintiff was forced to go to San Francisco to try to recover the money Mr. Niroula stole from her "as a direct result of BOH's statements in its claim forms <u>and</u> its indulgent conciliatory attitude toward defendant Kaushal Niroula…" SAC ¶42. Once there, BOH would not release Mr. Niroula's funds to him unless Plaintiff signed the Indemnity Of Liability (IOL) form. SAC ¶45, 46. BOH's employee handling the forgery case spoke frequently on the telephone with Mr. Niroula. SAC ¶48. They got along very well. <u>Id</u>.

When BOH's agents or employees prepared the IOL, they knew that Plaintiff was in San Francisco and "with the assistance, encouragement and delay by BOH, Plaintiff was under the control of a criminal, who had just forged her name on $508,000.00 in BOH checks." SAC ¶82. "BOH knew that Co-defendant Kaushal Niroula was present in San Francisco and was, at the same time, coercing Plaintiff to sign, and even notarize BOH's IOL form (ex B)". SAC ¶ 85. BOH knew Plaintiff would be "assisted" by a party interested in, and conniving in the execution of the agreement…" SAC ¶99.

BOH refused to pay a valid claim and "instead maneuvered Plaintiff into a sham investigation <u>which included direct contact</u> with a known forger and thief." SAC ¶89. Emphasis added. "After the agreement was signed by Plaintiff in San Francisco, BOH released the funds to co-defendant Niroula (SIC). "The Bank misrepresented Plaintiff's money as 'belonging to Kaushal Niroula'." SAC page 33 ¶95.D.

1    "(T)here is strong evidence that BOH and Mr. Niroula acted together toward

2    the common goal of putting Plaintiff's money into the check forger's hands…" SAC

3    page 35 ¶95.D. "(T)he release of funds and the participation by BOH in transferring

4    those funds to Mr. Niroula at his request, in San Francisco amounted to money

5    laundering…" Id.

6        The foregoing facts, taken as true, were incorporated into Count 10 by SAC

7    ¶103, page 37. That count provides "But for this material harm and prejudice caused

8    by the misconduct of BOH, with the connivance of the third party, Plaintiff would not

9    have given her consent, or signed the agreement." SAC ¶108. "Plaintiff's consent…

10   was induced or caused by… Mr. Niroula as well as by BOH." SAC ¶105. "At all

11   times, BOH was aware of Mr. Nrioula's connivance." SAC ¶109.

12       Undue influence involves multiple persuaders. Odorizzi v. Bloofield Sch. Dist

13   (1966) 246 Cal.App.2d 123, 132, 54 Cal.Rptr.533.

14
15       **c.    Rescission-Mutual Mistake OF Fact (Count 11) Is Sufficient**

16
17       The California Supreme Court has "held that a mutual mistake of fact

18   concurred in by the parties invalidates a release." O'Meara v. Haiden (1928) 204

19   Cal.354, 358 268 P.334, 335 (action to recover for later discovered injuries in the

20   face of a release). Here, BOH and Plaintiff discovered that Mr. Niroula deposited an

21   NSF check to uphold his promise to repay Plaintiff if BOH released the funds

22   belonging to Mr. Niroula.

23       Cal.Civ.Code §1689(b)(1) includes mistake of fact as a ground for rescission.

24   It is well settled that even if BOH or Plaintiff were negligent in failing "to know or

19

1 discover <u>facts</u> as to which both parties are under a mistake does not preclude

2 rescission or reformation because of the mistake." <u>Harris v. Rudin etc</u> (2002) 95

3 Cal.App.4th 1332, 1342, 116 Cal.Rptr.2d 552, 559; <u>Hil-Mac Corp v. Mendo Wood</u>

4 <u>Prod. Inc</u> (1965) 235 Cal.App.2d 526, 529, 45 Cal.Rptr.396, 398.

5   Again, BOH's MTN at 19 demonstrates a misreading of the SAC. The

6 showing required for mutual mistake is the central fact that Mr. Niroula would not

7 uphold his promise to pay Plaintiff. BOH's attempt, at its MTN 19 ¶2, to disclaim

8 knowledge that Niroula was supposed to repay Plaintiff as part of the deal is not

9 supported by the SAC or by its own Indemnification form (ex B) to the SAC.

10   Detailed SAC allegations supporting Count 10 are incorporated here by

11 reference. The BOH employee "investigating" Ms. Hisamatsu's claims told Plaintiff

12 that Mr. Niroula was not a bad person and that he would return her money. SAC

13 ¶34, ¶35. Afterward, Plaintiff was then forced to go to San Francisco to try to recover

14 her money due to BOH's indulgent and conciliatory attitude toward Mr. Niroula. SAC

15 ¶39. BOH vouched for Niroula. SAC ¶42. BOH knew Plaintiff was in San Francisco

16 under the control of a criminal, with BOH's encouragement and delay. SAC ¶82,

17 ¶89. Mr. Niroula and the bank employee investigating Plaintiff's claims "spoke on the

18 phone frequently about the matter and got along very well." SAC ¶48. BOH had

19 superior knowledge of the transactions in comparison to Plaintiff. SAC ¶100.

20 Unquestionably, BOH was mistaken over the fact of Mr. Niroula's promised

21 performance in exchange for the release of his funds to him.

22

23   **d. <u>Rescission-Material Failure Of Consideration (Count 12) Is Sufficient</u>**

1    Plaintiff realleges the foregoing arguments

2    Blowing hot and cold, BOH now contends that it was the funds (not the BOH

3    account) which were to be released to Mr. Niroula by BOH. <u>Compare</u> to BOH's

4    argument at page 1 of its MTN. Plaintiff agreed to release Niroula's funds back to

5    Niroula but did not ratify anything. SAC ¶45, ¶46. BOH's secret intention was that it

6    would assert that this agreement in the IOL form meant that Plaintiff ratified the

7    forgeries. This would, the bank planned, forfeit Plaintiff's claims against BOH. SAC

8    ¶s 48. 82-84. 90, 91, 95.B, 95.D.

9    "The foregoing of a legal right constitutes a consideration for a contract **if** the

10   minds of the parties meet on the relinquishment of the right as a consideration."

11   <u>World Svngs & Loan Assn V. Kurtz Co</u> (1960) 183 Cal.App.2d 319, 327, 6

12   Cal.Rptr.665, 670. Emphasis added. Also, <u>Enslow v. Von Guenther</u> (1961) 193

13   Cal.App.2d 318, 321, 14 Cal.Rptr.231, 233 (agreement does not use words

14   indicating a compromise and from the evidence there was no mutuality).

15   In addition to the paragraphs from the SAC, incorporated by SAC ¶113 into

16   this count, there is the IOL form attached as Exhibit B to the SAC, which is

17   dispositive. There was never a meeting of the minds because BOH's undisclosed

18   intention was that by withdrawing a forgery dispute with Mr. Niroula in exchange

19   release of Niroula's money to him, Plaintiff ratified the forgeries. Exhibit B of the

20   SAC.

21   Cal.U.Com Code §3403, Official Comment 2, however, required that

22   ratification be shown by "express statements." If, as BOH urges, the IOL results in a

23   forfeiture of Ms. Hisamatsu's claims for $508,000.00, the IOL does not support a

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1     forfeiture. Rakestraw v. Rodriguez (1972) 8 Cal.3d 67, 73, 104 Cal.Rptr.57, 61, 500

2     P.2d 1401, 1405.

3          Mutuality is further lacking since ratification cannot be implied into the

4     language of the IOL. This is because ratification is governed by agency principles.

5     Cal.Civ.Code §3403 comment 3. As such, Cal.Civ.Code §2310 required that the

6     ratification be formal and written. Van't Rood v. County of Santa Clara (2003) 113

7     Cal.App.4[th] 549, 571, 6 Cal.Rptr.746, 764.

8          Further argument on the lack of a meeting of the minds for the IOL is

9     incorporated herein by reference from Plaintiff's companion summary judgment

10    motion and pages viii, 1, 8-14, 16-19.

11
12         **e. Rescission-Failure Of Consideration-Fault of BOH (Count 13) Is Sufficient**

13
14         Plaintiff realleges the foregoing arguments.

15         Taken as true, the SAC and ex B thereto sufficiently allege BOH drafted the

16    IOL to represent to Plaintiff that Mr. Niroula's money was being returned to him.

17
18         **f.    Rescission-Unlawful Agreement (Count 14) Is Sufficient**

19         Plaintiff realleges the foregoing arguments.

20         BOH concedes, by its failure to argue, that it asserts no indemnity claim from

21    the IOL. BOH MTN 20 ¶5. BOH ignores its misleading caption and express language

22    of indemnity in the IOL (SAC ex "B"). BOH next contends, without authority, that as

23    long as the IOL can by implication be recast as a ratification, that Cal.Civ.Code

24    §1668 somehow does not apply.

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    As argued in ¶d, above (and incorporated here), there was no ratification

2    agreed to, or offered, in the IOL. Cal.U.Com Code §3403 Official Comment 2;

3    Rakestraw 8 Cal.3d at 73; Van't Rood, 113 Cal.App.4[th] at 571. In further support of

4    the foregoing the following pages from Plaintiff's companion MSJ are incorporated

5    herein by reference: viii, 10-21.

6
7    **g.    Rescission (Void Consideration-Count 15) Is Sufficient**

8    Plaintiff incorporates the arguments in ¶f, above. Plaintiff incorporates the

9    same pages in the MSJ.

10
11   **h.    Rescission (Undue Influence/Known Vulnerability) Is Sufficient**
12   **(Count 16)**
13
14   Plaintiff incorporates herein the foregoing arguments in ¶2.a (page 13),

15   above. BOH took a grossly oppressive and unfair advantage of another's necessities

16   or distress. Cal.Civ.Code §1575. BOH knew Plaintiff was alone in San Francisco,

17   being pressured by a thief and check forger (SAC ¶99) to sign an IOL drafted by

18   BOH. At every turn, BOH took advantage of Plaintiff's unfamiliarity with banking

19   practices in the United States. SAC ¶30 (refusing to help her until she left Japan).

20   BOH refused to call the police at Plaintiff's request. SAC ¶32. By doing nothing,

21   BOH forced Plaintiff to deal directly with the criminal to try to recover her money.

22   SAC ¶s39, 85, 89. BOH's goal of putting Ms. Hisamatsu in harm's way was to avoid

23   paying her valid claims. SAC exhibits A.1-A.9.

24
25   **i.    Unilateral Mistake Of Fact Fall Of BOH (Count 17) Is Sufficient**

26   Plaintiff realleges the foregoing paragraphs and arguments

1    Where, as here, BOH had reason to know of, and cause, Plaintiff's unilateral

2    mistake, the IOL must be rescinded. Donovan v. RRL Corp. (2001) 26 Cal.4[th] 261,

3    282, 109 Cal.Rptr.2d 807, 824, 27 P.3d 702, 716.

4    Before signing the IOL, Plaintiff was convinced Mr. Niroula was very wealthy.

5    SAC ¶s15, 40.A. The BOH employee investigating her claims told Plaintiff that Mr.

6    Niroula was not a bad person and he would return her money. SAC ¶35, ¶42.

7    Indeed, prior to proposing that Plaintiff sign the IOL, BOH did not investigate the

8    claims. SAC ¶s 32, 35 and 39. The BOH investigator and Mr. Niroula spoke with one

9    another on the telephone frequently and got along well. SAC ¶48.

10    BOH knew it should have retransferred Plaintiff's stolen money back to her as

11    early as 8-24-06, when BOH debited the first forged check to Plaintiff's account.

12    SAC ¶45. At that time, the consumer account had been open about eight (8) days.

13    SAC ¶s18, 23.

14    As a general matter, a company like BOH that conducts business in

15    numerous states ordinarily is required to make itself aware of and comply with the

16    laws of the state in which it chooses to do business. Kearney, supra, 39 Cal.4[th] at

17    104. The indemnity form BOH provided to be signed by Plaintiff in San Francisco

18    was, according to BOH's motion at ¶f (pages 20 and 21), to secure ratification of Mr.

19    Niroula's forgery, and not to obtain indemnity. Typographically, by scrivener's error,

20    or oversight, BOH left out the required express terms which BOH had every reason

21    to know were required.  Donovan, 26 Cal.4[th] at 280. This omission is dispositive

22    Any national bank, including BOH, is so well-versed in the UCC that BOH's

23    omission of express terms relating to ratification falls squarely into the standard of

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1   "knew or had reason to suspect that a mistake had been made." (Id) … or that BOH

2   "caused the mistake." Id. Clearly, Official Comment 2 to Cal.U.Com Code §3403

3   required that terms of ratification in the IOL be "express statements". These

4   statements were required to be in writing. Cal.Civ.Code §2310. Comment 3 to

5   Cal.U.Com Code §3403 adds "ratification is governed by rules and principles

6   applicable to ratification of authorized acts of an agent". Since the checks were in

7   writing, ratification terms had to be in writing. Est. of Stephens v. Williams (2002) 28

8   Cal.4th 665, 673, 122 Cal.Rptr.2d 358, 363.

9

10          **j.          Rescission-Unilateral Mistake (Count 18) Is Sufficient**

11          The foregoing arguments are incorporated by reference.

12          In the event this Court decides that BOH did not cause Plaintiff's unilateral

13   mistake, or that it did not know, or have reason to suspect a mistake had been

14   made, Donovan 26 Cal.4th at 280 makes clear that California authorizes rescission

15   for unilateral mistake on other grounds. Defendant's analysis, including its footnote

16   12 page 22 misreads Donovan. Count 17, supra, is not based on those other

17   grounds due to BOH's knowledge that there was a mistake and its efforts to benefit

18   from it.

19          This count, however, is based on the Supreme Court of California's adoption,

20   as law, the rule in Restatement 2nd Contracts 153(c) authorizing rescission for

21   unilateral mistake of fact where enforcement would be unconscionable. Donovan 26

22   Cal.4th at 28.

1   Defendant's unsupported argument prejudicially places the burden on the

2   mistaken party to unearth unknowable information. BOH MTN at 23. Nowhere, did

3   the California Supreme Court in Donovan require the car dealer to uncover

4   inaccuracies in its own advertisements. Id 26 Cal.4[th] at 290, 292. As in Donovan,

5   Plaintiff Hisamatsu's "good faith, isolated mistake does not constitute the type of

6   extreme case in which its fault constitutes the neglect of a legal duty that bars

7   equitable relief." Id. The fallacy of Defendant's argument is best explained in

8   Donovan at 281 where the need by the non-mistaken party to be aware of the

9   rescinding party's unilateral mistake was rejected by the Supreme Court.

10   Defendant concedes that ratification is the central, if not the only issue in its

11   IOL form. BOH MTN 20 ¶f. Ms. Hisamatsu sufficiently alleges, by incorporation at

12   SAC ¶131, that the IOL left out any reference to ratification. See ex B (IOL) to the

13   SAC; SAC ¶s 44 – 48, 81-84, 87, 90, 95.C page 33 (ratification).

14   Plaintiff sufficiently alleges facts supporting the second element for this type

15   of relief in Donovan 26 Cal.4[th] at 281. See SAC ¶133. The materiality of the effect on

16   the agreed exchange meant that, by signing the IOL, BOH would refuse to pay

17   $508,000.00 in claims to Plaintiff, based on information not typed into its IOL form.

18   The third factor is sufficiently alleged at SAC ¶134 - ¶138 (Plaintiff did not bear the

19   risks of this mistake). In Donovan the car dealership did not bear the risk of its

20   mistake in advertising an automobile at a price it had not authorized. Likewise, Ms.

21   Hisamatsu did not bear the risk of mistakenly signing an agreement bearing no

22   express terms of ratification, required by law. Est of Stephens, supra, 28 Cal.4[th] at

23   673.

1    BOH describes the benefit of its bargain as Ms. Hisamatsu "recanting and

2    withdrawing her forgery claims." BOH MTN 23. Likewise, the benefit of the

3    customer's bargain in <u>Donovan</u> was the acceptance of a Jaguar XJ6 at a price $8-

4    $10,000 lower than market, even though the auto dealer had not intended the price

5    listed in the ad. The salesperson stated "That's a mistake." <u>Donovan</u> 26 Cal.4th at

6    267.

7    BOH is not expected to admit that leaving out the required express terms of

8    ratification was intentional. BOH will probably claim that the omission was

9    inadvertant and it was unaware of it until Plaintiff brought it to BOH's attention. This

10   is squarely within the facts in <u>Donovan</u> 26 Cal.4th at 268, and it comports with

11   Cal.Civ.Code §2314 (ratification may be rescinded when made with imperfect

12   knowledge of material facts).

13   Allocating the risk of the mistake to Ms. Hisamatsu is not allowed by <u>Donovan</u>

14   because of her inability to second-guess BOH's omitted express terms. Rescission,

15   after <u>Donovan</u>, is not barred by any negligence on Ms. Hisamatsu's part. 26 Cal.4th

16   at 283. It is only "in extreme cases the mistaken party's fault is proper grounds for

17   denying… relief for a mistake that [she] otherwise could have avoided." <u>Id</u>.

18   This case is comparable to <u>Donovan</u> and other cases "authorizing rescission

19   on the ground that enforcing a contract with a mistaken price term would be

20   unconscionable." <u>Id</u> 26 Cal.4th at 292. Likewise, it would be unconscionable to bar

21   rescission of an indemnity or ratification agreement where a bank took advantage of

22   a customer's mistake, and the bank set the stage for the error in the first place.

23   <u>Donovan</u> at 293.

27

1    Like Donovan, the Hawaii Supreme Court adheres to Restatement 2nd

2    Contracts of §153. In Honda v. Bd Trustees ERS etc, 108 Haw 212, 219, 118 P.3d

3    1155, 1162 (2005), the Court relieved a deceased retiree's wife from the mistaken

4    selection of the type of retirement on an application form.

6    **k.    Rescission-Fraud In The Inducement (Count 19) Is Sufficient**

8    The foregoing arguments are incorporated herein by reference.

9    Defendant BOH insufficiently briefs its objection to the SAC ¶s incorporated

10    into this count by ¶141. BOH does not object to the ¶s, taken as true. It should not

11    be allowed to add missing arguments and facts by reply.

12    Ms. Hisamatsu's alleged neglect of any legal duty are fact questions for the

13    jury. Williams v. Puccinelli (1965) 236 Cal.App.2d 512, 518, 46 Cal.Rptr.285. Gross

14    negligence is required. M.F. Kemper Const. Co. v. City of L.A. (1951) 37 Cal.2d 696,

15    702, 235 P.2d 7; French v. Construction Laborers Pension Trust (1975) 44

16    Cal.App.3d 479, 487, 118 Cal.Rptr.731. Gross negligence means the want of even

17    scant care or an extreme departure from the ordinary standards of conduct. Van

18    Meter v. Best Construction Co. (1956) 46 Cal.2d 588, 594, 297 P.2d 644.

19    But when fraud is intentional, a rescinding party's negligence is no defense to

20    the claim for rescission. Seeger v. Odell (1941) 18 Cal.2d 409, 414-415, 115 P.2d

21    977. A misrepresentation justifies rescission if the misrepresentation is material.

22    Wood v. Kalhaugh (1974) 39 Ka.App.3d 926, 930, 114 Cal.Rptr.673. Here, Ms.

23    Hisamatsu would not have signed the agreement had BOH truthfully stated it was

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    her money (not a third party's) which was being released in exchange for her

2    promise, or that she was ratifying a forger's signatures on her checks.

3        Inducing Ms. Hisamatsu to sign the agreement (ex B to the SAC) by the

4    intentional misrepresentation that something is true by BOH, which it did not believe

5    to be true, is fraud. Cal.Civ.Code §1572. Fraud also includes the unwarranted

6    assertion as true (that the funds belonged to Mr. Niroula) of something that is not

7    true even if BOH believed it to be true. Cal.Cov.Code §1572.

8        Since BOH was hiding the fact that it was releasing Plaintiff's own money to

9    Mr. Niroula to secure Plaintiff's release of BOH, the consideration failed and this

10   Court should properly cancel the agreement. Cal.Civ.Code §3412; Nichols v. Leach

11   (1931 Dist 2) 114 Cal.App.545, 300 P.103, 105. The complaint is more than

12   sufficient. Smith v. Williams (1961) 55 Cal.2d 617, 12 Cal.Rptr.665, 667 361 P.2d

13   241.

14
15       I.       **Tort In Essence Claim (Count 20) Is Sufficient**

16       Plaintiff realleges the foregoing arguments.

17       Again, BOH misreads the SAC and attempts reconsideration of this Court's

18   choice-of-law decision without leave of Court. See BOH MTN at 24 ¶3 ("if the court

19   determines that Hawaii law applies to the Indemnification agreement." This Court

20   has already made that determination. 1-10-08 Order at page 7 ¶1. See SAC ¶83.

21   Civil L.R. 7-9(a) provides in part: "No party may notice a motion for reconsideration

22   without first obtaining the court to file the motion."

1    This Court's decision nearly 8 months ago was that "The Court therefore, will

2    apply California law to interpret and determine the validity of the Indemnification

3    Agreement signed by Ms. Hisamatsu." 1-10-08 Order 7¶1. This is the law of the

4    case. "A court is generally precluded" under this doctrine "from reconsidering an

5    issue that has already been decided by the same court…" United States v.

6    Alexander 106 F.3d 874, 876 (9th Cir. 1997).

7    Interlocutory decisions "are not intended as mere first drafts, subject to

8    revision and reconsideration at a litigant's pleasure." Quaker Alloy etc v. Gulfco

9    Indus. 123 F.R.D.282, 288 (N.D.Ill 1988).

10    The standards for motions to dismiss preclude BOH's remaining arguments.

11    Courts presume that the general allegations embrace those specific facts that are

12    necessary to support the claim. LSO Ltd v. Stroh etc 205 F.3d 1146, 1156 (9th Cir.

13    2000). Plaintiff has sufficiently alleged tort in essence. South Bay Bldg Emt. Inc. v.

14    Rirliera etc (1999) 72 Cal.App.4th 1111, 1123 85 Cal.Rptr.2d 647, 654 describes the

15    tort:

16    "A tort in essence is the breach of a nonconsensual duty owed another.

17    Violation of a statutory duty to another may therefore be a tort and violation of

18    a statute embodying a public policy is generally actionable even though no

19    specific civil remedy is provided in the statute itself. Any injured member of

20    the public for whose benefit the statute was enacted may bring the action"

21

22    BOH's tactic is to disregard the allegation in each claim which incorporates

23    the prior paragraphs; particularly those in the section captioned "Factual Allegation's

Incorporated Into Each Count" at page 3 of the SAC. Those and other paragraphs were all incorporated into the counts against BOH.

The SAC alleges that BOH and Mr. Niroula spoke frequently on the phone together. SAC ¶48. Indeed, they seem to get along "very well". Id. BOH's sole purpose in preparing the IOL form was to forfeit Plaintiff's claims against the bank. SAC ¶81. "Agents or employees of BOH knew the Plaintiff was in San Francisco, California; and, with the assistance, encouragement, and delay by BOH, Plaintiff was under the control of a criminal who had just forged her name on $508,000.00 in BOH checks." SAC ¶82. Further, the deposit of the check for $890,000.00 by Mr. Niroula in San Francisco was material to BOH's offering, in the IOL, to release Mr. Niroula's funds to him. SAC ¶137.

All the allegations are sufficient for this Count; if not, leave to add more facts by amendment should be granted.

### m.    Declaratory Relief (Count 24) Is Sufficient

Plaintiff realleges and incorporates the following pages from her companion motion for summary judgment: viii, 1, 4-21.

### E.    Cal. Bus & Prof Code §17200 (Count 8) And Hawaii Unfair Competition (Count 26) Claims Are Sufficient

### 1.    §17200 Count

Plaintiff incorporates the foregoing arguments.

BOH's extraterritorial issue is resolved partially by Diamond Multimedia etc v. Superior Court, 19 (1999) Cal.4th 1036-1063-64, 80 Cal.Rptr.2d 828, 968 P.2d 539

1  (finding no constitutional impediment in permitting non-Californians a right of action

2  under a domestic statute because California had a clear and substantial interest in

3  preventing fraudulent practices in the state, or in extending state-created remedies

4  to out-of-state parties harmed by wrongful conduct occurring in California.)

5  Count 8, ¶83 clearly informs defendant "BOH's out-of-state conduct caused

6  injury to Plaintiff within the State of California". The cases do not preclude §17200

7  claims when non-California residents are injured in California. Nor do the cases

8  preclude §17200 claims when this type of injury is caused by an out-of-state

9  resident. Northwest Mortgage Inc. v. Superior Court (San Diego) (1999) 72

10  Cal.App.4[th] 214, 222, 85 Cal.Rptr.2d 18 ("UCL… contains no express declaration

11  that it was intended to regulate claims of nonresidents arising from conduct

12  occurring entirely outside of California"). Emphasis added.  More in point is Kearney

13  v. Salomon Smith etc, supra, 39 Cal.4[th] at 120, which distinguished Norwest since

14  conduct occurred in California, even though it was directed from another state. In

15  Kearney, California residents' telephone conversations were being recorded from

16  outside the state. Those recordings, like the faxed IOL at Bar, were "effectively acts

17  within California in the same way a person effectively acts within the state by, for

18  example, shooting a person in California from across the California- Nevada border."

19  Id at 119.

20  Defendant BOH did not show how Cal.U.Com Code §4406(f) provides a safe

21  harbor for any of the numerous prohibited practices discussed above and alleged in

22  the SAC. The deceptive IOL as applied, and on its face, has nothing to do with

23  reporting forgeries to the bank by a deadline.

1    The statutes involved are at SAC ¶95. The activities involved were

2    incorporated into this Count from the SAC, by ¶80.

3
4    **2.    Hawaii UCL Claim Is Sufficient (Count 26)**

5
6    A personal checking account is an activity involving the conduct of any trade

7    or commerce; and a personal checking customer is a consumer within the meaning

8    of Hawaii Revised Statutes (HRS) §480-1. This is no different than a loan extended

9    by financial institutions described in Haw Community Fed. Credit Union v. Keka, 94

10   Haw 213, 227 11 P.3d 1, 15 (2000). Any transactions by a financial institution are

11   business transactions within the purview of Chapter 480. Id. Plainly, Ms. Hisamatsu

12   was solicited to purchase services (checking account) by BOH. Community Fed,

13   supra at n.13.

14   Banking practices regarding interest calculations without disclosures violated

15   HRS §480-2. Riopta v. Aresco etc, 101 Fed.Supp.2d 1326, 1332 (D.Haw. 1999)

16   (citing Burrett v. Ala Moana Pawn (unpublished)).

17   California permits UCL actions against banks as well. Perdue v. Crocker Bank

18   (1985) 38 Cal.3d 913, 928, 702 P.2d 503, 513 (challenge to method of processing

19   nsf charges and signature cards). See also Smith v. Wells Fargo Bank (2005) 135

20   Cal.App.4th 1463, 38 Cal.Rptr.3d 653.

21
22   **F.    The Conspiracy (Count 21) Is Sufficient**

23   Plaintiff realleges the foregoing arguments.

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

The elements of civil conspiracy are supported by the SAC. The respective SAC allegations are:

1.    Formation and operation of the conspiracy (SAC ¶s 158, 159, 163-166) and

2.    Damage resulting to Plaintiff (SAC ¶s 56- 58; 158, 165, 166),

3.    From a wrongful act done in furtherance of the common design (SAC ¶158-161, 163-165).

Rusheen v. Cohen (2006) 37 Cal.4[th] 1048, 1062, 128 P.3d 713, 722.

### G.    Fraud (Counts 20 and 27) Are Sufficient

### 1.    Fraud In The Inducement Count

Plaintiff realleges the foregoing arguments

The SAC, taken as true, is sufficient as to count 19 (argument incorporated) as it is here.

### 2.    Promissory Fraud

BOH's motion to dismiss the promissory fraud claim in the FAC was denied at page 14 of this Court's 1-10-08 Order. This resubmission, like all the other attempts at reconsideration, must be denied and stricken. Virgin Atl Airways Ltd v. Nt'l Mediation Bd, 956 F.2d 1245, 1249 (2d Cir. 1992).

The salient allegations of Count 21 (page 45) in the FAC are substantially the same as Count 27 in the SAC (page 59). This Court's ruling on FAC Count 21 is the law of the case and binding on Count 27 of the SAC. As in the FAC, sufficient allegations are pled here. The elements are:

"The Regus court explained that 'facts essential to the statement of a cause of action in fraud or deceit based on a promise made without any intention of performing it are: (1) a promise made regarding a material fact without any intention of performing it; (2) the existence of the intent at the time of making the promise; (3) the promises was made with intent to deceive or with intent to induce the party to whom it was made to enter into the transaction; (4) the promise was relied on by the party to whom I was made; (5) the party making the promise did not perform; (6) the party to whom the promises was made and was injured."

Muraoka v. Budget Rent-A-Car-Inc (1984) 160 Cal.App.3d 107, 117, 206 Cal.Rptr.476 (cited by the Court at 14 fn10 of its 1-10-08 Order).

### H.    Negligence Claims (Counts 25, 28, 32, 33, 34 and 35) Are Sufficient

Plaintiff realleges the foregoing arguments. BOH forces Plaintiff to shadow-box. "(F)ederal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists." 5 B Charles Wright et al., Federal Practice & Procedure §1357 (3d ed 2004).

As stated above, Cal.U.Com Code §4406(f) does not apply because Ms. Hisamatsu timely contacted BOH after Mr. Niroula's check bounced, to reassert her claims. SAC ¶48. Even if, §4406(f) applied, any claim that is not dependent upon proof of forgery will not be precluded. Order at 8¶2.

### 1.    Wrongful Withholding Of Funds (Count 25) Is Sufficient

Facts could be proved consistent with the allegations of the SAC that would entitle Plaintiffs to some relief.

35

1

### 2.    Negligent Misrepresentation (Count 28) Is Sufficient

2

Arguments re Counts 19 and 22 are incorporated herein by reference.

3

### 3.    Gross Negligence (Count 32) Is Sufficient

4

Facts could be proved consistent with the allegations of the SAC that would

5

entitle Plaintiffs to some relief.

6

### 4.    Negligence (Count 32) Is Sufficient

7

Neither the IOL or §4406(f) apply to this Count.

8

### 5.    Negligent Infliction Of Emotional Distress (Count 34) Is Sufficient

9

Again, BOH misreads the allegations incorporated into each count, here, SAC

10

¶235. "An NIED claim is nothing more than a negligence claim in which the alleged

11

actual injury is wholly psychic and is analyzed using ordinary negligence principles."

12

Kaho'ohanohano v. DHS, 117 Haw 262, 306, 178 P.3d 538, 582. This is similar to

13

the California rule.  Moon v. Guardian Prot Serv, (2002) 95 Cal.App.4th 1005, 1009,

14

116 Cal.Rptr.2d 218, 220.

15
16

### 6.    Negligence Per Se (Count 35) Is Sufficient

17
18

Plaintiff realleges the foregoing allegations of the complaint at SAC ¶239,

19

including SAC ¶s 95.A-95.D. Ms. Hisamatsu  provides sufficient detail to put BOH on

20

notice of the statutory duties violated and the related factual bases. The violations of

21

Hawaii statutes or statutory duties is evidence of negligence. Chainey v. Jensen, 1

22

Haw.App.94, 96, 614 P.2d 402 404 (App. 1980).

23

The California violations in this Count have a much different standard. Sandi

24

v. Muroc etc (1997) 14 Ca, 4th 1066, 1086, 60 Cal.Rptr.2d 263, 276 ("Evidence code

1   section 669 creates a presumption of negligence arising from violation of a statute,

2   but only if the person suffering the... injury... was one of the class of persons for

3   whom the protection of the statute was adopted."

4       The SAC at ¶s 95.A-95.D, 239 to 240 sufficiently alleges that Plaintiff is one

5   of a class for whom the protection of the statutes was adopted.

6       The purpose of the criminal statutes in SAC ¶240 is obviously to protect

7   citizens from becoming victims of forgery, conspiracy, wire fraud, bank fraud, and

8   money laundering. Indeed, the purpose of a bank is to prevent criminals from taking

9   their money and property. Generally, criminal statutes protect society; specifically,

10  they protect individuals from criminal acts. People v. Martinez (1999) 20 Cal.4th 225,

11  236-237, 83 Cal.Rptr.2d 533, 973 P.2d 512 (kidnapping). The civil statutes in SAC

12  ¶240 likewise protect individuals from being victimized by criminally indifferent or

13  tortious banking practices.

14
15  **I.      Conversion (Count 29) Is Sufficient**

16
17      Plaintiff realleges the foregoing arguments.

18      Again, BOH misreads the SAC, particularly the incorporated paragraphs.

19  Conversion is the act of exercising dominion over property inconsistent with the

20  ownership of Plaintiff. Haigler v. Donnelly (1941) 18 Cal.2d 674, 681, 117 P.2d 331,

21  335; Faulkner v. First Ntl Bank (1900) 130 Cal.258 62 P.463. Since there was a

22  specific identifiable sum involved, money is properly the subject of a conversion

23  claim. McKell v. Washington Mutual (2006) 142 Cal.App.4th 1457, 1491 49

1    Cal.Rptr.3d 227, 255. Bank accounts are personal property. <u>Kaichen's Metal Mart</u>

2    <u>Inc. v. Fezzo Cast Co. etc</u> (1995) 33 Ca,.App.4[th] 8, 11, 39 Cal.Rptr.233, 234.

3        Hawaii law follows California law, as to the elements of this tort. <u>Brooks v.</u>

4    <u>Nance etc</u>, 113 Haw 406, 415, 153 P.3d 1091 (2007).

5
6        **J.**       **<u>Equitable Lien (Count 30) IS Sufficient</u>**

7        Plaintiff realleges the foregoing arguments.

8        "An equitable lien is a right to subject property not in possession of the lienor

9    to the payment of a debt as a charge against that property." <u>County of Los Angeles</u>

10   <u>v. Construction Laborers etc</u> (2006) 137 Cal.App.4[th] 410, 416, 39 Cal.Rptr.3d 917.

11   An equitable lien is imposed by a court as an equitable remedy. <u>Id</u>. The SAC

12   sufficiently pleads this remedy.

13       Equitable liens are recognized in Hawaii as well. <u>S. Utsunomiya Enters v.</u>

14   <u>Moomuko etc</u>, 75 Haw 480, 501, 866 P.2d 951, 963 (1994).

15
16       **K.**       **Constructive Trust (Count 31) Is Sufficient**

17       Plaintiff realleges the foregoing arguments.

18       "A constructive trust is a remedy used by a court of equity to compel a person

19   who has property to which he is not justly entitled to transfer it to the person entitled

20   thereto." <u>Campbell v. Superior Court</u> (2005) 132 Cal.App.4[th] 904, 921, 34

21   Cal.Rptr.3d 68, 80.

22       "A constructive trust is one way through which the conscience of equity finds

23   expression when property has been acquired in such circumstances that the holder

24   of the legal title may not be in good conscience retain the beneficial interest, equity

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND
AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW

1    may convert him into a trustee." Ben Haw Inc. v. Kida, 96 Haw 289, 314, 30 P.3d

2    895, 920 (2001).

3    **L.    Intentional Infliction Of Emotional Distress (Count 23) Is Sufficient**

4    Plaintiff realleges the foregoing paragraphs.

5    Banks and crime are two sides of a coin. The main purpose of a bank is to

6    protect citizen's property from thieves. BOH's  judicial admission is stunning:

7    "BOH investigation began by BOH accepting Plaintiff's sworn forgery

8    affidavit and suspending funds in Niroula's account. Before it could proceed

9    further, Plaintiff conducted her own investigation …" page 9¶2 of BOH's MTN.

10   Emphasis added.

11   BOH's concern with this Count is that its conduct is not "beyond all bounds of

12   decency in a civilized society." But see SAC ¶174 and ¶175, incorporating previous

13   paragraphs for this count.

14   During a crucial period from October 2, 2006 (SAC ¶29) to October 25, 2006

15   (SAC ¶4), BOH admittedly did not proceed further except to freeze Mr. Niroula's

16   BOH account. This torpor was calculated to both obstruct Ms. Hisamatsu's  claims

17   against BOH and to force her to try to recover Plaintiff's savings directly from the

18   forger. SAC ¶s39, 42 – 46, 48.

19   Incorporated facts supporting this Count are at arguments D.2.a and D.2.b

20   (undue influence). BOH was obviously more concerned about not paying Plaintiff's

21   claim than aggressively getting law-enforcement involved and pursuing Mr. Niroula

22   as a suspect. Ms. Hisamatsu was clearly not being treated as a victim under BOH's

23   own policies. SAC ¶13 and ¶89.

39

Foisting a release on someone in Ms. Hisamatsu's dire situation, largely caused by BOH (SAC ¶99) is sufficiently outrageous. So too, is opening the account with a third-party present and thereafter accepting large deposits and withdrawals within days, without the slightest intervention.

In the related context of insurance, there is strong opposition to the use of delaying tactics to coerce vulnerable claimants. Fletcher v. Western Life Ins. Co. (1970) 10 Cal.App.3d 376, 404, 89 Cal.Rptr.78. Here, as in Fletcher, BOH used its vastly superior position to thwart Ms. Hisamatsu's claims for her savings.

BOH knew at the time Plaintiff was "particularly vulnerable to oppressive tactics on the part of an economically powerful entity." Id.

Hawaii recognizes the following IIED elements (1) the act allegedly causing IIED was intentional or reckless (2) the act was outrageous, and (3) the act caused extreme emotional distress to another. Hac v. University of Hawaii, 102 Haw 92, 106, 73 P.3d 46, 60 (2003).

## V.    CONCLUSION

Based upon the foregoing, the BOH's motion must be stricken and/or denied.

DATED:        Honolulu, Hawaii, August 8, 2008.

    __/s/ Stephen M. Shaw__
    Stephen M. Shaw, Esq.
    Attorney For Plaintiff
    MEGUMI HISAMATSU

    P.O. Box 2353
    Honolulu, Hawaii  96804
    Telephone:   (808) 521-0800
    Facsimile:    (808) 531-2129
    Email: shawy001@gmail.com

PLAINTIFF MEGUMI HISAMATSU'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BANK OF HAWAII'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT - CASE NO. 3:07-cv-04371-JSW