STEPHEN M. SHAW, SB  107625
P.O. Box 2353
Honolulu, Hawaii  96804
Telephone:    (808) 521-0800
Facsimile:    (808) 531-2129
Email: shawy001@gmail.com

Attorney for Plaintiff
MEGUMI HISAMATSU

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### -SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| MEGUMI HISAMATSU, | ) | CASE NO:    3:07-cv-04371-JSW |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF MEGUMI HISAMATSU'S |
| | ) | REPLY TO DEFENDANT |
| | ) | BANK OF HAWAII'S |
| | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN OPPOSITION TO |
| KAUSHAL NIROULA; | ) | PLAINTIFF'S MOTION FOR |
| BANK OF HAWAII, | ) | SUMMARY JUDGMENT |
| A Corporation; DOES 1-60; | ) | |
| | ) | |
| | ) | **(FRCP 56)** |
| Defendants. | ) | |
| | ) | **Hearing:    9-19-08** |
| | ) | **Time:        9:00 a.m.** |
| | ) | **Judge: Honorable Jeffrey S. White** |
| | ) | **Courtroom:  2, 17th floor** |

**PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF
HAWAII'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF REPLY ARGUMENT

II.    CHOICE OF LAW  ......................................................................1

III.    ISSUES TO BE DECIDED  ......................................................1

IV.    RELEVANT FACTS ...............................................................1

V.    ARGUMENT ........................................................................1

    A.    Defendant's Opposition Raises Irrelevant Facts ....................1

    B.    The IOL Is Void Regardless Of BOH's Concession.................3

    C.    The IOL Is Not Severable ..................................................5

    D.    Plaintiff Did Not Ratify Acts Of Mr. Niroula .........................5

        1.    Introduction .........................................................5

        2.    Standards..............................................................6

        3.    Analysis ...............................................................8

    E.    Summary Judgment On Declaratory Relief Is Ripe.................9

        1.    IOL Lacks Mutuality Or Consent ..............................9

        2.    Plaintiff Minimized Her Losses ...............................10

        3.    Indemnification Form Is Unconscionable ...................11

        4.    The IOL Is Uncertain/Ambiguous .............................11

    F.    Rescission Appropriate For Summary Judgment .................12

    G.    BOH Misapprehends The §17200 Claim ...........................13

VI.    CONCLUSION  ..................................................................15

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

# TABLE OF AUTHORITIES

**Page**

## CASES

Allied Mut Ins. Co. v. Webb
  (2001) 91 Cal.App.4th 1190, 1194, 111 Cal.Rptr.2d 426, 429…………………7

American Title Co. v. Lacelaw etc,
  861 F.2d 224, 226 (9th Cir. 1988)……………………………………………12

Armendariz v. Foundation Health etc
  (2000) 24 Cal.4th 83, 124, 99 Cal.Rptr.2d 745………………………………0, 5, 11

Bias v. Moynihan,
  508 F.3d 1212, 1218 (9th Cir. 2007)…………………………………………12

Bondanza v. Peninsula Hosp. etc.,
  (1979) 23 Cal.3d 260, 266, 152 Cal.Rptr.446, 590 P.2d 22……………………  14

Burkle v. Burkle
  (2006) 139 Cal.App.4th 712, 753, 43 Cal.Rptr.181, 214………………………0, 6

Celotex Corp. v. Catrett etc,
  477 U.S. 317, 324, 106 S.Ct 2548 (1986)……………………………………….2

Conservatorship of Martha P.,
  (2004) 117 Cal.App.4th 857, 860, 12 Cal.Rptr.3d 142, 144 ……………………..9

Est of Stephens v. Williams
  (2002) 28 Cal.4th 665, 673, 122 Cal.Rptr.2d 358, 363………………………..0, 2, 8

Far Out Prods. V. Oskar,
  247 F.3d 986, 992 (9th Cir. 2001)……………………………………………1

Far West Fed Bank v. Director Office of Thrift Supervision,
  787 F.Supp.952, 960 (D. or 1992)……………………………………………12

Hawley v. Orange City Flood Control Dist
  (1963) 211 Cal.App.2d 708, 713, 27 Cal.Rptr.478, 481…………………………0, 8

Judie v. Hamilton,
  872 F.2d 919, 923 (9th Cir. 1989)……………………………………………8

ii

# TABLE OF AUTHORITIES

**Page**

<u>CASES</u>

Keenon v. Alten,
  91 F.3d 1275, 1279 (9th Cir. 1966)……………………………………………8

Klussman v. Cross Country Bank
  (2005) 134 Cal.App.4th 1283, 1296, 36 Cal.Rptr.3d 728………………………..15

Leonel v. American Airlines,
  400 F.3d 702, 714 (9th Cir. 2004)……………………………………………..14

Prip. V. Santa Barbara
  (1963) 214 Cal.App.2d 626, 631, 29 Cal.Rptr.558, 562……………………….9

Rakestraw v. Rodrigues
  (1972) 8 Cal.3d 67, 73, 104 Cal.Rptr.57, 61, 500 P.2d 1401, 1405………….7, 10

Ritzenhaler v. Fireside Thrift Co.
  (2001) 93 Cal.App.4th 986, 990, 113 Cal.Rptr.2d 579……………………….0

Rosales v. Citibank etc,
  133 F.Supp.2d 1177, 1181 (N.D. Cal.2001)……………………………...13, 14

Sohappy v. Hodel,
  911 F.2d 1312, 1316 (9th Cir. 1990)…………………………………………2

Shomaker v. Petersen
  (1930) 103 Cal.App.558, 569, 285 P.34 ………………………… 0, 6, 10

State etc v. Campbell,
  138 F.3d 772, 782 (9th Cir. 1998)…………………………………………2

Stirlen v. Supercuts Inc.
  (1997) 51 Cal.App.4th 1519, 1533, 60 Cal.Rptr.2d 138……………………..11

Tatterson v. Kehrlein
  (1927) 88 Cal.App.34, 49, 263 P.285, 292……………………………………5

Queen Villas HOA v. TCB Property Mgmt,.
  149 Cal.App.4th 1, 8, 56 Cal.Rptr.3d 528……………………………………3, 4, 5

iii

# TABLE OF AUTHORITIES

**Page**

## STATUTES and RULES

Cal. Bus & Prof. Code §17200………………………………………………………..14

Cal.Civ.Code §§1550,1667…………………………………………………………4

Cal.Civ.Code §1608…………………………………………………………………4

Cal.Civ.Code §1668………………………………………………………………..3, 4, 5

Cal.U.Com Code (UCC) §3403(a) Comment 3 …………………………………1

UCC §3403(a) …………………………………………………………………0, 1, 5

## OTHER AUTHORITIES

Rest.2d Agency §416…………………………………………………………………7

American Heritage Dictionary (4th ed. Dell 2004) page 662……………………15

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

1     **I.     SUMMARY OF REPLY ARGUMENT**

2         Defendant BOH, realizing that its Indemnification Of Liability form ("IOL") is

3     tainted with illegality now attempts to sever away all of those provisions which relate

4     to exculpation or release. The remaining language, "withdraw my forgery dispute...",

5     according to BOH, translates to express statements that Plaintiff adopted the

6     forger's signatures, by ratification. Even if ratification was expressly stated

7     (Ritzenhaler v. Fireside Thrift Co. (2001) 93 Cal.App.4th 986, 990, 113 Cal.Rptr.2d

8     579), the IOL's illegality is so pervasive and intertwined with Plaintiff's withdrawal of

9     a claim, that severance is impossible. Armendariz v. Foundation Health etc (2000)

10    24 Cal.4th 83, 124, 99 Cal.Rptr.2d 745.

11        Ratification of forged checks is governed by rules and principles applicable to

12    ratification of unauthorized acts of an agent. Cal.U.Com Code §3403(a), Official

13    Comment 3. Since the forgeries were written, any ratification was required to be

14    evidenced in writing, in the IOL. Est of Stephens v. Williams (2002) 28 Cal.4th 665,

15    673, 122 Cal.Rptr.2d 358, 363. Additionally, written ratification in the IOL was

16    required to be by "express statements" (Cal.U.Com Code §3403(a)) and to convey

17    full knowledge of Plaintiff's rights. Burkle v. Burkle (2006) 139 Cal.App.4th 712, 753,

18    43 Cal.Rptr.181, 214. Ratification here will result in a forfeiture of Plaintiff's forgery

19    claims. Both ratification and forfeiture jurisprudence require extreme deference to

20    Plaintiff. Shomaker v. Petersen (1930) 103 Cal.App.558, 569, 285 P.34 (no other

21    hypothesis than ratification); Hawley v. Orange City Flood Control Dist (1963) 211

22    Cal.App.2d 708, 713, 27 Cal.Rptr.478, 481 (no construction favoring forfeiture

23    "unless no other interpretation is reasonably possible").

1  **II.    CHOICE OF LAW**

2      This is an improper attempt at reconsideration and is precluded by law of the

3  case. Plaintiff incorporates the following arguments on BOH's identical point from

4  her opposition to BOH's concurrent motion to dismiss (Plf Opp. BOH's Mtn Dism) at

5  5-9, 11-13, 29, 31 and 34.

6  **III.    ISSUES TO BE DECIDED**

7      In addition to the issues stated in the Motion, the following issues were raised

8  by the opposition.

9      A.    Whether the IOL is severable?

10      B.    Whether, if severed, any remaining provisions qualify as a ratification

11  under Cal.U.Com Code (UCC) §3403(a) Comment 3?

12      C.    Whether there is an express statement of ratification in the IOL as

13  required by UCC §3403(a)?

14      D.    Whether standards involving forfeiture apply?

15  **IV.    RELEVANT FACTS**

16      In addition to the facts in the Motion and Plaintiff's Declaration, Defendant has

17  withdrawn any contention that the IOL was for exculpation or release. BOH now

18  contends that the IOL phrase "withdraw my forgery dispute" translates to an express

19  statement of ratification. BOH Opp. P&A at 8 ¶3.

20  **V.    ARGUMENT**

21      **A.    Defendant's Opposition Raises Irrelevant Facts**

22      For purposes of summary judgment a fact is material if it may affect the

23  outcome of the case. Far Out Prods. V. Oskar, 247 F.3d 986, 992 (9th Cir. 2001).

1

1    Since Plaintiff bases her motion on the invalidity of an Indemnity Of Liability (IOL)

2    form drafted by BOH, the outcome of the case turns in significant part on facts

3    proving the form is invalid. Only disputes over facts which are outcome-

4    determinative (on the validity of the IOL) will preclude the entry of summary

5    judgment. State etc v. Campbell, 138 F.3d 772, 782 (9th Cir. 1998).

6        Many of BOH's arguments ridiculing Plaintiff Megumi Hisamatsu involve

7    factual disputes over the SAC that are irrelevant or unnecessary to this motion's

8    narrow focus on the IOL. These "will not be counted" on MSJ. Id. More specifically,

9    material facts must be relevant to an element of a claim or defense. Sohappy v.

10   Hodel, 911 F.2d 1312, 1316 (9th Cir. 1990). Further, BOH's attempt to oppose this

11   motion by references to the Second Amended Complaint (SAC) is completely

12   improper and must be stricken. Celotex Corp. v. Catrett etc, 477 U.S. 317, 324, 106

13   S.Ct 2548 (1986).

14       At BOH Opp. P&As 2¶ III, BOH has voluntarily reliquished all other elements

15   of its defense(s) except ratification. BOH asserts that the phrase "withdraw my

16   forgery dispute" in its form captioned as one for indemnification of liability has been

17   transmogrified into a ratification by Plaintiff.

18       The material facts are tightly restricted by the equal dignities rule. Est of

19   Stephens, supra, 28 Cal.4[th] at 673, 122 Cal.Rptr.2d at 636. Since the forgeries were

20   written, any alleged ratification of them must be written. Id. It is undisputed that BOH

21   drafted the IOL and that Plaintiff signed it in San Francisco. Plaintiff's Decl ¶s 9 and

22   10. Apart from its ridicule of Plaintiff, and excursions into immaterial facts in the

1    pleadings, BOH has no good-faith dispute over the relevant facts for purposes of this

2    motion. See, e.g. Motion pages 4 – 7.

3

4        **B.    The IOL Is Void Regardless Of BOH's Concession**

5        BOH concedes, by its retreat from the IOL's obvious meaning; and by BOH's

6    failure to argue with authority, that the IOL violates Cal.Civ.Code §1668, and Queen

7    Villas HOA v. TCB Property Mgmt, 149 Cal.App.4th 1, 8, 56 Cal.Rptr.3d 528. See

8    BOH Opp. 2 ¶III; ¶IV.A; 3 ¶IV.B. These concessions are judicial admissions.

9    Cal.Civ.Code §1668 provides:

10            "All contracts which have for their object, directly or indirectly to exempt

11        any one from responsibility for his own fraud, or willful injury to the person or

12        property of another, or violation of law, whether willful or negligent, are

13        against the policy of the law." Emphasis added.

14

15        Queen Villas, 149 Cal.App.4th at 8 prevents BOH from using the IOL to

16    exculpate because it lacks indicia of the intent to exculpate. The phrase "hold

17    harmless" in Queen Villas, at 8, as here, is insufficient. "Hold harmless" in this

18    context is nothing more than a third-party indemnity attempt. Id.

19        The blank IOL form (ex "B" to Plaintiff's Decl.), signed in San Francisco, was

20    deliberately and intentionally captioned by BOH with the phrase "Indemnification Of

21    Liability". The IOL's first two paragraphs recite that Plaintiff was withdrawing her

22    forgery dispute, and that she agreed that funds belonging Niroula be released to

23    Niroula upon signing the Indemnification Of Liability.

1    The last paragraph of the IOL states <u>inter alia</u> "I … agree to <u>indemnify</u> <u>and</u>

2    <u>hold</u> <u>harmless</u> the Bank of Hawaii... from and against... damages... arising out of the

3    Bank of Hawaii having paid <u>the</u> <u>funds</u> to Kaushal Niroula at Megumi Hisamatsu's

4    request." Emphasis added.

5    The foregoing deliberate language conclusively proves that the object of the

6    IOL, directly or indirectly, was to exempt BOH from legal responsibility "<u>resulting</u>

7    <u>from</u> or <u>related</u> <u>to</u> claims... <u>arising</u> <u>out</u> of" the payment of funds described in the

8    second paragraph of the IOL. The release of Niroula's Fund to Niroula was

9    conditioned, of course, on the IOL's paragraph 1 and the withdrawal of the forgery

10   dispute with Mr. Niroula.

11   Defendant admittedly depends on the entire IOL to forfeit Ms. Hisamatsu's

12   claims reimbursement. "A <u>collateral</u> <u>effect</u> of the <u>Indemnification</u> <u>Agreement</u> is to

13   ratify the forger's signature and <u>to</u> <u>preclude</u> Plaintiff's forgery claims…" BOH Opp.

14   P&A 3¶ IV.B. Emphasis added. "Preclude", here, means to exculpate; prohibited by

15   <u>Queen Villas</u> and Cal.Civ.Code §1668.

16   Since the IOL admittedly had as its object "indirectly, to exempt" BOH from

17   responsibility as stated in Cal.Civ.Code §1668, the IOL is "against the policy of the

18   law." <u>Id</u>. Consideration for the release of Niroula's money to him, consisted of the

19   exemption of BOH from responsibility for that transaction, which is unlawful. "If any

20   part of a single consideration for one or more objects, or of several considerations

21   for a single object, is unlawful, the entire contract is void." Cal.Civ.Code §1608. All

22   contracts in California must have a lawful object to be enforced. Cal.Civ.Code

23   §§1550,1667.

4

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

1    **C.      The IOL Is Not Severable**

2

3        In effect, BOH has waived his rights under the IOL by conceding its fatal

4    defects. Defendant cannot raise the defense of ratification from these ashes by a

5    veiled request for severance. BOH Opp P&A's 2 ¶ III; 3 ¶ IV.C.

6        The multiple defects (Cal.Civ.Code §1668 violation, and the effect of <u>Queen</u>

7    <u>Villas HOA</u>) in a form created by a national bank were systematically aimed to forfeit

8    Plaintiff's $508,000 claims against BOH. Multiple defects, as here, preclude

9    severance. <u>Armendariz v. Foundation Health</u>, <u>supra</u>, 24 Cal.4th at 124.

10       Added to the glaring illegality of the IOL is the obvious fact that no single

11   provision can be stricken to remove the taint. The entire IOL admittedly has as its

12   object "directly or indirectly" to exempt or "preclude" BOH from its responsibility.

13   Cal.Civ.Code §1668. BOH admits the "collateral effect" of the IOL is to "<u>preclude</u>

14   Plaintiff's forgery claims." BOH Opp. P&A 3¶ IV.B. Emphasis added. As in

15   <u>Armendariz</u>, 24 Cal.4th at 124, rescuing the IOL would require reformation "by

16   augmenting it with additional terms." This is not the office of severance. 24 Cal.4th at

17   124 (no power to correct illegal provisions).

18

19   **D.      Plaintiff Did Not Ratify Acts Of Mr. Niroula**

20       **1.      Introduction**

21       The doctrine of ratification is not available in the case of an illegal contract.

22   <u>Tatterson v. Kehrlein</u> (1927) 88 Cal.App.34, 49, 263 P.285, 292. Cal.U.Com Code

23   §3403(a) provides in part "An unauthorized signature may be ratified for all purposes

24   of this division." Official Comment 3 to this section provides in part,

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

1    "3. The last sentence of subsection (a) allows an unauthorized
2    signature to be ratified. Ratification is a retroactive adoption of the
3    unauthorized signature by the person whose name is signed and <u>may be</u>
4    <u>found</u> from conduct as well as <u>from express statements</u>. For example, it may
5    be found from the retention of benefits received in the transaction with
6    knowledge of the unauthorized signature. Although the forger is not an agent,
7    <u>ratification is governed by the rules and principles applicable to ratification of</u>
8    <u>unauthorized acts of an agent</u>." Emphasis added.

9

10    [<u>Note</u> this citation was incorrect at pages 12 ¶2 and 25¶1 of Plaintiff's
11    summary judgment motion "authorized acts" should therein be "unauthorized acts"].

12    The crux of BOH's defense on the IOL is as follows: "Plaintiff's <u>express</u>
13    <u>statement</u> in the Indemnification Agreement that 'I, Megumi Hisamatsu, for reasons
14    best known to myself, wish to withdraw my forgery dispute' and her request in that
15    document that BOH turn over all of the frozen funds to the alleged forger, Niroula ..."
16    BOH Opp. P&A 8¶3. Emphasis added.

17
18    **2.    <u>Standards</u>**

19    Ratification, under Cal.U.Com Code §3403(a) is governed by the rules
20    applicable to <u>unauthorized</u> acts of agents. "The essence of ratification is that it is
21    done with full knowledge of the party's rights ..." <u>Burkle v. Burkle</u>, <u>supra</u>, 139
22    Cal.App.4th at 753, 43 Cal.Rptr.3d at 214. BOH's phrase, "withdraw my forgery
23    dispute" does not recite that Ms. Hisamatsu had any knowledge that she was
24    being asked to ratify Mr. Niroula's signature. <u>Shomaker v. Petersen</u>, <u>supra</u> 103
25    Cal.App. at 569 instructs, in the related contexts of ratification by implication or by
26    conduct:

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S
MEMORANDOM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

1    "For purposes of ratification there must be 'confirmatory conduct or at
2    least conduct inconsistent with disapproval. <u>Facts are not to be stretched</u> or
3    ambiguous, inconclusive or independent acts made the basis of a ratification.'
4    (1 Mechem on Agency, 2d ed., P.348). It is contended by defendants the
5    acceptance by plaintiff of two payments of $100 each after the meetings at
6    the district attorney's office operated as ratification of Hauschildt's assumed
7    agency. <u>Ratification rests</u>, however, <u>upon assent</u> and to be binding it <u>must be</u>
8    <u>made with full knowledge of all facts necessary to an intelligent exercise of</u>
9    <u>judgment</u>. An intention to confirm, when implied from conduct, <u>must be</u>
10   <u>exhibited by acts inconsistent with any other hypothesis</u>." Emphasis added.

11

12   While this is not a case of implied ratification or ratification by conduct, an
13   unauthorized act may be ratified by implication where the <u>only</u> <u>reasonable</u>
14   <u>interpretation</u> of the principals conduct is consistent with approval or adoption. <u>Allied</u>
15   <u>Mut Ins. Co. v. Webb</u> (2001) 91 Cal.App.4th 1190, 1194, 111 Cal.Rptr.2d 426, 429.
16   Emphasis added. This principal applies to the written 102 at Bar. <u>Rakestraw v.</u>
17   <u>Rodrigues</u> (1972) 8 Cal.3d 67, 73, 104 Cal.Rptr.57, 61, 500 P.2d 1401, 1405.
18   Further, "(i)t is essential, however, that the act of adoption be truly voluntary in
19   character. Moreover, there can be no adoption if the act, although voluntary, is done
20   only because the purported principal is obligated to minimize [her] losses caused by
21   the agent's wrongful act [citation] or because of duress or misrepresentation by the
22   agent (Rest.2d Agency §416)." <u>Id</u>.

23   The protective rules in the context of ratification of acts of unauthorized
24   agents are very similar to those involving forfeiture. "(I)f an agreement can be
25   reasonably construed so as to avoid a forfeiture, it is the duty of the court to avoid it

1    … 'A contract is not to be construed to provide a forfeiture <u>unless</u> <u>no</u> <u>other</u>

2    interpretation is reasonably possible." <u>Hawly v. Orange Cty Flood Control Dist</u>,

3    <u>supra</u>, 211 Cal.App.2d at 713, 27 Cal.Rptr. at 481. Emphasis added.

4
5        **3.    <u>Analysis</u>**

6
7        The ratification defense to the IOL is intended solely by BOH to result in a

8    forfeiture. BOH improperly and inaccurately refers to the Second Amended

9    Complaint (SAC) to suggest ratification by conduct, or by implication. BOH Opp P&A

10   3-7. But, since each of the alleged forged checks by their very nature were written,

11   Ms. Hisamatsu's alleged ratification was required to be evidenced in writing. <u>Est of</u>

12   <u>Stephens v. Williams</u>, <u>supra</u>, 28 Cal.4th at 673, 122 Cal.Rptr.2d 358, 363. The only

13   basis for BOH's ratification defense is on the face of the IOL (<u>Id</u>). There is no

14   language in this form supporting ratification.

15       A court is entitled to rely on the nonmoving party to identify with reasonable

16   particularity the evidence that precludes summary judgment. <u>Keenon v. Alten</u>, 91

17   F.3d 1275, 1279 (9th Cir. 1966). By addressing immaterial allegations of the SAC,

18   BOH "obfuscates rather than promotes an understanding of the facts …" <u>Id</u>.

19       Nonetheless, BOH does not dispute Ms. Hisamatsu's averments in her

20   declaration, particularly ¶s 10-22. Plaintiff states "No one ever asked that I make

21   Niroula's unauthorized signatures 'mine', or adopt them as my own signatures.

22   Exhibit B did not ask me to 'adopt' or 'ratify' Mr. Niroula's signatures." Plf's Decl 4

23   ¶12; also, ¶s 14, 22. In fact, the phrase "withdraw my... dispute" is language of

24   release, not ratification. <u>Judie v. Hamilton</u>, 872 F.2d 919, 923 (9th Cir. 1989). Mixed

1    here with loaded terms like "indemnity" and "hold harmless", the IOL as well as its

2    caption in bold print, totally lacks indicia of adoption of an agent's unauthorized acts.

3    Further, Plaintiff was being asked to withdraw a claim, much like a voluntary

4    dismissal. Conservatorship of Martha P., (2004) 117 Cal.App.4th 857, 860, 12

5    Cal.Rptr.3d 142, 144; Prip. V. Santa Barbara (1963) 214 Cal.App.2d 626, 631, 29

6    Cal.Rptr.558, 562.

7         Plaintiff's uncontradicted Declaration demonstrates that the language of the

8    first paragraph of the IOL is intended to be a release, rather than adoption nunc pro

9    tunc of a forged signature. Movant states: "I told Mr. Dodds to make sure that the

10   account could receive money wired from Nepal from Mr. Niroula's family. Chester

11   Dodds, a BOH employee, said he needed me to sign a paper to do this." Movant

12   Decl. ¶9. "Exhibit B did not ask me to 'adopt' or 'ratify' Mr. Niroula's signatures." Id.

13   ¶12. "By trying to withdraw this forgery dispute between Mr. Niroula and I for

14   $890,000.00. I never made his signatures 'my own'". Id. ¶14.

15        While crafted to exculpate or release BOH, the IOL missed the mark as

16   discussed, supra at ¶ V. B. The result is that the IOL is void.

17

18        **E.    Summary Judgment On Declaratory Relief Is Ripe**

19        The facts, for this count are undisputed. The controversy over the adverse

20   legal interests is ripe for decision on Count 24, SAC.

21        **1.    IOL Lacks Mutuality Or Consent**

22        BOH's argument that a $890,000 check has some bearing on the bank's sole

23   defense of ratification is puzzling. This "evidence" offered by BOH is better portrayed

1    at Movant's uncontradicted declaration at ¶s8, 11, 14, 15, 18 and 21. However,

2    BOH's proffer is not relevant to prove any meaning to which BOH's language in the

3    IOL is reasonably susceptible. <u>Ritzehaler v. Firejide Thrift Co.</u>, <u>supra</u>, 93 Cal.App.4[th]

4    at 990.

5        As in <u>Ritzenhaler</u>, if BOH had intended its IOL to encompass ratification it

6    could have easily said so - for example by captioning the IOL as a ratification of a

7    forgery instead of Indemnification Of Liability. BOH and its legal team could have

8    easily added express terms including the word, "ratification". In <u>Ritzenhaler</u>, Fireside

9    Thrift omitted any mention of attorney's fees in a section 988 offer. The Appellate

10   Court said: "The only reasonable conclusion is that attorney's fees were not within

11   the scope of the proposed compromise agreement..." 93 Cal.App.4[th] at 991.

12       As a matter of law "(r)atification rests however upon <u>assent</u>; and to be binding

13   it must be made with <u>full knowledge of all the facts necessary</u> to an intelligent

14   exercise of judgment." <u>Shomaker</u>, <u>supra</u>, 103 Cal.App. at 569. Emphasis added.

15           **2.    Plaintiff Minimized Her Losses**

16       There is no dispute over the material facts bearing on BOH's defense of

17   ratification - only their meaning. Here, BOH misread Movant's undisputed

18   declaration at ¶7: "Since BOH would not pay my claims for $508,000.00, I had no

19   choice but to go to San Francisco on October 20, 2006 to recover my family money."

20   At Decl. ¶5. Plaintiff avers: "BOH would not pay the claims. I waited over two weeks.

21   BOH recommended that I talked to Mr. Niroula to 'help' Niroula return my money.

22   Mr. Niroula called me and said he would repay me in San Francisco with an extra

23   amount for "apology".

10

1    Giving BOH its due summary judgment inferences, the fact is that BOH did

2    not pay Plaintiff's forgery claims for nearly 3 weeks. Movant Decl. ¶s 5, 7, 16-18.   "I

3    agreed to sign the Indemnity Of Liability (Exhibit B) in San Francisco, because BOH

4    did not pay my claims, and because of Mr. Niroula's misconduct". Id. ¶18.

5    Plaintiff lost $508,000.00.  BOH would not pay the resulting claims. To

6    minimize her loss of these unpaid <u>forgery</u> <u>claims</u>, Plaintiff, in good faith, was forced

7    by BOH's delay to try to collect directly from the forger. It is irrelevant to the loss of

8    the BOH claims whether the forger was offering an additional amount. Plaintiff was

9    oppressively placed in this position of minimizing the losses by BOH's studied delay.

10   BOH was not attempting to recover the money Mr. Niroula was transmitting out of

11   the state on or before 10/3/06. Since BOH could have recovered the money had it

12   acted promptly, Plaintiff's panic is understandable.

13
14          **3.      <u>Indemnification Form Is Unconscionable</u>**

15   BOH's IOL form was standardized because, as Plaintiff's Declaration shows

16   (¶s 9-12, 18), BOH was the party with superior bargaining strength which offered the

17   form on a take it or leave-it-basis, without negotiation. <u>Armendariz</u>, <u>supra</u>, 24 Cal.4[th]

18   at 113.  Other than the word-processed parties, checks, and account numbers, the

19   IOL is pure boilerplate. <u>Stirlen v. Supercuts Inc.</u> (1997) 51 Cal.App.4[th] 1519, 1533,

20   60 Cal.Rptr.2d 138.

21
22          **4.      <u>The IOL Is Uncertain/Ambiguous</u>**

23   Ambiguity is judicially admitted by BOH's statements. Despite the caption and

24   language of indemnity and release ("hold harmless"), BOH now contends its form,

---

11

1   captioned "Indemnification of Liability", is <u>not</u> a release, or an attempt to exculpate

2   BOH (Opp. P&A ¶ III). This Circuit applies federal law of judicial admissions in a

3   diversity case; and this Court should exercise its discretion to bind BOH. <u>American</u>

4   <u>Title Co. v. Lacelaw etc</u>, 861 F.2d 224, 226 (9th Cir. 1988). In this reply argument,

5   Plaintiff incorporates the arguments at pages 3 and 4 of her opposition to BOH's

6   motion to dismiss, filed 8/8/08 ("Plf Opp BOH's Mtn Dism").

7
8               **F.        Rescission Appropriate For Summary Judgment**

9          Plaintiff has complied with all requirements, if any, involving restoration of

10  anything of value. She incorporates her arguments at pages 13¶2.a to ¶14 of Plf

11  Opp. BOH's Mtn Dism. Rescission is properly granted on summary judgment. <u>Far</u>

12  <u>West Fed Bank v. Director Office of Thrift Supervision</u>, 787 F.Supp.952, 960 (D. or

13  1992).

14         BOH's reference in its opposition to Plaintiff's Second Amended Complaint

15  (SAC), and incorporation of its analysis of the SAC, violate the cardinal rule that a

16  party opposing summary judgment must go beyond the pleadings and by affidavits

17  or discovery responses designate specific facts showing that there is a genuine

18  issue for trial. <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1218 (9th Cir. 2007). Even for a pro

19  se litigant, a district court does not have a duty to search for evidence that would

20  create a factual dispute. <u>Id</u>.

21         To further support the foregoing, Plaintiff incorporates her arguments in Plf's

22  Opp. BOH's Mtn Dism at pages 13 ¶2.a to ¶28.

PLAINTIFF MEGUMI HISAMATSU'S REPLY TO DEFENDANT BANK OF HAWAII'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - CASE NO. 3:07-cv-04371-JSW

1    Plaintiff's uncontradicted Declaration supporting this motion authorizes

2    summary judgment on the following rescission counts:

3    Ct 9 (Undue Influence), Decl. ¶s 5, 7, 9, 12, 13, 16-18 and 21.

4    Ct 10 (Improper Third Party Conduct), Decl ¶s 3, 4, 6-9, 15, 17 (knowledge by

5    BOH), 18, 21.

6    Ct 12 (Material Failure of Consideration), Decl ¶s 4-11, 13-15, 18-23.

7    Ct 13 (Failure of Consideration), Decl ¶s4-11, 13-15, 18-23.

8    Ct 14 (Unlawful Agreement), Decl ¶s 9, 10-14, 18, 21 and 22.

9    Ct 16 (Und.Infl. Known Vulnerability), Decl ¶s 1-5, 9, 12, 16, 17, 18, 21 and

10   22.

11   Ct 17 (Unilateral Mistake of Fact Fault of BOH), Decl ¶s 1-5, 8, 9, 11 (BOH's

12   knowledge), 15, 18, 21 and 22.

13   Ct 18 (Unilateral Mistake), Decl ¶s 9, 11-15, 19, 21 and 22.

14

15   **G.    BOH Misapprehends The §17200 Claim**

16   Plaintiff incorporates her arguments at pages 31-33 in Plf Opp BOH Mtn

17   Dism. "Unfair competition is broadly defined to include 'any unlawful, unfair or

18   fraudulent business practice...'" Rosales v. Citibank etc, 133 F.Supp.2d 1177, 1181

19   (N.D. Cal.2001). "Section 17203 authorizes the court to fashion remedies to prevent,

20   deter, and compensate for unfair business practices." Id. "The power it confirms,

21   however, is only a power to order the defendant to restore to any person in interest

22   any money or property, real or personal, which may have been acquired by means

23   of any [unlawful] practice." Id.

1    In <u>Rosales</u>, the bank argued unsuccessfully that since it had not taken

2    anything from Plaintiff, there was nothing which it could be ordered to restore. There

3    had been unauthorized withdrawals from Rosale's account via ATMs which the bank

4    refused to reimburse. Under Cal. Bus & Prof. Code §17200, unfair competition

5    "encompasses anything that can be properly called a business practice which at the

6    same time is forbidden by law." <u>Leonel v. American Airlines</u>, 400 F.3d 702, 714 (9th

7    Cir. 2004).

8    A document prepared by a business, including the IOL, is the proper subject

9    of a §17200 claim. <u>Bondanza v. Peninsula Hosp. etc.</u>, (1979) 23 Cal.3d 260, 266,

10    152 Cal.Rptr.446, 590 P.2d 22 (invalidating a liquidated damages provision that did

11    not expressly state an amount). The unfairness of the IOL as a business practice is

12    that it does not inform a consumer in advance that she is being asked to ratify, *nunc*

13    *pro tunc* a forger's signature, in a context where the bank was offering nothing of

14    value to Plaintiff in exchange. Even if BOH had offered adequate consideration for

15    the ratification, there was no indicia that substituted for the express statement,

16    "ratification".

17    Instead of expressing ratification, the IOL's object, directly or indirectly, was

18    aimed at forfeiture of Ms. Hisamatsu's valid forgery against the bank. This goal was

19    implemented by a non-negotiated form with a bold caption containing the words

20    **INDEMNIFICATION** and **LIABILITY**. BOH's form expressly required Plaintiff to

21    "agree to indemnify and hold harmless the Bank of Hawaii … from … all losses,

22    damages... related to claims, liabilities... arising out of the Bank of Hawaii having

23    paid the funds to Kaushal Niroula at Megumi Hisamatsu's request."

1        BOH conclusively admits that "A <u>collateral</u> effect of" the IOL "is to ratify the

2   forgers signature <u>and</u> to <u>preclude</u> Plaintiff's forgery claims, but those are not the kind

3   of exculpations that Civil Code §1668 forbids." BOH Opp. P&A 3 ¶2. Emphasis

4   added. "Preclude" means "To make impossible; prevent." American Heritage

5   Dictionary (4th ed. Dell 2004) page 662. Nothing could be more exculpatory than a

6   forfeiture in the form of making Plaintiff's claims against BOH impossible. Just as

7   class action waivers may violate the public policy expressed in Cal.Civ.Code §1668,

8   so too can miscaptioned and internally misleading forgery ratification forms result in

9   an illegal forfeiture. <u>Klussman v. Cross Country Bank</u> (2005) 134 Cal.App.4th 1283,

10   1296, 36 Cal.Rptr.3d 728.

11

12   **VI.**     **CONCLUSION**

13        Based upon the foregoing, Plaintiff's Motion For Summary Judgment should

14   be granted.

15        DATED:       Honolulu, Hawaii, August 22, 2008.

16                           **/s/ Stephen M. Shaw**

17                           Stephen M. Shaw, Esq.

18                           Attorney For Plaintiff

19                           MEGUMI HISAMATSU

20

21                           P.O. Box 2353

22                           Honolulu, Hawaii 96804

23                           Telephone:  (808) 521-0800

24                           Facsimile:    (808) 531-2129

25                           Email: shawy001@gmail.com